**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M Charles, Jr., NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 18024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor | Case No. BK-S-06-10725-LBR<br>Chapter 11<br><br>**USACM LIQUIDATING TRUST'S SECOND OMNIBUS OBJECTION TO ALLOWANCE OF PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE FREEWAY 101 LOAN, EXCEPT FOR AMOUNTS DESIGNATED AS "UNREMITTED PRINCIPAL"; WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date: August 30, 2011<br>Hearing Time: 10:30 a.m.<br>Estimated time for hearing: 10 minutes |

The USACM Liquidating Trust (the "USACM Trust") objects to the allowance of claims based in part upon an investment in the Freeway 101 Loan. The borrower repaid the Freeway 101 Loan, but USACM diverted the principal away from the Direct Lenders. Diverted principal claims for the Freeway 101 Loan were scheduled by Mesirow Financial Interim Management, LLC ("Mesirow"). Some of the direct lenders who were given scheduled claims also filed proofs of claim. In some instances, the proof of claim amounts are well in excess of the scheduled claim amounts. Accordingly, the USACM Trust moves to allow the proofs of claim listed in **Exhibit A** to the extent those claims are consistent with the scheduled unremitted principal claims related to the Freeway 101 Loan

2424196.1

and disallow any amount in excess of the scheduled unremitted principal claims. This objection is supported by the Supporting Declaration of Ted Burr ("Burr Decl.").

## MEMORANDUM

### I. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### II. BACKGROUND

1. On April 13, 2006 ("Petition Date"), USA Commercial Mortgage Company ("USACM"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Case. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's Post-petition management was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer. Burr. Decl. ¶ 7.

2. USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans, primarily secured by real estate, both on behalf of its investors to purchase fractional interest in loans that USACM' originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection. Burr. Decl. ¶ 8.

3. On January 8, 2007, the Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims. The USACM Trust exists as of

2424196.1

the Effective Date of the Plan, March 12, 2007.  Geoffrey L. Berman is the Trustee.  Burr. Decl. ¶ 9.

4. A "USA Capital Loan Summary as of February 28, 2007" prepared by Mesirow indicates that the Freeway 101 Loan was repaid.  (**Exhibit B**, attached.)  Burr. Decl. ¶ 10.

5. There is $3,750,000 in unremitted principal associated with the Freeway 101 Loan.  Scheduled claims for the unremitted principal associated with the Freeway 101 Loan were deemed allowed unless the Trust could match the scheduled claim up to a proof of claim, in which case the proof of claim was deemed allowed.  Burr. Decl. ¶ 11.

6. Attached as **Exhibit A** is a list of the Freeway 101 Claims by claimant, claim number total, claim amount, unremitted principal amount and amount of the claim subject to objection by the USACM Trust.  Burr. Decl. ¶ 12.

### III.  APPLICABLE AUTHORITY

Under the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  The USACM Trust is entitled to object to proofs of claim under 11 U.S.C. § 502(a).  This objection is timely under the Court's orders.

### IV.  OBJECTIONS TO ALLOWANCE OF CLAIMS

The USACM Trust moves to allow the proofs of claim listed in **Exhibit A** to the extent those claims are consistent with the scheduled unremitted principal claims related to the Freeway 101 Loan and disallow any amount in excess of the scheduled unremitted

LEWIS AND ROCA LLP
LAWYERS

principal claim amount.  This objection will not affect the proof of claim to the extent it is based upon an investment in a different loan.

The USACM Trust reserves the right to modify, supplement and/or amend this objection as it pertains to any Claim or claimant herein.  The USACM Trust requests any further relief considered to be appropriate by the Court.

Dated:  July 29, 2011.

### LEWIS AND ROCA LLP

By:  /s/ John C. Hinderaker
Rob Charles, NV 6593
John C. Hinderaker, AZ 18024 *(pro hac vice)*
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320
Email: RCharles@LRLaw.com
Email:  JHinderaker@LRLaw.com
*Counsel for USACM Liquidating Trust*

Copy of the foregoing and pertinent
portions of exhibits mailed by first
Class postage prepaid U.S. Mail on July
29, 2011 to all parties listed on Exhibit A
attached.


 /s/ Renee Creswell
Lewis and Roca LLP

2424196.1