LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

USA Commercial Mortgage Company,

Debtor.

Case No. BK-S-06-10725-LBR

Chapter 11

**AMENDED FOURTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE BUNDY CANYON ($7.5 MILLION) LOAN (AMENDED ONLY TO CORRECT TEXT FOR MULTIPLE LOANS)**

Hearing Date: August 30, 2011
Hearing Time: 10:30 a.m.
Estimated Time for Hearing: 10 minutes

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing 80% and allowing 20% of each Proof of Claim listed in **Exhibit A** to the extent those claims were based upon an investment in the Bundy Canyon ($7.5 Million) Loan. The claims listed in Exhibit A were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon investments in multiple loans, including a loan to Bundy Canyon Land Development, LLC (the "Borrower"). This loan was one of several to the Borrower, and will be referred to here as the "Bundy



Canyon ($7.5 Million) Loan." This objection relates only to the Direct Lenders' investments in the Bundy Canyon ($7.5 Million) Loan. This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Bundy Canyon ($7.5 Million) Loan. (the "Berman Decl." and "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE BUNDY CANYON ($7.5 MILLION) LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE BUNDY CANYON ($7.5 MILLION) LOAN, OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND FACTS

### A. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.



On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Bundy Canyon ($7.5 Million) Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

. . .

RCJ, along with certain affiliates.[1] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The Bundy Canyon ($7.5 Million) Loan, was among the loans whose servicing rights were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has also been in contract with Cross FLC about certain loans that it is servicing, including the Bundy Canyon ($7.5 Million) Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Bundy Canyon ($7.5 Million) Loan.

The following is the extent of the USACM Trust's information on the current servicing and status of the Bundy Canyon ($7.5 Million) Loan.

**B. The Bundy Canyon ($7.5 Million) Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Bundy Canyon Land Development, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.** (Berman Decl., ¶ 4.) The Offer Sheet stated that the Borrower was a joint venture between USA Investment Partners and two individuals, Chris Pederson, and Kevin Everett. *Id*. The total loan amount proposed was $7,500,000. *Id*. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 43 acres of property to be developed into approximately 172 lots, located on Bundy Canyon

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Clear Lake SPE LLC, and Shamrock SPE LLC.



Road in Riverside County, California near the city of Murietta. *Id*. The loan to value ratio was 42% based on the sell out price for the approved mapped lots.[2] *Id*.

On August 17, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement (Berman Decl., ¶5.) The Note and Loan Agreement provided for a loan of up to $7,500,000, with an initial loan in the amount of $4,900,000. *Id*. Pursuant to the Loan Agreement, the loan was intended to acquire the real property. *Id*. The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" (the "Deed of Trust") from the Borrower in favor of the Direct Lenders that was recorded in the official records of Riverside County, California on August 25, 2005 at Instrument Number 20050698067, as were subsequent amendments to the Deed of Trust to secure subsequent loan advances. (Berman Decl. ¶ 5.) The Note was also supported by a guaranty from Tom Hantges and Joseph Milanowski. (Berman Decl., ¶ 6.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-Performing" on the Note as of July 31, 2006 . (Berman Decl., ¶ 7.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee had a brief conversation with a representative of Cross, FLS regarding the status of the Bundy Canyon ($7.5 Million) Loan. In addition to serving the Bundy Canyon ($7.5 Million) Loan, Cross, FLS is also serving two others loans to Bundy Canyon that USACM originated. According to Cross, FLS, the Direct Lenders still hold an interest in the collateral that secured the Bundy Canyon ($7.5 Million) Loan. The property has not been foreclosed on. In addition, significant accrued taxes are owed on the

---

[2] The Trustee has been unable to locate an appraisal for this loan and it does not appear that one was ever obtained.




property that serves (or previously served) as collateral for the various Bundy Canyon loans, and those taxes may exceed the value of the collateral.

### C. The Bundy Canyon ($7.5 Million) Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in whole or in part, upon an investment in the Bundy Canyon ($7.5 Million) Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Bundy Canyon ($7.5 Million) Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Bundy Canyon ($7.5 Million) Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof

of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

**IV. THE OBJECTION**

USA Investment Partners ("USA IP") held an interest in the Borrower. That interest was disclosed on the Offer Sheet described above and attached as **Exhibit B**. As such, and unlike many of the other loans brokered by USACM, the Bundy Canyon ($7.5 Million) Loan was not completely arms' length. However, the Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default but the Trustee recognizes the potential conflict of interest arising from USACM's brokering the loan for an affiliate, being the loan's servicer and then potentially not acting diligently to demand payment from a defaulting borrower. USACM however is not responsible for any decrease in the value of the collateral.

In light of the potential conflict of interest, the trustee is prepared to allow a partial claim for the direct lenders that have filed proofs of claim arising from their investment in this (and the related Bundy Canyon loans) in an amount of 20% of the proof of claim. The balance of the direct lender's proof of claim is otherwise objected to as the Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Bundy Canyon ($7.5 Million) Loan.

This objection will not affect the Direct Lenders' right to be repaid on the Bundy Canyon ($7.5 Million) Loan by the Borrower, to recover from the sale of any collateral

. . .

LEWIS AND ROCA LLP LAWYERS

that secured the Bundy Canyon ($7.5 Million) Loan or share in any funds generated by enforcing the guaranty associated with the Bundy Canyon ($7.5 Million) Loan.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow 80% and allow 20% of each Bundy Canyon Claim listed in **Exhibit A.** Those claims are based upon multiple investments, including an investment in the Bundy Canyon ($7.5 Million) Loan. This objection will not affect the claims listed in **Exhibit A** to the extent those claims are based upon an investment in a loan other than the Bundy Canyon ($7.5 Million) Loan. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 29th day of July, 2011.

LEWIS AND ROCA LLP

By s/ *John Hinderaker* (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

COPY of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on July 29, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

s/ *Matt Burns*



2429117.1