**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,[1]<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,[2]<br><br>USA SECURITIES, LLC,[3]<br>                                    Debtors.<br><br>**Affects:**<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA Capital First Trust Deed Fund, LLC<br>☐ USA Securities, LLC | Case No. BK-S-06-10725-LBR<br>Case No. BK-S-06-10726-LBR[1]<br>Case No. BK-S-06-10727-LBR<br>Case No. BK-S-06-10728-LBR[2]<br>Case No. BK-S-06-10729-LBR[3]<br><br>CHAPTER 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**FIRST OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED ENTIRELY UPON INVESTMENT IN THE CORNMAN TOLTEC LOAN**<br><br>**Date of Hearing: September, 30 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for hearing: 10 min**. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing 80% of each Proof of Claim listed in **Exhibit A** and allowing the

---

[1] This bankruptcy case was closed on September 23, 2008.
[2] This bankruptcy case was closed on October 12, 2007.
[3] This bankruptcy case was closed on December 21, 2007.

2424898.1



1  remaining 20%.  These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a loan (the "Cornman Loan") to Cornman Toltec 160, LLC (the "Borrower").  This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Cornman Loan.  (the "Berman Decl." and "Burr Decl.")**.**

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE CORNMAN LOAN, TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE CORNMAN LOAN, OR TO SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND FACTS**

   **a.  The USACM Bankruptcy**

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

LEWIS AND ROCA LLP LAWYERS

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Cornman Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

RCJ, along with certain affiliates.[4]  William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.  By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS, however, the Cornman Loan was not one of them.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the Asset Resolution bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The following is the extent of the USACM Trust's information on the current servicing and status of the Cornman Loan.

### b.  The Cornman Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to borrowers identified as "Cornman Toltec 160, LLC."  The Offer Sheet stated that the Borrower was a joint venture between USA Investment Partners and an entity named "Unlimited Holdings."   A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.  (Berman Decl., ¶ 4.)  The total loan amount proposed was $6,550,000.  *Id.*  The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 160 acres of residential land in Casa Grande, Arizona, located at the North East Corner of Cornman and Toltec Butter Roads.  The Offer Sheet also provided a loan-to-value of "approximately 51% of estimated per acre value on completion of mapping process."[5]

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Brookmere Matteson SPE LLC, and Shamrock SPE LLC.

[5] USACM received an appraisal on September 16, 2005 from Lyons Valuation Group, LLC that appraised the market value of the property, free and clear of all encumbrances, at $6,500,000.  The estimated value of the property, based on an estimate of 550 single family residential units, was $11,500,000

On June 24, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶5.) The Note and Loan Agreement provided for a loan of up to $6,550,000, with an initial advance of $5,400,000. *Id.* The loan amount was intended for the Borrower to acquire the real property and pay for certain pre-development costs and expenses. The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" (the "Deed of Trust") from Borrower in favor of the Direct Lenders, which was recorded in the official records of Pinal County, Arizona on June 30, 2005 at Instrument Number 2005-079688, as were subsequent amendments to the Deed of Trust to secure advances on the loan up to $6,375,000. (Berman Decl., ¶ 6.) The Note was also supported by an Unconditional Guaranty signed by Unlimited Holdings, Tom Hantges, and Joseph Milanowski on June 24, 2005. (Berman Decl., ¶ 7.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 8.) Pursuant to the "Loan Summary" dated February 28, 2007, however, the loan was in "Maturity Default" as of February 28, 2007. During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee obtained a title report on the subject property. Pursuant to the title report, CFP Cornman Toltec SPE LLC, bidding on behalf of the Direct Lenders, purchased the property by making a $4,000,000 credit bid at a March 7, 2008 foreclosure sale. The property was foreclosed by the SPE on behalf of direct lenders at approximately 66% of the original loan so the direct lenders (in theory) are the owners of the property/collateral.

2424898.1



### c. The Cornman Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the Cornman Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Cornman Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Cornman Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.  APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated*



*Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. THE OBJECTION

USA Investment Partners ("USA IP") held an interest in the Borrower. Although fully disclosed, as such, and unlike many of the other loans brokered by USACM, the Cornman Loan was not completely arms' length. The Direct Lenders however did receive the first position security interest in the collateral promised them by the Borrower through the Offer Sheet. The Trust believes USACM is not liable for the Borrower's default but the Trustee recognizes the potential conflict of interest arising from USACM's brokering the loan for an affiliate, being the loan's servicer and then potentially not acting diligently to demand payment from a defaulting borrower. USACM, however, is not responsible for any decrease in the value of the collateral and the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

In light of the potential conflict of interest, the Trustee is prepared to allow a partial claim for the Direct Lenders that have filed proofs of claim arising from their investment in the Cornman Loan in an amount of 20% of the portion of the Proof of Claim that does not relate to diverted principal. The Trust objects to the remaining 80% of the claim, excluding diverted principal, because the Direct Lenders fail to state a claim. USACM does not appear to have breached the loan servicing agreements with respect to collection of the Cornman Loan.

To the extent the Direct Lenders still hold any interest in the Cornman Loan, the Note, or the Deed of Trust, this objection will not affect the Direct Lenders' right to be repaid on the Cornman Loan by the Borrower, to recover from the sale of any collateral that secured the Cornman Loan, or to recover on the guaranty supporting the Cornman Loan.

2424898.1

## V. CONCLUSION

The USACM Trust respectfully requests that the Court enter an order disallowing 80% of the claims against USACM listed in **Exhibit A** and allowing the remaining 20%. This objection concerns only claims based upon an investment in the Cornman Loan and not any other claims of any of the Direct Lenders. The USACM Trust also requests such other and further relief as is just and proper.

Dated: August 2, 2011.

LEWIS AND ROCA LLP

By  s/John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on August 2, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

 s/ *Matt Burns*
MATT BURNS

8                                                                                2424898.1