LEWIS
AND
ROCA
———LLP———
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>               Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**FIRST OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED ENTIRELY UPON INVESTMENT IN THE MARLTON SQUARE ( SECOND) DEVELOPERS LOAN**<br><br>**Date of Hearing: September 30, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for hearing:  10 min**. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proofs of Claim listed in **Exhibit A**.  These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a loan to MS Acquisition Company, LLC (the "Borrower").  This loan was sometimes referred to as the "Marlton Square (Second) Loan" and that is how the Trustee will refer to the loan here.  This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of

2429032.2

Omnibus Objections to Proofs of Claim Based Upon the Investment in the Marlton Square (Second) Loan.  (the "Berman Decl." and "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE MARLTON SQUARE (SECOND) LOAN, TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE MARLTON SQUARE (SECOND) LOAN, OR TO SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.

MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BACKGROUND FACTS

### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

2429032.2

Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Marlton Square (Second) Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware."  *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets.  … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1]  William A. Leonard, Jr. was appointed trustee in the

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Marlton Square (Second) Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess LLC, CFP Brookmere Matteson SPE LLC, and Shamrock SPE LLC.

2429032.2

Asset Resolution case.  On November 6, 2007, pursuant to an order from the Honorable Judge Jones in the District of Nevada litigation, the Marlton Square (Second) Loan was abandoned by Compass.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the Asset Resolution bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The following is the extent of the USACM Trust's information on the current servicing and status of the Marlton Square (Second) Loan.

### b.  The Marlton Square (Second) Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to borrowers identified as "Marlton Square Associates, LLC or assignee."  A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.  (Berman Decl., ¶ 4.)  The total loan amount proposed was $6,000,000.  *Id.*  The Offer Sheet described the investment as a "Subordinated Trust Deed Investment" and noted that the investment would be secured by a subordinated deed of trust on 22 acres for mixed use redevelopment located at the intersection of Martin Luther King Drive and Marlton Drive in Los Angeles, CA." *Id.*  The Offer Sheet also provided a loan-to-value of  "approximately 76% based on a land appraisal by Cressner and Associates dated September 8, 2005."

On August 11, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement.  (Berman Decl., ¶5.)  The Loan Agreement provided for an initial loan of $850,000, with potential subsequent advances up to $6,000,000.  *Id.*  Pursuant to the Loan Agreement, the loan amount was intended for the Borrower to "acquire the Real Property, to demolish the Improvements now existing

thereon, to pay tenant relocation costs, and to pay for certain development costs…" *Id*)
The Loan Agreement provides that the "Deed of Trust securing this Loan may be
subordinated to a deed of trust (or deeds of trust) securing a construction or development
loan (or loans) on a lot or lots encumbered by the Deed of Trust…" and further states that
the Direct Lenders agree that USACM may "pursuant to a limited power of attorney given
in connection with this Loan, sign for subordinations consistent with this section." *Id.*
The Loan Agreement also states that a condition to the loan is that the "Deed of Trust shall
have been recorded…as a second priority lien." *Id.*

The Note was secured by a "Deed of Trust, Assignment of Leases, Security
Agreement and Fixture Filing (Second Position)" (the "Deed of Trust") from Borrower in
favor of the Direct Lenders, which was recorded in the official records of Los Angeles
County, California on September 19, 2005 at Instrument Number 2005-2251102, as were
subsequent amendments to the Deed of Trust to secure advances on the loan up to
$3,750,000, and to reflect changes in the property securing those additional advances.
(Berman Decl., ¶ 6.)  On October 21, 2005, USACM as "attorney-in-fact" for the
beneficiary under the Deed of Trust, entered into a subordination agreement that
subordinated the Deed of Trust to a senior deed of trust securing a $30,000,000 loan to
Borrower (the "Marlton Square (First) Loan"). *Id.*

The Note was also supported by an Unconditional Repayment and Completion
Guaranty signed by Capital Vision Equities, LLC, Marlton Square Associates, LLC, and
Christopher Hammond on August 11, 2005.  (Berman Decl., ¶ 7.)

 The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows
that Borrower was "Non-Performing" on the Note as of July 31, 2006.  (Berman Decl., ¶
8.)  During this bankruptcy case through the transfer of servicing to Compass, USACM
treated the Direct Lenders with respect to any interim payments by the borrower in
accordance with this Court's orders and the confirmed Plan.

2429032.2

Counsel for the Trustee, based upon a review of documents recorded with the Los Angeles County Recorders Office, has determined that the lenders for the Marlton Square (First) Loan foreclosed on the senior deed of trust, and the property securing that loan was sold via trustee's sale on December 29, 2010 to Marlton Recovery Partners, LLC, a California limited liability company.  Pursuant to the trustee's deed, the property was sold to Marlton Recovery Partners, LLC for $20,073,583.58, with a debt owed on the Marlton Square (First) Loan of $49,349,414.29.

### c.  The Marlton Square (Second) Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the Marlton Square (Second) Loan.  (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Marlton Square (Second) Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Marlton Square (Second) Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

### II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof

2429032.2



of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTION

The Marlton Square (Second) Loan appears to have been a legitimate, arms-length transaction with a third party borrower. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a subordinated lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Marlton Square (Second) Loan.

This objection will not affect the Direct Lenders' right to be repaid on the Marlton Square (Second) Loan by the Borrower or to recover from the sale of any collateral that secured the Marlton Square (Second) Loan, to the extent any remains, or on the guarantee supporting the Marlton Square (Second) Loan.

## V.    CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** in full because those claims are based entirely upon an investment in the Marlton Square (Second) Loan. This objection concerns only claims

2429032.2

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1  based upon an investment in the Marlton Square (Second) Loan and not any other claims

2  of any of the Direct Lenders.  The USACM Trust also requests such other and further

3  relief as is just and proper.

4            Dated:  August 3, 2011.

                                      LEWIS AND ROCA LLP

5

6                                     By  s/John Hinderaker (AZ 18024)
                                         Robert M. Charles, Jr., NV 6593
7                                        John Hinderaker, AZ 18024 (*pro hac vice*)
                                         Marvin Ruth, NV 10979
8                                     3993 Howard Hughes Parkway, Suite 600
                                      Las Vegas, Nevada  89169
9                                     E-mail:  JHinderaker@lrlaw.com
                                      *Attorneys for the USACM Liquidating Trust*

10

11  Copy of the foregoing and pertinent
    portion of Exhibits mailed by first
    class postage prepaid U.S. Mail on
12  August 3, 2011 to all parties listed on
    Exhibit A attached.

13  LEWIS AND ROCA LLP

14

15

    s/ Matt Burns
16  Matt Burns, Paralegal

17

18

19

20

21

22

23

24

25

26

2429032.2