3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**DECLARATION OF GEOFFREY L. BERMAN IN SUPPORT OF OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN MARLTON SQUARE (SECOND) DEVELOPERS LOAN**<br><br>Hearing Date:    September 30 2011<br>Hearing Time:   9:30 a.m.<br>Estimated Time for Hearing:   10 minutes |

I, Geoffrey L. Berman, declare under penalty of perjury:

1. I am an adult person competent to testify in court.

2. I make this declaration based upon my personal knowledge, and upon the records USA Commercial Mortgage Company.

3. I am the Trustee of the USACM Liquidating Trust ("USACM Trust"), which is an entity created by the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), in the jointly-administered bankruptcy cases, In re USA Commercial Mortgage Company, BK-S-06-10725-LBR, pending in the United States Bankruptcy Court for the District of Nevada.

2430271.1

4. USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to borrowers identified as "Marlton Square Associates, LLC or assignee." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. The total loan amount proposed was $6,000,000. The Offer Sheet described the investment as a "Subordinated Trust Deed Investment" and noted that the investment would be secured by a subordinated deed of trust on 22 acres for mixed use redevelopment located at the intersection of Martin Luther King Drive and Marlton Drive in Los Angeles, CA." The Offer Sheet also provided a loan-to-value of "approximately 76% based on a land appraisal by Cressner and Associates dated September 8, 2005."

5. On August 11, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement. The Loan Agreement provided for an initial loan of $850,000, with potential subsequent advances up to $6,000,000. Pursuant to the Loan Agreement, the loan amount was intended for the Borrower to "acquire the Real Property, to demolish the Improvements now existing thereon, to pay tenant relocation costs, and to pay for certain development costs…." The Loan Agreement provides that the "Deed of Trust securing this Loan may be subordinated to a deed of trust (or deeds of trust) securing a construction or development loan (or loans) on a lot or lots encumbered by the Deed of Trust…" and further states that the Direct Lenders agree that USACM may "pursuant to a limited power of attorney given in connection with this Loan, sign for subordinations consistent with this section." The Loan Agreement also states that a condition to the loan is that the "Deed of Trust shall have been recorded…as a second priority lien."

6. The Note was secured by a "Deed of Trust, Assignment of Leases, Security Agreement and Fixture Filing (Second Position)" (the "Deed of Trust") from Borrower in

Case 06-10725-gwz    Doc 8808    Entered 08/03/11 11:19:07    Page 3 of 3



favor of the Direct Lenders, which was recorded in the official records of Los Angeles County, California on September 19, 2005 at Instrument Number 2005-2251102, as were subsequent amendments to the Deed of Trust to secure advances on the loan up to $3,750,000, and to reflect changes in the property securing those additional advances.  On October 21, 2005, USACM as "attorney-in-fact" for the beneficiary under the Deed of Trust, entered into a subordination agreement that subordinated the Deed of Trust to a senior deed of trust securing a $30,000,000 loan to Borrower (the "Marlton Square (First) Loan").

7. The Note was also supported by an Unconditional Repayment and Completion Guaranty signed by Capital Vision Equities, LLC, Marlton Square Associates, LLC, and Christopher Hammond on August 11, 2005.

8. The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-Performing" on the Note as of July 31, 2006.  During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2011.

                                    /s/ *Geoffrey L. Berman*
                                        Geoffrey L. Berman

Copy of the foregoing mailed (without Exhibits) by first class postage prepaid U.S. Mail on August 3, 2011 to All investors listed on Exhibit A Attached.

 s/ *Matt Burns*
Matt Burns,  Paralegal

3

2430271.1