E-filed: August 5, 2011

Marc A. Levinson (California Bar No. 57613)
Jeffery D. Hermann (California Bar No. 90445)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone:   (916) 447-9200
Facsimile:   (916) 329-4900
Email:   malevinson@orrick.com
         jhermann@orrick.com

Robert Kinas (Nevada Bar No. 6019)
Claire Dossier (Nevada Bar No. 10030)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:   (702) 784-5200
Fax:   (702) 784-5252
Email:   rkinas@swlaw.com
         cdossier@swlaw.com

ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                       Debtors | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter Number: 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S THIRTEENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION |

**POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC's THIRTEENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION**

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Thirteenth Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization (the "Thirteenth Report"), pursuant to the Court's "Order Confirming the "Debtors' Third Amended

13436594.2

Joint Chapter 11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the "Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 74. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") went effective on March 12, 2007 (the "Effective Date").

This Thirteenth Report is for the period from January 1, 2011 to July 1, 2011 ("Report Period"). This Thirteenth Report incorporates the requirements and structure of former Rule 3020(a) of the Court's Local Rules of Bankruptcy Practice, abrogated in May 2006, which were as follows:

(A)  **A schedule of personal property costing more than $5,000 and any real property acquired, sold or disposed of and the price paid for each:**

| | |
|---|---|
| Personal property costing more than $5,000: | None |
| Real property acquired, sold or disposed of: | None |
| Total: | $0.00 |

(B)  **A schedule listing each debt, the total amount required to be paid under the Plan, the amount required to be paid to date, the amount actually paid to date, and the amount unpaid:**

Due to the nature of its operations as an investment fund with contracted services through intercompany debtor entities and no employees, Diversified had only a relatively small number of claims filed against it in the Chapter 11 Cases. Such claims included general unsecured claims (many of which were misfiled as creditor claims by holders of equity interests in Diversified) and administrative expense claims related to professional fees accrued during the Chapter 11 Cases. All unsecured creditors and administrative expense claims have been paid in full.

(C)  **A schedule of executory contracts entered into:**

No executory contracts were entered into during the Report Period

///

///

///

13436594.2

(D) A statement listing each postpetition tax (i.e., income, payroll, property, sales), payee, and the amount actually paid:

| | |
|---|---|
| Federal Unemployment taxes: | None |
| Federal Payroll taxes: | None |
| Nevada Unemployment taxes: | None |
| Total: | $0.00 |

(E) Progress toward completion of the Plan and a list and status of any pending adversary proceedings or motions and resolutions expected:

### 1. General Progress

The major terms of the Plan with respect to Diversified have all been accomplished. The Operating Agreement of Diversified has been amended, USA Capital First Trust Deed Fund, LLC has made certain payments and assignments to Diversified, and Diversified is operating in the post-confirmation realm. In March 2011, Diversified sent a letter to its investors updating them on the status of Diversified's recovery efforts and other matters. *See* March 7, 2011 letter, a copy of which is attached hereto as Exhibit A.

### 2. Nondischargeability Complaint – In re Thomas A. Hantges

On February 11, 2008, Diversified filed a nondischargeability complaint (the "Hantges Dischargeability Complaint") in the Thomas A. Hantges bankruptcy proceeding. [Docket No. 527 in Bankruptcy Case No. 07-13163; Adversary Case No. 08-01041]. The Hantges Dischargeability Complaint alleges that Mr. Hantges' debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Hantges (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Hantges misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Hantges obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Hantges Dischargeability Complaint seeks a determination that all of Mr. Hantges' debts to Diversified are non-

13436594.2

- 3 -

dischargeable, and a judgment for Diversified in an amount not less than $149,555,735.

Diversified's trial against Mr. Hantges was originally set for June 21, 23, and 24, 2011, but Diversified, USACM, and the chapter 7 trustee (the "Trustee") reached agreements that obviated the need for trial. Specifically, the Trustee had filed his own adversary proceeding objecting to Mr. Hantges' discharge pursuant to 11 U.S.C. § 727, and on May 11, 2011, the Court entered its *Stipulated Judgment* [Docket No. 945]. Pursuant to the Stipulated Judgment, Mr. Hantges will not receive a bankruptcy discharge of any of the allowed claims filed against him. Furthermore, Mr. Hantges stipulated that Diversified has an allowed claim in the amount of $94,461,197, and on June 8, 2011 the Court approved that Stipulation. *See Stipulation and Order Allowing Proof of Claim of USA Capital Diversified Trust Deed Fund, LLC* [Docket No. 952]. Thus, Mr. Hantges will not receive a discharge of the $94,461,197 debt he owes Diversified. Diversified has accordingly dismissed its nondischargeability case against Mr. Hantges. *See Order Dismissing Adversary Proceeding* [Docket No. 93 in Adversary Proceeding No. 08-01041].

