3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr.  NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

USA Commercial Mortgage Company,

Debtor.

Case No. BK-S-06-10725-LBR
Chapter 11

**SECOND OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON AN INVESTMENT IN THE SVRB 4.5 LOAN**

Hearing Date:     September 30, 2011
Hearing Time:    9:30 a.m.
Estimated Time for Hearing:  10 minutes

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in part each Proof of Claim listed in **Exhibit A.**  These claims were filed by Direct Lenders against USA Commercial Mortgage Company ("USACM") based upon investments in multiple loans, including a loan to SVRB Investments, LLC (the "Borrower").  To differentiate this loan from another loan made to the Borrower, this loan was sometimes referred to as the "SVRB 4.5 Loan" and that is how the USACM Trust will refer to it here.  This Objection is supported by the Court's record and the Declarations of Geoffrey Berman Edward M. Burr in Support of Omnibus Objections to Proofs of Claim

287553.1

Based Upon Investment in the SVRB 4.5 Loan filed with the Court today (the "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE SVRB 4.5 LOAN, TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE SVRB 4.5 LOAN OR TO SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE SVRB 4.5 LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass

LEWIS AND ROCA LLP LAWYERS

Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the SVRB 4.5 Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware."  *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets.… Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1]  By Order entered on July 19, 2010 by the Hon. Robert

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Clear Lake SPE LLC, and Shamrock SPE LLC.

C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS.  The SVRB 4.5 Loan, however, was not among the loans whose servicing rights were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.  The Trust has also been in contract with Platinum Properties 2, LLC ("Platinum"), which advised that Platinum purchased the Direct Lenders' interests in the SVRB 4.5 Loan and in the security agreements securing repayment of the SVRB 4.5 Loan.  Platinum also advised that the Direct Lenders transferred the SVRB 4.5 Claims to Platinum, but the Trust has not been able to confirm with the respective Direct Lenders whether those claims were transferred, and the claims register does not list any such transfer.  The following is the extent of the USACM Trust's information on the current servicing and status of the SVRB 4.5 Loan.

### b.  The SVRB 4.5 Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Rio Bravo Industrial Development, LLC."   A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.  (Berman Decl., ¶ 4.)  The Offer Sheet stated that the borrower was a joint venture between USA Investment partners and Robert Russell.[2]  The total loan amount proposed was $4,500,000.  The Offer Sheet noted that the investment would be secured by a "first deed of trust on approximately 28 acres of land zoned for industrial development and a 50,000 square feet [sic] industrial building fully leased

---

[2] The loan was eventually made to a different entity, SVRB Investments, LLC, but that entity is also a joint venture between Robert Russell and USA IP according to the Arizona Corporation Commission website.

4

287553.1

located at Rio Bravo and Prince Street" off of Interstate 25 near the Albuquerque, New Mexico airport. The Offer Sheet further stated that the loan to value was approximately 61% based on an April 13, 2005 opinion of value letter from CB Richard Ellis, which valued the land at $3.50 per square foot, with a sale value for the building of $3,500,000. Pursuant to the Offer Sheet, an appraisal update for the land was in process.[3] The loan was intended to be used "to repay existing borrowers partners and to begin the development process for the remaining phases" of the project, which included an eventual build out of 200,000 square feet of industrial warehouse space. The Loan Agreement likewise stated that the loan proceeds were going to be used to retire certain debts related to the real property. *Id.*

On April 27, 2005, the Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust," in the amount of $4,500,000 (the "Note") and a Loan Agreement. (Berman Decl. ¶ 5). The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from Borrower in favor of the Direct Lenders that was recorded in the official records of Bernalillo County, New Mexico on April 29, 2005 at Instrument Number 2005059760. *Id.* The Note was also supported by an Unconditional Guaranty executed by Tom Hantges, Joseph Milanowski, and Robert Russell on April 27, 2005. (Berman Decl., ¶ 6).

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 7.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was in "Interest Default" as of February 28, 2007. *Id.* During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders

---

[3] The Trustee has not been able to locate a copy of the appraisal or the broker opinion of value.

with respect to any interim payments by the borrower in accordance with this Court's orders.

Counsel for the Trustee had a brief conversation with a representative of Platinum regarding the status of the SVRB 4.5 Loan. According to Platinum, it purchased the Direct Lenders' interests in the Note and the Deed of Trust, foreclosed on the collateral, and has received a nearly 100% return. Platinum also stated that the Direct Lenders assigned their claims against USACM to Platinum, however, no notice of assignment has been filed with the Court to date. The Trustee will serve a copy of this objection on Platinum and give it the opportunity to provide proof that Direct Lender claims were assigned to it and to oppose this objection.

### c. The SVRB 4.5 Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the SVRB 4.5 Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the SVRB 4.5 Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "SVRB 4.5 Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

6

287553.1

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.     THE OBJECTIONS

USA Investment Partners ("USA IP") held an interest in the Borrower. As such, and unlike many of the other loans brokered by USACM, the SVRB 4.5 Loan was not completely arms' length. The Direct Lenders, however, did receive the first position security interest in the collateral promised them by the Borrower through the Offer Sheet. The Trust believes USACM is not liable for the Borrower's default. USACM is not responsible for any decrease in the value of the collateral and the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property. Further, it appears that those Direct Lenders who did not assign their interests in this loan to Platinum received close to full value for their direct lender interests; those Direct Lenders who in fact assigned their interests to Platinum, including any claims against USACM, have already received consideration for those assignments and should not be allowed to recover further on their respective claims. To the extent Platinum proves it is the holder of the Direct Lender claims against USACM, having recovered nearly all of the underlying claim through the foreclosure and sale of the collateral all but, if not, eliminates any

7

287553.1

remaining claims.  Consequently, the Trust objects to the claims because the Direct Lenders fail to state a claim.  The Direct Lenders received the first position security interest promised them, USACM does not appear to have breached the loan servicing agreements with respect to collection of the SVRB 4.5 Loan.

To the extent the Direct Lenders still hold any interest in the SVRB 4.5 Loan, the Note, or the Deed of Trust, this objection will not affect the Direct Lenders' right to be repaid on the SVRB 4.5 Loan by the Borrower, to recover from the sale of any collateral that secured the SVRB 4.5 Loan, or to recover on the guaranty supporting the SVRB 4.5 Loan.

## V. CONCLUSION

The claims against USACM listed in **Exhibit A** are based upon investments in USACM multiple loans, including an investment in the SVRB 4.5 loan.  The USACM Trust respectfully requests that the Court disallow those claims to the extent they are based upon an investment in the SVRB 4.5 Loan.  To the extent the claims in **Exhibit A** are based upon an investment in a different loan they will not be affected by this objection.  The USACM Trust also requests such other and further relief as is just and proper.

DATED this 5th day of August, 2011.

LEWIS AND ROCA LLP

By /s/ *John Hinderaker (AZ 018024)*
Robert M Charles, Jr.,  NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | Copy of the foregoing and pertinent portion of Exhibit A mailed by first class postage prepaid U.S. Mail on August 5, 2011 to all parties listed on Exhibit A attached. |
| 5 | |
| 6 | |
| 7 | and to: |
| 8 | Platinum Properties 2<br>Attn: Todd Hansen<br>2801 Fairview Place, Suite W<br>Greenwood, IN 46142 |
| 9 | |
| 10 | |
| 11 | LEWIS AND ROCA LLP |
| 12 | |
| 13 | /s/   *Matt Burns*<br>Matt Burns, Paralegal |