**LEWIS AND ROCA LLP — LAWYERS**

1  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV 89169-5996
2  Facsimile (702) 949-8321
   Telephone (702) 949-8320

3  Robert M. Charles, Jr. NV State Bar No. 006593
   Email: rcharles@lrlaw.com
   John Hinderaker AZ State Bar No. 018024
   Email: jhinderaker@lrlaw.com
4  Marvin Ruth NV State Bar No. 10979
   Email: mruth@lrlaw.com

5  Attorneys for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br>Chapter 11<br><br>**THIRD OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE CASTAIC PARTNERS III LOAN**<br><br>**Date of Hearing: September 30, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for hearing: 10 min**. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in part the Proofs of Claim listed in **Exhibit A**. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon investments in multiple loans, including an investment in a loan (the "Castaic Partners III Loan") to Castaic Partners III, LLC (the "Borrower"). This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Castaic Partners III Loan. (the "Berman Decl." and "Burr Decl.")**.**

. . .

. . .

2421083.1



## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **BACKGROUND FACTS**

    A.  **The USACM Bankruptcy**

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Castaic Partners III Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

2421083.1

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The Castaic Partners III Loan, however, was not among the loans whose servicing rights were transferred to Cross, FLS. Instead, Debt Acquisition Company of America ("DACA") purchased the Direct Lender's interests in the Castaic III Loan in exchange for a small cash payment and a right to share in any potential profits upon DACA's development of the property.

. . .

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Castaic Partners III SPE LLC, and Shamrock SPE LLC.

2421083.1



The Trust has attempted to monitor loan collections through monitoring the district court litigation and the Asset Resolution bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust's legal counsel has also contacted Howard Justice at DACA about the Castaic Partners III Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Castaic Partners III Loan.

### B.    The Castaic Partners III Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Castaic Partners III, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $5,000,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by (i) a first deed of trust on approximately 150 acres of property in the hillside of Castaic, in Los Angeles County, California and (ii) a second deed of trust on 1134 acres of property in Castaic. The Offer Sheet further provides a loan to value percentage of 52%, based on a November 4, 2005 appraisal from A-Core Consultants. Pursuant to the Loan Agreement, the loan was intended to acquire the subject property.

On September 22, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan of $5,000,000, with an initial advance of $4,500,000. The Note was secured by (i) a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from the Borrower in favor of the Direct Lenders that was recorded in the official records of Los Angeles County, California on October 12, 2005 at Instrument Number

2421083.1



2005-2452902, (ii) a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from Castaic Partners II, LLC in favor of the Direct Lenders that was recorded in the official records of Los Angeles County, California on October 12, 2005 at Instrument Number 2005-2457433, and (iii) "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from Castaic Partners, LLC in favor of the Direct Lenders that was recorded in the official records of Los Angeles County, California on November 17, 2005 at Instrument Number 2005-2782437. The Loan Agreement stated that the Deeds of Trust from Castaic Partners and Castaic Partners II would be second lien deeds of trust. The Note was also supported by a Guaranty executed by William Barkett, Castaic Partners III, LLC, and Castaic Partners, LLC on September 22, 2005.

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-Performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 6.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

Counsel for the Trustee had a brief conversation with Howard Justice at DACA. According to Mr. Justice, DACA purchased the Direct Lenders' interests in the Castaic III Loan, as well as the related Castaic II Loan. Direct Lenders also received a right to share in any profits upon development and sale of the property. The Direct Lenders apparently did not sell their right to bring a proof of claim against the USACM estate. According to Mr. Justice, DACA has advanced $250,000 toward accrued property taxes on the underlying collateral. DACA has yet to foreclose on the property. DACA is also attempting to negotiate down the unpaid property taxes that have accrued on the property.

. . .

. . .

. . .

2421083.1



### C. The Castaic Partners III Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the Castaic Partners III Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Castaic Partners III Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Castaic Partners III Claims." As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.     JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated*

2421083.1



*Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.  THE OBJECTION

The Castaic Partners III Loan appears to have been a legitimate, arms-length transaction with a third party borrower. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a liens on real property, some of which were subordinated.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Castaic Partners III Loan. USACM was under no duty to foreclose on the collateral securing the Castaic Partners III Loan or take any other action.

The Direct Lenders sold their interests in the Castaic Partners III Loan and Deed of Trust. Thus, the Trust does not believe the Direct Lenders' have a right to make a claim against the USACM estate based upon their investment in that loan.

## V.  CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** to the extent those claims are based upon an investment in the Castaic Partners III Loan. To the extent that a claim listed in **Exhibit A** is based upon a loan other than the Castaic Partners III Loan, the claim will not be affected by this objection. The USACM Trust also requests such other and further relief as is just and proper.

. . .

. . .

. . .

2421083.1

LEWIS AND ROCA LLP
LAWYERS

1  Dated: August 6, 2011

2  LEWIS AND ROCA LLP

3

4  By  s/*John Hinderaker* (AZ 18024)
     Robert M. Charles, Jr., NV 6593
5    John Hinderaker, AZ 18024 (*pro hac vice*)
     Marvin Ruth, NV 10979
6  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, Nevada 89169
7  E-mail: JHinderaker@lrlaw.com
   *Attorneys for the USACM Liquidating Trust*

8

9

10 Copy of the foregoing and pertinent
   portion of Exhibits mailed by first
11 class postage prepaid U.S. Mail on
   August 6, 2011 to all parties listed on
12 Exhibit A attached.

13 LEWIS AND ROCA LLP

14
    s/   *Matt Burns*
15 Matt Burns

16

17

18

19

20

21

22

23

24

25

26

8

2421083.1