LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**DECLARATION OF GEOFFREY BERMAN IN SUPPORT OF OMNIBUS OBJECTIONS OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN THE BINFORD MEDICAL DEVELOPERS LOAN**<br><br>**Date of Hearing: September 30, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for hearing: 10 min**. |

I, Geoffrey L. Berman, declare under penalty of perjury:

1. I am an adult person competent to testify in court.

2. I make this declaration based upon my personal knowledge, and upon the records USA Commercial Mortgage Company.

3. I am the Trustee of the USACM Liquidating Trust (“USACM Trust”), which is an entity created by the Debtors’ Third Amended Joint Chapter 11 Plan of Reorganization (“Plan”), in the jointly-administered bankruptcy cases, In re USA Commercial Mortgage Company, BK-S-06-10725-LBR, pending in the United States Bankruptcy Court for the District of Nevada.

4. USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to borrowers identified as "Binford Medical Developers, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.** The total loan amount proposed was $8,375,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 16.8 acres of land for a medical office complex, including construction of a 47,000 square feet [sic] office building on the corner of 65th and Binford Boulevard in Indianapolis, Indiana." The Offer Sheet also provided a loan-to-value of "approximately 75% based on a land appraisal by Meid Compton Realty dated November 15, 2004" and it noted that Meid Compton was also doing an appraisal for "Building 2."

5. On June 24, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Mortgage" (the "Note") and a Construction Loan Agreement. The Loan Agreement provided for an initial loan of $4,250,000, with potential subsequent advances up to $8,375,000. *Id.* Pursuant to the Loan Agreement, the loan amount was intended for the Borrower to "refinance and develop the Real Property, including the construction of 47,000 square feet of office space known as Building II…"

6. The Note was secured by a "Mortgage, Assignment of Leases, Rents And Contracts, Security Agreement, Financing Statement and Fixture Filing" (the "Mortgage") from Borrower in favor of the Direct Lenders, which was recorded in the official records of Marion County, Indiana on September 15, 2005 at Instrument Number 2005-0153711, as were subsequent amendments to the Mortgage to secure advances on the loan up to $7,450,000.

7. The Note was also supported by an Unconditional Repayment and Completion Guaranty signed by Ken E. Schmidt on August 31, 2005.



LEWIS AND ROCA LLP LAWYERS

8. The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Performing" on the Note as of July 31, 2006. Pursuant to the "Loan Summary" dated February 28, 2007, however, the loan was in "Maturity Default" as of February 28, 2007.

9. The Borrower filed a proof of claim in the bankruptcy (POC No. 10725-00784-2), which alleged that USACM had damaged it by failing to fully fund the loan. The Proof of Claim included an unsecured non-priority claim in the amount of $3,502,383. The Trust objected to the Proof of Claim, but ultimately settled the Proof of Claim by stipulating with Borrower that the Court approve the Proof of Claim in the amount of $1.425 million.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 7, 2011

/s/ *Geoffrey L. Berman*
Geoffrey L. Berman

Copy of the foregoing deposited (without Exhibits) in first class postage prepaid U.S. Mail on August 7, 2011 to All investors listed on Exhibit A Attached.

s/ *Matt Burns*
Matt Burns, Paralegal