**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Rob Charles NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>　　　　　　　　　　Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>Jointly Administered Under Case No. BK-S-06-10725 LBR<br><br>**THIRD OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN THE HFAH ASYLUM, LLC LOAN**<br><br>**Date of Hearing: September 30, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for hearing: 10 min.** |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order allowing in part the Proofs of Claim listed in **Exhibit A.** The claims in **Exhibit A** were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon multiple investments, including an investment in a loan (the "HFAH Asylum Loan") to HFAH Asylum, LLC[1] (the "Borrower"). To the extent the claims in **Exhibit A** are based upon an investment in the HFAH Asylum Loan, the USACM Trust asks that the Court allow 30%, and disallow the remaining 70%, of each

---

[1] This loan was also referred to as the HFAH Windham Mills, LLC Loan.

2434167.1

claim.  This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman, Edward M. Burr and Todd Hansen Filed in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the HFAH Asylum Loan (the "Berman Decl.", "Burr Decl." and "Hansen Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the HFAH Asylum Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[2]  Pursuant to a December 13, 2007 Assignment and Assumption of Loan Servicing Agreements, Compass assigned all right, title, and interest to the loan servicing agreement governing the HFAH Asylum Loan to Platinum Properties 1, Inc. ("Platinum").  *See* Exh. C at ¶ 4.

---

[2] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Asylum SPE LLC, and Shamrock SPE LLC.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust's legal counsel has also been in contact with Todd Hansen of Platinum. The following is the extent of the USACM Trust's information on the current servicing and status of the HFAH Asylum Loan.

### b. THE HFAH ASYLUM LOAN

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Homes for America Holding."[3] A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $6,000,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 13.2 acres of land, with 299,969 square feet of commercial space in nine building in Willimantic Connecticut, commonly known as Windham Mills. The Offer Sheet also stated that the loan would be supported by a guaranty from Homes for America Holdings, Inc.

The HFAH Asylum Loan was funded. However, loan documents (including the promissory note, loan agreement, and guaranty) were never executed, and the deed of trust intended to secure repayment of the loan was never signed or recorded. Hansen Decl. at ¶ 3.

---

[3] The loan was ultimately made to HFAH Asylum, LLC, an entity owned and controlled by Homes for America Holdings. USA Investment Partners, and thus Thomas Hantges and John Milanowski, held a member interest in Homes for America Holdings. That direct interest in the parent company, and indirect interest in the Borrower, was not, upon information and belief, disclosed to the Direct Lenders.

Based on a review of documents and conversations with Platinum, the HFAH Asylum Loan was used by Borrower to purchase obligations owed by Windham Mills Development Corporation, which were secured by mortgages on the Windham Mills property, in order to foreclose on the mortgages. Hansen Decl. at ¶ 3. Windham Mills Development Corporation, however, filed for bankruptcy in the District of Connecticut before the Borrower could foreclose. Platinum, on behalf of a majority of Direct Lenders (the "Opt-In Direct Lenders"), filed suit against the Borrower (and other entities) for the funds provided by the Direct Lenders. Hansen Decl. at ¶ 5. Ultimately, Platinum and the Borrower settled that lawsuit, and Platinum obtained the right to pursue the obligations owed by Windham Mills, including the claims held by the Borrower in the Windham Mills bankruptcy. *Id.* By pursuing those obligations, Platinum estimates that it collected 70% of the funds owed to the Opt-In Direct Lenders. *Id.*

## II.   THE HFAH ASYLUM CLAIMS

**Exhibit A** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the HFAH Asylum Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the HFAH Asylum Loan based upon the information provided by the claimant. (Burr Decl. ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the HFAH Asylum Claims. As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** is attached as **Exhibit C.**

## III.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## IV. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## V. THE OBJECTIONS

USA Investment Partners, held a member interest in the Borrower's parent, Homes for America Holdings. As such, the HFAH Asylum Loan brokered by USACM was less than completely arms' length. Moreover, contrary to the Offer Sheet, the Direct Lenders did not receive the promised security interest in the collateral, nor did they receive the benefit of an executed guaranty. However, the Opt-In Direct Lenders received an approximately 70% recovery on their claim.

Thus, in light of USACM's potential conflict of interest noted above, USACM's failure to properly document the loan, USACM's failure to obtain the promised security agreements, and Platinum's 70% recovery on behalf the Opt-In Direct Lenders, the Trustee is prepared to allow a general unsecured claim for the HFAH Asylum Claims in the amount of 30% of each claim. The Trustee objects to allowance of the remaining 70%

of each claim because the Direct Lenders either (a) received the remaining 70% of their claim through Platinum or (b) had the opportunity to receive the remaining 70% of their claim through Platinum., yet failed to mitigate their damages.

## VI. CONCLUSION

The USACM Trust respectfully requests that the Court enter an order allowing 30% of each Proof of Claim listed in **Exhibit A** and disallowing the remaining 70% of each claim to the extent those claims are based upon an investment in the HFAH Asylum Loan. This objection concerns only claims based upon an investment in the HFAH Asylum Loan and not any other claims of any o the Direct Lenders. The USACM Trust also requests such other and further relief as is just and proper**.**

Dated:  August 7, 2011.

LEWIS AND ROCA LLP

By /s/ *Marvin Ruth* (#10979)
Rob Charles, NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibit A deposited in first class postage prepaid U.S. Mail on August 7, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

s/ *Matt Burns*
Matt Burns,  Paralegal