LEWIS
AND
ROCA
LLP
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA Commercial Mortgage Company, | Chapter 11 |
| Debtor. | **FIRST OMNIBUS OBJECTION OF THE USACM TRUST TO PROOFS OF CLAIM BASED ENTIRELY UPON INVESTMENT IN THE LAKE HELEN LOAN** |
| | Hearing Date:        September 30, 2011<br>Hearing Time:        9:30 a.m.<br>Estimated Time for Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in whole the Proofs of Claim listed in **Exhibit A**.  These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based in whole upon an investment in a loan to "Old City, L.C." and "Lake Helen Partners, L.C." (collectively, the "Borrower").  This loan was sometimes referred to as the Lake Helen Partners Loan and that is how the USACM Trust will refer to it here. This Motion is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based

287069.1



Upon the Investment in the Lake Helen Partners Loan.  (the "Berman Decl." and "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE LAKE HELEN PARTNERS LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE LAKE HELEN PARTNERS LOAN, OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass

287069.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Lake

Helen Partners Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

successor to USACM with respect to standing to seek allowance and disallowance of

Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District

of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,*

*et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

service agreements in the USACM bankruptcy case and took a secured interest in those

Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

Delaware."  *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of

September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

Resolution") and took ownership of the Purchased Assets. … Silar created Asset

Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of

Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is

now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

RCJ, along with certain affiliates.[1]  By Order entered on July 19, 2010 by the Hon. Robert

C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP
Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC,
Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP
Clear Lake SPE LLC, and Shamrock SPE LLC.

3

287069.1



Cross, FLS.  The Lake Helen Partners Loan was not among the loans whose servicing rights were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.  The following is the extent of the USACM Trust's information on the current servicing and status of the Lake Helen Partners Loan.

### b.  The Lake Helen Partners Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to borrowers identified as "Old City, L.C." and "Lake Helen Partners, L.C." (collectively, "Borrower").  A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.**  (Berman Decl., ¶ 4.)  The Offer Sheet stated that the Borrower was a wholly owned entity of Bay Communities, a developer of condominium communities in Massachusetts and Florida.  *Id.*  The total loan amount proposed was $3,900,000.  The Offer Sheet described the investment as a "First Mortgage Investment" and noted that the investment would be secured by a first mortgage on six pieces of property in Lake Helen, Florida with a combined acreage of approximately 73 acres, plus an additional 36 residential lots, and a first mortgage on 5,500 square feet of commercial space in St. Augustine, Florida.  *Id.*  The Offer Sheet noted that the estimated loan to value was 51% based upon an appraisal prepared by Lui Realty Advisors, Inc.  *Id.*  The loan was also to be supported by a personal guaranty executed by Valerie Kaan, the principal of Bay Communities.  *Id.*

On December 7, 2004, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Mortgage" (the "Note") and a Loan Agreement (Berman Decl., ¶5.)  The Note and Loan Agreement

4

287069.1



provided for a loan of $3,900,000. The Note was secured by a "Mortgage, Security Agreement, and Assignment of Rents" (the "Mortgage") from the Borrower in favor of the Direct Lenders that was recorded in the official records of St. Johns County, Florida on December 8, 2004. The Note was supposed to be supported by a guaranty from Valerie E. Kaan, but the Trust was unable to locate one. (Berman Decl., ¶ 7.) Pursuant to Loan Extension Agreement dated December 7, 2004, the loan due date for the loan was extended for an additional six months. (Berman Decl., ¶ 7.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-Performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 9.) The summary does indicate that the unpaid principal amount was $3,159,714, meaning that, according to the summary, the principal amount of the loan had been paid down by $740,286. (Berman Decl., ¶ 9.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trust has reviewed the public records of Volusia and St. Johns Counties, Florida that are related to this loan. The Deed of Trust has two legal descriptions, Exhibit B and Exhibit B-1. The Exhibit B property, which consists of five parcels, was transferred via a Certificate of Title dated May 20, 2008 (Case No. 2007 11495 CIDL- Citron v Lake Helen Partners) to Citron Investment Group, Inc., a Florida corporation.

The Exhibit B-1 property is located in Volusia County. In 2005 the property was platted as The Lyon Condominium (Units 1-7) (this is the first floor only-the second floor has the residential units which are not part of exhibit B-1). The public records indicate that all seven condominium units were released by USACM between June 2005 and April 2006. All of the sales appear to have been made to individual property owners. The Trust

287069.1



is assuming that the Borrower paid $740,286 for these releases and that amount was reasonable.

### c. The Lake Helen Partners Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the Lake Helen Partners Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Lake Helen Partners Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Lake Helen Partners Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof

287069.1



of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTION

The Lake Helen Partners Loan appears to have been an arms' length transaction. The Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet and it appears that the proceeds of the sale of the individual units was paid to USACM and then to the Direct Lenders.  In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Lake Helen Partners Loan.  USACM was under no duty to foreclose on the collateral securing the Lake Helen Partners Loan or take any other action.

This objection will not affect the Direct Lenders' right to be repaid on the Lake Helen Partners Loan by the Borrower, to recover from the sale of any collateral that secured the Lake Helen Partners Loan or share in any funds generated by enforcing the guaranty associated with the Lake Helen Partners Loan.

## V.    CONCLUSION

The USACM Trust respectfully requests that the Court disallow the claims against USACM listed in **Exhibit A** in full because those claims are based entirely upon an investment in the Lake Helen Partners Loan.  This objection concerns only the Lake Helen Partners Loan and not any other claims of any of the Direct Lenders.  The USACM Trust also requests such other and further relief as is just and proper.

287069.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1        DATED this 8th day of August, 2011.
                                                 LEWIS AND ROCA LLP
2

3

4                                          By  s/John Hinderaker (AZ 18024)
                                             Robert M. Charles, Jr., NV 6593
5                                            John Hinderaker, AZ 18024 (*pro hac vice*)
                                             Marvin Ruth, NV 10979
6                                          3993 Howard Hughes Parkway, Suite 600
                                           Las Vegas, Nevada  89169
7                                          E-mail:  JHinderaker@lrlaw.com
                                           *Attorneys for the USACM Liquidating Trust*

8    Copy of the foregoing and pertinent
     portion of Exhibits mailed by first
9    class postage prepaid U.S. Mail on
     August 8, 2011 to all parties listed on
10   Exhibit A attached.

11   LEWIS AND ROCA LLP

12
       s/     Renee L. Creswell
13   Renee L. Creswell

14

15

16

17

18

19

20

21

22

23

24

25

26

8

287069.1