LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr.  NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA Commercial Mortgage Company, | Chapter 11 |
| Debtor. | **THIRD OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN HESPERIA II LOAN** |
| | Hearing Date:   September 30, 2011<br>Hearing Time:   9:30 a.m.<br>Estimated Time for Hearing: 10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing in part each claim listed in **Exhibit A**.  The Proofs of Claim listed in **Exhibit A** were filed by individual investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon investments in multiple loans, including a loan to Southern California Land Development, LLC (the "Borrower").  This loan was sometimes referred to as the "Hesperia II Loan" and that is how the USACM Trust will refer to it here.  To the extent that a claim was based upon an investment in the Hesperia II Loan, the USACM Trust seeks to allow 20% of that claim and disallow the remaining 80%

2435024.1

of that claim. This Objection is supported by the Court's record and the Declarations of Geoffrey Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Hesperia II Loan filed with the Court along with this objection (the "Berman Decl." and "Burr Decl.").

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE HESPERIA II LOAN, TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE HESPERIA II LOAN OR TO SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE HESPERIA II LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

2435024.1

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Hesperia II Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

RCJ, along with certain affiliates.[1]  On November 6, 2007, pursuant to an order from the Honorable Judge Jones in the District of Nevada litigation, the Hesperia II Loan was abandoned by Compass.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the Asset Resolution bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The following is the extent of the USACM Trust's information on the current servicing and status of the Hesperia II Loan.

### b.  The Hesperia II Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for a loan to Southern California Land Development, LLC, described as a joint venture between USA Investment Partners and Monaco Diversified Corporation.   A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.  (Berman Decl., ¶ 4.).  The total loan amount proposed was $4,250,000.  The Offer Sheet stated the investment would be secured by a "second deed of trust on 7 different parcels totaling approximately 60.5 acres of land in Hesperia, California near Main Street and Interstate 15."  The Offer Sheet further provided that the loan would provide the Borrower with a "return on equity invested as well as satisfy development and construction lender requirements and provide for the balance of the hardscape" and model home furnishings. The Offer Sheet further stated that the combined loan to value of both the first and the second loans on the property was approximately 67% based on estimated comparable sales

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Clear Lake SPE LLC, and Shamrock SPE LLC.

4

2435024.1

of lots in the area.  Pursuant to the Offer Sheet, an appraisal update for the land was in process.

On April 1, 2005, the Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust," in the amount of $4,250,000 (the "Note") and a Loan Agreement.  (Berman Decl. ¶ 5).  The Loan Agreement and Note provided for an initial loan of $3,400,000, with potential subsequent advances up to $4,250,000.  (Berman Decl. ¶ 5).  The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" (the "Deed of Trust") from Borrower in favor of the Direct Lenders that was recorded in the official records of San Bernardino County,  California on April 27, 2005 at Instrument Number 20050294868, as were subsequent amendments to the Deed of Trust securing additional advances.  *Id.*  The Loan Agreement expressly provides that the loan funds will be used to refinance and pay costs of obtaining certain entitlements, and further provides that the Deed of Trust "shall be subordinate to one senior deed of trust on each parcel in favor of Vinyard Bank [sic]."  *Id.*  The Note was also supported by an Unconditional Guaranty executed by Tom Hantges, Joseph Milanowski on April 1, 2005.  (Berman Decl., ¶ 6.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Performing" on the Note as of July 31, 2006 as there was sufficient cash held by the disbursing agent to pay outstanding interest due.  (Berman Decl., ¶ 7.) Pursuant to the USACM "Loan Summary" dated February 28, 2007 and filed in this case, the Borrower was no longer performing on the Note as of that date.  *Id.*

Counsel for the Trustee has reviewed the public records of San Bernardino, California that relate to the property pledged to the Direct Lenders as collateral.  The property was transferred to NV Hesperia Investors, LLC via Trustee's Deed. By trustee's

deeds that were recorded on April 1, 2008.  The Trustee does not know whether the Direct Lenders will receive any compensation from the collateral.

During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

### c.  The Hesperia II Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investments in the Hesperia II Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Hesperia II Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Hesperia II Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is

contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.  THE OBJECTIONS

USA Investment Partners ("USA IP") held an interest in the Borrower. As such, and unlike many of the other loans brokered by USACM, the Hesperia II Loan was not completely arms' length. Further, the other principal of the Borrower (Monaco Diversified Corporation) had been involved with USACM and its principals dat9ing back to Tom Hantges' involvement with Inco Homes.[2] The Direct Lenders, however, did receive the second position security interest in the collateral promised them by the Borrower through the Offer Sheet. The Trust believes USACM is not liable for the Borrower's default but the Trustee recognizes the potential conflict of interest arising from USACM's brokering the loan for an affiliate, being the loan's servicer and then potentially not acting diligently to demand payment from a defaulting borrower. USACM, however, is not responsible for any decrease in the value of the collateral and the Direct Lenders took a known risk by investing in a promissory note secured by a subordinated lien on real property.

In light of the potential conflict of interest, the Trustee is prepared to allow a partial claim for the Direct Lenders that have filed proofs of claim arising from their investment in the Hesperia II Loan in an amount of 20% of the claim. The Trust objects to the

---

[2] The Trust obtained a stipulated judgment against Monaco Diversified Corporation and its principals, Anthony and Sue Monaco in settlement of claims the Trust brought against the corporation and its principals.

7

2435024.1

remaining 80% of each claim.  USACM does not appear to have breached the loan servicing agreements with respect to collection of the Hesperia II Loan.

This objection will not affect the Direct Lenders' right to be repaid on the Hesperia II Loan by the Borrower, to recover from the sale of any collateral that secured the Hesperia II Loan, or to recover on the guaranty supporting the Hesperia II Loan.

## V.     CONCLUSION

The USACM Trust respectfully requests that the Court disallow 80% and allow 20% of each claim listed in **Exhibit A** to the extent those claims are based upon an investment in the Hesperia II Loan.  This objection will not affect those claims to the extent they are based upon an investment in a different loan.  The USACM Trust also requests such other and further relief as is just and proper.

DATED this 8th day of August, 2011.

LEWIS AND ROCA LLP

By /s/  *John Hinderaker* (AZ #018024)
　　Rob Charles, NV 6593
　　John Hinderaker, AZ 18024 (*pro hac vice*)
　　Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibit A mailed by first class postage prepaid U.S. Mail on August 8, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP


 /s/    *Matt Burns*
　　Matt Burns, Paralegal

2435024.1