LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr., NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**NINTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED PARTIALLY UPON AN INVESTMENT IN THE HFAH CLEAR LAKE LOAN**<br><br>Hearing Date: September 30, 2011<br>Hearing Time: 9:30 a.m.<br>Estimated Time for Hearing: 10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing 80% and allowing the remaining 20% of the Proofs of Claim listed in Exhibit A to the extent those claims are based upon an investment in the HFAH clear Lake Loan. . These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in multiple USACM loans, including a loan to HFAH Clear Lake, LLC (the "Borrower"). This loan was commonly referred to as the "HFAH Clear Lake Loan" and that is how the USACM Trust will refer to it here. This Objection is supported by the Court's record and the Declarations of

2435888.1

Geoffrey L. Berman and Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the HFAH Clear Lake Loan (the "Berman Decl." and "Burr Decl.").

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE HFAH CLEAR LAKE LOAN, TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE HFAH CLEAR LAKE LOAN OR TO SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE LOAN.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  BACKGROUND

   a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the HFAH Clear Lake Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.)  Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1]  By Order entered on July 19, 2010 by

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean

the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The HFAH Clear Lake Loan was among the loans whose servicing rights were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has also been in contract with Cross FLC about certain loans that it is servicing, including the HFAH Clear Lake Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the HFAH Clear Lake Loan.

   b. **The HFAH Clear Lake Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Homes for America Holding."[2] (Berman Decl., ¶ 4.) A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. *Id.* The total loan amount proposed was $16,050,000. *Id.* The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 11 acres of land in West Palm Beach, Florida. *Id.* The property was described as including a 180-unit apartment complex, and the Offer Sheet stated that the site had received approvals for 590 new condominiums that would replace the existing

---

Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Clear Lake SPE LLC, and Shamrock SPE LLC.

[2] The loan was ultimately made to HFAH Clear Lake, LLC, an entity owned and controlled by Homes for America Holdings, Inc. USA Investment Partners, and thus Thomas Hantges and Joseph Milanowski, held an interest in Homes for America Holdings. Upon information and belief, that direct interest in the parent company, and thus indirect interest in the Borrower, was not disclosed to the Direct Lenders.

apartments, with 199 units already under contract for sale. *Id.* The Offer Sheet further provided that the loan had a 56% loan to value based on a December 15, 2005 appraisal from CB Richard Ellis.[3] *Id.* The Offer Sheet also stated that the loan would be used to acquire the property and provide funds for the pre-development of the excess land for the construction of condominiums. *Id.*

On January 6, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in Exhibit A, a "Promissory Note" (the "Note") and a Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan of $14,800,000, with potential future disbursements to the Borrower up to $16,050,000. *Id.* The Note was secured by a Mortgage, Security Agreement, and Assignment of Rents ("Mortgage") on real property and improvements thereon, as described in the Mortgage, and recorded on January 21, 2005 at Instrument Number 20050040083 in the Official Records of Palm Beach County, Florida, as were subsequent amendments to the Mortgage to secure subsequent advances. *Id.* The Note was also supported by an Unconditional Guaranty executed by Homes for America Holdings, Inc. on January 6, 2005. (Berman Decl., ¶ 6.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "non-performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 7.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

---

[3] It appears that the CB Richard Ellis appraisal was not performed until many months after the loan documents were signed, however, the appraisal, with an as-is valuation of $28,500,000, supports the asserted loan to value calculation. The property securing the HFA Clear Lake Loan had an approximate value as of May 24, 2006 of $18,700,000 based on a June 1, 2006 appraisal by Hilco Real Estate Appraisal, LLC and an approximately value as of June 5, 2007 of $14,660,000 based on a July 6, 2007 appraisal by Herron Companies.

5

2435888.1

Counsel for the Trustee had a brief conversation with a representative of Cross, FLS regarding the status of the HFAH Clear Lake Loan. According to Cross, FLS, there is a second lien on the property that is currently held by ARC trustee. The property has not been sold and as a result of the automatic stay in the ARC bankruptcy, there has been no movement with respect to the foreclosure on the Deed of Trust, or the sale of the property. There are also tax liens against the property and the automatic stay has prevented foreclosure on those liens.

Counsel for the Trustee has reviewed the public records of Palm Beach County, Florida. The current property owner of collateral remains HFAH Clear Lake LLC according to the records available online from the County Assessor's office.

## II. THE HFAH CLEAR LAKE CLAIMS

**Exhibit A** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon investments in the HFAH Clear Lake Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the HFAH Clear Lake Loan based upon the information provided by the claimant. (Burr Decl. ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the HFAH Clear Lake Claims.

## III. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## IV. APPLICABLE AUTHORITY

2435888.1

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

V.     **THE OBJECTIONS**

USA Investment Partners held a member interest in the Borrower's parent, Homes for America Holdings, Inc. As such, and unlike many of the other loans brokered by USACM, the HFAH Clear Lake Loan was less than completely arms' length. The project, however, was run by Homes for America Holdings, and does not appear to have been controlled by Joseph Milanowski or Thomas Hantges. Moreover, the Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet, and remain in first position with regard to any proceeds from liquidation of the collateral. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral. The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the HFAH Clear Lake Loan.

2435888.1

Nonetheless, in light of the potential conflict of interest, the Trustee is prepared to allow a partial claim for the Direct Lenders that have filed proofs of claim arising from their investment in the HFAH Clear Lake Loan in an amount of 20% of the claim. The Trust objects to the remaining 80% of each claim. USACM does not appear to have breached the loan servicing agreements with respect to collection of the loan.

This objection will not affect the Direct Lenders' right to be repaid on the HFAH Clear Lake Loan by the Borrower, or to recover from the sale of any collateral that secured the loan or arising out of any guaranty that supported the loan.

## VI.  CONCLUSION

The claims listed in **Exhibit A** are based upon investments in multiple loans, including in the HFAH Clear Lake Loan. To the extent those claims are based upon an investment in the HFAH Clear Lake Loan, the USACM Trust respectfully requests that the Court disallow 80% and allow 20% of the HFAH Clear Lake Claims. This objection will not affect those claims to the extent they are based upon an investment in a different loan. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 9th day of August, 2011.

LEWIS AND ROCA LLP

By /s/ *John Hinderaker* (AZ #-018024)
    Rob Charles, NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
    Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  mruth@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

2435888.1

1  Copy of the foregoing and pertinent portion of Exhibit A mailed by first
2  class postage prepaid U.S. Mail on August 9, 2011 to all parties listed on
3  Exhibit A attached.

4  LEWIS AND ROCA LLP

6   /s/    *Matt Burns*  _____
Matt Burns, Paralegal

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

2435888.1