LEWIS AND ROCA LLP — LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**USACM TRUST'S MOTION TO ALLOW PROOFS OF CLAIM BASED UPON INVESTMENT IN THE TEN-NINETY LOAN**<br><br>Hearing Date:   September 30, 2011<br>Hearing Time:   9:30 a.m.<br>Estimated Time for Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court for an order allowing as unsecured non-priority claims, the Direct Lender claims against USA Commercial Mortgage Company ("USACM") based in whole or in part upon an investment in a loan to Ten-Ninety, Ltd (the "Borrower"). This loan will be referred to here as the "Ten-Ninety Loan." This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Motion to Approve Proofs of Claim Based Upon an Investment in the Ten-Ninety Loan (the "Berman Decl." and "Burr Decl.").

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.     BACKGROUND FACTS**

    **a.  The USACM Bankruptcy**

287159.2

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including this loan The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

**b. The Ten-Ninety Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Ten-Ninety, Ltd." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.

(Berman Decl., ¶ 4.) The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 200 acres of property in the Southridge master planned community in Fontana, California for development of 310 single family residential lots. *Id.* The loan to value ratio represented in the Offer Sheet was "approximately 62%." There is no appraisal in the USACM file to support this loan to value estimate.

On December 26, 2002, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement (Berman Decl., ¶5.) The Note and Loan Agreement provided for a loan of up to $4,140,000. *Id.* Pursuant to the Loan Agreement, the loan was intended to acquire the real property. *Id.* The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" (the "Deed of Trust") from the Borrower in favor of the Direct Lenders that was recorded in the Official Records of Riverside County, California on March 12, 2003 at Doc # 2003-174651. (Berman Decl. ¶ 6.) The Note was also supported by a personal guarantees from Richard Ashby and Larry Redmon. (Berman Decl., ¶ 7.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-Performing" on the Note as of July 31, 2006 because the dispersing agent held sufficient cash to make interest payments. (Berman Decl., ¶ 8.) Pursuant to the USACM "Loan Summary" dated February 28, 2007 and filed in this case, the Borrower was in "Default" as of February 28, 2007. During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee had a brief conversation with a former employee of USACM who was familiar with this loan. He indicated that, according to Richard Ashby,

3

287159.2

Case 06-10725-gwz    Doc 8904    Entered 08/09/11 16:44:49    Page 4 of 6



the collateral that secured the loan was part of an already built out development and the collateral could not be developed further.  Also, according to Ashby, the money from the DL's was not given to the borrower, but was diverted to another development known as Fiesta Stoneridge.

Counsel has been in contact with a representative of DACA, who is also familiar with the loan and the collateral securing it.  He confirmed that the collateral provided to secure the loan could not be developed.  He also explained that he too had spoken with Richard Ashby, who guaranteed the loan, and that Mr. Ashby had confirmed that the collateral could not be developed and the proceeds from the loan had been diverted by Joe Milanowski to help fund for the development of the Fiesta/USA Stoneridge development.

A search of the public records in Riverside County, California reveals that the property was apparently foreclosed upon by an entity related to Compass Partners on August 16, 2007.  The DL's are not believed to have received any funds generated from the sale of the collateral.

    **c.  The Ten-Ninety Claims**

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based in whole or in part upon an investment in the Ten-Ninety Loan.  (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Ten-Ninety Loan based upon the information provided by the claimant. (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are referred to hereafter as the "Ten-Ninety Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

4

287159.2



## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. THE MOTION TO ALLOW

It appears that the USACM Offer Sheet is highly misleading with regard to the value of the collateral securing the loan. The Offer Sheet represented that the collateral being pledged to secure the loan would be developed for approximately 310 single family residential lots. Even though the loan was funded in January 2003, it does not appear that any effort was made to develop the property (most likely because the project had already been fully developed). Also, the Offer Sheet indicated that the loan to value ratio would be 62%. Given that the amount of the loan was $4,150,000, this is a representation that the property had a value of approximately $5,727,000. Based upon the information available about the collateral, it never had a value anywhere near that amount.

It appears that the representations contained in the Offer Sheet about the collateral's value amount to fraud. The Direct Lenders likely relied upon the Offer Sheet and were consequently damaged because the Offer Sheet significantly overstated the value of the collateral securing their loans. Accordingly, the Trust believes that the Ten-Ninety Claims should be allowed in full.

## IV. CONCLUSION

The USACM Trust respectfully requests that the Court allow as unsecured non-priority claims, the claims listed in **Exhibit A** to the extent those claims are based upon an investment in the Ten-Ninety Loan. The USACM Trust also requests such other and further relief as is just and proper.

287159.2

LEWIS AND ROCA LLP LAWYERS

DATED this 9th day of August, 2011.

                                            LEWIS AND ROCA LLP

By  s/John Hinderaker (AZ 18024)
    Robert M. Charles, Jr., NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
    Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on August 9, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP


  s/     Renee L. Creswell
Renee L. Creswell