**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**MOTION TO ALLOW CLAIMS BASED UPON INVESTMENT IN THE COPPER SAGE PHASE II LOAN**<br><br>**Date of Hearing: September 30, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for hearing: 10 min**. |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order allowing 100% of the Proofs of Claim listed in **Exhibit A** as unsecured non-priority claims to the extent those claims are base upon an investment in Copper Sage Phase II Loan. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon investments in a loan to Copper Sage Commerce Center, LLC ("Borrower"). This loan was sometimes referred to as the "Copper Sage Phase II Loan" and that is how the Trust will refer to it here. This Motion is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Motion to Allow Proofs of Claim Based Upon the Investment in the Copper Sage Phase II Loan (the "Berman Decl." and "Burr Decl.").

2346623.2



**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. BACKGROUND FACTS

### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Motion.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Copper Sage Phase II Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

2346623.2

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The Copper Sage Phase II Loan, however, was not one of the loans whose servicing rights were transferred to Cross, FLS by that Order.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The following

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Clear Lake SPE LLC, and Shamrock SPE LLC.

is the extent of the USACM Trust's information on the current servicing and status of the Copper Sage Phase II Loan.

### b. The Copper Sage Phase II Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Copper Sage Commerce Center, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The Offer Sheet indicated that the Borrower was a joint venture between USA Investment Partners and Robert Russell/A-D Development Group, LLC. *Id.* The total loan amount proposed was $11.3 million. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 8.45 acres of property to be developed into warehouse space. *Id.* The Offer Sheet further provided that the loan had a 75% loan to value based on the sell-out price for the buildings. *Id.* The loan was intended to acquire the property and construct the buildings. *Id.*

On March 1, 2006, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $3,550,000, which could be increased up to $11,300,000. *Id.* The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Clark County, Nevada on March 6, 2006, at Instrument Number 200603-6-0003310. *Id.* The Note was also supported by a guaranty executed by Thomas Hantges, Joseph Milanowski, and Robert Russell. The Trust has not found a copy of the guaranty. The Offer Sheet also provided that "real estate markets can be negatively impacted by interest rates, availability of capital, supply and demand factors, and general

economic conditions locally, regionally, and nationally" and warned the Direct Lenders to keep these risks in mind. *Id.*

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006, with $3,550,000 in principal outstanding at that time. (Berman Decl. ¶ 6.)

USACM did not disperse any additional funds to Copper Sage after the initial disbursement. *Id.* Copper Sage Commerce Center, LLC asserted a claim against USACM in the amount of $3.5 million. [POC No. 10725-00792-2.] Copper Sage's Proof of Claim alleged that USACM failed to fully fund the remainder of the loan in breach of the loan agreement. *Id.* It also alleged an intentional misrepresentation by USACM. *Id.* USACM filed an objection to Copper Sage's proof of claim. [DE 3077]

USACM filed an adversary claim against, among others, Copper Sage and Robert Russell. [DE 6191; Adv. Case. No. 08-01119.] Copper Sage ultimately agreed to release its claims against USACM as part of a settlement of USACM's adversary claim against it. (Berman Decl. ¶ 7.)

Based on a review of the Clark County Recorder's land records, counsel for the Trustee has determined that the property securing the loan consisted of two parcels, and both parcels were sold at a trustee's sale on October 22, 2010 for $800,000 credit bid to certain Direct Lenders, as well as to Compass and to BMR Funding, LLC, which took a 72.54% interest. The ultimate disposition of the property is unknown.

### c. The Copper Sage Phase II Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the Copper Sage Phase II Loan. (Burr Decl. ¶ 7.) **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Copper Sage Phase II Loan based upon the information provided by the



claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to hereafter as the "Copper Sage Phase II Claims."

**II.     JURISDICTION**

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

**III.    THE MOTION TO ALLOW CLAIMS**

USA Investment Partners ("USA IP") held an interest in the Borrower. As such, and unlike many of the other loans brokered by USACM, the Copper Sage Phase II Loan was not completely arms' length. However, the Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property, as was pointed out by the Offer Sheet. USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

Nonetheless, there are certain facts related to these claims that raise serious concern for the Trustee. First, Tom Hantges and Joe Milanowski held an indirect interest in the Borrower through USA IP. Second, Robert Russell was the principal for Copper Sage. The Trust's claims against Mr. Russell were settled as part of a comprehensive settlement, including the release of the proof of claim filed by this Borrower asserting damages for the failure to fully fund the loan. Third, USACM funded this loan a few weeks before the filing of the bankruptcy and in light of Milanowski and Hantges' involvement in the Borrower, the Trust has serious reservations about the disclosures made to investors to solicit their investments in this loan. Moreover, USACM had already retained bankruptcy counsel and the self-dealing nature of this investment is of concern. Finally, it appears that

Copper Sage may have used the proceeds from the Copper Sage Phase II Loan to pay off the original Copper Sage Loan which was due, pursuant to an extension agreement, on March 11, 2006. In turn, USACM diverted some or all of the principal payments on the original Copper Sage Loan. In light of these issues, the Trustee is prepared to allow the Copper Sage Phase II Loans in full for the Direct Lenders.

### IV. CONCLUSION

The Copper Sage Phase II Claims listed in **Exhibit A** are based in full or in part upon an investment in the Copper Sage Phase II Loan, To the extent those claims are based upon an investment in the Copper Sage Phase II Loan, the USACM Trust respectfully requests that the Court allow the claims as unsecured non-priority claims. The USACM Trust also requests such other and further relief as is just and proper.

Dated: August 11, 2011

LEWIS AND ROCA LLP

By /s/ John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on August 11, 2011 to all parties listed on Exhibit A attached.

LEWIS AND ROCA LLP

/s/ *Renee Creswell*
Renee Creswell