RECEIVED AND FILED

AUG 17 2011

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                    Debtor. | Case No.: BK-S-06-10725-LBR<br>Case No.: BK-S-06-10726-LBR<br><br>Chapter 11<br><br>**RESPONSE TO SIXTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN THE PALM HARBOR ONE LOAN**<br><br>Date of Hearing: August 30, 2011<br>Time of Hearing: 10:30 a.m. |

    SEGEL, GOLDMAN, MAZZOTTA & SIEGEL, P.C., Counsel for Claimant MORRIS MASSRY ("Massry") hereby files this response to the USACM Liquidating Trust's (the "USACM Trust") Ninth Omnibus Objection to Proof of Claim, Claim No. 10725-01898 filed January 9, 2007 (the "Proof of Claim"), and begs the Court to reject the objection of the USACM Trust based upon the following facts:

    1.    On or about November 30, 2005 Massry invested $100,000 in the Palm Harbor One loan. The terms of the investment allowed for accrual of interest at a rate of 12.0% resulting in interest of $1,466.67 at the time of the filing of the Proof of Claim. Accordingly, Massry is owed $101,466.67 for his investment in the Palm Harbor One loan (the "Massry Claim").

    2.    The USACM Trust seeks to disallow the claim on the basis that Massry "took a known risk by investing in a promissory note secured by a lien on real property." USA Commercial Mortgage Company (the "Company") was a well known company in the brokerage

business. The Company's objection was insufficient to convert the presumption. The Company was properly licensed by the State of Nevada and Massry was unaware of any financial problems with the Company.

3. As acknowledged in the Debtor's moving papers, the Massry Claim is secured by the Promissory Note Secured by Mortgage (the "Note") and a Loan Agreement. A copy of the Note is annexed hereto at **Exhibit "A"** and a copy of the Loan Agreement is annexed hereto at **Exhibit "B"**. Debtors further admit that the Note was further secured by a Mortgage, Security Agreement and Assignment of Rents recorded on December 16, 2005. A copy of the Mortgage, Security Agreement and Assignment of Rents is annexed hereto at **Exhibit "C"**.

4. Accordingly, the Massry Claim is secured and the Company had a responsibility, pursuant to the Note, to repay the lenders. The Company, however, has made no attempt to do so and now seeks to avoid its responsibility in its entirety.

5. In conclusion, the Massry Claim is valid and should be paid in priority together with the accrued interest in accordance with the terms of the Note.

Dated: August 15, 2011

SEGEL, GOLDMAN, MAZZOTTA & SIEGEL P.C.

*/s/ Erika C. Browne*
Erika C. Browne, Esq., Of Counsel
Attorneys for Morris Massry
9 Washington Square
Albany, New York 12205
(518)452-0941

To: John Hinderaker, Esq.
LEWIS & ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702)949-8321