# EXHIBIT

# A

# PROMISSORY NOTE
# SECURED BY DEED OF TRUST



COPY

$26,500,000

Las Vegas, Nevada
April 14, 2005

This Promissory Note ("Note"), dated as of April 14, 2005 is made and delivered by 6425 Gess, Ltd., a Texas limited partnership ("Borrower"), in favor of those persons listed on **Exhibit "A"** attached hereto ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Twenty-Six Million Five Hundred Thousand Dollars ($26,500,000) (the "Note Amount"), together with interest as provided herein.

1.  <u>Interest Rate</u>. Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twelve percent (12%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. Accrued but unpaid interest shall be compounded monthly.

2.  <u>Payments</u>. Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears. For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3.  <u>Maturity Date</u>. If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other indebtedness of Borrower owing under any and all of the Loan Documents shall be due and payable in full on or before the date which is twelve (12) months after the Deed of Trust is recorded (the "Maturity Date").

4.  <u>Application of Payments</u>. All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5.  <u>Prepayment</u>. Borrower may prepay the Loan, in full or in part, at any time, provided, however, that if Borrower repays the Loan within the first four (4) months after the Effective Date (whether voluntarily or as a result of default), then Borrower shall pay to Lender a prepayment fee equal to all interest which would accrue on the full Loan Amount during said four (4) month period, less all interest previously paid. Notwithstanding anything to the contrary hereunder, Lender shall receive a minimum of four (4) months' interest on the full Loan Amount.

6.  <u>Collateral</u>. This Note is secured by a deed of trust encumbering real property located in Harris County, Texas.

7.  <u>Defaults; Acceleration</u>. The occurrence of any Event of Default (as hereinafter

defined) shall be a default hereunder. Upon the occurrence of an Event of Default and the expiration of a 10-day written notice and cure period, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable) and all other obligations of Borrower hereunder to be due and payable immediately. Subject to the applicable provisions of law, upon any such declaration, the principal of the Note and accrued and unpaid interest, and all other amounts to be paid under this Note shall become and be immediately due and payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a) Borrower shall fail to pay when due any amount due pursuant to the Note; or

(b) Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c) any representation or warranty contained in any document made or delivered pursuant to or in connection with any of the Loan Documents proves incorrect or to have been incorrect in any material respect when made if Lender determines, in its reasonable discretion, that such condition materially adversely affects Borrower's ability to re-pay the Note; or

(d) Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or any Guarantor are sold or otherwise transferred without Lender's written consent; or

(e) Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer (the "Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for sixty (60) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for sixty (60) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property or Borrower or any Guarantor, and is not released, vacated or fully bonded within sixty (60) calendar days after such

issue or levy; or

(f) there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion, and Lender reasonably believes that such adverse change shall jeopardize (i) Lender's ability to collect the amounts due under the Note, as they become due, or (ii) Lender's ability to foreclose on the Property; or

(g) any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed; or

(h) all or a substantial portion of the Property is condemned, seized or appropriated by any Governmental Agency; or

(i) Borrower is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower or the Guarantors are sold or otherwise transferred without Lender's written consent; or

(j) any lien or security interest created by any Security Document, at any time after the execution and delivery of that Security Document and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases or fails to constitute a valid, perfected and subsisting lien of the priority required by this Agreement or security interest in and to the Property purported to be covered thereby, subject only to the Permitted Exceptions; or

(k) any default occurs in any loan document or other agreement by and between Borrower and Lender in connection with the Loan and/or the Property, or by Borrower in favor of Lender with reference to the Loan.

8. <u>Late Charge</u>. Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, by the date given in the notice of acceleration, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor. Therefore, Borrower shall, in the event any payment required under this Note is not paid

3

within five (5) days after the date when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment. The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any accelerated amount. Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.      Default Rate. From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, the amount of the missed payment(s), or, if the Note has been accelerated, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10.     Waivers. Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of intent to accelerate, notice of acceleration, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note. Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, to renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder. Any delay on Lender's part in exercising any right hereunder or under any of the Loan Documents shall not operate as a waiver. Lender's acceptance of partial or delinquent payments or the failure of Lender to exercise any rights shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11.     Costs of Collection. Borrower agrees to pay all costs of collection when incurred and all costs incurred by the Lender hereof in exercising or preserving any rights or remedies in connection with the enforcement and administration of this Note or following a default by Borrower, including but not limited to actual attorneys' fees. If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12.     Usury. Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this

4

Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13. Notices. All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telecopy or telegram, or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telecopy or telegram, or two or three (3) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**         6425 Gess, Ltd.
                                1300 Post Oak Boulevard, Suite 1875
                                Houston, Texas 77056
                                Attn. Tracy Suttles

**WITH A COPY TO:**             Jeffrey L. Gilman
                                Gilman & Gilman, P.C.
                                710 North Post Oak Road, Suite 400
                                Houston, Texas 77024

**LENDER'S ADDRESS:**           c/o USA Commercial Mortgage Company
                                4484 South Pecos Road
                                Las Vegas, Nevada 89121
                                Attn. Joseph D. Milanowski

14. Assignment By Lender. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15. Multiple Parties. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16. Construction. This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope of intent of this Note.

