Arthur I. Kriss
2398 West 1050 North
Hurricane, UT 84737
(435) 635-5466

Appearing Pro Se

RECEIVED
AND
AUG 30  9 01 AM '11

## UNITED STATE BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:  
USA Commercial Mortgage

| Case No. BK-S-06-10725-lbr
| Chapter 11
|
| MOTION TO REMAND ORDER FOR TRIAL,
| PARTIAL SUMMARY JUDGEMENT, AND TO
| PROCEED IN REGULAR ORDER
|
| Scheduling Conference: Oct 7, 2011
| Time: 1:30 PM
|
| Trial: Oct 21, 2011
| Time 9:30 AM

---

Arthur I. Kriss, Claimant, hereby files this motion to remand the Order [DE 8877] for trial on Claim Nos. 10725-01874 in the amount of $50,000.00 re HFA Clear Lake; 10725-01875 in the amount of $120,000.00 re Anchor B; 10725-01876 in the amount of $50,000.00 re Tapia Ranch; and 10725-10877 in the amount of $24,483.61 re Brookmere Matteson; provide summary judgment on claims 10725-01875 re Anchor B and 10725-01876 re Tapia Ranch, and 3) approve regular order for the claims 10725—01874 and 10725-10877 re HFA Clear Lake.

**Background:**

1. There was a meeting between the Trustee and Mr. Kriss on June 23rd, 2011 to seek resolution/settlement of the Anchor B claim; wherein the Trustee offered $17,500.00 for total payment with an immediate interim distribution of 4.92% ($861.00). The Trustees settlement offer was rejected by correspondence

(Exhibit 1) with a counter offer of $6,000.00 [five cents on the dollar] as an immediate and **final** distribution, and renouncement of all future claims. The counter offer was rejected by the Trustee (Exhibit 2), along with a counter-counter offer of $22,500.00 with an immediate distribution of ($1,107.00), which was allowed to expire.

2. At the Status Hearing of July 26, 2011, Mr. Charles, of Lewis and Roca, Attorney for the Trustee made a proposal to combine the trials of the subject Claims into a single trial. Mr. Kriss, in an effort to cooperate with the Trustee and minimize the costs associated with the trials concurred.

3. However, upon reflection on the matter, and the dramatically different circumstances surrounding the loans, Mr. Kriss has determined that because of the differences in each loan (claim) it would be extraordinarily difficult and confusing to review discovery of each of the loans individually, prepare, and present evidence to the Court on each individual claim at a single trial. For example; Claim 10725-01874 re Clear Lake is largely based upon the fact that USA took my money for the investment even though the existing Clear Lake loan at the time was in default and did not disclose the same to me; neither did the principles of USACM disclose their personal interest/relationship with the borrower in the investment. The Anchor B and other loan circumstances are significantly different.

**STATEMENT OF FACTS:**

A. On July 30, 2011 I initiated discovery through a letter to Mr. Berman, Liquidating Trustee and Custodian of the USA Capital files (Exhibit 3), in an attempt to conclusively determine the validity of my Claim concerning a lack of action on the part of USACM or MIFM to collect on the Note and/or

Personal Guaranty of the borrower. I realized this would be a long shot, finding documents proving they (USACM/MIFM) did take positive actions to collect which would in turn largely negate my claim. But, I needed the truth.

B. The Trustees response [Exhibit 4] to my request was an XL spreadsheet listing hundreds of boxes of documents relating to the various loans by USACM, few of which are noted to have anything to do with the Anchor B loan. Basically, he has offered me a haystack for an unstipulated "fee" – leaving it to me to find the needle. Additionally, he offered to have a keyword search conducted in the data base he maintains for an unstipulated "fee". The Trustees fees and his attorney fees are billed to the Trust which is the same account from which I am attempting to collect my claim, which places him in an adversary relationship to me. And, it appears that I must pay the Trust (out of pocket) to assist me in locating documents which probably do not exist, and even if they did, the Trustee would probably not want me to find them. His actions to preserve the funds within the Trust account appear to be directed toward running me out of money in lieu of paying my claim, or even a reasonable portion thereof.

C. It is hard to prove a negative, which is the situation I find myself in. It seems to me that the Trustee (he has all the files and a large legal staff) should be required to produce documentation proving that USACM/MIFM did in fact take positive action to collect on the Note or personal Guaranty of the borrower upon default per the LSA, and prior to the sale of the assets to Compass.

