LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**TENTH OMNIBUS OBJECTION OF USACM TRUST TO PROOFS OF CLAIM BASED IN PART UPON INVESTMENT IN FIESTA OAK VALLEY LOAN**<br><br>Date of Hearing:  October 18, 2011<br>Time of Hearing:   1:30 p.m.<br>Estimated Length of Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing 80% of each Proof of Claim listed in **Exhibit A** and allowing the remaining 20% of each of those claim to the extent they are based upon an investment in a loan to Oak Mesa Investors, LLC. These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon an investment in a loan to Oak Mesa Investors, LLC, a California limited liability company ("Borrower"). This loan was sometimes referred to as the "Fiesta Oak Valley" loan and that is how the Trust will refer to it here.   This Objection is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus

2456917.1

Objections to Proofs of Claim Based Upon the Investment in the Fiesta Oak Valley Loan. (respectively, the "Berman Decl." and "Burr Decl.").

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE FIESTA OAK VALLEY LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE FIESTA OAK VALLEY LOAN, OR SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE FIESTA OAK VALLEY LOAN.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Fiesta Oak Valley Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[1] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC. The court docket and Bankruptcy Schedules filed for

3

2456917.1

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The following is the extent of the USACM Trust's information on the current servicing and status of the Fiesta Oak Valley Loan.[2]

### b.  The Fiesta Oak Valley Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Oak Valley Land Investors."  A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.**  (Berman Decl., ¶ 4.)  The Offer Sheet stated that the borrower was a joint venture between USA Investment Partners and Fiesta Development, and disclosed that USA Investment Partners was "an affiliate of USA Capital."  *Id.*  The total loan amount proposed was $20,500,000.  *Id.*  The loan proceeds were to be used by Borrower to complete the acquisition of the property, and provide funds for engineering and entitlement work.  *Id.*  The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 1,540 acres located on Interstate 10 in Calimesa, California, between Redlands and Beaumont/Banning.  *Id.*  The Trust located an appraisal in USACM's file that was prepared by Michael Frauenthal & Associates, Inc., dated November 15, 2004, which provided that the "as-is" value of the collateral as of November 5, 2004 was $60,000,000.  *Id.*

---

Huntsville SPE LLC in BK-S-09-32824-RCJ indicate that the debtor holds title to the real property that secured the Huntsville Loan through a tax lien foreclosure. The summary of schedules indicates that the value of the property is $2,375,000 and the total amount of secured claims scheduled was $6,002,724.53.

[2] The Trust notes that by Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS.  The Fiesta Oak Valley Loan was not, among the loans whose servicing rights were transferred to Cross, FLS.

On June 15, 2004, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $20,500,000. (Berman Decl., ¶5.) The Note was secured by two Deeds of Trust, Assignment of Rents, Security Agreement and Fixture Filing, (collectively the "Deed of Trust") that were recorded in the official records of Riverside County and San Bernadino California on June 17 and June 18, 2004, respectively. (Berman Decl., ¶ 7.) The Note was also supported by an Unconditional Guaranty executed by Tom Hantges and Joseph Milanowski dated June 14 ,2004. (Berman Decl., ¶8.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was non-performing on the Note as of July 31, 2006. (Berman Decl., ¶ 9.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was in "Interest Default." *Id.*

Counsel for the Trustee, based on a disclosure statement filed by Mesa Verde RE Ventures, LLC ("Mesa") on April 26, 2011, in its chapter 11 bankruptcy case in the Central District of California, as well as a telephone conversation with Debt Acquisition Company of America, has made the following determinations regarding the status of the collateral. On September 6, 2008, Mesa acquired all of Compass and Silar's right, title, and interest to the Fiesta Oak Valley Loan, including a beneficial interest of approximately 51.2%. Mesa also took over as servicer of the Fiesta Oak Valley Loan on September 19, 2008. DACA had previously purchased 25.84% of the beneficial interests in the Fiesta Oak Valley Loan, and Mesa purchased that DACA interest as well. Thus, as of April 2011, Mesa owned 78.16% of the beneficial interest in the Fiesta Oak Valley Loan, which Mesa values at $5.85 million. DACA purchased and still owns an additional 12.07% of

2456917.1

the beneficial interests in the Fiesta Oak Valley Loan.  Mesa has not yet sold the loan or foreclosed on the collateral, although its pending plan of reorganization proposes to do so.

During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

### c. The Fiesta Oak Valley Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based upon an investment in the Fiesta Oak Valley Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Fiesta Oak Valley Loan based upon the information provided by the claimant.  *Id.  T*he claims listed in **Exhibit A** are referred to hereafter as the "Fiesta Oak Valley Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is

6

2456917.1

contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV.  THE OBJECTION

USA Investment Partners ("USA IP") held an interest in the Borrower. As such, and unlike many of the other loans brokered by USACM, the Fiesta Oak Valley Loan was not completely arms' length. The Direct Lenders, however, did receive the first position security interest in the collateral promised them by the Borrower through the Offer Sheet. The Trust believes USACM is not liable for the Borrower's default but the Trustee recognizes the potential conflict of interest arising from USACM's brokering the loan for an affiliate, being the loan's servicer and then potentially not acting diligently to demand payment from a defaulting borrower. USACM, however, is not responsible for any decrease in the value of the collateral and the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property. Consequently, the Trustee requests an order disallowing 80% of each of these Proof of Claim listed in **Exhibit A** and allowing the remaining 20% of each of those claim to the extent those claims are based on an investment in the Fiesta Oak Valley Loan.

This objection will not affect the Direct Lenders' right to be repaid on the Fiesta Oak Valley Loan by the Borrower (to the extent the direct lender has retained such beneficial interests in the loan), or to recover from the sale of any collateral that secured the Fiesta Oak Valley Loan. The Trust recognizes that the guarantees of Mr. Milanowski and Mr. Hantges cannot be looked to satisfy any claims as a result of their individual bankruptcies.

7

2456917.1

LEWIS AND ROCA LLP LAWYERS

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow 80% and allow 20% of each claim listed in **Exhibit A** to the extent those claims are based upon an investment in the Fiesta Oak Valley Loan. This objection will not affect those claims to the extent they are based upon an investment in a different loan. The USACM Trust also requests such other and further relief as is just and proper.

Dated: September 15, 2011.

LEWIS AND ROCA LLP

By s/John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on September 15, 2011 to all parties listed on **Exhibit A** attached.

**Debt Acquisition Company of America**
1565 Hotel Circle South, Suite 310
San Diego, CA 92108
info@daca4.com

**Mesa Verde RE Ventures LLC**
2 Park Plaza, Suite 1250
Irvine, CA 92614

**Kenneth Hennesay**
Allen Matkins Leck Gamble& Mallory LLP
1900 Main St Fifth Flr
Irvine, CA 92614-7321
Attorneys for Mesa Verde RE Ventures LLC.

LEWIS AND ROCA LLP

  s/ Matt Burns
Matt Burns,  Paralegal