LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**USACM LIQUIDATING TRUST'S MOTION TO ALLOW IN PART PROOF OF CLAIM NO. 10725-01212 IN THE AMOUNT OF $747,243 BY JAY E. HENMAN RETIREMENT PLAN; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 18, 2011<br>Time of Hearing: 1:30 p.m. |

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been entered into the database of Sierra Consulting and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order allowing in part Proof of Claim No. 10725-01212 filed by Jay E. Henman, Trustee for the Jay E. Henman Retirement Plan

289102.1

k



(the "Subject Proof of Claim") against USA Commercial Mortgage Company ("USACM") in the amount of $747,243.[1]

Here, the Subject Proof of Claim is based upon investments in multiple loans, including a $50,000 investment in the Copper Sage Phase II Loan. The USACM Trust has already filed a motion to allow the Copper Sage Phase II Claims. In association with that motion, on August 11, 2011, the USACM Trust filed the Declaration of Geoffrey L. Berman in Support of Motion to Allow Proofs of Claim Based Upon an Investment in the Copper Sage Phase II Loan ("Berman Decl.") [DE 8919].[2]

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT AFFECT THE DIRECT LENDER'S RIGHT TO REPAYMENT FROM A BORROWER OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY SECURING THE LOANS AT ISSUE.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND FACTS**

    **a.  The USACM Bankruptcy**

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] The USACM Trust filed the Berman Decl. re Copper Sage Phase II Loan in support of omnibus objections to Direct Lender claims that were based upon an investment in that loan. The Court will hear those omnibus objections at the omnibus hearing scheduled for September 30, 2011 at 9:30 a.m.

289102.1



primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"). The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

289102.1



Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[3] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the Asset Resolution bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust notes that by Order entered on June 24, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS.

b. **Copper Sage Phase II Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Copper Sage Commerce Center, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The Offer Sheet indicated that the Borrower was a joint venture between USA Investment Partners and Robert Russell/A-D Development Group, LLC. *Id.* The total loan amount proposed was $11.3 million. *Id.* The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 8.45 acres of property to be developed into warehouse space. *Id.* The Offer Sheet further provided that the loan had a

---

[3] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

289102.1



75% loan to value based on the sell-out price for the buildings. *Id.* The loan was intended to acquire the property and construct the buildings. *Id.*

On March 1, 2006, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $3,550,000, which could be increased up to $11,300,000. *Id.* The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Clark County, Nevada on March 6, 2006, at Instrument Number 200603-6-0003310. *Id.* The Note was also supported by a guaranty executed by Thomas Hantges, Joseph Milanowski, and Robert Russell. *Id.* The Trust has not found a copy of the guaranty. *Id.* The Offer Sheet also provided that "real estate markets can be negatively impacted by interest rates, availability of capital, supply and demand factors, and general economic conditions locally, regionally, and nationally" and warned the Direct Lenders to keep these risks in mind. *Id.*

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006, with $3,550,000 in principal outstanding at that time. (Berman Decl., ¶ 6.)

USACM did not disperse any additional funds to Copper Sage after the initial disbursement. *Id.* Copper Sage Commerce Center, LLC asserted a claim against USACM in the amount of $3.5 million. [POC No. 10725-00792-2.] Copper Sage's Proof of Claim alleged that USACM failed to fully fund the remainder of the loan in breach of the loan agreement. *Id.* It also alleged an intentional misrepresentation by USACM. *Id.* USACM filed an objection to Copper Sage's proof of claim. [DE 3077.]

USACM filed an adversary claim against, among others, Copper Sage and Robert Russell. [DE 6191; Adv. Case. No. 08-01119.] Copper Sage ultimately agreed to release

289102.1



1  its claims against USACM as part of a settlement of USACM's adversary claim against it.
2  (Berman Decl., ¶ 7.)
3        Based on a review of the Clark County Recorder's land records, counsel for the
4  Trustee has determined that the property securing the loan consisted of two parcels, and
5  both parcels were sold at a trustee's sale on October 22, 2010 for $800,000 credit bid to
6  certain Direct Lenders, as well as to Compass and to BMR Funding, LLC, which took a
7  72.54% interest. The ultimate disposition of the property is unknown.

## II.   JURISDICTION

      The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

      The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   APPLICABLE AUTHORITY

      Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

289102.1



## IV. MOTION TO ALLOW COPPER SAGE PHASE II CLAIM

USA Investment Partners ("USA IP") held an interest in the Borrower. As such, and unlike many of the other loans brokered by USACM, the Copper Sage Phase II Loan was not completely arms' length. However, the Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property, as was pointed out by the Offer Sheet. USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

Nonetheless, there are certain facts related to these claims that raise serious concern for the Trustee. First, Tom Hantges and Joe Milanowski held an indirect interest in the Borrower through USA IP. Second, Robert Russell was the principal for Copper Sage. The Trust's claims against Mr. Russell were settled as part of a comprehensive settlement, including the release of the proof of claim filed by this Borrower asserting damages for the failure to fully fund the loan. Third, USACM funded this loan a few weeks before the filing of the bankruptcy and in light of Milanowski and Hantges' involvement in the Borrower, the Trust has serious reservations about the disclosures made to investors to solicit their investments in this loan. Moreover, USACM had already retained bankruptcy counsel and the self-dealing nature of this investment is of concern. Finally, it appears that Copper Sage may have used the proceeds from the Copper Sage Phase II Loan to pay off the original Copper Sage Loan which was due, pursuant to an extension agreement, on March 11, 2006. In turn, USACM diverted some or all of the principal payments on the original Copper Sage Loan. In light of these issues, the Trustee is prepared to allow the Copper Sage Phase II Loans in full for the Direct Lenders.

289102.1

## V. CONCLUSION

Based on the foregoing, the USACM Trust respectfully requests that the Court allow that part of Proof of Claim No. 10725-01212 filed by Jay E. Henman, Trustee for the Jay E. Henman that relates to an investment in the Copper Sage Phase II Loan; meaning the Court would allow a general unsecured claim for $45,788.99 out of a total claim in the amount of $521,406.20. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 16th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

289102.1

LEWIS AND ROCA LLP LAWYERS

Copy of the foregoing and supporting declaration of Geoffrey L. Berman [DE 8919] with hearing date redacted mailed by first class postage prepaid on September 16, 2011 to:

Jay E. Henman Retirement Plan
c/o Jay E. Henman Trustee
1023 Ridgeview Court
Carson City, NV  89705-8054

LEWIS AND ROCA LLP

 /s/Renee L. Creswell
Renee L. Creswell

289102.1