LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr.,  NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA Commercial Mortgage Company, | Chapter 11 |
| Debtor. | **Omnibus Objection Of USACM Trust To Proofs Of Claim Based On Pension Plan Claims** |
| | Hearing Date:      October 18, 2011<br>Hearing Time:     1:30 p.m.<br>Estimated Time for Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing each Proof of Claim listed in **Exhibit A.**  These claims were filed by insiders and former employees of USA Commercial Mortgage Company ("USACM") against based upon a USACM pension plan.  The USACM Trust respectfully requests that the Court disallow all such Claims, and certain claims that are not disallowed be subordinated.  This Objection is supported by the Court's record and the Declaration of Geoffrey Berman filed with the Court today.

289088.1



1    MEMORANDUM OF POINTS AND AUTHORITIES

2    **I.    BACKGROUND FACTS**

3        **a.    The USACM Bankruptcy**

4        On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief

5    under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as

6    debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7    Debtor's post-petition management of the Debtor was under the direction of Thomas J.

8    Allison of Mesirow Financial Interim Management, LLC, who served as the Chief

9    Restructuring Officer.

10        USACM was a Nevada corporation that, prior to the Petition Date, was in the

11    business of underwriting, originating, brokering, funding and servicing commercial loans

12    primarily secured by real estate, both on behalf of investors and for its own account.  That

13    business included the solicitation of investors to purchase fractional interest in loans that

14    USACM originated and then serviced.

15        On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third

16    Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No.

17    2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

18    Court, USACM sold the servicing rights to most of the loans it serviced to Compass

19    Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the SVRB

20    2.325 Loan.  The sale to Compass closed on February 16, 2007.

21        The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

22    2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

23    successor to USACM with respect to standing to seek allowance and disallowance of

24    Claims under 11 U.S.C. § 502(a).

25

26

289088.1



### b.    The Pension Plan

USACM adopted the USA Commercial Mortgage Company Defined Benefit Pension Plan ("Pension Plan") effective as of January 1, 1998.  All new benefit accruals under the Pension Plan were discontinued and accrued benefits frozen effective as of September 30, 2006.

On January 15, 2007, the Pension Plan was involuntarily terminated by the PBGC. On January 26, 2007, the PBGC became the statutory trustee of the Pension Plan pursuant to an agreement between the PBGC and USACM.

USACM was the "contributing sponsor," as defined in 29 U.S.C. § 1301(a)(14), of the Pension Plan.  Debtors USA Investment Partners, LLC, USA Capital Realty Advisers, LLC and other Debtors are also alleged by the PBGC to be a member of the "controlled group" for the Pension Plan and are jointly and severally liable for any obligations to the Pension Plan.  See 29 U.S.C. §§ 1301(a)(14), (e)(2).

Approximately 30 former employees of USACM were participants in the Pension Plan.  The participants with the largest stake in the Pension Plan include Thomas Hantges, Joseph Milanowski, Paul Hamilton and Victoria Loob (collectively, the "Insider Beneficiaries"), who were officers and/or owners of the Debtors prior to the Petition Date. The Trust has the right to assert claims against the Insider Beneficiaries and other pre-petition employees of the Debtors pursuant to the terms of the Plan for their breach of fiduciary duties, misappropriation of corporate opportunities, conversion, state and federal RICO, fraudulent transfer and other alleged wrongful conduct prior to the Petition Date.

### c.    The PBGC Claims

On November 9, 2006, the PBGC filed Claim Nos. 791, 793 and 794 against USACM's estate (collectively, the "Original Claims").  On March 2, 2007, USACM filed an objection to the Original Claims.

289088.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1   On April 23, 2007, the PBGC filed amended Claim No. 791 in an estimated amount

2   of $120,870, consisting of an administrative claim in the amount of $112,572 and an

3   unsecured claim in the amount of $8,298.  Other than $72 in other charges, the

4   administrative claim portion of Claim No. 791 consists of a penalty charged by the PBGC

5   pursuant to 29 U.S.C. § 1306(a)(7) upon termination of the Pension Plan in January 2007.

6   On April 23, 2007, the PBGC also filed amended Claim No. 793, an administrative

7   claim in an estimated amount of $1,211,242.

8   On April 25, 2007, the PBGC filed amended Claim No. 794, an unsecured, non-

9   priority claim in an estimated amount of $1,700,624.  Amended Claim No. 794 also

10  reserved the right to seek administrative or priority tax treatment for the claim.

11          **d.      The Objections and PBGC  Settlement**

12  The Trust objected to the PBGC Claims.  After briefing, argument, and extensive

13  negotiations between the Trust and the PBGC, the Trust and the PBGC reached a

14  settlement of the PBGC's claims.  The Court was required to and did resolve one legal

15  issue as to the alleged administrative priority of the PBGC claims.

