**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr.  NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br>Chapter 11<br><br>**Declaration Of Geoffrey Berman In Support Of Omnibus Objections Of USACM Trust To Proofs Of Claim Based Upon USACM Pension Plan**<br><br>October 18, 2011<br>Hearing Time:    1:30 p.m.<br>Estimated Time for Hearing:  10 minutes |

I, Geoffrey L. Berman, declare under penalty of perjury:

1.     I am an adult person competent to testify in court.

2.     I make this declaration based upon my personal knowledge, and upon the records USA Commercial Mortgage Company.

3.     I am the Trustee of the USACM Liquidating Trust ("USACM Trust"), which is an entity created by the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"), in the jointly-administered bankruptcy cases, *In re USA Commercial Mortgage Company*, BK-S-06-10725-LBR, pending in the United States Bankruptcy Court for the District of Nevada.

4.     **Pension Plan.**  USACM adopted the USA Commercial Mortgage Company Defined Benefit Pension Plan ("Pension Plan") effective as of January 1, 1998.  All new

289090.1

benefit accruals under the Pension Plan were discontinued and accrued benefits frozen effective as of September 30, 2006.

5. On January 15, 2007, the Pension Plan was involuntarily terminated by the PBGC. On January 26, 2007, the PBGC became the statutory trustee of the Pension Plan pursuant to an agreement between the PBGC and USACM.

6. USACM was the "contributing sponsor," as defined in 29 U.S.C. § 1301(a)(14), of the Pension Plan. Debtors USA Investment Partners, LLC, USA Capital Realty Advisers, LLC and other Debtors are also alleged by the PBGC to be a member of the "controlled group" for the Pension Plan and are jointly and severally liable for any obligations to the Pension Plan. See 29 U.S.C. §§ 1301(a)(14), (e)(2).

7. Approximately 30 former employees of USACM were participants in the Pension Plan. The participants with the largest stake in the Pension Plan include Thomas Hantges, Joseph Milanowski, Paul Hamilton and Victoria Loob (collectively, the "Insider Beneficiaries"), who were officers and/or owners of the Debtors prior to the Petition Date. The Trust has the right to assert claims against the Insider Beneficiaries and other pre-petition employees of the Debtors pursuant to the terms of the Plan for their breach of fiduciary duties, misappropriation of corporate opportunities, conversion, state and federal RICO, fraudulent transfer and other alleged wrongful conduct prior to the Petition Date.

8. **The PBGC Claims.** On November 9, 2006, the PBGC filed Claim Nos. 791, 793 and 794 against USACM's estate (collectively, the "Original Claims"). On March 2, 2007, USACM filed an objection to the Original Claims.

9. On April 23, 2007, the PBGC filed amended Claim No. 791 in an estimated amount of $120,870, consisting of an administrative claim in the amount of $112,572 and an unsecured claim in the amount of $8,298. Other than $72 in other charges, the administrative claim portion of Claim No. 791 consists of a penalty charged by the PBGC pursuant to 29 U.S.C. § 1306(a)(7) upon termination of the Pension Plan in January 2007.

10. On April 23, 2007, the PBGC also filed amended Claim No. 793, an administrative claim in an estimated amount of $1,211,242.

11. On April 25, 2007, the PBGC filed amended Claim No. 794, an unsecured, non-priority claim in an estimated amount of $1,700,624. Amended Claim No. 794 also reserved the right to seek administrative or priority tax treatment for the claim.

12. **The Objections and PBGC Settlement.** The Trust objected to the PBGC Claims. After briefing, argument, and extensive negotiations between the Trust and the PBGC, the Trust and the PBGC reached a settlement of the PBGC's claims. The Court was required to and did resolve one legal issue as to the alleged administrative priority of the PBGC claims.

13. **The Pension Claims.** Exhibit A, attached, lists Proofs of Claim filed by former USACM insiders and employees that appear to be based upon the USACM Pension Plan.

14. The claimants are Tom Hantges, Victoria Loob, Stephen Hefner, Douglas Esteves, and Devin Lee. Exhibit A identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim based upon the information provided by the claimant. The claims listed in Exhibit A are referred to hereafter as the "Pension Claims."

15. **The Plan And Subordination.** Claims of insiders against USACM were defined as "Subordinated Claims" in the Plan, classified in Class A-7, and subordinated to the payment of general unsecured claims. E.g. Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization [DE 1799] at 34.

16. Based upon their status as officers, directors, or persons in control of USAM, I believe that Tom Hantges and Victoria Loob were insiders of USACM and thus their claims are Subordinated Claims under the Plan.

289090.1

LEWIS AND ROCA LLP LAWYERS

17. **Lack of Documentation.** None of the Pension Claims explain the basis for the claim.

18. **Loob.** Ms. Loob's claim is unliquidated for "full accrued benefit earned at termination of employment. The proof of claim simply includes a page of a valuation statement for the USA Commercial Mortgage Company Defined Benefit Plan for the plan year 1/01/2005 through 12/31/2005 highlighting her name, the normal retirement benefit, the lump sum at requirement, present value of benefits, allocation of assets, present value of future normal cost, and normal cost.

19. **Hefner.** Mr. Hefner's claim is unliquidated and also is for "accrual benefits", "full amount accrued at time of termination." He also attaches the valuation statement without explanation.

20. **Esteves.** Mr. Esteves did not file a proof of claim but submitted a letter to BMC "as an Unsecured Non Priority Claim" for the "'full accrued benefit earned'" through the date of termination of my employment."

21. **Hantges.** Mr. Hantges, one of the two masterminds of USACM, against whom USACM holds a non-dischargeable claim for tens of millions of dollars, asserts the same unliquidated claim.

22. **Lee.** Mr. Lee asserts the same claim, although he attaches two different plan statements.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 16, 2011

                                       /s/ *Geoffrey L. Berman*
                                       Geoffrey L. Berman, Trustee

1  Copy of the foregoing and pertinent portion of Exhibits mailed by first
2  class postage prepaid U.S. Mail on September 16, 2011 to all parties listed
3  on **Exhibit A** attached.

4

5  LEWIS AND ROCA LLP

6
   　/s/　　Renee L. Creswell
7  Renee L. Creswell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

289090.1