**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                                   Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO.10725-00491-2 IN THE AMOUNT OF $50,000; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 18, 2011<br>Time of Hearing: 1:30 p.m. |

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been entered in the database of Sierra Consulting and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed on a loan by loan basis. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in part Proof of Claim No. 10725-00491-2 by Boren Living Trust Dated 6/21/04 (the "Boren Proof of

289006.1



Claim") against USA Commercial Mortgage Company ("USACM") in the amount of $50,000.[1]

Here, the Boren Proof of Claim is based upon an investment in a loan to The Gardens, LLC, a Florida limited liability company ("Borrower"). This loan was sometimes referred to as the "Gardens LLC Timeshare Loan" and that is how the Trust will refer to it here. This Objection is supported by the Court's record and the Supporting Declaration of Geoffrey L. Berman previously filed on July 20, 2011 ("Berman Decl."). [DE 8674.] A copy of the Berman Decl. [DE 8674] has been served on the claimant with this Objection.[2]

THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDER'S RIGHT TO REPAYMENT ON THE GARDENS LLC TIMESHARE LOAN OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF THE REAL PROPERTY SECURING THE GARDENS LLC TIMESHARE LOAN.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Boren Proof of Claim is attached as **Exhibit A**

[2] The USACM Trust filed the Berman Decl. in support of an omnibus objection to Direct Lender claims that were based upon an investment in the Gardens LLC Timeshare Loan. The Court heard that omnibus objection and sustained it at a hearing on August 30, 2011.



USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass").

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset

3

289006.1



Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[3]  William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the Asset Resolution bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The following is the extent of the USACM Trust's information on current services for The Gardens LLC Timeshare Loan.

The Trust notes that by Order entered on June 24, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS. The Gardens LLC Timeshare Loan servicing rights were transferred to Cross, FLS by that Order.

**b.  The Gardens LLC Timeshare Loan**

Around July 2005, USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "The Gardens, LLC" ("Borrower"). A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.**  (Berman Decl., ¶ 4.) The total loan amount proposed was $2,425,000. The loan proceeds were to be used by Borrower to refinance and complete construction of a 164 unit time share development located on 7.5 acres in

---

[3] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

289006.1



Orlando, Florida. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 7.5 acres of land and a subordinated deed of trust on an adjacent property called the Parliament House and 18 other time share units being developed by Parliament Partners.

The Offer Sheet indicated that the loan would be repaid through the sale of time share units and indicated that the loan to value ratio would be approximately 66% including the value of additional collateral. This loan to value ratio is supported by an appraisal prepared by Integra Realty Resources, Orlando dated August 22, 2005.

On August 15, 2005, Borrower made and delivered to various Direct Lenders including Boren, a "Promissory Note Secured by Mortgage" (the "Note") and a Loan Agreement (Berman Decl., ¶6.) The Note and Loan Agreement provided for a loan in the initial principal amount of $2,425,000. The loan was intended to refinance, and provide funds to complete, the development of time share condominiums. (Berman Decl., ¶6.) The Note was secured by two documents entitled "Mortgage, Security Agreement and Assignment of Rents" ("Mortgages") that were recorded in the official records of Orange County, Florida on August 24, 2005. (Berman Decl., ¶ 6.) The USACM Trust is aware of no evidence that USACM offered to or execute any guaranty of the Direct Lenders' Investment in this loan. (Berman Decl., ¶ 6.)

Pursuant to its terms, the note was scheduled to mature on August 28, 2006. According to the USACM "Loan Summary" filed in this case, Borrower was performing on the Note as of July 31, 2006. (Berman Decl., ¶ 7.) The USACM "Loan Summary" dated February 28, 2007 filed in this case indicated that the Borrower was in default by that date. (Berman Decl., ¶ 7.) At that time, USACM's records indicated that the unpaid principal balance was $1,925,000.

289006.1



Based upon a search of the Orange County, Florida public records it appears that the rights of the mortgagees for both Mortgages were assigned to Asset Resolution, LLC on November 24, 2008. (Berman Decl., ¶ 8.) It appears that the original mortgagors still hold title to the two properties securing the Loan, but that tax liens may have been recorded.

During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan. The USACM Trust has not been able to determine the ultimate disposition of The Gardens LLC Timeshare Loan, the collateral securing that loan or whether the Direct Lenders were, or may eventually be, repaid in whole or in part. (Berman Decl., ¶ 9.)

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of

289006.1

persuasion as to the validity and amount of the claim.  See *Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

**IV.    OBJECTION**

The Gardens LLC Timeshare Loan appears to have been a legitimate, arms-length transaction.  In addition, Boren took a known risk by investing in a promissory note secured by liens on real property.

Boren fails to state a claim based upon The Gardens LLC Timeshare Loan because USACM did not guarantee the investment in that loan.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

Boren fails to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of The Gardens LLC Timeshare Loan.

This objection will not affect Boren's right to be repaid on The Gardens LLC Timeshare Loan by the Borrower or to recover from the sale of any collateral that secured loan.

289006.1

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow in full Proof of Claim No. 10725-00491-2 by Boren Living Trust Dated 6/21/04. This objection concerns only The Gardens LLC Timeshare Loan. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 16th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and supporting
declaration of Geoffrey L. Berman [DE 8674]
with the hearing date redacted
mailed by first class postage prepaid on
September 16, 2011 to:

Boren Living Trust Dated 6/21/04
c/o Richard D. Boren and Connie L. Boren, Trustees
7491 SW 86th Way
Gainesville, FL  32608-8431

LEWIS AND ROCA LLP

 /s/ Renee L. Creswell
Renee L. Creswell