LEWIS
AND
ROCA
— LLP —
L A W Y E R S

1

2
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

3
Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com

4
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

5
Attorneys for USACM Liquidating Trust

6
**UNITED STATES BANKRUPTCY COURT**

7
**DISTRICT OF NEVADA**

8
In re:

9
USA COMMERCIAL MORTGAGE
COMPANY,

10

11
                                    Debtor.

12

13

14

Case No. BK-S-06-10725-LBR

Chapter 11

**THIRD OMNIBUS OBJECTION OF
USACM TRUST TO PROOFS OF
CLAIM BASED IN PART UPON
INVESTMENT IN THE OCEAN
ATLANTIC (SECOND) LOAN**

**Date of Hearing:   October 18, 2011
Time of Hearing:   1:30 p.m.
Estimated Length of Hearing:  10 minutes**

15

16        The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant

17    to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and

18    Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an

19    order disallowing the Proofs of Claim listed in **Exhibit A** to the extent those claims are

20    based upon an investment in a loan to Ocean Atlantic/PFG-Westbury, LLC

21        These claims were filed by investors ("Direct Lenders") against USA Commercial

22    Mortgage Company ("USACM") based upon an investment in a loan to Ocean

23    Atlantic/PFG-Westbury, LLC, a California limited liability company ("Borrower").  This

24    loan was sometimes referred to as the "Ocean Atlantic (Second)" loan and that is how the

25    Trust will refer to it here.   This Objection is supported by the Court's record and the

26    Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Omnibus

2457835.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1  Objections to Proofs of Claim Based Upon the Investment in the Ocean Atlantic (Second)

2  Loan.  (the "Berman Decl." and "Burr Decl.").

3      THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE

4  DIRECT LENDERS' RIGHTS TO REPAYMENT ON THE OCEAN ATLANTIC

5  (SECOND) LOAN, SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF

6  THE REAL PROPERTY SECURING THE OCEAN ATLANTIC (SECOND) LOAN, OR

7  SHARE IN THE RECOVERY OF ANY FUNDS FROM THE GUARANTOR FOR THE

8  OCEAN ATLANTIC (SECOND) LOAN.

9                    **MEMORANDUM OF POINTS AND AUTHORITIES**

10  **I.      BACKGROUND FACTS**

11          **a.  The USACM Bankruptcy**

12      On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief

13  under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as

14  debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15  Debtor's post-petition management of the Debtor was under the direction of Thomas J.

16  Allison of Mesirow Financial Interim Management, LLC, who served as the Chief

17  Restructuring Officer.

18      USACM was a Nevada corporation that, prior to the Petition Date, was in the

19  business of underwriting, originating, brokering, funding and servicing commercial loans

20  primarily secured by real estate, both on behalf of investors and for its own account.  That

21  business included the solicitation of investors to purchase fractional interest in loans that

22  USACM originated and then serviced.  These investors are referred to as "Direct Lenders"

23  in USACM's bankruptcy case and in this Objection.

24      On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third

25  Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No.

26  2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

2457835.1

**LEWIS AND ROCA LLP LAWYERS**

Court, USACM sold the servicing rights to most of the loans it serviced to Compass

Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Ocean

Atlantic (Second) Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

successor to USACM with respect to standing to seek allowance and disallowance of

Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District

of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,

et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

service agreements in the USACM bankruptcy case and took a secured interest in those

Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of

September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

Resolution") and took ownership of the Purchased Assets.  … Silar created Asset

Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of

Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is

now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

RCJ, along with certain affiliates.[1]  William A. Leonard, Jr. was appointed trustee in the

Asset Resolution case.

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP
Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC,
Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP
Anchor B SPE LLC, and Shamrock SPE LLC.  The court docket and Bankruptcy Schedules filed for

2457835.1

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.  The following is the extent of the USACM Trust's information on the current servicing and status of the Ocean Atlantic (Second) Loan.[2]

### b.  The Ocean Atlantic (Second) Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Ocean Atlantic/PFG-Westbury, LLC."  A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.  (Berman Decl., ¶ 4.)  The total loan amount proposed was $2,700,000.  *Id.*  The Offer Sheet described the investment as a "Subordinated Trust Deed Investment" and noted that the investment would be secured by a second deed of trust on approximately 175 acres of land on the northwest corner of Illinois Route 47 and Corneils Road in Yorkville, Illinois.  *Id.*

The Offer Sheet also provided a loan to value of 68% based on an appraisal by Argianas and Associates, dated February 25, 2005, however, counsel for the Trustee has not been able to locate a copy of the appraisal.  (Berman Decl., ¶ 5.)

