LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                     Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-02094-2 BY KAY M. CANTRELL AND DONALD L. HESS, AS JTWROS IN THE AMOUNT OF $49,551,70; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 18, 2011<br>Time of Hearing: 1:30 p.m. |

      The USACM Liquidating Trust (the "USACM Trust") recently discovered that approximately 140 proofs of claim ("POC's") or portions of proofs of claim had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's discovered by Sierra contain claims that relate to investments in loans that the USACM Trust has already processed on a loan by loan basis. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

      Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of

289010.1



Claim No. 10725-02094-2 by Kay M. Cantrell and Donald L. Hess, as joint tenants with right of survivorship, (the "Subject Proof of Claim") against USA Commercial Mortgage Company ("USACM") in the amount of $49,551.70.[1]

Here, the Subject Proof of Claim is based upon a $50,000 investment in the Roam Development Loan, which loan the borrower repaid in full. The USACM Trust has filed omnibus objections to the claims arising out of investments in the Roam Development Loan. In association with the Roam Development omnibus objections, on January 9, 2009, the USACM Trust filed the Declaration of Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Marquis Hotel Loan ("Burr Decl.") [DE 6722].[2] A Copy of the Burr Decl. with the hearing date redacted and "**Exhibit A**" omitted[3] will be served on Ms. Cantrell and Mr. Hess with this Objection.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

---

[1] In compliance with Nevada LR 3007, a copy of the Subject Proof of Claim is attached as **Exhibit A**

[2] The USACM Trust filed the Burr Decl. [DE 6722] in support of the Roam Development omnibus objections. The Court heard those omnibus objections and sustained them at the omnibus hearing on February 20, 2009.

[3] **Exhibit A** to the Burr Decl. lists the Direct Lenders whose claims were affected by the Roam Development omnibus objections. Those Direct Lender claims have no relevance to this objection and, therefore, **Exhibit A** to the Burr Decl. will not be provided to Ms. Cantrell.



USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

### b. The Roam Development Loan

On or about December 19, 2006, the Roam Development Loan was paid off in full, as reflected in USACM's books and records. (Burr Decl. ¶ 9.) Shortly thereafter, USACM processed the payoff and distributed the proceeds to the Direct Lenders on the Roam Development Loan. (Burr Decl. ¶ 9.)

Minus Unremitted Principal, the Direct Lenders were in turn paid in full, subject to servicing fees and any other charges under their respective Loan Servicing Agreements and this Court's orders, including the Confirmation Order. In general, the Direct Lenders received their principal and interest on the Roam Development Loan, less Unremitted Principal and sums withheld for servicing fees, servicer advances, Prepaid Interest and sums known as the 2% Holdback pursuant to the Confirmed Plan. On the Effective Date of the Plan, the Prepaid Interest was applied, a portion of the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and the balance paid to the Direct Lenders. (Burr Decl. ¶ 10.)

289172.1



Accordingly, the USACM Trust no longer has further obligations to the Direct Lenders arising out of the Roam Development Loan to the extent that loan has been repaid to the Direct Lenders, pursuant to USACM's books and records.  (Burr Decl. ¶ 11.)

Ms. Cantreall and Mr. Hess do have a valid claim for unremitted principal associated with the Roam Development Loan, but they asserted that claim separately as Proof of Claim 10725-02094-1.  Attached as **Exhibit A** is the Subject Proof of Claim, which indicates on page 2 of 4 that Mr. Cantrell and Mr. Hess previously asserted a claim for diverted principal in the amount of $1,164.97.  Attached as **Exhibit B** is Proof of Claim 10725-02094-1 wherein Ms. Cantrell and Mr. Hess asserts a diverted principal claim.  The Trust will not object to Proof of Claim 10725-02094-1 and, therefore, it will be deemed allowed.

## II.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of

persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. OBJECTION

The USACM Trust respectfully requests that the Court disallow in full Proof of Claim No. 10725-02094-2 by Kay M. Cantrell and Donald L. Hess, as joint tenants with right of survivorship.  According to USACM's books and records as reconstructed by Mesirow, the Roam Development Loan was repaid in full by the borrower, and the Direct Lenders have in turn received repayment of their investments as provided by the applicable Loan Servicing Agreement, this Court's orders and the Confirmation Order.  Ms. Cantrell and Mr. Hess's diverted principal claim associated with the Roam Development Loan will be approved as a general unsecured claim pursuant to Proof of Claim 10725-02094-1, which is a separate proof of claim to which the USACM Trust does not object.

### V. CONCLUSION

For the foregoing reasons, the USACM Trust respectfully requests that the Court disallow the Subject Proof of Claim in full.  The USACM Trust also requests such other and further relief as is just and proper.

DATED this 17th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

289172.1

LEWIS AND ROCA LLP
LAWYERS

Copy of the foregoing and the Burr Decl. [DE 6722] with the hearing date redacted and Exhibit A omitted mailed by first class postage prepaid on September 17, 2011 to:

Kay M. Cantrell and Donald L. Hess, jtwros
Donald L. Hess
1818 Madero Drive
The Villages, FL 32159

Kay M. Cantrell and Donald L. Hess
1800 Jefferson Park Ave., # 86
Charlottesville, VA 22903

LEWIS AND ROCA LLP

　/s/ Renee L. Creswell　
Renee L. Creswell

289172.1