LEWIS
AND
ROCA
— LLP —
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                  Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00755-1 BY KEVIN HIGGINS IN THE AMOUNT OF $100,000; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 18, 2011<br>Time of Hearing: 1:30 p.m.<br>Estimated Time for hearing: 10 min. |

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of

227672.1



LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1  Claim No. 10725-00755-1 by Kevin Higgins (the "Subject Proof of Claim") against USA

2  Commercial Mortgage Company ("USACM") in the amount of $100,000.[1]

3       Here, the Subject Proof of Claim is based upon an investment in the Oak Shores II

4  Loan.  The USACM Trust has filed omnibus objections to the claims arising out of

5  investments in the Oak Shores II Loan.  Along with the Oak Shores II omnibus objections

6  filed on April 11, 2011, the USACM Trust filed the Declaration of Geoffrey L. Berman in

7  Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Oak

8  Shores II Loan ("Berman Decl.") [DE 8312].[2]  A Copy of the Berman Decl. will be served

9  on claimant.  To avoid confusion, the Trust will redact the hearing date shown on the

10  declaration and omit "Exhibit A" to the declaration.[3]

11       THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE

12  CLAIMANT'S RIGHT TO REPAYMENT FROM A BORROWER OR TO SHARE IN

13  ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY

14  SECURING THE LOANS AT ISSUE.

15                    **MEMORANDUM OF POINTS AND AUTHORITIES**

16  **I.      BACKGROUND FACTS**

17         **a.  The USACM Bankruptcy**

18       On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief

19  under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as

20  debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

21  Debtor's post-petition management of the Debtor was under the direction of Thomas J.

22

23  [1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as
24  **Exhibit A**

25  [2] The USACM Trust filed the Berman Decl. in support of the Oak Shores II omnibus objections.  The
Court heard those omnibus objections and sustained them at the omnibus hearing on May 9, 2011.

26  [3] Exhibit A lists the Direct Lenders who were affected by the Oak Shores II omnibus objections.  The Trust
will not provide Mr. Higgins with a copy of Exhibit A to the Berman Decl. because those claims are
irrelevant to him.

227672.1



LEWIS
AND
ROCA
LLP
L A W Y E R S

1    Allison of Mesirow Financial Interim Management, LLC, who served as the Chief

2    Restructuring Officer.

3        USACM was a Nevada corporation that, prior to the Petition Date, was in the

4    business of underwriting, originating, brokering, funding and servicing commercial loans

5    primarily secured by real estate, both on behalf of investors and for its own account.  That

6    business included the solicitation of investors to purchase fractional interest in loans that

7    USACM originated and then serviced.  These investors are referred to as "Direct Lenders"

8    in USACM's bankruptcy case and in this Objection.

9        On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third

10   Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No.

11   2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

12   Court, USACM sold the servicing rights to most of the loans it serviced to Compass

13   Partners, LLC and Compass Financial Partners, LLC ("Compass").

14       The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

15   2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

16   successor to USACM with respect to standing to seek allowance and disallowance of

17   Claims under 11 U.S.C. § 502(a).

18       Upon information derived from filings in the United States District Court, District

19   of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,*

20   *et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

21   ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

22   service agreements in the USACM bankruptcy case and took a secured interest in those

23   Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

24   Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

25   Delaware."  *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

26

227672.1



LEWIS
AND
ROCA
LLP
L A W Y E R S

1    Further, from filings in the same action, the Trust believes that "Effective as of

2    September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

3    Resolution") and took ownership of the Purchased Assets. … Silar created Asset

4    Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

5    Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of

6    Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is

7    now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

8    RCJ, along with certain affiliates.[4] William A. Leonard, Jr. was appointed trustee in the

9    Asset Resolution case.

10    The Trust has attempted to monitor loan collections through monitoring the district

11    court litigation and the Asset Resolution bankruptcy case, but has received limited

12    information concerning servicing and resolution of direct loans by Compass/Silar/Asset

13    Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.

14    The following is the extent of the USACM Trust's information on current services the Oak

15    Shores II Loan. The Trust notes that by Order entered on June 24, 2010 by the Hon.

16    Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the

17    servicing rights for 19 loans were transferred to Cross, FLS.

