**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00676-1 IN THE AMOUNT OF $50,000 BY MARCIA J. KNOX TRUST; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 18, 2011<br>Time of Hearing: 1:30 p.m. |

The USACM Liquidating Trust (the "USACM Trust") recently discovered that approximately 140 proofs of claim ("POC's") or portions of proofs of claim had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's discovered by Sierra contain claims that relate to investments in loans that the USACM Trust has already processed on a loan by loan basis. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00676-1 (the "Subject Proof of Claim") by Marcia J. Knox Trust ("Knox

289179.1



Trust") against USA Commercial Mortgage Company ("USACM") in the amount of $50,000.[1]

Here, the Subject Proof of Claim is based upon a $50,000 investment in the Anchor B Loan. The USACM Trust has filed omnibus objections to the claims arising out of investments in the Anchor B Loan. In association with the Anchor B omnibus objections, on April 20, 2011, the USACM Trust filed the Declaration of Geoffrey L. Berman in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Anchor B Loan ("Berman Decl.") [DE 8326].[2] A Copy of the Berman Decl. will be served on the Knox Trust with this Objection. To avoid confusion, the hearing date shown on the declaration will be redacted and "Exhibit A" to the Berman Decl. will be omitted.[3]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] The USACM Trust filed the Berman Decl. in support of the Anchor B omnibus objections. The Court heard those omnibus objections and sustained them at the omnibus hearing on June 4, 2011.

[3] Exhibit A lists the Direct Lenders whose claims were affected by the Anchor B omnibus objections. Those Direct Lender claims have no relevance to this objection and therefore Exhibit A to the Berman Decl. will not be provided to the Knox Trust.

289179.1



primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Anchor B Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

289179.1



Agreement to Asset Resolution, and Asset Resolution foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust has also been in contract with Cross FLC about certain loans that it is servicing, but Cross FLC is not servicing the Anchor B Loan.[5] Upon review of the county records, however, counsel for the Trustee has determined that the property securing the loan was sold at a February 5, 2008 trustee's sale, with CFP Anchor B SPE LLC, a Compass designated special purpose entity, taking title with a winning $4,504,000 credit bid placed on behalf of Compass and the Direct Lenders. The property was later sold to another entity on October 2, 2009.

**b. The Anchor B Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Anchor B, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $5,850,000. The Offer Sheet

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

[5] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS. The Anchor B Loan, however, was not among the loans whose servicing rights were transferred to Cross, FLS.

289179.1



described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 9.9 acres located in Houston, Texas, on the northwest corner of Bellaire Boulevard and Southwest Freeway, improved with an approximately 180,000 square foot big-box retail building on it. The loan was intended to acquire the property and cover the cost associated with refurbishing the big-box store.

On May 31, 2005, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $5,850,000. The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Harris County, Texas on June 6, 2005. The Note was also secured by a May 31, 2005 Unconditional Guaranty by Tracy Suttles, as well as a UCC-1 Financing Statement covering Borrower's personal property, tangible and intangible, recorded on June 9, 2005. (Berman Decl., ¶ 5.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 6.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was in "Maturity and Interest Default" as of February 28, 2007. (Berman Decl., ¶ 6.) As stated above, counsel for the Trustee has determined that the collateral was foreclosed on and then sold.

During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan. The USACM Trust has not been able to determine the ultimate disposition of the Anchor B Loan, the collateral



securing that loan or whether the Direct Lenders were repaid in whole or in part. (Berman Decl., ¶ 7.)

## II.     JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    OBJECTION

The Anchor B Loan appears to have been a legitimate, arms-length transaction.  In addition, the Direct Lenders took an obvious risk by investing in a promissory note secured by a lien on real property.

USACM is not liable to the Knox Trust for the Borrower's default or any decrease in the value of the collateral.

289179.1

The Knox Trust fails to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Anchor B Loan.

This objection will not affect the Knox Trust's right to be repaid on the Anchor B Loan by the Borrower or to recover from the sale of any collateral that secured the Anchor B Loan.

## V.     CONCLUSION

The USACM Trust respectfully requests that the Court disallow the Subject Proof of Claim in full because it is based upon an investment in the Anchor B Loan. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 17th day of September, 2011.

LEWIS AND ROCA LLP


By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and the Berman Decl. [DE 8326]
with the hearing date shown there redacted and
Exhibit A to the declaration omitted
was mailed by first class postage prepaid on
September 17, 2011 to:

Marcia J Knox Living Trust Dated 8/16/04
C/O Marcia J Knox Trustee
1885 Vintners Pl
Reno, NV  89519-8334

LEWIS AND ROCA LLP

 /s/ Renee L. Creswell

289179.1

LEWIS
AND
ROCA
LLP
LAWYERS

1 | Renee L. Creswell