**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                                     Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00398-2 IN THE AMOUNT OF $200,000 BY WALLS FAMILY TRUST DATED 12/10/97; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: October 18, 2011<br>Time of Hearing: 1:30 p.m.<br>Estimated Time for Hearing: 10 minutes |

   The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been entered into the database of Sierra Consulting and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

   Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of

289138.1



Claim No. 10725-00398-2 (the "Subject Proof of Claim") against USA Commercial Mortgage Company ("USACM") in the amount of $200,000.[1]

Here, the Subject Proof of Claim is based entirely upon a $200,000 investment in the Del Valle Livingston Loan. The USACM Trust has already filed omnibus objections to the claims arising out of Direct Lender investments in the Del Valle Livingston Loan. Those objections seek to disallow in full the Del Valle Livingston claims.[2] The USACM Trust seeks the same treatment for the Subject Proof of Claim. In association with the Del Valle Livingston omnibus objections, on June 23, 2011, the USACM Trust filed the Declaration of Geoffrey L. Berman in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Del Valle Livingston Loan ("Berman Decl.") [DE 8542]. The Berman Declaration also supports this objection. A copy of the Berman Decl. will be served on the claimant with this Objection.

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDER'S RIGHT TO REPAYMENT FROM A BORROWER OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY SECURING THE LOAN AT ISSUE.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND FACTS**

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] The omnibus objections were heard by the Court and sustained at the omnibus hearing on July 26, 2011.

289138.1



USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Del Valle Livingston Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id*. Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

289138.1



Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[3] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. By Order entered on June 24, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS. The Del Valle Livingston Loan servicing rights were transferred to Cross FLS by that Order. The Trust has been in contact with Cross FLS with regard to the status of the Del Valle Livingston Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Del Valle Livingston Loan.

    **a. The Del Valle Livingston Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Del Valle Capital Corporation, Inc" ("Borrower"). A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $19,250,000. The Offer Sheet described the investment as a "First Trust

---

[3] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.



Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 143.6 acres with 38.2 acres zones for medium density residential housing in Livingston, California.  The Offer Sheet indicates that the loan was intended for Borrower to acquire the raw real estate.  The Offer Sheet indicated that the combined loan to value ratio would be 63% based on a February 6, 2006 appraisal by Sierra Valuation Consultants, and 57% based on purchase and sales contracts with Richmond Homes and Meritage Homes.

On August 25, 2005, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶ 5.)  The Note and Loan Agreement provided for a loan amount of $18,000,000, which could be increased to $19,250,000.  (Berman Decl., ¶ 6.)  The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Merced County, California on September 8, 2005, along with subsequent amendments thereto that secured the later loan advances that increased the principal amount due to the maximum $19,250,000.  (Berman Decl., ¶ 6.)  The Note was also supported by an August 25, 2005 Guaranty signed by Scott Myers.  (Berman Decl., ¶ 7.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 8.)  During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

Counsel for the Trustee had a brief conversation with a representative of Cross, FLS regarding the status of the Del Valle Livingston Loan.  According to Cross, FLS, the Borrower still owns the property, and the Direct Lenders are planning to foreclose and will



thereafter try to sell the property.  The guarantor, Scott Meyers, cannot be located and is believed to be out of the country.

## II.     JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    OBJECTION

The Del Valle Livingston Loan appears to have been a legitimate, arms-length transaction.  In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a first position lien on real property.

USACM is not liable for the Borrower's default or any decrease in the value of the collateral.

LEWIS AND ROCA LLP
LAWYERS

The Direct Lenders fail to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Del Valle Livingston Loan.

This objection will not affect the Direct Lender's right to be repaid on the Del Valle Livingston Loan by the Borrower, to recover from the sale of any collateral that secured the Del Valle Livingston Loan or collect on the guaranty that supported the loan.

**V.     CONCLUSION**

The USACM Trust respectfully requests that the Court disallow in full Proof of Claim No. 10725-00398-2 in the amount of $200,000. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 17th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
  Robert M. Charles Jr. NV 6593
  John C. Hinderaker, AZ 18024 (*pro hac vice*)
  3993 Howard Hughes Parkway, Suite 600
  Las Vegas, Nevada 89169
  Telephone: (702) 949-8200
  Facsimile: (702) 949-8398
  E-mail: jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

289138.1

LEWIS AND ROCA LLP
LAWYERS

1  Copy of the foregoing and Berman Decl. [DE 8542]
   with July 26, 2011 hearing date redacted and
2  Exhibit A omitted mailed by
   U.S. first class postage prepaid on
3  September 17, 2011 to:

4
   Wall Family Trust
5  Attn: Joseph Walls
   2778 Bedford Way
6  Carson City, NV 89703

7  LEWIS AND ROCA LLP

8   /s/Renee L. Creswell
    Renee L. Creswell
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8

289138.1