LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

USA COMMERCIAL MORTGAGE COMPANY,

Debtor.

Case No. BK-S-06-10725-LBR

CHAPTER 11

**USACM LIQUIDATING TRUST'S MOTION TO ALLOW IN PART PROOF OF CLAIM NO. 10725-02416 IN THE AMOUNT OF $521,406.20 BY GERRY TOPP; AND CERTIFICATE OF SERVICE**

Date of Hearing: October 18, 2011
Time of Hearing: 1:30 p.m.
Estimate Time for Hearing: 10 Minutes

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is processing these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order allowing in part Proof of Claim No. 10725-02416 (the "Subject Proof of Claim") by Gerry Topp against USA Commercial



Mortgage Company ("USACM") in the total amount of $521,406.20.[1] Out of this amount, the USACM Trust seeks to allow $45,788.99.

Here, the Subject Proof of Claim is based upon investments in multiple loans, including an investment in the Amesbury Hatters Point Loan. On August 11, 2011, the USACM Trust filed a Motion to Allow Proofs of Claim Based Upon an Investment in the Amesbury Hatters Point Loan and a Declaration of Mr. Geoffrey L. Berman ("Berman Decl.") [DE 8921][2] in support of that Motion. A Copy of the Berman Decl. with the hearing date redacted and "Exhibit A" omitted[3] will be served on Mr. Topp with this Motion. The Motion is scheduled for hearing on September 30, 2011.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007. The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### II. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] The USACM Trust filed the Berman Decl. [DE 8921] in support of the Amesbury Hatters Point omnibus objections. The Court will hear those omnibus objections at the omnibus hearing on September 30, 2011.

[3] Exhibit A to the Berman Decl. lists the Direct Lenders whose claims were affected by the Amesbury Hatters Point omnibus objections. Those Direct Lender claims have no relevance to this motion and, therefore, Exhibit A to the Burr Decl. will not be provided to Mr. Topp.



contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## III. BACKGROUND FACTS

### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Motion.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"). The sale to Compass closed on February 16, 2007.



The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

**b. The Amesbury Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Amesburyport Corporation." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.** (Berman Decl., ¶ 4.) The total loan amount proposed was $21,750,000. *Id.* The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a "First Mortgage on buildings 1 through 9 at 'Hatter Point' in Amesbury, Massachusetts." *Id.* The Offer Sheet stated that the loan proceeds would be used to "refinance the existing construction loan and provide construction funds to complete the balance of the project," which was described as the restoration of nine historic brick mill buildings for conversion in to condominiums. *Id.* The Offer Sheet stated that the loan-to-value was approximately 75% based on "revolver fundings of $15 million to reach an appraised 'aggregate retail sell-out' of $48,900,000" pursuant to an August 15, 2002 appraisal from Joseph J. Blake and Associates. *Id.*

On December 18, 2002, Borrower made and delivered to various lenders, a "Promissory Note (Refinancing and Construction Loan)" (the "Note") and a Loan Agreement. (Berman Decl., ¶5.) The Loan Agreement provided for a loan of up to $21,750,000. *Id.* Pursuant to the Loan Agreement, the loan amount was intended for the "refinancing of certain existing debt of the Borrower, and for financing the construction of the Project." *Id.* The Loan Agreement also provided for a $5,000,000 "construction revolver" whereby the Borrower could borrower, repay, and then re-borrow $5,000,000 of the loan. *Id*.



The Note was secured by a "Construction Mortgage and Security Agreement" (the "Mortgage") from Borrower in favor of the Direct Lenders, which was recorded in the official records of the Essex County South District Registry on December 18, 2002 at Instrument 2002121800924. (Berman Decl., ¶ 6.) The Note was also supported by a Guaranty signed by William H. Sullivan on December 18, 2002. (Berman Decl., ¶ 7.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-Performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 8.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee had a brief conversation with a representative of Cross, FLS regarding the status of the Amesbury Loan. According to Cross, FLS, numerous condominium units were completed and sold after USACM provided a partial release. However, the Trust has seen evidence that the funds received from the sale of the units were either not provided to USACM or USACM diverted them back to the Borrower. The result was that those sale proceeds were not used to pay down the Amesbury Loan, although the collateral for the loan was released by USACM. The Guarantor has now passed away. A brief review of the public record shows that numerous partial releases were granted to USACM. Cross is no longer going to service this loan because it considers there to be no chance of recovery.

## IV. THE MOTION TO ALLOW

The Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet. In addition, the Direct Lenders took a known risk by investing in a promissory note secured by a lien on real property. USACM is not liable for the Borrower's default or any decrease in the value of the collateral.



Nonetheless, the Trust believes USACM failed to fulfill its duties as a servicer to the Direct Lenders in this loan. USACM apparently granted partial releases of numerous individual condominium units without receiving consideration in return for the release or, possibly allowing the Borrower to retain the proceeds thereby denying the direct lenders their share of those proceeds. Thus, USACM released the collateral supporting the direct lender investments and securing the Amesbury Loan without receiving anything of value in return. It appears that the Direct Lenders who invested in the Amesbury Claim have suffered a total loss that was caused, at least in large part, by USACM's misdeeds.

## V. CONCLUSION

Based on the foregoing, the USACM Trust respectfully requests that the Court allow in part Proof of Claim No. 10725-02416 filed by Gerry Topp to the extent that claim relates to an investment in the Amesbury Hatters Point Loan; more specifically, out of a total claim in the amount of $521,406.20, the Court should allow a general unsecured claim in the amount of $45,788.99. This motion does not relate to or impact the subject Proof of Claim to the extent that it is based upon an investment in a different loan(s). The USACM Trust also requests such other and further relief as is just and proper.

DATED this 20th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

LEWIS AND ROCA LLP LAWYERS

Copy of the foregoing and supporting declaration of Geoffrey L. Berman [DE 8921] with hearing date redacted and Exhibit A omitted mailed by first class postage prepaid on September 20, 2011 to:

Gerry Topp
P.O. Box 3008
Grass Valley, CA 95945-3008

LEWIS AND ROCA LLP

/s/Renee L. Creswell
Renee L. Creswell