LEWIS AND ROCA LLP LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>　　　　　　　　　　　Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00398-3 IN THE AMOUNT OF $200,000 BY WALLS FAMILY TRUST DATED 12/10/97; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for Hearing: 10 Minutes |

　　　　The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that arise from investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

　　　　Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00398-3 (the "Subject Proof of Claim") filed by Joseph P. Walls and

289184.1



Ellen Walls Trustees for the Walls Family Trust Dated 12/10/97 (the "Walls Family Trust") against USA Commercial Mortgage Company ("USACM") in the amount of $200,000.[1]

Here, the Subject Proof of Claim is based entirely upon a $200,000 investment in the Eagle Meadows Loan. On June 27, 2011, the USACM Trust filed omnibus objections seeking to disallow Direct Lender claims arising out of the Eagle Meadows Loan. On July 26, 2011, the Court heard and sustained the omnibus objections.[2] The USACM Trust now seeks the same treatment for the Subject Proof of Claim.

In support of the Eagle Meadows omnibus objections, the USACM Trust filed the Declaration of Geoffrey L. Berman (the "Berman Decl."). [DE 8571]. The Berman Decl. is also cited below to support this Objection. Thus, the Trust will serve a copy of the Berman Decl. on the claimant with this Objection.[3]

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDER'S RIGHT TO REPAYMENT FROM THE BORROWER OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY SECURING THE LOAN AT ISSUE.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   JURISDICTION**

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] See, e.g., DE 9038.

[3] To avoid confusion, the hearing date shown on the Berman Decl. will be redacted and Exhibit A will be omitted. Exhibit A to the Berman Decl. lists the Direct Lenders whose claims were affected by the Eagle Meadows omnibus objections. Those Direct Lender claims have no relevance to this Objection.

289184.1



The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## III.    BACKGROUND FACTS

### a.    The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that



USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Eagle Meadows Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is

289184.1



now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The Eagle Meadows Loan, was among the loans whose servicing rights were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust's legal counsel has been in contract with Cross FLS about certain loans that it is servicing, including the Eagle Meadows Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Eagle Meadows Loan.

### b. The Eagle Meadows Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Eagle Meadows Development, Ltd." ("Borrower").[5] A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $35,630,000. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 479 acres generally known as Fox Hills Phase II, the second phase of a master planned community that had begun the entitlement process, and was situated on Interstate 5 and State Route 152. The Offer Sheet further stated that the loan to value was

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Eagle Meadows SPE LLC, and Shamrock SPE LLC.

[5] The name of the borrower on the Offer Sheet is a different entity from the actual borrowing entities that signed the loan agreement.



approximately 50% based upon comparable acreage sold in the area and stated that an appraisal had been ordered.[6] Pursuant to the Offer Sheet, the loan was intended to restructure existing debt and to acquire an additional 40 acre parcel.

On October 19, 2005, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan of $29,600,000, with potential subsequent increases up to $35,630,000. The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from the Borrower in favor of the Direct Lenders that was recorded in the official records of Merced County, California on November 9, 2005 at Instrument Number 05-89765, as were subsequent amendments to the Deed of Trust to secure subsequent advances. The Note was also supported by an Unconditional Guaranty executed by Kent Hoggan and Catamount Management, LLC on October 19, 2005.

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 6.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

Counsel for the Trustee has been advised by a representative of Cross FLS that the accrued taxes on the property currently exceed the value of the property for the Eagle Meadows Loan. Cross FLS has been told by brokers that there is no interest in purchasing the land for development (as had originally been planned), and that no such interest is anticipated. Consequently, Cross FLS has marketed the property's water rights and has

---

[6] Although the Offer Sheet said that an appraisal had been ordered, counsel for the Trust has been unable to locate an appraisal.

entered into a contract with a buyer, however, that sale has stalled due to the taxes on the property. The guarantor has filed for bankruptcy.

## IV. OBJECTION

The Eagle Meadows Loan appears to have been a legitimate, arms-length transaction with a third party borrower. USACM did not guaranty the loan. In addition, the Direct Lenders took an obvious risk by investing in a promissory note secured by a lien on real property. USACM objects because it is not liable for the Borrower's default or any decrease in the value of the collateral.

The Walls Family Trust fails to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Eagle Meadows Loan.

This objection will not affect the Walls Family Trust's right to be repaid on the Eagle Meadows Loan by the Borrower, to recover from the sale of any collateral that secured the Eagle Meadows Loan, or to recover on the guaranty supporting the Eagle Meadows Loan.

## V. CONCLUSION

Based on the foregoing, the USACM Trust objects to Proof of Claim No. 10725-00398-3 in the amount of $200,000 and asks that the Court disallow it in full. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 21st day of September, 2011.

                LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
    Robert M. Charles Jr. NV 6593
    John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

289184.1

LEWIS AND ROCA LLP
LAWYERS

Copy of the foregoing and the supporting declaration by Geoffrey Berman [DE 8571] with hearing date redacted and Exhibit A to the declaration omitted mailed by first class postage prepaid on September 21, 2011 to:

Walls Family Trust Dtd 12/10/97
C/O Joseph P & Ellen Walls Ttees
2778 Bedford Way
Carson City, NV  89703-4618

LEWIS AND ROCA LLP

 /s/Renee L. Creswell
Renee L. Creswell

289184.1