LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00506-1 IN THE AMOUNT OF $50,000 BY TDS REVOCABLE FAMILY TRUST; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for Hearing: 10 Minutes |

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been properly entered into the database of Sierra Consulting and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is processing these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00506-1 (the "Subject Proof of Claim") by TDS Revocable Family Trust




Dated 9/29/98 C/O T. Dwight Sper and Bonnie J. Sper Trustees ("TDS Family Trust") against USA Commercial Mortgage Company ("USACM") in the amount of $50,000.[1]

Here, the Subject Proof of Claim appears to be based upon a $50,000 investment in the Castaic Partners II Loan.[2] On August 6, 2011, the USACM Trust filed omnibus objections seeking to disallow Direct Lender claims arising out of the Castaic Partners II Loan. The Court will hear those omnibus objections on September 30, 2011 at 9:30. Here, the USACM Trust seeks the same treatment for the Subject Proof of Claim that it seeks in the Castaic Partners II omnibus objections.

In support of the Castaic Partners II omnibus objections the USACM Trust filed a Declaration of Geoffrey L. Berman (the "Berman Decl.") [DE 8844]. Because the Berman Decl. is cited below for support, the Trust will serve a copy of the Berman Decl. on the claimant along with this objection.[3]

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDER'S RIGHT TO REPAYMENT FROM THE BORROWER OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY SECURING THE LOAN AT ISSUE.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] The Subject Proof of Claim has limited supporting documentation. It does include an Offer Sheet that appears to be related to the Castaic Partners III Loan. Counsel for the Trust reviewed the promissory notes for the Castaic Partners II and Castaic Partners III Loans. The TDS Family Trust is listed on Exhibit A to the Castaic Partners II promissory note as a Direct Lender, but not listed anywhere on the Castaic Partners III note. Thus, the Trust is treating this claim as a claim based upon an investment in the Castaic Partners II Loan.

[3] To avoid confusion, the Trust will redact the hearing date shown on the Berman Decl. and remove Exhibit A, which lists the Direct Lenders whose claims were affected by the Castaic Partners II omnibus objections. Those Direct Lender claims have no relevance to this objection.




## I. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## III. BACKGROUND FACTS

### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.



USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Castaic Partners II Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset




Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS. The Castaic Partners II Loan, however, was not among the loans whose servicing rights were transferred to Cross FLS. Instead, Debt Acquisition Company of America ("DACA") purchased the Direct Lender's interests in the Castaic Partners II Loan in exchange for a small cash payment and a right to share in any potential profits upon DACA's development of the property.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the Asset Resolution bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust's legal counsel has also contacted Howard Justice at DACA about the Castaic Partners II Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Castaic Partners II Loan.

**b. The Castaic Partners II Loan**

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Castaic Partners II, LLC." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Castaic Partners II SPE LLC, and Shamrock SPE LLC.



reference. (Berman Decl., ¶ 4.) The total loan amount proposed was $5,600,000. (Berman Decl., ¶ 4.) The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 300 acres of property in the hillside of Castaic, in Los Angeles County, California. (Berman Decl., ¶ 4.) The Offer Sheet further provides a loan to value percentage of 36%, based on a March 2005 sale agreement with Toll Brothers. (Berman Decl., ¶ 4.) The Offer sheet stated that an appraisal was in process.[5] Pursuant to the Loan Agreement, the loan was intended to be used to acquire the subject property.

On July 11, 2005, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan of $5,600,000. The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" from the Borrower in favor of the Direct Lenders that was recorded in the official records of Los Angeles County, California on July 26, 2005 at Instrument Number 2005-1761534. The Note was also supported by a Guaranty executed by William Barkett on July 11, 2005.

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Performing" on the Note as of July 31, 2006, due to the fact that sufficient cash was being held by the Disbursing Agent to pay the outstanding interest due. Pursuant to the February 28, 2007 "Loan Summary" filed in this case, the loan was in interest default as of February 2007. (Berman Decl., ¶ 6.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.

Counsel for the Trustee had a brief conversation with Howard Justice at DACA. According to Mr. Justice, DACA purchased the Direct Lenders' interests in the Castaic II

[5] An appraisal was subsequently obtained on November 29, 2005, which value the hypothetical "paper lots" market value at $28,800,000.




Loan, as well as the related Castaic III Loan. Direct Lenders also received a right to share in any profits upon development and sale of the property. The Direct Lenders apparently did not sell their right to bring a proof of claim against the USACM estate. According to Mr. Justice, DACA has advanced $250,000 toward accrued property taxes on the underlying collateral. DACA has yet to foreclose on the property. DACA is also attempting to negotiate down the unpaid property taxes that have accrued on the property.

## IV. OBJECTION

The Castaic Partners II Loan appears to have been a legitimate, arms-length transaction with a third party borrower. In addition, the Direct Lenders took an obvious risk by investing in a promissory note secured by a lien on real property. USACM did not guaranty repayment of the loan. USACM is not liable to the claimant for the Borrower's default or any decrease in the value of the collateral.

The TDS Family Trust fails to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Castaic Partners II Loan.

Many of the Direct Lenders sold their interests in the Castaic Partners II Loan and Deed of Trust. Thus, the TDS Family Trust may not have a right to make a claim against the USACM estate based upon its investment in that loan.

LEWIS AND ROCA LLP LAWYERS

**V. CONCLUSION**

Based on the foregoing, the USACM Trust objects to Proof of Claim No. 10725-00506-1 in the amount of $50,000 and asks that the Court disallow it in full. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 21st day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and the Berman Decl. [DE 8844] with the hearing date redacted and Exhibit A omitted was mailed by first class postage prepaid on September 21, 2011 to:

Tds Revocable Family Trust Dtd 9/29/98
T Dwight & Bonnie J Sper Ttees
1005 Cypress Ridge Ln
Las Vegas, NV 89144-1425

LEWIS AND ROCA LLP

/s/Renee L. Creswell
Renee L. Creswell