**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**AMENDED OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00484-1 IN THE AMOUNT OF $50,000 BY LESLIE B. HARKINS AND LINDA HARKINS; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for Hearing: 10 Minutes |

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00484-1 (the "Subject Proof of Claim") by Leslie B. Harkins and Linda

289182.1



Harkins Trustees of the Harkins Revocable Trust Dtd 8/23/01 (the "Harkins Trust") against USA Commercial Mortgage Company ("USACM") in the amount of $50,000.[1]

Here, the Subject Proof of Claim is based upon a $50,000 investment in the Hacienda Estate Loan. On July 29, 2009, the USACM Trust filed omnibus objections seeking to disallow claims arising out of the Hacienda Estate Loan. The Court sustained those objections at a hearing on October 5, 2009[2] and now the USACM Trust seeks the same treatment for the Subject Proof of Claim.

It appears that the Direct Lenders may have recovered their investments in the Hacienda Estate Loan. If that is <u>not</u> the case, this Objection will not impact the Harkins Trust's right to repayment from the borrower or to share in any proceeds generated from the sale of real property securing the Hacienda Estate Loan.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### II.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] See, e.g. DE Nos. 7604 and 7605.



contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### III.   BACKGROUND FACTS

#### a.   The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass").



The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

### b. The Hacienda Estate Loan

On June 20, 2005, La Hacienda Estate, LLC made and delivered to various lenders a Promissory Note, in an amount of $2,300,000 (the "Note"). Additional amounts were lent by Direct Lenders and the ultimate loan amount appears to have been $6,225,000.

The Hacienda Estate Loan is secured by a first position Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust") on real property and improvements thereon, as described in the Deed of Trust. The Deed of Trust was recorded on November 23, 2004 at Document No. 3132839 in the Official Records of the Washoe County Recorder, Nevada.

The property securing the Hacienda Estate Loan had an approximate value of $21,600,000 as of November 18, 2005 based on an appraisal by John S. Wright & Associates Real Estate Appraisals and Consulting dated January 27, 2006. Upon information and belief, the Hacienda Estate Loan was fully secured when the loan funded and when USACM sold its servicing rights to Compass Partners.

The Hacienda Estate Loan defaulted on November 24, 2006, but it appears that the principal balance may have been paid off since then.

### IV. OBJECTION

The Harkins Trust fails to state a claim because it has not been damaged by its investment in the Hacienda Estate Loan. First, the Direct Lenders got what they paid for. The Hacienda Estate Loan appears to have been fully secured when the loan funded and when USACM sold its servicing rights. USACM did not guarantee the Direct Lenders' investment in the Hacienda Estate Loan. The Direct Lenders took an obvious risk by

investing in a promissory note secured by an interest in real property. The USACM Trust is not responsible for the default of the Borrower or for any diminution in the value of the collateral.

Also, upon information and belief, the principal balance of the Hacienda Estate Loan may have been paid off. The Trust objects to the Direct Lenders' claims to the extent they are based on repaid principal.

Finally, the Harkin Trust fails to state a claim because USACM does not appear to have breached the servicing contract.

## V. CONCLUSION

Based on the foregoing, the USACM Trust objects to Proof of Claim No. 10725-00484-1 in the amount of $50,000 and asks that the Court disallow it in full. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 17th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

289182.1

**LEWIS AND ROCA LLP — LAWYERS**

1  Copy of the foregoing mailed by first class postage prepaid on
2  September 17, 2011 to:

3  Harkins 2001 Revocable Trust Dtd 8/23/01
   Leslie & Linda Harkins Ttees
4  5360 Bellazza Court
   Reno, NV  89519
5

6  LEWIS AND ROCA LLP

7   /s/Renee L. Creswell
   Renee L. Creswell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

289182.1