# LEWIS
### AND
# ROCA
#### LLP
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | CHAPTER 11 |
| Debtor. | **OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00506-2 IN THE AMOUNT OF $25,000 BY TDS REVOCABLE FAMILY TRUST; AND CERTIFICATE OF SERVICE** |
| | Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for Hearing: 10 Minutes |

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been properly entered into the database of Sierra Consulting and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's contain claims that relate to investments in loans that the USACM Trust has already processed. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00506-2 (the "Subject Proof of Claim") by TDS Revocable Family Trust



LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1   Dated 9/29/98 C/O T. Dwight Sper and Bonnie J. Sper Trustees ("TDS Family Trust")

2   against USA Commercial Mortgage Company ("USACM") in the amount of $25,000.[1]

3          Here, the Subject Proof of Claim is based upon a $25,000 investment in the

4   Fiesta/USA Stoneridge Loan.  On July 22, 2011, the USACM Trust filed omnibus

5   objections seeking to disallow claims arising out of the Fiesta/USA Stoneridge Loan. At

6   an omnibus hearing on August 30, 2011, the Court heard and sustained the Fiesta/USA

7   Stoneridge Loan omnibus objections.  The USACM Trust now seeks the same treatment

8   for the Subject Proof of Claim.  In support of the Fiesta/USA Stoneridge omnibus

9   objections, the USACM Trust filed the Declaration of Geoffrey L. Berman [DE 8688].

10  Trust will serve the claimant with a copy of the Berman Decl. because it is also cited

11  below in support of this objection. [2]

12          THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE

13  TDS TRUST'S RIGHT TO REPAYMENT FROM THE BORROWER OR TO SHARE

14  IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY

15  SECURING THE LOAN AT ISSUE.

16                  **MEMORANDUM OF POINTS AND AUTHORITIES**

17  **I.    JURISDICTION**

18          The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and

19  157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core

20  proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

21          The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and

22  Bankruptcy Rule 3007.

23

24  [1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

25  [2] To avoid confusion, the Trust will redact the hearing date shown on the Berman Decl. and remove
    Exhibit A to the Berman Decl.   Exhibit A to the Berman Decl. lists the Direct Lenders whose claims were
26  affected by the Fiesta/USA Stoneridge omnibus objections.  Those Direct Lender claims have no relevance
    to this objection.

289298.1



## II.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## III.    BACKGROUND FACTS

### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

289298.1



On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Fiesta/USA Stoneridge Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

289298.1



RCJ, along with certain affiliates.[3]  By Order entered on July 19, 2010 by the Hon. Robert

C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to

Cross, FLS.  The Fiesta/USA Stoneridge Loan was among those loans transferred to Cross

FLS Services.

The Trust has attempted to monitor loan collections through monitoring the district

court litigation and the ARC bankruptcy case, but has received limited information

concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or

their successors, including the trustee in bankruptcy for Asset Resolution.  The Trust has

also been in contact with Cross FLC about certain loans that it is servicing, but Cross FLC

is not servicing the Fiesta/USA Stoneridge Loan.  The following is the extent of the

USACM Trust's information on the current servicing and status of the Fiesta/USA

Stoneridge Loan.

### b.  The Fiesta/USA Stoneridge Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding

for an acquisition loan to a borrower identified as "a joint venture between Fiesta

Development, and USA Investment Partners -- an affiliate of USA Capital."  A copy of the

Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.**  (Berman

Decl., ¶ 4.)  The total loan amount proposed was $10,000,000.00.  *Id.*  The loan proceeds

were to be used by Borrower to complete the acquisition of the real property.  *Id.*  The

Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the

investment would be secured by a first deed of trust on approximately 640 acres located in

Riverside County - just east of Perris, California.  *Id.*  The Offer Sheet indicated that the

loan to value ratio would be approximately 58% of the current value of the property.[4]  *Id.*

---

[3] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

[4] The Trustee has been unable to locate an appraisal from 2003 that would support this valuation.

289298.1



LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

On September 22, 2003, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement, (Berman Decl., ¶ 5.)  The Note and Loan Agreement provided for a loan in the initial principal amount of $10,000,000.00.  *Id.*  The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Riverside County, California on June 22, 2004. (Berman Decl., ¶ 5.)  The Offer Sheet indicated that Joe Milanowski and Tom Hantges would personally guarantee repayment of the loan.  The Trustee cannot locate a signed personal guarantee from either person, however.  (Berman Decl., ¶ 5.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006.  (Berman Decl., ¶ 6.)  The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was "Interest Default".  (Berman Decl., ¶ 6.)

