**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Chapter 11 |
| Debtor. | **OBJECTION OF USACM TRUST TO PROOFS OF CLAIM FILED BY DEVELOPERS CAPITAL FUNDING CORPORATION** |
| | Date of Hearing:  November 15, 2011<br>Time of Hearing:   1:30 p.m.<br>Estimated Length of Hearing:  10 minutes |

The USACM Liquidating Trust (the "USACM Trust") moves this Court, pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing the Proof of Claim 10725-00217 ("Claim 217") and 10725-00224 ("Claim 224," together, the "Claims") filed by Doug Esteves ("Esteves") of Developers Capital Funding Corporation ("Developers") against USA Commercial Mortgage Company ("USACM").  Copies of the claims are attached as **Exhibits A** and **B.** Developers asserts that it is owed $370,250 in what appear to be brokerage fees, but despite producing additional documentation, Developers has failed to provide any evidence that it is entitled to the fees requested.

2458936.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND FACTS

### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

2458936.1

### III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. THE CLAIMS

The basis for Claim 224 is "Services Performed" in the amount of $282,750.00. The only supporting documentation attached to Claim 224, however, is an April 4, 2006 check from USACM for $282,750.00 that was returned unpaid. It is unclear what the check is for, why Developers received it, or why USACM was sending Developers a $282,750 check one week prior to filing for bankruptcy.[1]

The basis for Claim 217 is also "Services Performed," this time in the amount of $87,500. The only documentation attached to support Claim 217, however, is a "Payroll Request" *from* Doug Esteves for a 15% brokerage fee and a $20,000 production bonus on a loan to The Gardens, LLC, sometimes referred to as the Gardens Timeshare Resort Loan. The Payroll Request is signed by Esteves, but is undated and on letterhead from

---

[1] Payment of the April 4, 2006 check would have resulted in the Trust asserting a claim for a voidable transfer against Developers on many if not most of the same grounds for which these claims are being objected to. Of course, as the payment did not clear the Bank due to the intervening bankruptcy, no voidable transfer occurred.

USA Capital, *not* Developers.  There is nothing attached to Claim 217 that would support or prove (a) that Developers is entitled to the payment, (b) that there is a contract between Developers and USACM giving rise to a right to the payment, (c) that Developers performed any uncompensated services for USACM, or (d) that Developers (or Esteves) is entitled to be compensated as a third party, rather than as an *employee* of USACM or USA Capital.

## V. THE OBJECTION

The Trustee previously objected to the Claims pursuant to Bankruptcy Rule 3001(c), on the basis that insufficient documentation or information was provided to justify the Claims [DE 7063].  The Trustee withdrew the objection without prejudice to refile an objection to the Claims after Developers provided the Trustee with documentation that purported to support the Claims.  The documents do not.

On May 22, 2009 Developers sent the Trustee a letter attaching seven exhibits.  The documentation does not establish a right to the funds claimed in 224 and 217, or explain why Developers should have been paid $282,750 shortly before USACM filed for bankruptcy.  In summary:

- Ex. 1 is an email from Esteves to Hantges outlining his expected "compensation." It is not a binding contract, or even a signed document.  Thus, it remains unknown whether USACM ever agreed to these terms.

- Ex. 2 is a letter terminating Esteves' employment with USACM.  It does not support the Claims at issue; it merely establishes that Esteves (not Developers) was employed by USACM.

- Ex. 3, an Assignment of Invention and Nondisclosure Agreement, likewise establishes only that Esteves was an employee.

- Ex. 4 contains two Earnings Statements from 2005.  At best, the earning statements establish that Esteves, at one point, may have received a 15% cut of the lender's fee on two loans unrelated loans:  Cottonwood Hills and Creekside Condominiums, but they do not establish that Esteves or Developers is owed more money.

- Ex. 5 attaches another Payroll Request for a 15% fee purportedly due to Developers for the work on the Placer Vineyards loan. The documentation, however, does not establish that Esteves or Developers were entitled to be paid that fee, or that they are entitled to more money.

- Ex. 6 is a 1099 from 2005. It establishes only that Developers was paid $484,811 in non-employee compensation in 2005.

- Ex. 7 attaches a 2005 and a 2006 W2 for Esteves and a 2006 1099 for Developers Capital.

At best, these exhibits establish that Esteves or Developers were paid monies by USACM at one point in time. They do not establish a right to the payments demanded by the Claims, nor do they indicate what Developers did to earn the payments demanded in the Claims.

On August 5, 2009, counsel for Developers provided additional documentation. These documents, while voluminous, are likewise insufficient to establish that Developers is entitled to the funds requested in the Claims. Although the documentation includes various payroll requests, there are no contracts, no signed documents, and no evidence that Developers earned the fees requested. Because the documents provided by the claimant are voluminous, the USACM Trust has attached a summary of those documents for the Court as **Exhibit C. Exemplars of these documents are provided with Exhibit C.[2]**.

Consequently, the Trustee renews its objection to the Claims. Developers has not demonstrated (a) that it earned the amounts requested or (b) that USACM was obligated to pay the amounts requested. Moreover, despite the documents provided to the Trustee, the Claims continue to run afoul of Bankruptcy Rule 3001(c), as the documentation, although ample, fails to support the asserted claims.

## VI. CONCLUSION

---

[2] The Trust will provide the Court with copies of all documents provided by counsel to Developers/Esteves if the Court wishes to review all such documents. As noted above, the Trust is providing the Court with exemplars so that the Trust's objection to these claims is supported by more than mere assertion.

LEWIS AND ROCA LLP LAWYERS

1  The USACM Trust respectfully requests that the Court disallow the Claims filed by
2  Developers against USACM and attached hereto as **Exhibits A** and **B**, because the
3  claimant has not established the claimed right to payments from USACM.  The USACM
4  Trust also requests such other and further relief as is just and proper.
5  Dated:  September 23, 2011.

LEWIS AND ROCA LLP

By  s/John Hinderaker (AZ 18024)
   Robert M. Charles, Jr., NV 6593
   John Hinderaker, AZ 18024 (*pro hac vice*)
   Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent
portion of Exhibits mailed by first
class postage prepaid U.S. Mail on
September 23, 2011 to:

Doug Esteves
Developers Capital Funding Corporation
2040 S. Alma School Rd., Suite 1
Chandler, AZ 85286-7076


LEWIS AND ROCA LLP


  s/ Matt Burns,
Matt Burns,  Paralegal

6

2458936.1