3.   **Nondischargeability Complaint – In re Joseph D. Milanowski**

On March 28, 2008, Diversified filed a nondischargeability complaint (the "Milanowski Dischargeability Complaint") in the Joseph D. Milanowski bankruptcy proceeding. [Docket No. 416 in Bankruptcy Case No. 07-13162; Adversary Case No. 08-01090]. The Milanowski Dischargeability Complaint alleges that Mr. Milanowski's debts to Diversified should not be discharged under 11 U.S.C. § 523 because Mr. Milanowski (1) obtained money and property from Diversified through false pretenses, false representations, and/or actual fraud, (2) Mr. Milanowski misappropriated Diversified's money and property while acting in a fiduciary capacity towards Diversified, and (3) Mr. Milanowski obtained Diversified's money and property by means of willful and malicious injury and/or reckless disregard to Diversified. The Milanowski Dischargeability Complaint seeks a determination that all of Mr. Milanowski's debts to Diversified are non-dischargeable, and a judgment for

13436594.2

- 4 -

Diversified in an amount not less than $149,555,735. Mr. Milanowski filed an Answer [Docket No. 7 in Adversary Case No. 08-01090] on June 30, 2008.

On September 30, 2008, Diversified and Mr. Milanowski appeared for a Scheduling Conference before the Court, and the Court agreed to stay the adversary proceeding pending certain developments in Mr. Milanowski's underlying bankruptcy case. Since then, Mr. Milanowski's bankruptcy case was converted to chapter 7, and the United States Trustee filed a complaint objecting to his discharge pursuant to 11 U.S.C. § 727. *See* Complaint [Docket No. 668 in Bankruptcy Case No. 07-13162]. Various private plaintiffs, referred to by shorthand as the "Kehls," also added a Section 727 claim to their objection to Mr. Milanowski's discharge. *See* Amended Complaint [Docket No. 657 in Bankruptcy Case No. 07-13162].

During a July 13, 2010 status check, the Court set a settlement conference for the plaintiffs with 11 U.S.C. § 727 claims against Mr. Milanowski, and for the USACM Liquidating Trust, for October 22, 2010. Diversified and the other parties with claims against Mr. Milanowski reached a tentative settlement agreement during an October 22, 2010 settlement conference. Mr. Milanowksi is currently serving time in federal prison for charges related to his involvement in Diversified, and his criminal sentence includes a non-dischargeable restitution award of $86,900,000. These are just some of the factors weighing in favor of settlement in Mr. Milanowski's case, versus the continued expense of a trial.

The Court approved the settlement agreement with Mr. Milanowski on March 3, 2011. *See Order Granting Motion for Approval of Settlement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 8286 in Bankruptcy Case No. 06-10725]. The settlement agreement provides for a collective judgment in favor of USACM and Diversified in the aggregate amount of $5,000,000, and for a corresponding reduction of the proofs of claim for USACM and Diversified. On July 13, 2011, the Court entered an *Agreed Judgment* [Docket No. 46 in Adversary Case No. 08-01090] against Mr. Milanowski and in favor of Diversified in the amount of $1,1750,000. The

13436594.2

- 5 -

Agreed Judgment is a final judgment, and disposes of all claims and causes of action in the adversary proceedings.

4. **Status of Complaints Filed**

Diversified and USACM have filed a number of complaints to recover assets through their litigation counsel, Diamond McCarthy LLP. Diversified's past operating reports have detailed the status of concluded litigation and settlement recoveries prior to the time period encompassed by this Thirteenth Report. The following case is still active:

- *USACM Liquidating Trust v. Deloitte & Touche, LLP and Victoria Loob (Case No. 08-00461)*: This Complaint was filed in United States District Court, District of Nevada, on April 11, 2008. Discovery closed January 30, 2009 [Docket No. 83]. On April 26, 2010, Defendant Deloitte & Touche LLP filed a Motion for Summary Judgment (Imputation, In Pari Delicto, and Statute of Limitations) [Docket No. 97]. Both sides filed motions for summary judgment, and the Court entertained oral argument on those motions on August 30, 2010 [Docket No. 149]. On February 16, 2011, the District Court entered its order [Docket No. 155] granting Deloitte & Touche's motion for summary judgment. On March 15, 2011, USACM filed its Notice of Appeal [Docket No. 160] with the District Court. The appeal is pending in the Ninth Circuit Court of Appeals as Case No. 11-15626. USACM's opening brief is due August 8, 2011.

(F) **A statement regarding the status of payment of UST quarterly fees:**

All UST fees have been paid in full through July 1, 2011, the final date covered by this Thirteenth Report.

Dated this 5th day of August, 2011.

SNELL & WILMER L.L.P.

By: /s/ Claire Y. Dossier
Robert R. Kinas (Nevada Bar No. 6019)
Claire Y. Dossier (Nevada Bar No. 10030)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

and

ORRICK, HERRINGTON & SUTCLUFFE LLP
Marc A. Levinson
Jeffery D. Hermann
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
*Attorneys for USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

13436594.2

- 6 -