17. Partial Invalidity. If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity

5

or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

  18. <u>Governing Law; Jurisdiction; Waiver of Jury Trial</u>.

  (a) This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

  (b) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

  (c) BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

(Signature page follows)

**BORROWER:**     6425 Gess, Ltd.
By: 6425 Gess Management, Inc., a Texas corporation, General Partner

By: _____
Tracy Suttles, President

## EXHIBIT "A"

### LENDERS

| | Names | Amount |
|---|---|---|
| 1. | First Savings Bank Custodian For Kenneth Addes IRA | $100,000 |
| 2. | Antonio C. Alamo Trustee of the Alamo Family Trust dated 12/30/86 | $500,000 |
| 3. | A.I.G. Limited, a Nevada Limited Partnership | $50,000 |
| 4. | Charles B. Anderson Trustee of the Charles B. Anderson Trust | $300,000 |
| 5. | Rita P. Anderson Trustee For the Benefit of Rita P. Anderson Trust | $100,000 |
| 6. | Steven K. Anderson Trustee of the Steven K. Anderson Family Trust dated 6/30/94 | $50,000 |
| 7. | Joseph J. Argier & Janice G. Argier, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 8. | X-Factor, Inc., a Nevada corporation | $250,000 |
| 9. | Leonard Baker & Barbara Baker Co-Trustees of the Leonard Baker & Barbara Baker Revocable Trust | $50,000 |
| 10. | Kami Banos & Willie Banos, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 11. | William A. Banos & Angel J. Banos Co-Trustees of the Mirtha M. Banos Family Trust F/B/O William A. Banos, as his undivided one-half interest & Angel J. Banos, as his undivided one-half interest | $70,000 |
| 12. | Jeffrey E. Barber & Suzanne M. Barber Trustees of the Barber Family Trust dated 4/24/98 | $75,000 |
| 13. | Clark R. Bartkowski and Jean P. Bartkowski Trustees of the Bartkowski Family Trust dated 8/25/94 | $60,000 |
| 14. | Gary R. Barton & Mavis J. Barton, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 15. | Robert L. Beall & Vicki E. Beall, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 16. | Joseph F. Bellesorte, an unmarried man | $100,000 |
| 17. | Harriet Bender Trustee of The Bender Family By-Pass Trust dtd 7/30/92 | $50,000 |
| 18. | Gerald L. Bittner, Sr. DDS. Inc. Profit Sharing Plan & Trust dated 1/15/91 | $50,000 |
| 19. | Michael Blau & Shamiran Blau, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 20. | Jerome L. Block & Charma N. Block, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 21. | Martin Bock an unmarried man | $50,000 |
| 22. | Charles Bombard Trustee of the Charles Bombard 1999 Trust dtd 12/3/99 | $100,000 |
| 23. | Joyce Bombard Trustee of the Joyce Bombard 2000 Trust dated 11/11/00 | $100,000 |
| 24. | James R. Bonfiglio & Donna M. Bonfiglio Trustees of the Bonfiglio Family Limited Partnership | $100,000 |
| 25. | Janice W. Bradbury Trustee of Bradbury Family Trust dated 12/20/88 | $100,000 |
| 26. | First Savings Bank Custodian for Michael S. Braida IRA | $50,000 |