D. The Trustees objections to the Claim are largely perfunctory, and in no way offer reasonable substantiation for his objections. 11 U.S.C.-502 (b) "A properly filed Proof of Claim is presumed valid under Bankruptcy Rule 3001 (f)". For me to spend incalculable hours and perhaps a large sum of money in reviewing files looking for something that probably does not exist is an unreasonable burden.

E. FRCP Rule 56 (a) "The court shall grant a summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." This case is primarily about breach of contract, breach of fiduciary duty, and fraud. In the present matters, it is relatively clear that USACM/MIFM breached the contract (LSA) which ultimately led to the loss of the investments. The Trustee contends [DE 8322], that USACM was under no duty to foreclose on the collateral securing the loan or to take any other action. The LSA [DE 8609, Exhibit 3] specifies certain explicit duties that USACM is to perform and applies equally to all loans brokered by USACM for an individual investor. Unless the Trustee is asserting the LSA was/is not binding upon USACM, then there can be no dispute that USACM breached the contract. I would further contend that the Trustee acted in bad faith (FRCP Rule 56 (h) in stating in his objection that USACM was under no duty to protect the lenders interest in the loan.

**Conclusion:**

A. This matter has taken on the appearance of a no-win situation for me. The Trustee has made an offer of $22,500.00 (Anchor B) against a claim for $120,000.00; and with the offer for settlement has promised to pay me (I believe

4.92 % of the $22,500.00 final offer = ~$1107.00) with little to no chance for further payment against the $22,500.00 settlement. The Trustee appears to have all the cards, USACM has my money, and I find myself contending with an adversary with deep (partially my money) financial pockets over a little more than $1100.00 on this current loan, with other claims totaling less than $125,000.00. It actually escapes me why I had the notion that I could negotiate a reasonable settlement in an adversary relationship when all the cards (bankruptcy rules) are stacked against me.

B. A trial in this matter is not likely to produce justice. With little chance of finding and producing evidentiary documentation, and no chance of calling a witness(s) (Exhibit 4) to substantiate my claim that USACM/MIFM did little or nothing to collect on this and other loans during the period between default and/or bankruptcy, but rather pursued a policy of recovering advance payments made to the lenders through manipulation of finances, and securing a sale of the assets to enrich the estate. The expense of discovery and a trial is an unnecessary expense to the Court, the Estate, and to me.

C. It does not appear prudent in this specific case for me to pour more money into trying to secure a reasonable settlement through negotiations or trial. I have made my claim(s) against the estate in accordance with Bankruptcy Law. I have substantiated my claims to the Court Doc [DE 8609] Anchor B, and [DE 8610] Tapia Ranch. No *substantive* objection(s) to my claims have been raised and the incorrect assertion by the Trustee relating to the duties of USACM to the lender clearly imposed by the LSA are evidentiary proof of the validity of my claim. Therefore, I respectfully request the Court 1) remand the Order for Trial, Case 06-10725 – LBR , Doc 8877;  2) in accordance with FRCP Rule 56 grant

Summary Judgment on my Claims against Anchor B, 10725-01875 in the amount of $120,000.00; and Tapia Ranch 10725-01876 in the amount of $50,000.00, or such other relief as the Court may deem just and proper; and 3) proceed in regular order on the remaining claims 01725-01874 re HFA Clear Lake, and 10725-10877 re Brookmere Matteson.

Submitted by:

*[signature: Arthur I. Kriss]*

Arthur I. Kriss, Pro se

Copies to: Lewis & Roca, LLP, Attention: John Hinderaker & Robert Charles, Jr
3993 Howard Hughes Parkway, Las Vegas, NV 89169

Exhibit 1

## Arthur I. Kriss                                                                 435-635-5466
2398 West 1050 North
Hurricane, UT 84737

Lewis and Roca, Attn: Robert Charles, Jr.

Re: USACM Bankruptcy - Anchor B loan

Dear Robert:

I appreciated the opportunity to meet with you and Geoffrey yesterday. Our discussions while wide-ranging were both informative and educational to me.

I am currently going through the process of filtering what I learned yesterday in consideration of the offer to settle. Some thoughts:

1. I understand that each of the loans and each individual in the loans may have a different story. So, I am convinced that my story/claim should be given fair consideration.

2. I also understand that an offer to settle from Geoffrey is predicated on several factors, a primary one being what it will cost the Estate to contest a Claim in Court. I do not wish to contest this matter in court either. Neither of us will win in that situation, though in my case, it will be my money I am spending, and the Trustee will be spending my and other's money as well.