16          **e.      The Pension Claims**

17  **Exhibit A,** attached, lists Proofs of Claim filed by former USACM insiders and

18  employees that appear to be based upon the USACM Pension Plan.  The claimants are

19  Tom Hantges, Victoria Loob, Stephen Hefner, Douglas Esteves, and Devin Lee.

20  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the

21  total amount of the claim and the total amount of the claim based upon the information

22  provided by the claimant.  The claims listed in **Exhibit A** are referred to hereafter as the

23  "Pension Claims."  As required by Nevada LR 3007, a copy of the first page of the proof

24  of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit B**.

25

26

4

289088.1



1    **f.    The Plan And Subordination**

2    Claims of insiders against USACM were defined as "Subordinated Claims" in the

3    Plan, classified in Class A-7, and subordinated to the payment of general unsecured

4    claims.  E.g. Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization [DE 1799]

5    at 34.  Based upon their status as officers, directors, or persons in control of USAM, the

6    Trust alleges that Tom Hantges and Victoria Loob were insiders of USACM and thus their

7    claims are Subordinated Claims under the Plan.

8    **g.    Lack of Documentation**

9    None of the Pension Claims explain the basis for the claim.

10   **Loob**.  Ms. Loob's claim is unliquidated for "full accrued benefit earned at

11   termination of employment.  The proof of claim simply includes a page of a valuation

12   statement for the USA Commercial Mortgage Company Defined Benefit Plan for the plan

13   year 1/01/2005 through 12/31/2005 highlighting her name, the normal retirement benefit,

14   the lump sum at requirement, present value of benefits, allocation of assets, present value

15   of future normal cost, and normal cost.

16   **Hefner**.  Mr. Hefner's claim is unliquidated and also is for "accrual benefits", "full

17   amount accrued at time of termination."  He also attaches the valuation statement without

18   explanation.

19   **Esteves**.  Mr. Esteves did not file a proof of claim but submitted a letter to BMC

20   "as an Unsecured Non Priority Claim" for the "'full accrued benefit earned'" through the

21   date of termination of my employment."

22   **Hantges**.  Mr. Hantges, one of the two masterminds of USACM, against whom

23   USACM holds a non-dischargeable claim for tens of millions of dollars, asserts the same

24   unliquidated claim.

25   **Lee.**  Mr. Lee asserts the same claim, although he attaches two different plan

26   statements.

289088.1



## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTIONS

None of the former insiders or employees makes any effort to set forth the contractual or other alleged basis for liability, or to explain how the claim should be calculated.  The Pension Claims could simply be denied for lack of explanation or documentation.  To the extent the claims are unliquidated, they may be allowed at $0.  Each of the former insiders or employees asserts a claim for which the PBGC is legally

289088.1

LEWIS
AND
ROCA
LLP
L A W Y E R S

1    responsible.[1]  The Trust settled with the PBGC over its claim to be entitled to funds from

2    the USACM estate to support the PBGC's obligation to the individuals.  Each Pension

3    Claim is unliquidated.  To the extent that the claimant asserts a claim for which the PBGC

4    has not accepted liability, the claim should be calculated net of the PBGC obligation, in

5    order to avoid duplicate claims and recoveries.[2]  These are ample reasons to disallow the

6    Pension Claims.  Further, to the extent that the Pension Claim is of an insider - Hantges or

7    Loob - it should be subordinated to general unsecured claims.

8    **V.    CONCLUSION**

9         The claims against USACM listed in Exhibit A should be disallowed and any

10   allowed claims of Hantges or Loob subordinated.  The USACM Trust also requests such

11   other and further relief as is just and proper.

12        DATED this 16th day of September, 2011.

13                                   LEWIS AND ROCA LLP

14

15                                   By /s/  *Robert M. Charles, Jr. (6593)*
                                        Rob Charles, NV 6593
16                                      John Hinderaker, AZ 18024 (*pro hac vice*)
                                        Marvin Ruth, NV 10979
17                                   3993 Howard Hughes Parkway, Suite 600
                                     Las Vegas, Nevada  89169
18                                   E-mail:  rcharles@lrlaw.com
                                     *Attorneys for the USACM Liquidating Trust*
19

20

21

22

23   [1] See 29 USC § 1322(a), which provides: "Subject to the limitations contained in
     subsection (b) of this section, the corporation [which is the PBGC] shall guarantee, in
24   accordance with this section, the payment of all nonforfeitable benefits (other than benefits
     becoming nonforfeitable solely on account of the termination of a plan) under a single-
25   employer plan which terminates at a time when this subchapter applies to it."

26   [2] See 11 U.S.C. § 509(c).

LEWIS
AND
ROCA
LLP
L A W Y E R S

1  Copy of the foregoing and pertinent
   portion of Exhibits mailed by first
2  class postage prepaid U.S. Mail on
   September 16, 2011 to all parties listed
3  on **Exhibit A** attached.

4  LEWIS AND ROCA LLP

5
    /s/    Renee L. Creswell    _____
6  Renee L. Creswell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

289088.1