On November 1, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Mortgage" (the "Note") and a Construction Loan Agreement. (Berman Decl., ¶ 6)  The Note and Loan Agreement provided for a loan in the principal amount of $2,700,000.  *Id.*  The Loan

---

Huntisville SPE LLC in BK-S-09-32824-RCJ indicate that the debtor holds title to the real property that secured the Huntsville Loan through a tax lien foreclosure.  The summary of schedules indicates that the value of the property is $2,375,000 and the total amount of secured claims scheduled was $6,002,724.53.

[2] The Trust notes that by Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS.  The Ocean Atlantic (Second) Loan was not, among the loans whose servicing rights were transferred to Cross, FLS.

4

2457835.1

Agreement provided that the loan was intended to refinance the real property, and for engineering and legal costs for entitlements and land development.  (Berman Decl., ¶ 7.)  The Note was secured by a Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, (the "Mortgage") that was recorded in the official records of Kendall County, Illinois on November 14, 2005.  *Id.*

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was Performing on the Note as of July 31, 2006.  (Berman Decl., ¶ 8.)  The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was in "Interest Default" as of February 28. 2007.  *Id.*

During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.  Counsel for the Trustee has not been able to determine the ultimate disposition of the Ocean Atlantic (Second) Loan, the collateral securing that loan or whether the Direct Lenders were repaid in whole or in part.  It appears that about 64.98 acres of parcels were sold via judicial foreclosure on March 9, 2010, while approximately 172.2 acres of parcels remain in the name of the Borrower, but due to the number of parcel number changes, splits, and combinations since the original Deed of Trust, determining the precise status of the collateral is difficult.  The parcels remaining with the Borrower each have property tax liens.

### c.  The Ocean Atlantic (Second) Claims

**Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be based, in whole or in part, upon an investment in the Ocean Atlantic (Second) Loan.  (Burr Decl. ¶ 7.)  **Exhibit A** identifies the Proof of Claim number, the claimant, the claimant's address, the total amount of the claim and the total amount of the claim that appears to be related to an investment in the Ocean Atlantic (Second) Loan based upon the information provided by the claimant.  (Burr Declaration ¶ 7.)  The claims listed in **Exhibit A** are

2457835.1

referred to hereafter as the "Ocean Atlantic (Second) Claims."  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit C**.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTION

The Ocean Atlantic (Second) Loan appears to have been a legitimate, arms-length transaction.  In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a subordinated lien on real property.  USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

2457835.1



1   The Direct Lenders also fail to state a claim because USACM does not appear to

2   have breached the loan servicing agreements with respect to collection of the Ocean

3   Atlantic (Second) Loan.

4   This objection will not affect the Direct Lenders' right to be repaid on the Ocean

5   Atlantic (Second) by the Borrower, to recover from the sale of any collateral that secured

6   the Ocean Atlantic (Second) Loan, or to recover on the guaranty supporting the Ocean

7   Atlantic (Second) Loan.

8   **V.     CONCLUSION**

9   The USACM Trust respectfully requests that the Court disallow the claims against

10  USACM listed in **Exhibit A** to the extent those claims are based upon an investment in the

11  Ocean Atlantic (Second) Loan.  This objection concerns only claims based upon an

12  investment in the Ocean Atlantic (Second) Loan and not any other claims of any of the

13  Direct Lenders.  The USACM Trust also requests such other and further relief as is just

14  and proper.

15  Dated:  September 16, 2011.

LEWIS AND ROCA LLP

16

17  By  s/John Hinderaker (AZ 18024)
       Robert M. Charles, Jr., NV 6593
       John Hinderaker, AZ 18024 (*pro hac vice*)
18     Marvin Ruth, NV 10979
    3993 Howard Hughes Parkway, Suite 600
19  Las Vegas, Nevada  89169
    E-mail:  JHinderaker@lrlaw.com
20  *Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent
21  portion of Exhibits mailed by first
    class postage prepaid U.S. Mail on
22  September 16, 2011to all parties listed
    on Exhibit A attached.
23
    LEWIS AND ROCA LLP
24

25   s/ Matt Burns,
    Matt Burns,  Paralegal
26

2457835.1