18    The Oak Shores II Loan servicing rights were transferred to Cross, FLS by that

19    Order. The Trust has been in contact with Cross, FLS with regard to the status of the Oak

20    Shores Loan. What follows is the extent of the Trust's knowledge regarding the Oak

21    Shores II Loan.

22    **b. The Oak Shores II Loan**

23

24

25    [4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP
Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC,
26    Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP
Anchor B SPE LLC, and Shamrock SPE LLC.

227672.1



LEWIS
AND
ROCA
LLP
L A W Y E R S

In or around November 2005, USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "John and Carol King" for a project generally known as Oak Shores II, which consists of 343 lots near Paso Robles, California. A copy of the undated Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.** (Berman Decl., ¶ 4.) The total loan amount proposed was $15,150,000. *Id.* The loan proceeds were to be used by the borrower to develop the real property and construct certain infrastructure improvements required for the development of single family residences. *Id.* The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 400 acres of land in San Luis Obispo County on Lake Nacimiento. *Id.* The Offer Sheet indicated that the loan would be repaid from the sale of lots to individual buyers and from a bulk sale at final map to a third party. *Id.* The Offer Sheet also stated there would be a loan to value ratio of approximately 60% based on an appraisal prepared by Ryon Associates. *Id.* The Ryon Associates appraisal estimates the bulk value of the property to be $25,300,000 as of March 7, 2005. *Id.*

On June 6, 2005, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement (Berman Decl., ¶5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $7,725,000. Pursuant to subsequent amendments to the Note and Loan Agreement, and as expressly permitted by the Loan Agreement, the amount of the loan was eventually increased to $15,150.00. *Id.* The Note was secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust") that was recorded in the official records of San Luis Obispo County, California on July 1, 2005. *Id.* Subsequent loan advances were secured by amendments to the Deed of Trust, and were likewise recorded in the official records of San Luis Obispo County. *Id.*

227672.1



According to information provided to the undersigned counsel, pursuant to its terms, the note was scheduled to mature twelve months after the loan documents needed to close were deposited with the title company.  According to the USACM "Loan Summary" filed in this case, the loan was non-performing as of July 31, 2006.  According to Cross, FLS, the loan remains non-performing, no amounts have been collected from the Borrower since Cross FLS took over servicing of the Oak Shores II Loan, and the collateral securing the Oak Shores II Loan has not been sold.

According to USACM's business records, during this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of

227672.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated*

*Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P.

1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

**IV.    OBJECTION**

The Oak Shores II Loan appears to have been a legitimate, arms-length transaction,

with a third party borrower.  The Direct Lenders took a known risk by investing in a

promissory note secured by liens on real property.

Mr. Higgins fails to state a claim based upon the Oak Shores II Loan because

USACM did not guarantee the Direct Lenders' investment in the Oak Shores II Loan.

USACM is not liable for the Borrower's default or any decrease in the value of the

collateral.

Mr. Higgins fails to state a claim because USACM does not appear to have

breached the loan servicing agreement with respect to collection of the Oak Shores II

Loan.

This objection will not affect Mr. Higgins' right to be repaid on the Oak Shores II

Loan by the Borrower, or to recover from the sale of any collateral that secured the Oak

Shores II Loan.

**V.    CONCLUSION**

Based on the foregoing, the USACM Trust respectfully requests that the Court

disallow in full Proof of Claim No. 10725-00755-1 by Kevin Higgins in the amount of

$100,000.  The USACM Trust also requests such other and further relief as is just and

proper.

DATED this 17th day of September, 2011.

LEWIS AND ROCA LLP

By  /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593

227672.1

LEWIS
AND
ROCA
— LLP —
L A W Y E R S

John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and the Berman Decl. [DE 8312]
with the hearing date redacted and Exhibit A
omitted mailed by first class postage prepaid on
September 17, 2011 to:

Kevin Higgins
10413 Mansion Hills Ave.
Las Vegas, NV 89144

LEWIS AND ROCA LLP

 /s/Renee L. Creswell
Renee L. Creswell

227672.1