On March 22, 2005, the Borrower made and delivered a Loan Extension Agreement signed to USACM.  (Berman Decl., ¶ 7.)  Tom Hantges and Joe Milanowski signed the Loan Extension Agreement as guarantors.  (Berman Decl., ¶ 7.)

On March 29, 2006, the Borrower made and delivered a second Loan Extension Agreement to USACM.  (Berman Decl., ¶ 8.)  Tom Hantges and Joe Milanowski signed the second Loan Extension Agreement as guarantors.  (Berman Decl., ¶ 8.)

Counsel for the Trust has been in touch with Howard Justice of Debt Acquisition Company of America ("DACA") regarding the Fiesta/USA Stoneridge Loan.  Mr. Justice indicated that DACA purchased many Direct Lender interests in the loan.  Thus, many of the Direct Lenders were compensated in this fashion.  Further, Mr. Justice explained that the Promissory Note and Deed of Trust were eventually sold to a third party.  Thus, DACA and the remaining Direct Lenders received the value of the underlying collateral to the Fiesta/USA Stoneridge loan.  According to Mr. Justice, the terms of the sale are

289298.1



confidential. Although the USACM Trust has determined that the Direct Lenders did receive compensation on this loan, the USACM Trust has not been able to determine whether the Direct Lenders were fully compensated.

### IV.    OBJECTION

USA Investment Partners ("USA IP") held an interest in the Borrower and that interest was disclosed on the Offer Sheet described above and attached as **Exhibit B**.  As such, and unlike many of the other loans brokered by USACM, the Fiesta/USA Stoneridge Loan was not completely arms' length.  However, the Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet.  In addition, the Direct Lenders took an obvious risk by investing in a promissory note secured by a lien on real property.

Notwithstanding USA IP's involvement in the transaction, the Fiesta/USA Stoneridge Loan appears to have been a legitimate transaction that was secured by valuable collateral.  Additionally, the Direct Lenders recovered on their "secured" claims against the borrower (and not USACM) to the extent of the value of that collateral. USACM did not guaranty repayment of the loan by the Borrower.  The TDS Family Trust should not therefore be allowed a general unsecured claim based upon its investment in the Fiesta/USA Stoneridge Loan.

The TDS Family Trust fails to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Fiesta/USA Stoneridge Loan.

This objection will only affect the Direct Lenders' proof of claim to the extent that it is based upon an investment in the Fiesta/USA Stoneridge Loan.

289298.1

LEWIS
AND
ROCA
——LLP——
L A W Y E R S

1

## V.    CONCLUSION

2
    Based on the foregoing, the USACM Trust objects to Proof of Claim No. 10725-

3
00506-2 in the amount of $25,000 and asks that the Court disallow the claim in full.  The

4
USACM Trust also requests such other and further relief as is just and proper.

5
    DATED this 22nd day of September, 2011.

6
                                    LEWIS AND ROCA LLP

7

8
                                    By  /s/ John Hinderaker (#18024)
9                                       Robert M. Charles Jr. NV 6593
                                        John C. Hinderaker, AZ 18024 (*pro hac vice*)
10                                   3993 Howard Hughes Parkway, Suite 600
                                     Las Vegas, Nevada  89169
11                                   Telephone:  (702) 949-8200
                                     Facsimile:   (702) 949-8398
12                                   E-mail:  jhinderaker@lrlaw.com

13                                   *Attorneys for the USACM Liquidating Trust*

14   Copy of the foregoing and the Berman Decl. [DE 8688]
     with the hearing date redacted and Exhibit A to the declaration omitted
15   was mailed by first class postage prepaid on
     September 22, 2011 to:
16

17   TDS Revocable Family Trust Dtd 9/29/98
     T Dwight & Bonnie J Sper Ttees
18   1005 Cypress Ridge Lane
     Las Vegas, NV  89144-1425
19

20   LEWIS AND ROCA LLP

21    /s/Renee L. Creswell
     Renee L. Creswell
22

23

24

25

26

289298.1