8

| #   | Name | Amount |
|-----|------|--------|
| 27. | Marshall J. Brecht & Janet L. Brecht Trustees of the Marshall J. Brecht Trust dated 2/5/86 | $50,000 |
| 28. | Howard D. Brooks & Doreen C. Brooks Trustees of the Brooks Living Trust dated 6/30/97 | $50,000 |
| 29. | Robert Alan Bryant Sr. Trustee of The Robert Alan Bryant Sr. Revocable Trust under agreement dated 9/25/03 | $50,000 |
| 30. | Bruce D. Bryen, an unmarried man, transfer on death to Erica Bryen, an unmarried woman | $100,000 |
| 31. | Cynthia Burdige Trustee of the Cynthia Burdige Trust U/A dated 4/13/00 | $120,000 |
| 32. | Brian H. Busse & Dawn Busse, husband & wife, as joint tenants with right of survivorship | $60,000 |
| 33. | Cornelius Buys & Helen Buys, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 34. | Clara M. Cadieux, a married woman dealing with her sole & separate property | $50,000 |
| 35. | First Savings Bank Custodian For Richard L. Cadieux IRA | $50,000 |
| 36. | Donna M. Cangelosi Trustee of the Donna M. Cangelosi Family Trust | $50,000 |
| 37. | Maurice A. Cauchois & Jacqueline M. Cauchois Trustees of the M & J Cauchois Family Trust dated 2/25/93 | $50,000 |
| 38. | Leona M. Chapman Trustee of the Chapman Trust #1015932 | $100,000 |
| 39. | Nelson Chardoul & Virginia Chardoul Trustees of the Nelson & Virginia Chardoul Trust dated 10/7/91 | $50,000 |
| 40. | Kar Sei Cheung, a married woman dealing with her sole & separate property | $50,000 |
| 41. | Robert T Chylak & Barbara M Chylak Trustees of the Robert T Chylak & Barbara M Chylak Family Trust dated 10/30/90 | $75,000 |
| 42. | Stella P. Ciadella Trustee of the Ciadella Living Trust dated 2/8/99 | $150,000 |
| 43. | Rosanne L. Clark, a single woman | $50,000 |
| 44. | First Savings Bank Custodian for Nelson L. Cohen IRA | $56,000 |
| 45. | Freeda Cohen Trustee of the Freeda Cohen Trust dated 7/11/04 | $50,000 |
| 46. | Irwin Cohen & Marilyn T. Cohen Trustees of the Cohen Living Trust dated 3/6/90 | $50,000 |
| 47. | Curtis R. Colagross & Terri L. Colagross, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 48. | Shirley M. Collins Trustee as her sole & separate property under the Collins Family Trust dated 1/29/93 | $50,000 |
| 49. | Aldon G. Cook & Deedra Cook, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 50. | Donald W. Cook Trustee of the Donald W. Cook Trust | $50,000 |
| 51. | 1823 Corporation, a California corporation | $50,000 |
| 52. | Robert A. Cowman & Sandra L. Cowman, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 53. | Loyal Crownover & Lora Crownover Trustees of the Lora & Loyal Crownover Family Trust | $200,000 |

| # | Name | Amount |
|---|---|---|
| 54. | Michael Dashosh & Elizabeth Dashosh, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 55. | Davis Investments, a Nevada partnership | $50,000 |
| 56. | Frederick J. Davis, a married man dealing with his sole & separate property | $100,000 |
| 57. | Joseph Davis & Marion Sharp Co-Trustees of the Davis Family Trust | $100,000 |
| 58. | Nancy R. Davis Trustee of the Nancy R. Davis Defined Benefit Plan | $100,000 |
| 59. | S & P Davis Limited Partnership, a Texas Partnership | $100,000 |
| 60. | Tracy A. DeBerry, an unmarried man | $50,000 |
| 61. | First Savings Bank Custodian For Rena DeHart IRA | $49,000 |
| 62. | PENSCO Trust Company Custodian for Gary Deppe, IRA | $100,000 |
| 63. | James D. Dery & Ann R. Dery, husband & wife | $50,000 |
| 64. | Thomas Dijorio & Antonette Dijorio, husband & wife | $50,000 |
| 65. | Eric C. Disbrow Trustee of the Eric C. Disbrow MD Inc. Profit Sharing Plan | $50,000 |
| 66. | Pat A Dolce & Lora Dean Dolce, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 67. | Daniel Drubin & Laura Drubin, husband & wife, as joint tenants with right of survivorship | $150,000 |
| 68. | Charles B. Dunn, IV Trustee of the Charles B. Dunn, IV Living Trust dated 4/4/00 | $50,000 |
| 69. | Bill Dupin & Penny Dupin, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 70. | Mark L. Eames & Sandy K. Eames, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 71. | Robert D. Earp, a married man dealing with his sole & separate property | $50,000 |
| 72. | Trevin B. Eckersley & Cynthia L. Eckersley, husband & wife | $60,000 |
| 73. | Rudi Eichler, an unmarried man & Tatjana Eichler, an unmarried woman, as joint tenants with right of survivorship | $50,000 |
| 74. | Dr. David R. Enrico & Dr. Bonny K. Enrico, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 75. | Ruth A. Errington Trustee of the Ruth A. Errington Living Trust dated 11/22/04 | $50,000 |
| 76. | Robert Essaff & Cindy H. Essaff Trustees of the Essaff Family Trust dated 6/18/02 | $100,000 |
| 77. | First Savings Bank Custodian For James F. Eves IRA | $50,000 |
| 78. | Denise F. Fager Trustee of the Denise F. Fager Revocable Trust under agreement dated 2/28/03 | $100,000 |
| 79. | Sierra West, Inc., a Nevada corporation | $100,000 |
| 80. | Joseph A. Farrah & Emily T. Farrah Trustees of the Farrah Family Trust dated 9/18/03 | $50,000 |
| 81. | William H. Favro & Carol M. Favro Trustees of the Favro Trust dated 9/14/00 | $50,000 |
| 82. | Paul Fedrizzi, a married man dealing with his sole & separate property | $50,000 |
| 83. | Lewis Fine & Arlene J. Fine, husband & wife | $100,000 |