3. I believe I understand correctly that my objection to your (Trustee) claim that I took a known and obvious risk, and that USACM did not guarantee the loan is insufficient grounds for denial.

4. I believe my assertions relating to breach of contract and fraud is valid and sustainable in Court, I accept your premise that to prove damages will be difficult. I also accept that potentially, there is more money involved in discovery alone than I would ever recover with a favorable ruling.

So, to the crux of the matter:

   a. I reject the offer to settle for $17,500.00. I do this because I believe it is a low-ball offer, and I have seen what I believe is evidence that the offer is unfair, and inconsistent with settlements made with others in similar circumstances.

   b. I distinctly remember an earlier telephone conversation with Mr. Hinderaker, wherein he indicated I would probably be offered a nickel on

the dollar, or $6000.00. At the time, I was somewhat insulted that such an offer would even be made, and chose to meet with you and Geoffrey to gain a better understanding of the process.

c. Through our discussions, I learned the offer would only pay me $861.00 immediately, with no guarantee of any future recovery. I am not sure I would have made the trip had it seemed so to me at the time. The trip alone cost me nearly $200.00 out of pocket.

**Counter Offer.** I am prepared to settle for six-thousand dollars ($6000.00) cash now (or near future) basis, and forever release the remainder of my claim.

Sincerely,


Arthur I. Kriss

I am not asking for you to validate my claim. I am simply asking that you pay me $6000.00 now in a settlement, and I am agreeing that the $6000.00 payment will eradicate any further claims against Anchor B.

How you habdle the paperwork is of no interest to me!

Arthur Kriss


----- Original Message -----
From: Robert Charles <RCharles@lrlaw.com>
To: akrisssr@q.com
Cc: Geoff Berman <gberman@dsi.biz>, John Hinderaker <JHinderaker@lrlaw.com>
Sent: Mon, 27 Jun 2011 13:07:18 -0400 (EDT)
Subject: RE: USACM / Anchor B

Mr. Kriss,

I've received and understand your offer and I have discussed it with Geoffrey Berman. I am not going to go through your letter point by point, but please understand that does not mean we agree with your analysis.

You are essentially asking the USACM Liquidating Trust to agree that your unsecured claim on the Anchor B loan is allowed in full at $120,000. We understand why you would like that result, but the Trust can not agree. As the claimant, you have the burden of proving USACM breached a contract or an obligation owed to you; and, importantly the damages incurred computed on a reasonable basis. We do not think post-bankruptcy petition interest accruals are recoverable as a legal matter.

For purposes of settlement, the Trust originally offered to agree that you would be allowed an unsecured claim on the loan of $17,500, which would result, upon court approval, in an immediate interim distribution of 4.92% and likely an additional distribution. Solely for

For purposes of settlement, the Trust originally offered to agree that you would be allowed an unsecured claim on the loan of $17,500, which would result, upon court approval, in an immediate interim distribution of 4.92% and likely an additional distribution. Solely for the purpose of avoiding the expense of a trial on your claim, I am authorized to increase that settlement offer to $22,500. This settlement offer will remain open until close of business on Friday, July 1, 2011.

Rob Charles



Robert M. Charles, Jr.
Partner
Lewis and Roca LLP • Suite 600
3993 Howard Hughes Parkway • Las Vegas, Nevada 89169-5996
Tel (702) 949-8320 • Fax (702) 949-8321 • Cell (520) 349-0737
RCharles@LRLaw.com • www.LewisandRoca.com/Charles

 Please consider the environment before printing this e-mail.

---

**From:** akrisssr@q.com [mailto:akrisssr@q.com]
**Sent:** Friday, June 24, 2011 3:07 PM
**To:** Charles, Robert
**Subject:** USACM / Anchor B

Robert:

My Counter Offer, attached.

Arthur Kriss

---

For more information about **Lewis and Roca LLP**, please go to **www.lewisandroca.com**.



This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail by return E-Mail or by telephone.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

---

**Charles, Robert <RCharles@lrlaw.com>**                                                   Mon, Jun 27, 2011 at 4:59 PM
To: akrisssr@q.com
Cc: Geoff Berman <gberman@dsi.biz>, "Hinderaker, John" <JHinderaker@lrlaw.com>

Mr. Kriss,

I understand your offer. The Trust rejects that offer. All the best.