| | | |
|---|---|---|
| 84. | Ronald G. Finkel & Karen B. Finkel, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 85. | Shirley J. Finlay, an unmarried woman | $58,000 |
| 86. | Robert E. Finnman Trustee of the Finnman Family Trust dated 4/4/94 | $150,000 |
| 87. | Richard T. Fiory Trustee of the TopFlight Specs Profit Sharing Plan | $50,000 |
| 88. | Aloys Fischer & Joyce Fischer Trustees of the Fischer Family Trust dated 6/9/95 | $50,000 |
| 89. | William B. Fitzgerald, a married man dealing with his sole & separate property | $50,000 |
| 90. | Kevin L. Foster & Allison J. Foster Trustees of the Kevin & Allison Foster Family Trust dated 1/20/99 | $53,000 |
| 91. | Fraley Limited Partnership, a Nevada limited partnership | $200,000 |
| 92. | Michael S. Freedus & Helen C. Freedus, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 93. | Gregory L. Freeman Trustee of the Lillian M. Freeman Trust dtd 5/31/85 | $55,000 |
| 94. | First Savings Bank Custodian For Lloyd Frey IRA | $50,000 |
| 95. | First Savings Bank Custodian For Robert G. Fuller IRA | $50,000 |
| 96. | Elmer Eugene Gilbert, Jr., a married man dealing with his sole & separate property | $50,000 |
| 97. | Barry J. Goldstein & Patricia B. Goldstein, as joint tenants with right of survivorship | $100,000 |
| 98. | Robin B. Graham & Celia Allen-Graham Trustees of the Graham Family Trust dated 10/26/78 | $100,000 |
| 99. | David B. Greenberg Trustee of the D.B. Greenberg Trust U/D/T 7/20/98 | $50,000 |
| 100. | Charles T. Hamm and Sandra L. Hamm, Trustees of the Hamm Trust dated 3/17/05 | $50,000 |
| 101. | Darlene Hammond Trustee of the Dar Living Trust dated 2/12/03 | $50,000 |
| 102. | MLH Family Investment Limited, a Texas company | $200,000 |
| 103. | Paul Hargis & Susan Gail Hargis, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 104. | W.L. Harper | $50,000 |
| 105. | Kay J. Hart, an unmarried woman | $100,000 |
| 106. | Roderick J. Harvey, Sr. & Pauline W. Harvey Trustees of the Harvey Family Trust dated 4/13/87 | $50,000 |
| 107. | Curtis Hattstrom & Virginia Hattstrom, husband & wife | $60,000 |
| 108. | Kelli A. Garvey transfer on death to Stephen L. Hawley | $100,000 |
| 109. | Stephen L. Hawley & Sidney A. Hawley Trustees of the Hawley Family Trust dated 8/15/96 | $100,000 |
| 110. | Raymond J. Healey | $350,000 |
| 111. | Helms Homes, LLC, a Nevada limited liability company | $2,000,000 |
| 112. | Terry Helms Trustee of the Terry Helms Living Trust dated 11/11/94 | $1,000,000 |
| 113. | Marilyn Hilborn Trustee of the Marilyn Hilborn Trust dated 11/18/93 | $50,000 |
| 114. | First Savings Bank for the benefit of Jay P. Hingst IRA | $60,000 |
| 115. | William J. Hinson, Jr., an unmarried man | $50,000 |