Rob

*Exhibit 2*

## Arthur I. Kriss
2398 West 1050 North  
Hurricane, UT 84737-3110

435-635-5466

July 30, 2011

Lewis and Roca, LLP  
Attn: Mr. Robert M. Charles, Jr.  
3993 Howard Hughes Parkway, Suite 600  
Las Vegas, NV 89169-5596

Re: Case No. BK-S-06-10725-LBR, CLAIM 110725-01875

Dear Mr. Charles:

1. Pursuant to the setting a date for trial in the matter of Claim 110725-01875, and the requirement for discovery of information relevant to my "proof of claim", the following demand is made:

    a. Produce for review and possible production of any and all documentation to include, letters, Notice's, faxes, notes, emails, minutes of meetings, and phone records, generated by USA/USACM or received by them that have any relevance to collection of the debt incurred by the Borrower in the subject CLAIM.

    b. Produce for possible deposition the individual most knowledgeable of the circumstances and the actions of/by USA/USACM to collect on the Note and/or Personal Guarantee of the Borrower, along with all documentation to include, letters, Notice's, faxes, notes, emails, minutes of meetings, and phone records, generated by USA/USACM or received by them that have any relevance to collection of the debt incurred by the Borrower in the subject CLAIM.

2. I am unsure of the Court's directives relative to including all of my Claims in this scheduled bankruptcy hearing / trial. Upon reflection, I believe the individual claims should be handled individually as the circumstances, documentation, and people involved are not clearly related. Therefore, I request the Claims be handled separately.

3. I will be appearing Pro Se, and not being familiar with the rules, request your forbearance with my lack of direct knowledge in procedural matters. I am generally prepared to follow your lead as we work through these matters. Please do not hesitate to contact me by telephone with questions and/or comments.

4. As noted earlier, I would much prefer to dispose of this and the other claims through direct negotiations with you and the Trustee, but quite frankly believe I am not being treated fairly.

Sincerely,

Arthur I. Kriss



**LEWIS AND ROCA** LLP LAWYERS

Robert M. Charles, Jr.
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

Direct Dial: (520) 629-4427
Direct Fax: (520) 879-4705
RCharles@LRLaw.com
Admitted in: Arizona and Nevada

Our File Number: 47419-00001

August 8, 2011

**VIA ELECTRONIC MAIL**

Mr. Arthur I. Kriss
akrisssr@q.com
2398 West 1050 North
Hurricane, UT 84737

      Re:    USA Commercial Mortgage Company
                Your Proofs of Claim

Dear Mr. Kriss:

This letter responds to yours of July 30, 2011. As a prefatory matter, I believe that the trial now scheduled will address all of your claims and the Trust's objections, not simply the individual loan or loans at issue in Claim No. 01875. I understand we disagree about this point.

1. With respect to your request for documents, I enclose under tab 1 an index of documents that are maintained by the USACM Liquidating Trust as successor custodian of records to USA Commercial Mortgage Company. This would be for the purpose of inspection and copying. Please tell us what boxes you want to see and we will estimate the cost to have them delivered for your review in our Las Vegas office.

   A number of documents of USACM are maintained in a data base. We can have a paralegal conduct keyword searches for you in the database for a flat fee for say 3-5 hours. You can identify documents from search results and they can be emailed to you.

   With respect to your request to produce for possible deposition the individual most knowledgeable of the matters set forth in your letter, as you know Geoffrey Berman is the liquidating trustee of the USACM Liquidating Trust. He is the custodian of records for USACM. There is no human being currently employed by the USACM Trust or USACM in liquidation who would have first-hand knowledge of the transactions that you are inquiring about. So, I am not sure there is anyone that could testify as to USACM's actions as servicer prior to the bankruptcy. Mr. Berman does not have any first-hand knowledge of those activities and as such would not be able to



Mr. Arthur I. Kriss
August 8, 2011
Page 2

respond to any questions in that regard. Certainly there is no one under our control who could provide the additional information you are looking for.

2. As indicated above, we do not think it a useful use of the assets of the Trust or the court's time to have a separate trial with respect to each loan to which your claims relate.

3. We are generally happy to cooperate with you, but you need to know that when you represent yourself, you take on the burdens of that responsibility. We are not in the position to offer you legal advice or to assist in procedural matters.

4. Finally, as to negotiations, the Trust made you an offer which remains open.

Sincerely,

*Rob Charles*

Robert M. Charles, Jr.

RMC/rlc
Copy: Geoffrey L. Berman, Trustee

284073.3