| | | |
|---|---|---|
| 116. | Ralph C. Holder & Naomi S. Holder Trustees of the Holder Revocable Trust dated 10/21/91 | $50,000 |
| 117. | Richard Holeyfield & Marsha Holeyfield Trustees of the Holeyfield Family Trust dated 01/12/01 | $50,000 |
| 118. | Homfeld II, LLC, a Florida limited liability company | $100,000 |
| 119. | Charles D. Hopson Trustee of the Charles D. Hopson Living Trust dated 2/20/96 | $50,000 |
| 120. | Francis Howard Trustee of the Jaime Kefalas Trust | $75,000 |
| 121. | Francis Howard Trustee of the Jason A. Kefalas Trust | $50,000 |
| 122. | Earl Howsley, a married man dealing with his sole & separate property | $50,000 |
| 123. | George W. Hubbard & Carol N. Hubbard Trustees of the Hubbard Trust dated 7/29/98 | $75,000 |
| 124. | Robert E. Hughes, an unmarried man | $50,000 |
| 125. | Rodney G. Huppi & Virginia M. Huppi Trustees of the Huppi Trust dated 1/30/92 | $50,000 |
| 126. | James H. Hutchison & Lorayne J. Hutchison, husband & wife, & Kaye Hutchison, a married woman dealing with her sole & separate property, as joint tenants with right of survivorship | $50,000 |
| 127. | Robert W. Inch & Jennie R. Inch Trustees of the Inch Family Trust dated 04/19/95 | $50,000 |
| 128. | Stephen C. Irwin, an unmarried man | $50,000 |
| 129. | John B. Jaeger & Priscilla J. Jaeger Trustees of the John B. Jaeger & Priscilla J. Jaeger Family Trust | $50,000 |
| 130. | First Savings Bank Custodian for Mary Jellison IRA | $60,000 |
| 131. | Jon Paul Jensen & Tamara Lee Jensen, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 132. | Leif A. Johansen & Roberta K. Johansen Trustees of The Johansen Family Trust dated 10/23/87 amended 6/11/04 | $150,000 |
| 133. | First Regional Bank Custodian For Jerry R. Johnson IRA | $50,000 |
| 134. | Delbert T. Johnston, Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000 |
| 135. | Sharon Juno, an unmarried woman | $70,000 |
| 136. | Staci Kaiser, an unmarried woman | $50,000 |
| 137. | Dr. Gary Kantor, an unmarried man | $500,000 |
| 138. | Kenneth Kefalas & Debbie Kefalas Trustees of the Kefalas Trust dated 7/3/97 | $150,000 |
| 139. | Dunham Trust Company Trustee of the Frederick W. Kewell IRA | $70,000 |
| 140. | C.K. Khury & Irene K. Bass, husband & wife, as joint tenants with right of survivorship | $150,000 |
| 141. | J. Douglas Kirk and Catherine Kirk, Trustees of the Kirk Family Trust dated 8/24/99 | $50,000 |
| 142. | Lawrence A. Kirkham & Kathleen B. Sanginiti Trustees of the Kirkham & Sanginiti Trust dated 2/29/96 | $50,000 |
| 143. | Bernard A. Kloenne Trustee of the Bernard Kloenne Living Trust dated 10/10/86 | $75,000 |

| | | |
|---|---|---|
| 144. | Guenther A. Kohler & Elfriede Kohler Trustees of the 1989 Kohler Living Trust dated 6/13/89 | $150,000 |
| 145. | Betty Kolstrup, a single woman | $85,000 |
| 146. | David Kravitz & Mable R. Kravitz Trustees of the Kravitz Family Revocable Trust under agreement dated 12/9/99 | $50,000 |
| 147. | Richard Kudrna, a married man dealing with his sole & separate property | $250,000 |
| 148. | Lammert Kuiper, Jr. & Audrey H. Kuiper Trustees of the Kuiper Trust | $50,000 |
| 149. | Michael LaTorra & Joan LaTorra, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 150. | Anna Lacertosa, a widow & Marie Lacertosa | $50,000 |
| 151. | Brad L. Larson, a married man dealing with his sole & separate property | $50,000 |
| 152. | Raymond Nunez & Sandra L. Lawson Trustees of the The Raymond & Sandra Nunez Family Trust | $80,000 |
| 153. | First Regional Bank Custodian For Irwin Levine IRA C/O Pollycomp | $60,000 |
| 154. | James Liem Trustee of the Liem Family Trust | $50,000 |
| 155. | James E. Lofton & Denise G. Lofton, husband & wife as joint tenants with right of survivorship | $50,000 |
| 156. | William Lukasavage & Joanne Lukasavage, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 157. | B & W Precast Construction, Inc., a California corporation | $200,000 |
| 158. | Sherry Lynne, a single woman | $50,000 |
| 159. | Evan J. Madow D.C. Trustee of the Evan J. Madow D.C. Trust | $50,000 |
| 160. | James W. Magner, a married man & Joseph P. Magner, a married man, as joint tenants with right of survivorship | $50,000 |
| 161. | John J. Maguire & Diane M. Maguire Trustees of the John J. Maguire & Diane M. Maguire Living Trust dated 8/4/00 | $50,000 |
| 162. | Valerie Callahan, an unmarried woman & Charles R. Maraden, an unmarried man, as joint tenants with right of survivorship | $250,000 |
| 163. | Alexander W. Marchuk & Doreen W. Marchuk | $50,000 |
| 164. | John M. Marston & Linda S. Marston, husband & wife, as joint tenants with right of survivorhsip | $120,000 |
| 165. | Morris Massry, a married man dealing with his sole & separate property | $200,000 |
| 166. | TK & Associates, a Minnesota company | $50,000 |
| 167. | Michael T. McGrath Trustee of the 2001 Michael T. McGrath Revocable Trust dated 12/11/01 | $50,000 |
| 168. | First Savings Bank for the benefit of Michael J. McLaws IRA | $50,000 |
| 169. | First Savings Bank Custodian For Gary McMahon SEP IRA | $50,000 |
| 170. | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 |
| 171. | D. Nathan Meehan, a married man dealing with his sole & separate property | $50,000 |
| 172. | First Savings Bank Custodian For Jack Mennis IRA | $100,000 |
| 173. | Michael J. Messer & Lisa K. Redfern, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 174. | R. G. Messersmith & Deaun Messersmith, as joint tenants with right of survivorship | $50,000 |

| | | |
|---|---|---|
| 175. | Gary A. Michelsen, an unmarried man | $75,000 |
| 176. | Gary I. Miller & Barbara L. Miller Trustees of the Gary I. & Barbara L. Miller Trust dated 08/17/87 | $50,000 |
| 177. | Matthew Molitch Trustee of the Molitch 1997 Trust | $50,000 |
| 178. | Monighetti, Inc., a Nevada corporation | $50,000 |
| 179. | Albert Montero Trustee of the Albert Montero Family Trust U/A dated 11/3/94 | $50,000 |
| 180. | Alma B. Moore, an unmarried woman | $60,000 |
| 181. | Robert J. Moretto & Josephine Moretto Trustees of the Moretto Family Living Trust dated 9/19/94 | $50,000 |
| 182. | Nadine Morton, an unmarried woman | $50,000 |
| 183. | Adelaide L. Moschogianis & Christine Moschogianis Trustees of the Al Moschogianis Revocable Trust dated 11/30/04 | $50,000 |
| 184. | Paulius Mosinskis, a married man dealing with his sole & separate property | $75,000 |
| 185. | John Mrasz & Janet Mrasz Trustees of the John Mrasz Enterprises, Inc. Defined Benefit Plan dated 5/86 | $100,000 |
| 186. | John Mrasz & Janet Mrasz, husband & wife as joint tenants with right of survivorship | $100,000 |
| 187. | Herbert Mueller & Linda Mueller, Trustees of the Herbert & Linda Mueller Trust dated 2/10/93 | $50,000 |
| 188. | Elaine Mullin Trustee for the benefit of Elaine P. Mullin Trust dtd 8/6/90 | $50,000 |
| 189. | Richard W. Murphy & Virgnia E. Murphy, Trustees of the Richard W. Murphy & Virgnia E. Murphy Revocable Living Trust Agreement as of 7/1790 | $50,000 |
| 190. | Walter Musso & Barbara Musso Trustees of the Musso Living Trust dated 11/30/92 | $50,000 |
| 191. | Gloria J. Nelson, a married woman dealing with her sole & separate property | $50,000 |
| 192. | Marvin Lynn Nicola Trustee of the Marvin Lynn Nicola Family Trust dated 6/13/78 | $50,000 |
| 193. | Benjamin Nicosia & Aleath Nicosia Trustees for the Benjamin & Aleath Nicosia Family Trust dated 5/10/02 | $150,000 |
| 194. | Roger Noorthoek, an unmarried man | $50,000 |
| 195. | John E. O'Riordan & Sonhild A. O'Riordan, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 196. | Henry J. Obermuller & Mengia K. Obermuller Trustees of the Henry & Mengia Obermuller Trust dated 9/14/90 | $100,000 |
| 197. | David M. Olds & Sally W. Olds, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 198. | Aaron I. Osherow, Trustee of the Osherow Trust dated 9/11/89 | $50,000 |
| 199. | Arada Investments, LLC, an Arizona limited liability company | $100,000 |
| 200. | Lori E. Oxx, a married woman dealing with her sole & separate property | $50,000 |
| 201. | Edward Panyrek & Joan Panyrek, joint tenants with right of survivorship | $50,000 |
| 202. | Carlo J. Paradiso, an unmarried man | $50,000 |

| | | |
|---|---|---|
| 203. | Cynthia Ann Pardee Trustee of the Cynthia Ann Pardee Trust dtd 6/20/03 | $50,000 |
| 204. | First Trust Company of Onaga Custodian For Betty R. Pardo IRA | $50,000 |
| 205. | Shimon Peress & Hannah Peress Trustees of the Shimon Peress & Hannah K. Peress Trust dated 4/17/01 | $50,000 |
| 206. | Betty J. Phenix, a married woman dealing with her sole & separate property | $50,000 |
| 207. | Michael Eugene Pinney, a single man | $50,000 |
| 208. | Donald H. Pinsker, an unmarried man, and Sherryl Pinsker, a single woman, as joint tenants with right of survivorship | $50,000 |
| 209. | Ali Pirani, a married man as his sole and separate property | $50,000 |
| 210. | Janet K. Pohl & Ronald L. Pohl Trustees of the Janet K. Pohl Trust dated 6/24/94 | $50,000 |
| 211. | Jack Polen Trustee of the Jack & Gladys Polen Family Trust dated 6/28/88 | $100,000 |
| 212. | Morton J. Port, a married man dealing with his sole & separate property | $50,000 |
| 213. | Christine M. Quinn Trustee of the Quinn Living Trust dated 8/26/04 | $50,000 |
| 214. | Dennis Raggi, a married man dealing with his sole & separate property | $300,000 |
| 215. | Edward Ramos & Jacqueline Ramos Trustees of the Edward & Jacqueline Ramos Family Trust dated 3/9/95 | $50,000 |
| 216. | Leonard J. Ramos & Claudia C. Ramos Trustees of the Ramos Family Trust dated 8/27/97 | $50,000 |
| 217. | First Savings Bank Custodian For Manuel Rice IRA | $50,000 |
| 218. | First Trust, Trustee FBO Judd Robbins IRA | $50,000 |
| 219. | Robert W. Roberts & Donna R. Roberts, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 220. | Alan Robinson & Gail Robinson, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 221. | Lee Rotchy Trustee of the Lee Rotchy Trust dated 12/5/00 | $50,000 |
| 222. | Burton M Sack Trustee of the Scott A Sack Irrevocable Trust dtd 3/18/94 | $100,000 |
| 223. | Taylor Samuels Trustee of the Samuels 1999 Trust | $100,000 |
| 224. | First Savings Bank Custodian For Randy Sanchez IRA | $73,000 |
| 225. | Arthur P. Schnitzer & Lynn S. Schnitzer Trustees of the Schnitzer Living Trust dated 10/29/91 | $200,000 |
| 226. | H. Lee Shapiro, a single man | $100,000 |
| 227. | Phillip Eugene Shelton, Trustee of the Restated Shelton Revocable Trust dated 1/19/96 | $50,000 |
| 228. | Dennis Sipiorski & Donna Sipiorski, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 229. | The Sisk Family Foundation | $70,000 |
| 230. | Herbert Slovis, a single man & Julie B. Slovis, a single woman as joint tenants with right of survivorship | $50,000 |
| 231. | Richard Small & Jacqueline Small Trustees of the Small Family Trust | $50,000 |
| 232. | Oliver F. Smith Trustee of the Oliver F. Smith Incorporated Profit Sharing Plan | $50,000 |
| 233. | Jack Snow & Heidi Snow, husband & wife, as joint tenants with right of survivorship | $200,000 |

15

| | | |
|---|---|---|
| 234. | First Savings Bank Custodian For Bruce Sonnenberg IRA | $75,000 |
| 235. | First Trust Company of Onaga Custodian For Robert Speckert IRA | $150,000 |
| 236. | Brett W. Sperry, an unmarried man | $300,000 |
| 237. | Rosalind L. Stark Trustee of the Stark Family Trust dated 4/2/84 | $50,000 |
| 238. | Nicholas A. Steinmetz & Cynthia M. Steinmetz Trustees of the 2001 Steinmetz Family Trust | $50,000 |
| 239. | Duane Steward and Diane J. Steward, husband and wife, as joint tenants with right of survivorship | $200,000 |
| 240. | Michael D. Stewart & Mary Jude Stewart Trustees of the Stewart Family Trust dated 1/15/98 | $100,000 |
| 241. | Gordon N. Stimpson & Marjorie I. Stimpson Co-Trustees of the Stimpson Family Trust | $50,000 |
| 242. | Gregory W. Stimpson & Carrie M. Stimpson, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 243. | Catherine B. Stretmater Trustee of the Catherine B. Stretmater Revocable Trust dated 6/5/89 | $100,000 |
| 244. | First Savings Bank Custodian For Robert Sullivan IRA | $50,000 |
| 245. | Laguna Paloma Inc., A Texas Corporation, Virginia Swilley President | $50,000 |
| 246. | Louis C. Swilley, an unmarried man | $50,000 |
| 247. | Preswick Corp., a Nevada corporation | $300,000 |
| 248. | Sovereign Capital Advisors, LLC, a Nevada limited liability company | $100,000 |
| 249. | Evalyn C. Taylor Trustee of the Evalyn C. Taylor Separate Property Trust dated 2/17/87 | $75,000 |
| 250. | Phil Teri | $75,000 |
| 251. | Fred Teriano | $75,000 |
| 252. | T-2 Enterprises, LLC | $50,000 |
| 253. | T-3 Enterprises, LLC | $50,000 |
| 254. | Tripp Enterprises Inc., a Nevada corporation | $100,000 |
| 255. | Walter C. Tripp, a married man dealing with his sole and separate property | $50,000 |
| 256. | Warren W. Tripp Trustee of the Tripp Enterprises, Inc. Restated Profit Sharing Plan | $100,000 |
| 257. | Warren W. Tripp, a married man dealing with his sole & separate property | $100,000 |
| 258. | Thomas Turner & Judy K. Turner Trustees of the T.J. Trust dated 7/24/97 | $50,000 |
| 259. | Ann Ulfelder & Leonard Ulfelder, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 260. | USA Capital First Trust Deed Fund | $696,000 |
| 261. | Gloria Valair, a single woman | $50,000 |
| 262. | First Savings Bank Custodian for Peggy Ann Valley IRA | $68,000 |
| 263. | Peggy Ann Valley Trustee as her sole & separate property under the McLaughlin-Valley Trust dated 2/24/97 | $107,000 |
| 264. | Malden Ventures Ltd. | $100,000 |
| 265. | Gunter Volpel & Christiane Volpel Trustees of the Volpel Trust dated 2/2/96 | $100,000 |
| 266. | Wolf Dieter Voss & Claudia Voss Trustees of the Voss Family Trust under Trust dated 10/4/99 | $120,000 |

| | | |
|---|---|---|
| 267. | John L. Wade, Trustee of the John L. Wade Trust dated 5/8/01 | $80,000 |
| 268. | Kirsten Wagner, a married woman dealing with her sole & separate property | $100,000 |
| 269. | Dennis J. Ward & Patricia A. Ward Trustees of the Ward Trust dated 5/21/96 | $75,000 |
| 270. | Delbert Watkins & Mary Ann Watkins Trustees of the Watkins Family Trust dated 7/24/92 | $50,000 |
| 271. | David A. Weaver, an unmarried man | $50,000 |
| 272. | Barton R. Wilkinson & Dianna J. Wilkinson, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 273. | David R. Wilson, an unmarried man | $50,000 |
| 274. | Rudolf Winkler & Carmel Winkler Trustees for the benefit of Winkler Family Trust dated 3/13/86 | $100,000 |
| 275. | Jerry Woldorsky, a married man dealing with his sole & separate property | $70,000 |
| 276. | Richard D. Wood Trustee of the Wood Living Trust dated 10/1/99 | $75,000 |
| 277. | First Savings Bank Custodian For Kenneth H. Wyatt IRA | $50,000 |
| 278. | Kiwi-Nevada LP | $50,000 |
| 279. | Robert J. Yoder Trustee of the Robert J. Yoder Defined Benefit Plan | $50,000 |
| 280. | Ernie C. Young Trustee of The Ernie C. Young Living Trust dated 9/23/96 | $100,000 |
| 281. | Joseph G. Zappulla & Carol A. Zappulla, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 282. | Teresa G. Zeller Trustee of the Teresa G. Zeller Trust | $50,000 |
| 283. | Evo Zepponi & Billie Zepponi Trustees of the Evo E. Zepponi & Billie D. Zepponi Family Trust under agreement dated 2/9/93 | $50,000 |
| 284. | Anthony J. Zerbo, an unmarried man | $75,000 |
| 285. | Russell J. Zuardo & Betty J. Zuardo Trustees of the Russell J. Zuardo & Betty J. Zuardo Community Property Trust Restated 5/5/00 | $100,000 |
| | TOTAL | $26,500,000 |