30 August, 2011

Judge Linda B. Riegle
U.S. Bankruptcy Court
Foley Federal building
300 Las Vegas Blvd. South, 3rd Floor
Courtroom # 1
Las Vegas, Nevada 89101 - 5833

RECEIVED
AND FILED

SEP 0 0 2011

Re:    USA Commercial Mortgage Company, Debtor
        Case No. BK-S-06-10725-LBR
        Hearing Date: 30 September, 2011
        Hesperia II Loan

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Honorable Judge Riegle:

This is written as a notice of objection. Inasmuch as I on behalf of the U.S. Government represent you, the debtor and the filing attorney with regard to certain honest government dealings in Indonesia, we will be unable to attend the scheduled hearing. It is noted that the time is brief, so that it appears there will not be much discussion.

Nevertheless, I would expect that the filing attorney would be required to submit sound "information" to justify what appears to be a frivolous effort to provide an escape for the obligated debtors. The statement that we "took an obvious risk" could apply to almost any business venture around the world. It is difficult to understand why the document states that there was no guarantee of repayment.

As we have reviewed our documents it seems very clear that there was a written <u>guarantee</u> for repayment signed by the debtor (copy enclosed). If there was not an intent / obligation to stand behind the loan commitment, why was a guarantee provided?

Further if USACM had performed responsibly as expected by law, foreclosure would have been initiated long before the current crash of the investment market. In recovery, the property itself would have provided most of the required recovery of funds.

In considering the investment, the loan to value for this investment was presented as 67% which is a reasonable rate for recovery. We have conducted this kind of investment since 1977 successfully and at one time actively operated our own investment company for such loans on a smaller basis (Investment Industries, Inc – Montana). We are and were aware of the risks and methods needed to successfully proceed with such a lending process, and until this period have never had a problem with the process. We have enclosed a copy of the loan guarantee very clearly signed by the Debtor, along with certain portions of the Promissory Note (see item 10 – Waivers). Considering the lengthy period of these and related proceedings, we are sure you have copies of the complete documents. If not they can be provided

RCA By CAI 9/23/11

Further please note the "indemnity "clause (8.6) included in the loan agreement which the "Borrower indemnifies Lender......"

In addition please note the copy of the USA Capitol statement of guarantee. To us in that statement of Guarantee it is implied that the two borrowers (Debtors) have sufficient personal funds and will stand behind any potential default.

It is our opinion that those funds ought to be directly resourced to satisfy all of ours and other lender's outstanding debt.

Therefore, there is no basis to arbitrarily propose or affect any sort of reduction in the value of our claim. The borrowers knew what they were doing just as well as we knew what we were doing. It remains our opinion, though it is not the intent of this motion, that all parties (borrowers and brokers) should be tried for fraud. You are respectfully requested to deny the request to reduce the amount of our documented value for our investment along with the outstanding interest.

Sincerely,

Roy R. Ventura, Jr., P.E.
USAID – Indonesia

c       John Hinderaker, Lewis and Roca, llp lawyers

**Roy Ventura**

| | |
|---|---|
| **From:** | "Roy Ventura" <rventura@accessme.com.jo> |
| **To:** | "Janet Szabo" <jszabo@usasfund.com> |
| **Sent:** | Tuesday, February 28, 2006 10:28 PM |
| **Subject:** | Re: HFA-Clear Lake |

Janet,

We are interested in the HFA-Clear Lake offer noted as interest at 12%. The value of the noted investment is $30,000.00. The property is located as noted below.

If the investment is available, please provide the paperwork and we will forward the money.

Thank you,

Roy

—— Original Message ——
**From:** Janet Szabo
**To:** 'Roy Ventura'
**Sent:** Tuesday, February 28, 2006 9:53 PM
**Subject:** HFA-Clear Lake

This one only has $30K and we can take below our minimum for loans that have gone into extension. This one is extending for one year. Jane't

# **First Trust Deed Investment**

**Borrower:** Homes for America Holding
Homes for America, a real estate investment company specializing in the acquisition, construction, and rehabilitation of select low-income and special situation residential properties throughout the United States
Homes for America, an SEC reporting company with nearly $188 million in gross assets and controlling approximately 1,800 apartment units primarily in Texas and Florida, with a cumulative annual NOI of approximately $7.7 million.

The company focuses on value-added acquisitions of multi-family properties and leverages its position with astute use of government financing programs such as FNMA, FHA, HUD, and tax-free debt instruments. In addition, Homes for America is involved in selected urban development projects in which it can provide value-added development in conjunction with government subsidies or tax breaks.

**Loan Amount:** $16,050,000

**Maturity:** January 7, 2007

**Rate:** 12 % net

**Loan-to-Value:** Approximately 56% based on an appraisal from CB Richard Ellis dated December 15, 2005

2/28/2006

**Collateral:**     First Deed of Trust on approximately 11 acres of land in West Palm Beach, Florida.

**Use of Proceeds:**     The proceeds of this loan acquired the property and provided funds for the pre-development of the excess land for the construction of condominiums.

**The Project:**     The property includes a 180-unit apartment complex, with units ranging in size from 775 to 1,080 square feet per unit. The site recently received approvals for 590 new condominium units, which will replace the existing apartments. Homes for America begun taking reservations for the units In October 2005, and currently 199 units have executed contracts. Construction for Phase I is expected to start in second quarter 2006 with an estimated completion date of fourth quarter 2007 and will contain one, 12-story tower containing 107 residential units, one, 16-story tower containing 143 residential units, one, six-story parking garage containing 30 residential lofts and 567 parking spaces, and a single story 3,206 square foot club house.

The site is located on Clear Lake in West Palm Beach, Florida, within 5 to 10 minutes from Palm Beach International Airport, The Intercoastal Waterway, Clematis Street District, a large retail shopping mall and many golf courses.

**The Developer:**     The project is being developed by Homes for America Holdings, Inc. a prior borrower of USA Capital. The company has been involved in the purchase, rehabilitation, and management of nearly 2,000 apartment units primarily in Texas and Florida. Homes for America is currently working on the rehabilitation and stabilization of- the historic Colt Arms factory, or Coltsville Heritage Park, in downtown Hartford, Connecticut.

Homes for America has been a borrower of USA Capital since December 1998. In that time USA has funded 14 loans for the company, 7 loans have paid as agreed, and the remaining 7 are all paid current to date.

**Guarantees:**     The loan will be guaranteed by Homes for America Holdings, Inc. The company has an estimated market value of equity in their existing properties of approximately $88 million.

2/28/2006



# PROMISSORY NOTE

$14,800,000                                                              Las Vegas, Nevada
                                                                        January 6, 2005

This Promissory Note ("Note"), dated January 6, 2005, is made and delivered by HFAH Clear Lake LLC, a Florida limited liability company ("Borrower"), in favor of USA Capital Diversified Trust Deed Fund, LLC, a Nevada limited liability company ("Lender").

FOR VALUE RECEIVED, Borrower promises to pay to Lender, or order, the principal sum of Fourteen Million Eight Hundred Thousand Dollars ($14,800,000) (the "Note Amount"), together with interest as provided herein.

1.     <u>Interest Rate</u>. Interest shall accrue on the outstanding portion of the Note Amount, from the date Lender initially disburses such funds until the date the Note Amount is paid in full, at the rate of twelve and one half percent (12.5%) per annum. Interest shall be calculated on the basis of a 360-day year and actual days elapsed. Accrued but unpaid interest shall not be compounded.

2.     <u>Payments</u>. Monthly interest on the Note Amount shall be due and payable on the first day of each month, in arrears. For example, interest that accrues in the month of May will be due and payable on June 1, and will be calculated on the amount due under the Note on that day. All payments shall be made in lawful money of the United States of America and in immediately available funds at Lender's office, the address for which is specified below, or at such other place as the Lender hereof may from time to time direct by written notice to Borrower.

3.     <u>Maturity Date</u>. If not sooner paid, the outstanding principal balance under this Note, all accrued and unpaid interest, and all other amounts due under the terms of this Note shall be due and payable in full on or before January 7, 2006 (the "Maturity Date").

4.     <u>Application of Payments</u>. All payments on this Note shall, at the option of the Lender hereof, be applied first to the payment of accrued interest then payable.

5.     <u>Prepayment</u>. At any time prior to the Maturity Date, Borrower may prepay this Note in full or in part.

6.     <u>Collateral</u>. This Note is secured by a Mortgage on real property in Palm Beach County, Florida.

7.     <u>Defaults; Acceleration</u>. The occurrence of any Event of Default (as hereinafter defined) shall be a default hereunder. Upon the occurrence of a default, Lender may declare the entire principal balance of the Note then outstanding (if not then due and payable), and all other obligations of Borrower hereunder, to be due and payable immediately. Subject to the applicable

1

provisions of law, upon any such declaration, the principal of the Note, any accrued and unpaid interest, and all other amounts to be paid under this Note shall become due and be immediately payable, anything in this Note to the contrary notwithstanding.

The occurrence of any one or more of the following, whatever the reason therefor, shall constitute an "Event of Default" hereunder:

(a)    Borrower shall fail to pay, within five days of when due, any amount due pursuant to the Note; or

(b)    Borrower or any guarantor ("Guarantor") of the Note shall fail to perform or observe any term, covenant or agreement contained in the Note or any guaranty executed and delivered concurrently herewith on its part to be performed or observed, other than the failure to make a payment covered by subsection (a), and such failure shall continue uncured as of ten (10) calendar days after written notice of such failure is given by Lender to Borrower; provided, however, that if the default cannot be cured in 10 days but Borrower is diligently pursuing the cure, then Borrower shall have thirty (30) days after written notice to effect the cure (the cure period set forth in this subsection (b) shall not apply to any other Event of Default); or

(c)    any representation or warranty contained in any document made or delivered pursuant to or in connection with this Note proves incorrect or to have been incorrect in any material respect when made; or

(d)    Borrower (which term shall include any entity comprising Borrower) is dissolved or liquidated, or otherwise ceases to exist, or all or substantially all of the assets of Borrower are sold or otherwise transferred without Lender's written consent; or

(e)    Borrower or any Guarantor is the subject of an order for relief by the bankruptcy court, or is unable or admits in writing its inability to pay its debts as they mature, or makes an assignment for the benefit of creditors; or Borrower or any Guarantor applies for or consents to the appointment of any receiver, trustee, custodian, conservator, liquidator, rehabilitator or similar officer ("Receiver"); or any Receiver is appointed without the application or consent of Borrower or any Guarantor, as the case may be, and the appointment continues undischarged or unstayed for thirty (30) calendar days; or Borrower or any Guarantor institutes or consents to any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, dissolution, custodianship, conservatorship, liquidation, rehabilitation or similar proceedings relating to it or to all or any part of its property under the laws of any jurisdiction; or any similar proceeding is instituted without the consent of Borrower or any Guarantor, as the case may be, and continues undismissed or unstayed for thirty (30) calendar days; or any judgment, writ, attachment, execution or similar process is issued or levied against all or any part of the Property of Borrower or any Guarantor, and is not released, vacated or fully bonded within thirty (30) calendar days after such issue or levy; or

2

(f)    there shall occur a material adverse change in the financial condition of Borrower or any Guarantor from their respective financial conditions as of the date of this Note, as determined by Lender in its reasonable discretion; or

(g)    any Loan Document, at any time after its execution and delivery and for any reason other than the agreement of Lender or the satisfaction in full of all indebtedness and obligations of Borrower under the Loan Documents, ceases to be in full force and effect or is declared to be null and void by a court of competent jurisdiction; or Borrower or any trustee, officer, director, shareholder or partner of any entity comprising Borrower or any Guarantor claims that any Loan Document is ineffective or unenforceable, in whole or in part, or denies any or further liability or obligation under any Loan Document, unless all indebtedness and obligations of Borrower thereunder have been fully paid and performed.

8.    Late Charge.  Borrower acknowledges that if any interest payment is not made when due or if the entire amount due under this Note is not paid by the Maturity Date, or, if accelerated as permitted by this Note or any other Loan Document, the Lender hereof will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because the actual damages suffered by the Lender hereof by reason of such extra administrative expenses and loss of use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that five percent (5%) of the amount so delinquent shall be the amount of damages to which such Lender is entitled, upon such breach, in compensation therefor.  Therefore, Borrower shall, in the event any required payment is not paid within five days of when such payment becomes due and payable pursuant to Sections 2 and 3, above, and without regard to any default notice under Section 7(a), and without further notice, pay to the Lender hereof as such Lender's sole monetary recovery to cover such extra administrative expenses and loss of use of funds, liquidated damages in the amount of five percent (5%) of the amount of such delinquent payment.  The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of the obligation of Borrower to make timely payments hereunder, including timely payment of any accelerated amount.  Nothing in this Note shall be construed as an express or implied agreement by the Lender hereof to forbear in the collection of any delinquent payment or in exercising any of its rights and remedies under the Loan Documents, or be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise.  The right of the Lender hereof to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of such Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any security for this Note or to declare a default hereunder or under any security for this Note.

9.    Default Rate.  From and after the Maturity Date or, if any Event of Default occurs and is not timely cured, from the date the payment was due regardless of any cure period provided in the notice of default, through and including the date such default is cured, at the option of the Lender hereof, all amounts owing under the Note and all sums owing under all of the Loan Documents shall bear interest at a default rate equal to twenty percent (20%) per annum ("Default

3

Rate"). Such interest shall be paid on the first day of each month thereafter, or on demand if sooner demanded.

10.    Waivers.  Borrower waives any right of offset it now has or may hereafter have against the Lender hereof and its successors and assigns. Borrower waives presentment, demand, protest, notice of protest, notice of nonpayment or dishonor and all other notices in connection with the delivery, acceptance, performance, default or enforcement of this Note.  Borrower expressly agrees that any extension or delay in the time for payment or enforcement of this Note, or renewal of this Note and to any substitution or release of the Property, all without any way affecting the liability of Borrower hereunder.  Any delay on Lender's part in exercising any right hereunder, or under any of the Loan Documents, shall not operate as a waiver.  Lender's acceptance of partial or delinquent payments, or the failure of Lender to exercise any rights, shall not waive any obligation of Borrower or any right of Lender, or modify this Note, or waive any other similar default.

11.    Costs of Collection.  Borrower agrees to pay all costs of collection when incurred in the exercising or preserving of any rights or remedies in connection with the enforcement and administration of this Note, or following a default by Borrower, including but not limited to actual attorneys' fees.  If any suit or action is instituted to enforce this Note, Borrower promises to pay, in addition to the costs and disbursements otherwise allowed by law, such sum as the court may adjudge reasonable attorneys' fees in such suit or action.

12.    Usury.  Borrower hereby represents that this loan is for commercial use and not for personal, family or household purposes. It is the specific intent of the Borrower and Lender that this Note bear a lawful rate of interest, and if any court of competent jurisdiction should determine that the rate herein provided for exceeds that which is statutorily permitted for the type of transaction evidenced hereby, the interest rate shall be reduced to the highest rate permitted by applicable law, with any excess interest theretofore collected being applied against principal or, if such principal has been fully repaid, returned to Borrower upon written demand.

13.    Notices.  All notices to be given pursuant to this Note shall be sufficient if given by personal services, by guaranteed overnight delivery services, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the date after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**        HFAH Clear Lake LLC
c/o Homes for America Holdings, Inc.
One Odell Plaza
Yonkers, New York  10701
Attn. President

4

**LENDER'S ADDRESS:**      USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn. Joseph D. Milanowski

14.    <u>Assignment By Lender</u>. Lender may assign its rights hereunder or obtain participants in this Note at any time, and any such assignee, successor or participant shall have all rights of the Lender hereunder.

15.    <u>Multiple Parties</u>. A default on the part of any one entity comprising Borrower or any Guarantor of this Note shall be deemed a default on the part of Borrower hereunder.

16.    <u>Construction</u>. This Note and all security documents and guaranties executed in connection with this Note have been reviewed and negotiated by Borrower, Lender and Guarantors at arms' length with the benefit of or opportunity to seek the assistance of legal counsel and shall not be construed against either party. The titles and captions in this Note are inserted for convenience only and in no way define, limit, extend, or modify the scope or intent of this Note.

17.    <u>Partial Invalidity</u>. If any section or provision of this Note is declared invalid or unenforceable by any court of competent jurisdiction, said determination shall not affect the validity or enforceability of the remaining terms hereof. No such determination in one jurisdiction shall affect any provision of this Note to the extent it is otherwise enforceable under the laws of any other applicable jurisdiction.

18.    <u>Governing Law; Jurisdiction; Waiver of Jury Trial</u>.

(a)    This Note shall be construed according to and governed by the laws of the State of Nevada, without regard to its choice of law provisions.

(b)    **BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (i) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEVADA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELAT NG TO THIS NOTE, OR ANY OTHER OF THE LOAN DOCUMENTS, (ii) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN CLARK COUNTY, NEVADA, (iii) SUBMITS TO THE JURISDICTION OF SUCH COURTS, AND, (iv) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY FORUM OTHER THAN CLARK COUNTY, NEVADA (BUT NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM). BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL**

5

PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO THE BORROWER AT THE ADDRESS FOR NOTICES DESCRIBED IN SECTION 13 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

(c)    BORROWER, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THE INDEBTEDNESS SECURED HEREBY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, TRUSTEE OR BORROWER, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, EMPLOYEES, AGENTS OR ATTORNEYS, OR ANY OTHER PERSONS AFFILIATED WITH LENDER, TRUSTEE OR BORROWER, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

**BORROWER:** HFAH Clear Lake LLC

By: _____

Robert M. Kohn, Manager

6

## EXHIBIT "A"

### LENDERS

| | Names | Amount |
|---|---|---|
| 1. | Ali M. Abyane & Soheila M. Abyane Trustees of the Abyane Family Trust dated 2/7/92 | $50,000 |
| 2. | Daniel C. Altman and Barbara A. Altman, Trustees of the Altman Living Trust dated 11/4/04 | $150,000 |
| 3. | Charles B. Anderson Trustee of the Charles B. Anderson Trust | $100,000 |
| 4. | Rita P. Anderson Trustee FBO Rita P. Anderson Trust | $100,000 |
| 5. | Daniel C. Barcia, a married man dealing with his sole & separate property | $50,000 |
| 6. | Lidia Bazzoli & Daniela Bazzoli-Ferrari, joint tenants with right of survivorship | $50,000 |
| 7. | Jack J. Beaulieu Trustee of the Jack J. Beaulieu Revocable Living Trust dated 9/1/94 | $150,000 |
| 8. | Kenneth R. Becker & Joanne T. Becker, husband & wife, Grace Becker & Sarah Becker, their minor children with right of survivorship | $100,000 |
| 9. | Larry E. Bell & Garnet F. Bell, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 10. | Joseph C. Bellan & Verna J. Bellan Trustees of the Joseph C. Bellan & Verna J. Bellan Revocable Living Trust dated 2/4/00 | $50,000 |
| 11. | David P. Betteridge, a single man | $60,000 |
| 12. | Virgil L. Birgen & La Donna F. Birgen Trustees of the Birgen Charitable Trust dated 8/1/90 | $100,000 |
| 13. | Virgil Leo Birgen & La Donna Frances Birgen Trustees of the Birgen Family Trust | $50,000 |
| 14. | Gerald L. Bittner, D.D.S., a Sole Proprietor Profit Sharing Plan | $75,000 |
| 15. | Rene C. Blanchard Trustee of the Rene C. Blanchard Charitable Remainder Trust dated 5/6/04 | $100,000 |
| 16. | Rene C. Blanchard Trustee of the Rene C. Blanchard Revocable Living Trust dated 2/14/73 | $50,000 |
| 17. | William Bolding & Carolyn Bolding, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 18. | James R. Bonfiglio & Donna M. Bonfiglio Trustees of the Bonfiglio Family Limited Partnership | $100,000 |
| 19. | John Borkoski & Kathleen Borkoski, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 20. | Raymond Brahy & Rita Brahy, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 21. | John S. Broders, an unmarried man | $50,000 |
| 22. | Howard D. Brooks & Doreen C. Brooks Trustees of the Brooks Living Trust dated 6/30/97 | $50,000 |
| 23. | First Savings Bank Custodian For Edward Burgess IRA | $75,000 |

7

| | | |
|---|---|---|
| 24. | Peter W. Capone & Deidre D. Capone, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 25. | Alta Funding, Inc., a Florida corporation | $100,000 |
| 26. | Maurice A. Cauchois & Jacqueline M. Cauchois Trustees of the M & J Cauchois Family Trust dated 2/25/93 | $50,000 |
| 27. | A William Ceglia, a married man dealing with his sole & separate property | $110,000 |
| 28. | Don Chapin, a single man | $50,000 |
| 29. | Kar Sei Cheung, a married woman dealing with her sole & separate property | $50,000 |
| 30. | Jack R. Clark & Linda C. Reid, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 31. | George S. Cohan Trustee of the George S. Cohan & Natalie H. Cohan Family Trust dated 4/1/03 | $200,000 |
| 32. | First Savings Bank Custodian For Peter C. Cranston IRA | $60,000 |
| 33. | Gary W. Crowe & Susan R. Crowe Trustees of the Crowe 1989 Family Revocable Trust dated 6/29/89 | $100,000 |
| 34. | Wen Dai & Zhimin Chen, husband & wife as joint tenants with right of survivorship | $50,000 |
| 35. | Laura Dashosh, an unmarried woman | $50,000 |
| 36. | Martin A. Davis & Virginia Lee Davis Trustees of the Davis Family 2000 Trust | $100,000 |
| 37. | Nancy R. Davis Trustee of the Nancy R. Davis Defined Benefit Plan | $50,000 |
| 38. | S & P Davis Limited Partnership, a Texas Partnership | $50,000 |
| 39. | Tracy A. DeBerry, an unmarried man | $50,000 |
| 40. | James D. Dery & Ann R. Dery, husband & wife | $75,000 |
| 41. | Eric C. Disbrow Trustee of the Eric C. Disbrow MD Inc. Profit Sharing Plan | $50,000 |
| 42. | Arthur T. Donaldson, a married man dealing with his sole & separate property | $300,000 |
| 43. | Mieko Donovan & Richard Donovan, as joint tenants with right of survivorship | $100,000 |
| 44. | Panagiotis Dovanidis, a single man & Dimitra Dovanidou, a married woman dealing with her sole & separate property, as joint tenants with right of survivorship | $50,000 |
| 45. | Daniel Drubin & Laura Drubin, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 46. | Mary Ann Earp, a single woman & Mary H. Earp, a married woman dealing with her sole & separate property, as joint tenants with right of survivorship | $60,000 |
| 47. | Schwartz & Earp Joint Venture | $57,000 |
| 48. | American Professional Valuation, LLC., a Nevada limited liability company | $50,000 |
| 49. | Allan R. Eisenbach & Jayne M. Eisenbach, husband & wife, as joint tenants with right of survivorship | $100,000 |

8

| | | |
|---|---|---|
| 50. | Dr. David R. Enrico & Dr. Bonny K. Enrico, husband & wife, as joint tenants with right of survivorship | $95,000 |
| 51. | Frank E. Ensign, a single man | $50,000 |
| 52. | Caspar H. Escher, Jr., an unmarried man | $100,000 |
| 53. | William H. Favro & Carol M. Favro Trustees of the Favro Trust dated 9/14/00 | $50,000 |
| 54. | Larry Fernandez Trustee of the Fernandez Family Trust dated 6/20/84 | $100,000 |
| 55. | First Savings Bank Custodian For R. David Ferrera IRA | $50,000 |
| 56. | R. David Ferrera Trustee of the Sacramento Research Medical Group Defined Benefit Pension Plan | $50,000 |
| 57. | First Savings Bank Custodian For Lynn Fetterly IRA | $70,000 |
| 58. | Lewis Fine & Arlene J. Fine, husband & wife | $80,000 |
| 59. | Daniel K. Fix & Barbara J. Fix Trustees of the Daniel K. Fix & Barbara J. Fix Family Trust | $250,000 |
| 60. | Anne Flannery, an unmarried woman | $50,000 |
| 61. | Martin L. Flax & Joan Flax Trustees of the Flax Family Trust dated 6/3/99 | $50,000 |
| 62. | Dennis Flier Trustee of the Dennis Flier, Inc. Defined Benefit Trust dated 6/29/87 | $100,000 |
| 63. | David Fossati, a single man | $160,000 |
| 64. | Robert Geiger & Ruth Geiger, husband & wife | $50,000 |
| 65. | Stanley C. Germain & Dorothy Germain, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 66. | Gale Gladstone-Katz Trustee of the Gale Gladstone-Katz Revocable Living Trust dated 12/10/03 | $50,000 |
| 67. | Barry J. Goldstein & Patricia B. Goldstein, as joint tenants with right of survivorship | $50,000 |
| 68. | Robin B. Graham Trustee of the Graham Family Marital Trust B dated 2/13/97 | $100,000 |
| 69. | First Savings Bank Custodian for Michael H. Greeley IRA | $50,000 |
| 70. | Michael H. Greeley Trustee of the Michael Greeley Trust dated 7/27/00 | $50,000 |
| 71. | Kim W. Gregory & Debbie R. Gregory Trustees of the Gregory Family Trust of 1988 | $50,000 |
| 72. | Edwin C. Hansen & Rachel M. Hansen, as joint tenants with right of survivorship | $130,000 |
| 73. | MLH Family Investment Limited, a Texas company | $100,000 |
| 74. | Kurt Harms & Sandra Harms, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 75. | Kay Hart, an unmarried woman | $100,000 |
| 76. | Edwin L. Hausler, Jr., Trustee for the Edwin Lowell Hausler, Jr Living Trust dated 1/3/92 | $50,000 |
| 77. | Kimberly Havins Trustee of the Paepae Estate Trust dated 05/01/00 | $80,000 |
| 78. | Michael T. Heffner & Barbara C. Heffner Trustees of the Heffner Family Trust dated 9/10/02 | $100,000 |
| 79. | Terry Helms Trustee of the Terry Helms Living Trust dated 11/11/94 | $100,000 |
| 80. | Jay E. Henman Trustee of the Jay E. Henman Retirement Plan | $50,000 |

9

| | | |
|---|---|---|
| 81. | First Trust Company of Onaga Custodian For Brenda High IRA | $71,000 |
| 82. | First Trust Company of Onaga Custodian for Hamilton High IRA | $66,000 |
| 83. | Homfeld II, LLC, a Florida limited liability company | $300,000 |
| 84. | Charles D. Hopson Trustee of the Charles D. Hopson Living Trust dated 2/20/96 | $100,000 |
| 85. | Mila Horak, an unmarried woman | $50,000 |
| 86. | Carole Jaffe In Trust For Ken M. Jaffe & Amy Jaffe-Rosen | $50,000 |
| 87. | Albert Johnson Jr. & Norma J. Johnson Trustees of the Johnson Family Trust dated 2/17/98 | $60,000 |
| 88. | Delbert T. Johnston, Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000 |
| 89. | Everett H. Johnston Trustee of the Everett H. Johnston Family Trust dated 1/24/90 | $100,000 |
| 90. | Robert J. Kehl & Ruth Ann Kehl, husband & wife, as joint tenants with right of survivorship | $1,000,000 |
| 91. | David W. Knobel & Anna S. Knobel Trustees of the 1996 Knobel Trust dated 9/5/96 | $50,000 |
| 92. | Guenther A. Kohler & Elfriede Kohler Trustees of the 1989 Kohler Living Trust dated 6/13/89 | $200,000 |
| 93. | Lammert Kuiper, Jr. & Audrey H. Kuiper Trustees of the Kuiper Trust | $50,000 |
| 94. | Michael LaTorra & Joan LaTorra, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 95. | Suzanne Liewer Trustee of the Suzanne Liewer 2000 Revocable Trust dated 1/18/00 | $50,000 |
| 96. | Verusio Solutions, LLC, Jay Lim, Manager | $75,000 |
| 97. | Helen C. Makepeace Trustee of the Helen C. Makepeace Survivor's Trust UAD 06/18/97 | $50,000 |
| 98. | Jeffrey C. Manna & Nelda M. Manna Trustees of the Manna Family Trust dated 6/13/96 | $50,000 |
| 99. | Gilbert Manuel, Trustee of the Gilbert Manuel Living Trust dated 1/3/92 | $50,000 |
| 100. | Todd McGillick Trustee of TK & Associates | $50,000 |
| 101. | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 |
| 102. | Rosemarie L. McMullin, as her separate property under the Phillip E. McMullin & Rosemarie L. McMullin Family Trust dated 4/4/80 and amended 3/19/94 | $50,000 |
| 103. | David McPherson & Susan McPherson, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 104. | ACS Properties, Inc. | $100,000 |
| 105. | R. G. Messersmith & Deaun Messersmith, as joint tenants with right of survivorship | $50,000 |
| 106. | Michaelian Holdings, LLC, a Nevada limited liability company | $50,000 |
| 107. | Gary A. Michelsen, an unmarried man | $50,000 |
| 108. | Robert D. Mierau & Sandra J. Mierau Trustees of the Mierau Living Trust dated 9/14/98 | $50,000 |

| | | |
|---|---|---|
| 109. | Sandra M. Mogg Trustee of the Sandra M. Mogg Revocable Living Trust dated 4/9/04 | $50,000 |
| 110. | Matthew Molitch Trustee of the Molitch 1997 Trust | $50,000 |
| 111. | Monighetti, Inc., a Nevada corporation | $50,000 |
| 112. | Ronald K. Montesano Trustee for the benefit of The Underpass Trust | $50,000 |
| 113. | Jerry Moreo, an unmarried man | $100,000 |
| 114. | Paula Morgan Trustee of the P. Morgan Trust dated 7/1/88 | $50,000 |
| 115. | Lamoine Murray & Lois H. Murray, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 116. | Equity Trust Company Custodian For the Benefit of the Fred G. Neufeld IRA | $50,000 |
| 117. | Daniel D. Newman Trustee of the Daniel D. Newman Trust dated 11/1/92 | $70,000 |
| 118. | Richard A. Nielsen Incorporated Profit Sharing Plan | $100,000 |
| 119. | Robert L. Ogren Trustee for the benefit of the Robert L. Ogren Trust dated 6/30/92 | $60,000 |
| 120. | David M. Olds & Sally W. Olds, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 121. | Libby A. Opella with transfer on death to Diane Schierer | $50,000 |
| 122. | William J. Ovca, Jr. Trustee of the Ovca Associates, Inc. Defined Pension Plan | $50,000 |
| 123. | Jingxiu Jason Pan, a married man dealing with his sole & separate property | $180,000 |
| 124. | Cynthia Ann Pardee Trustee of the Cynthia Ann Pardee Trust dtd 6/20/03 | $50,000 |
| 125. | Charles Lebron Parker & Mary Jane Parker, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 126. | First Savings Bank Custodian For Jacqueline Thurmond IRA | $50,000 |
| 127. | Shimon Peress & Hannah Peress Trustees of the Shimon Peress & Hannah K. Peress Trust dated 4/17/01 | $50,000 |
| 128. | Nicholas Perrone Trustee of the Nicholas Perrone Trust dated 7/12/99 | $100,000 |
| 129. | Charles Pollard Jr,. a married man dealing with his sole & separate property | $50,000 |
| 130. | Morton J. Port, a married man dealing with his sole & separate property | $50,000 |
| 131. | Anthony Prescia & Nancy Prescia Trustees of the Anthony & Nancy Prescia Family Trust 101321229 | $75,000 |
| 132. | A.P. Rayment & M.A. Rayment | $50,000 |
| 133. | Emil Reynolds & Anna Reynolds, husband & wife | $50,000 |
| 134. | Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | $120,000 |
| 135. | Cassandra Robbins, an unmarried woman | $50,000 |
| 136. | Alan Robinson & Gail Robinson, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 137. | Eleanor L. Rogers Trustee of the Eleanor L. Rogers 1991 Revocable Living Trust dated 7/3/91 | $200,000 |
| 138. | Lee Rotchy Trustee of the Lee Rotchy Trust dated 12/5/00 | $50,000 |

11

| | | |
|---|---|---|
| 139. | Richard J. Ryan Trustee of the Ryan 1999 Revocable Living Trust dated 11/15/99 | $50,000 |
| 140. | David Sailon & Joan Sailon, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 141. | Howard Samsen & Vera Samsen, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 142. | Julius Schmidt Trustee of the Schmidt Family Trust | $50,000 |
| 143. | David W. Schroeder, a single man | $50,000 |
| 144. | Douglas Gregg Schulze & Doreen L. Schulze, husband and wife, as joint tenants with right of survivorship | $80,000 |
| 145. | Milton B. Senfeld & Barbara A. Senfeld, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 146. | David W. Sexton & Pamela K. Sexton, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 147. | Marion C. Sharp Trustee of the Marion C. Sharp Trust | $50,000 |
| 148. | Donald E. Shoup & Sharon K. Shoup, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 149. | Alan R. Simmons & Judith B. Simmons, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 150. | Bernard Sindler Trustee of the B S Living Trust | $50,000 |
| 151. | Bernard Sindler Trustee of the TS Irrevocable Trust | $50,000 |
| 152. | Herbert Slovis, a single man & Julie B. Slovis, a single woman as joint tenants with right of survivorship | $50,000 |
| 153. | Francesco Soro | $50,000 |
| 154. | Clifton H. Spindle & Verna R. Spindle, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 155. | Bert A. Stevenson Trustee of the Dalton Trust dated 1/7/94 | $100,000 |
| 156. | Michael D. Stewart & Mary Jude Stewart Trustees of the Stewart Family Trust dated 1/15/98 | $100,000 |
| 157. | Harold Sturza, an unmarried man, transfer on death to Elyse Smerling, a married woman | $50,000 |
| 158. | Louis C. Swilley, un unmarried man | $50,000 |
| 159. | Evalyn C. Taylor Trustee of the Evalyn C. Taylor Separate Property Trust dated 2/17/87 | $100,000 |
| 160. | KTaylorGO Investments, LTD, a Texas company | $100,000 |
| 161. | Sigmund Tomczak & Diana Tomczak Trustees of the Tomczak Family Trust dated 4/25/83 | $75,000 |
| 162. | Richard R. Tracy & Ursula W. Tracy, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 163. | Richard R. Tracy Trustee of the Reno Aeronautical Corporation Defined Benefit Retirement Plan | $75,000 |
| 164. | Pensco Trust Company C/f Robert William Ulm IRA | $60,000 |
| 165. | USA Capital Diversified Trust Deed Fund | $441,000 |
| 166. | Gloria Valair, a single woman | $50,000 |
| 167. | Gilbert Van Damme Trustee of the Van Damme Family Trust | $50,000 |

12

| 168. | Lloyd F. Van Sickle Trustee of The Van Sickle Family Trust dtd 5/20/99 | $100,000 |
| 169. | Bernard G. Venneman & Jean B. Venneman Trustees of the Venneman Living Trust dated 8/18/04 | $50,000 |
| 170. | Madeline P. Von Tagen Trustee of the Von Tagen Trust dated 5/2/96 | $50,000 |
| 171. | Heinrich Richard Weber and Brigitte S. Weber, husband and wife, as joint tenants with right of survivorship | $150,000 |
| 172. | Diana F. Weiland Trustee for the benefit of Gerald R. Weiland & Diana F. Weiland Trust | $60,000 |
| 173. | Connie Westbrook, an unmarried woman | $50,000 |
| 174. | Barton R. Wilkinson & Dianna J. Wilkinson, husband & wife, as joint tenants with right of survivorship | $70,000 |
| 175. | Dwight McNeely Willard & Shirley Mae Willard Trustees of the Dwight McNeely Willard & Shirley Mae Willard Family Trust | $100,000 |
| 176. | Frederick P. Windisch Trustee of the Windisch 1998 Living Trust | $50,000 |
| 177. | LK Wolfe Family, LP, a Nevada limited partnership | $50,000 |
| 178. | Kenneth H. Wyatt & Phyllis P. Wyatt Trustees of The Kenneth H. & Phyllis P. Wyatt Family Trust | $50,000 |
| 179. | Robert J. Yoder Trustee of the Robert J. Yoder Defined Benefit Plan | $50,000 |
| 180. | Joseph G. Zappulla & Carol A. Zappulla, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 181. | Anthony J. Zerbo, an unmarried man | $50,000 |
| 182. | Terry Zimmerman Trustee of the Terry A. Zimmerman Revocable Living Trust dated 9/4/90 | $100,000 |
| | TOTAL | $14,800,000 |

Return to: (enclose self-addressed stamped envelope)

Name

Address

CFN 20050288873
OR BK 18565 PG 1606
RECORDED 05/12/2005 12:58:15
Palm Beach County, Florida
AMT 650,000.00
Deed Doc 2,275.00
Intang 1,300.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 1606 - 1615; (10pgs)

RETURN TO:
FIDELITY NATIONAL TITLE
INSURANCE COMPANY
ATTN: WENDY PELL
5690 W. Cypress St., Ste A
Tampa, FL 33607
NAPS / FNT File No NT04-0438

### SECOND AMENDMENT TO MORTGAGE

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Trustor hereby agrees to the execution, delivery, and recording of this Amendment to that certain Mortgage, Assignments of Rents, Security Agreement and Fixture Filing (the "Mortgage") dated January 6, 2005, executed by HFAH Clear Lake, LLC to Fidelity National Title Company, as Trustee, in favor of those listed on Exhibit "A" as Beneficiaries. The Mortgage was recorded on January 21, 2005 as Document No 20050040083 and a First Amendment to Mortgage was recorded on March 1st, 2005 as Document No. 20050187577 in the Official Records of Palm Beach County, Florida.

April

Said Mortgage is hereby amended to increase the amount secured thereby from $15,400,000 to $16,050,000 to add a new **Exhibit "A"** (in the form attached hereto) thereto to reflect the present Beneficiaries.

Said Mortgage affects the real property described on **Exhibit "B"** hereto.

Dated this 21st day of April, 2005.

**TRUSTOR:   Homes for America Holdings, Inc.**

By: _____
Robert M Kohn
Its: Vice President

**BENEFICIARY:** USA Commercial Mortgage Company, Attorney-in-Fact

By: _____
Thomas Rondeau, Executive Vice President

STATE OF NEVADA        )
                                        ) ss
COUNTY OF CLARK      )

This document was executed and acknowledged before me on this 21 day of April, 2005 by Thomas Rondeau, as Executive Vice President of USA Commercial Mortgage Company

_____
Notary Public
(My commission expires:  2/4/07)

LYNDA STEWART
Notary Public, State of Nevada
Appointment No. 94-53...
My Appt. Expires Feb. 4, 2...

1

STATE OF _Floruda_ )
                              ) ss.
COUNTY OF _Palm Beach_ )

On _April 22_____, 2005, before me, _Susan Renfrow_____, a Notary Public in and for said State, personally appeared **Robert M. Kohn, as Vice President of Homes for America Holdings, Inc.** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, the person or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal

_____
Signature

(Seal)
Susan Renfrow
My Commission DD067686
Expires October 24, 2005

2

HFA- Clear Lake

| Vested AS | Dollars |
|---|---|
| David Fossati, a single man | $160,000.00 |
| Robert Geiger & Ruth Geiger, husband & wife | $50,000.00 |
| Stanley C Germain & Dorothy Germain, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Gale Gladstone-Katz Trustee of the Gale Gladstone-Katz Revocable Living Trust dated 12/10/03 | $50,000.00 |
| Barry J. Goldstein & Patricia B. Goldstein, as joint tenants with right of survivorship | $50,000.00 |
| Robin B. Graham Trustee of the Graham Family Marital Trust B dated 2/13/97 | $100,000.00 |
| First Savings Bank Custodian for Michael H. Greeley IRA | $50,000.00 |
| Michael H. Greeley Trustee of the Michael Greeley Trust dated 7/27/00 | $50,000.00 |
| Kim W Gregory & Debbie R Gregory Trustees of the Gregory Family Trust of 1988 | $50,000.00 |
| Christian Hansen, a single man | $100,000.00 |
| Edwin C. Hansen & Rachel M. Hansen, joint tenants with right of survivorship | $130,000.00 |
| MLH Family Investment Limited, a Texas company | $100,000.00 |
| Kurt Harms & Sandra Harms, husband & wife, as joint tenants with right of survivorship | $50,000.00 |
| Kay J. Hart, an unmarried woman | $100,000.00 |
| Edwin L Hausler, Jr , Trustee for the Edwin Lowell Hausler, Jr Living Trust dated 1/3/92 | $50,000.00 |
| Kimberly Havins Trustee of the Paepae Estate Trust dated 05/01/00 | $80,000.00 |
| Michael T Heffner & Barbara C Heffner Trustees of the Heffner Family Trust dated 9/10/02 | $100,000.00 |
| Helms Homes, LLC, a Nevada limited liability company | $500,000.00 |
| Terry Helms Trustee of the Terry Helms Living Trust dated 11/11/94 | $100,000.00 |
| Jay E. Henman Trustee of the Jay E. Henman Retirement Plan | $50,000.00 |
| First Trust Company of Onaga Custodian For Brenda High IRA | $71,000.00 |
| First Trust Company of Onaga Custodian for Hamilton High IRA | $66,000.00 |
| Homfeld II, LLC, a Florida limited liability company | $300,000.00 |
| Charles D. Hopson Trustee of the Charles D. Hopson Living Trust dated 2/20/96 | $100,000.00 |
| Mila Horak, an unmarried woman | $50,000.00 |
| Rodney C. Hulse and Cathryn J. Hulse, trustees of the Hulse Family Trust | $50,000.00 |
| Carole Jaffe In Trust For Ken M. Jaffe & Amy Jaffe-Rosen | $50,000.00 |
| Albert Johnson Jr & Norma J Johnson Trustees of the Johnson Family Trust dated 2/17/98 | $60,000.00 |
| Delbert T Johnston, Jr & Rebecca J Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000.00 |
| Everett H. Johnston Trustee of the Everett H. Johnston Family Trust dated 1/24/90 | $100,000.00 |
| Ronald A. Kantor and Ruth E Kantor, Trustees of the Kantor Family Trust, dated 5/6/82 | $50,000.00 |
| Robert J. Kehl & Ruth Ann Kehl, husband & wife, as joint tenants with right of survivorship | $1,000,000.00 |
| Walter Klevay & Gail Klevay, husband & wife | $50,000.00 |
| David W. Knobel & Anna S. Knobel Trustees of the 1996 Knobel Trust dated 9/5/96 | $50,000.00 |
| Guenther A Kohler & Elfriede Kohler Trustees of the 1989 Kohler Living Trust dated 6/13/89 | $200,000.00 |
| Lammert Kuiper, Jr. & Audrey H. Kuiper Trustees of the Kuiper Trust | $50,000.00 |
| Michael LaTorra & Joan LaTorra, husband & wife, as joint tenants with right of survivorship | $75,000.00 |
| Suzanne Liewer Trustee of the Suzanne Liewer 2000 Revocable Trust dated 1/18/00 | $50,000.00 |

EXHIBIT "B"

PROPERTY DESCRIPTION

PARCEL A:

A certain portion of Parcel No. 7, Executive Center Park, according to the map or plat thereof as recorded in Plat Book 28, Page 229, Public Records of Palm Beach County, Florida, said portion being more particularly described as follows:

Beginning at the Northwest corner of said Parcel 7, run South 7° 15' 40" West (bearings mentioned herein are related to the plat of said Executive Center Park, whose bearings are based on assumed date) along the West line of Parcel No. 7, 594.36 feet to the Southwest corner of said Parcel No. 7; thence South 58° 53' 26" East 295.51 feet; thence South 35° 29' 06" East 109.75 feet to a point on a curve concave to the Northwest having a radius of 1400.00 feet and whose tangent passing thru said point bears North 45° 27' 57" East; thence Northeasterly along the arc of said curve subtending an angle of 20° 46' 13" a distance of 507.51 feet; thence North 58° 53' 26" West 40.00 feet; thence South 31° 06' 34" West 78.00 feet; thence North 58° 53' 26" West 348.81 feet; thence North 31° 06' 34" East 194.25 feet; thence North 58° 53' 26" West 193.50 feet; thence North 34° 27' 18" West along a line radial to the right-of-way line of the cul-de-sac at the end of Executive Center Drive a distance of 42.37 feet to a point on said right-of-way line, said point being on the arc of a curve concave to the North having a radius of 100.00 feet; thence Westerly along the arc of said 100.00 foot radius curve subtending an angle of 41° 42' 58" a distance of 72.81 feet, to the Point of Beginning, together with an easement for drainage purposes only, over and under the following described land 12 feet in width lying in Parcel 6 of said Plat, the centerline of which is more particularly described as follows:

From the Northeast corner of the above described Parcel 6 run (for convenience the Easterly line of said Parcel 6 run is assumed to bear South 7° 15' 40: West and all other bearings mentioned herein are relative thereto) South 7° 15' 40" West along the Easterly line of Parcel 6 a distance of 6 feet to the Point of Beginning; thence run Westerly and Northerly parallel to and 6 feet as measured at right angles to the Northerly line of Parcel 6 to a point, said point being the end of described easement centerline and 448.45 feet Easterly of the Northwest corner of Parcel 6 as measured along its Northerly line.

PARCEL 2:

Parcel No. 7, Executive Center Park, according to the map or plat thereof as recorded in Plat Book 28, Page 229, Public Records of Palm Beach County, Florida.

Less and except therefrom:

Beginning at the Northwest corner of said Parcel 7, run South 7° 15' 40" West (bearings mentioned herein are related to the plat of said Executive Center Park, whose bearings are based on assumed date) along the West line of Parcel No. 7, 594.36 feet to the Southwest corner of said Parcel No. 7;

4

thence South 58° 53' 26" East 295.51 feet; thence South 35° 29' 06" East 109.75 feet to a point on a curve concave to the Northwest having a radius of 1400.00 feet and whose tangent passing thru said point bears North 45° 27' 57" East; thence Northeasterly along the arc of said curve subtending an angle of 20° 46' 13" a distance of 507.51 feet; thence North 58° 53' 26" West 40.00 feet; thence South 31° 06' 34" West 78.00 feet; thence North 58° 53' 26" West 348.81 feet; thence North 31° 06' 34" East 194.25 feet; thence North 58° 53' 26" West 193.50 feet; thence North 34° 27' 18" West along a line radial to the right-of-way line of the cul-de-sac at the end of Executive Center Drive a distance of 42.37 feet to a point on said right-of-way line, said point being the arc of a curve concave to the North having a radius of 100.00 feet; thence Westerly along the arc of said 100.00 foot radius curve subtending an angle of 41° 42' 58" a distance of 72.81 feet, to a Point of Beginning, together with an easement for drainage purposes only, over and under the following described land 12 feet in width lying in Parcel 6 of said plat, the centerline of which is more particularly described as follows:

From the Northeast corner of the above described Parcel 6 run (for convenience the Easterly line of said Parcel 6 run is assumed to bear South 7° 15' 40" West and all other bearings mentioned herein are relative thereto) South 7° 15' 40" West along the Easterly line of said Parcel 6 a distance of 6 feet to the Point of Beginning; thence run Westerly and Northerly parallel to and 6 feet as measured at right angles to the Northerly line of Parcel 6 to a point, said point being the end of described easement centerline and 448.45 feet Easterly of the Northwest corner of Parcel 6 as measured along its Northerly line.

## SECOND AMENDMENT TO LOAN DOCUMENTS

Reference is made to that certain loan agreement (the "Loan Agreement"), dated as of January 6, 2005 by and between **HFAH Clear Lake, LLC** ("Borrower"), and those persons listed on Exhibit "A" thereto ("Lenders"). Capitalized terms used but not otherwise defined herein are used with the same meanings assigned to them in the Loan Agreement.

## RECITALS

A. WHEREAS Section 3.2 of the Loan Agreement provides for increases in the Loan Amount up to $16,050,000; and

B. WHEREAS the Loan is evidenced by a Note dated January 6, 2005 in the principal amount of $14,800,000, which Note is secured by a Mortgage of even date therewith, recorded on or about January 21, 2005 in the Official Records of Palm Beach County, Florida; and

C. WHEREAS Borrower has requested an increase in the Loan Amount of $650,000; and

D. WHEREAS USA is willing to and has arranged for an increase in the Loan Amount of $650,000;

E. WHEREAS the Mortgage provides for the lien created thereby to secure all future amounts advanced to Trustor pursuant to the Loan Agreement; and

F. WHEREAS Robert M. Kohn ("Guarantor") guaranteed the Loan, and explicitly agreed that its guaranty would remain valid and enforceable in the event the Loan was modified;

NOW, THEREFORE, Lender, Borrower, Guarantor, and USA hereby agree as follows:

1. Increase in Note Amount. The amount of the Note is hereby increased from $15,400,000 to $16,050,000. Interest on the additional $650,000 shall begin to accrue at the close of escrow.

2. Amendment of Note. The Note is hereby amended by adding thereto a new Exhibit "A," in the form attached hereto describing the Lenders.

3. Amendment of Mortgage. The Mortgage is hereby amended to add the new Beneficiaries to include the new investors and reflect the revised percentage interests on each in the amount secured, and to add a new Exhibit "A" to reflect these changes. In connection therewith, Borrower agrees to execute and deliver for recording an amendment to the Mortgage in the form annexed hereto as Exhibit "B." Borrower also agrees to pay all costs and expenses in connection with recording the amendment, as well as the cost of an endorsement to the Title Insurance Policy to reflect these changes.

4. Incorporation with Loan Documents. This Amendment modifies the Loan Documents as specifically recited herein, and is incorporated as an amendment to the Note, Mortgage, and Loan Agreement. Except as modified hereby, all terms, covenants and conditions of the Loan Documents

1

remain unchanged.

5. <u>Affirmation of Guaranty</u>. Guarantors hereby reaffirm that their Guaranty remains in full force and effect, as expressly set forth therein, after this Amendment becomes effective.

6. <u>Validity of Loan Documents; No Defenses</u>. Borrower represents and acknowledges that the Mortgage and all other Loan Documents are in full force and effect, and that Borrower has no knowledge of any defense to the validity or enforceability of any of them.

Dated this 21st day of April, 2005.

**BORROWERS:    Homes for America Holdings, Inc.**

By: _____
    Robert M. Kohn
    Its:  Vice President

**GUARANTORS:    Homes for America Holdings, Inc.**

By: _____
    Robert M. Kohn
    Its:   Vice President

**LENDER:   USA Commercial Mortgage Company, Attorney-in-Fact**

By: _____
    Thomas Rondeau, Executive Vice President

2



## · LOAN AGREEMENT

This Loan Agreement, (this "Agreement") dated as of January 6, 2005, is entered into by and between HFAH Clear Lake LLC, a Florida limited liability company ("Borrower"), and those persons listed on **Exhibit "A"** attached hereto (collectively, "Lender").

## SECTION 1: DEFINITIONS AND ACCOUNTING TERMS.

1.1    Defined Terms. As used in this Agreement, the following terms shall have the meanings set forth respectively after each:

"**Agreement**" means this Loan Agreement.

"**Assignment of Architect's Contract, Plans and Drawings**" means the assignment by Borrower of its agreement with the architect, to be executed by Borrower.

"**Assignment of Engineer's Contract, Improvement Plans, Specifications and Drawings**" means the Assignment of Engineer's Contract, Improvement Plans, Specifications and Drawings executed by Borrower.

"**Assignment of Permits, Licenses, Franchises and Authorizations**" means the Assignment of Permits, Licenses, Franchises and Authorizations executed by Borrower.

"**Assignment of Rents**" means the Assignment of Rents contained in the Mortgage.

"**Business Day**" means any Monday, Tuesday, Wednesday, Thursday, or Friday on which banks in the State of Nevada are open for business.

"**Default Rate**" shall have the meaning set forth in the Note.

"**Effective Date**" means the date the Mortgage is recorded in the Official Records of Palm Beach County, Florida.

"**Environmental Indemnity**" means the Environmental and Accessibility Indemnity Agreement executed by Borrower and the Guarantor.

"**Financing Statement**" means financing statement of even date herewith executed by Borrower in favor of Lender with respect to the Personal Property.

1

employees, independent contractors, licensees. or invitees; (iii) any accident in or on any of the Property or any fire, flood or other casualty or hazard thereon; (iv) the failure of Borrower, any of Borrower's licensees, employees, invitees, agents, independent contractors. or other representatives to maintain any of the Property in a safe condition; and (v) any nuisance made or suffered on any part of the Property.

8.5     No Third Parties Benefitted. This agreement is made for the purpose of defining and setting forth certain obligations, rights and duties of Borrower, Lender, and USA in connection with the Loan. It shall be deemed a supplement to the Note and the Security Documents, and shall not be construed as a modification of the Note or the Security Documents, except as provided herein. It is made for the sole protection of Borrower, Lender, and USA and their successors and assigns. No other Person shall have any rights of any nature hereunder of by reason hereof.

8.6     Indemnity. Borrower indemnifies Lender against, and holds Lender harmless from, any and all losses, damages (whether general, punitive or otherwise), liabilities, claims, cause of action (whether legal, equitable or administrative), judgments, court costs, and legal or other expenses, including attorneys' fees, which Lender may suffer or incur as a direct or indirect consequence of: (a) Lender's performance of this Agreement or any of the Loan Documents, including, without limitation, Lender's exercise or failure to exercise any rights, remedies or powers in connection with this Agreement or any of the Loan Documents but excluding charges and assessments by Governmental Agencies imposed upon the Lender in the normal course of the Lender's business such as taxes and regulatory fees; (b) Borrower's failure to perform any of Borrower's obligations as and when required by this Agreement or any of the other Loan Documents, including without limitation any failure, at any time, of any representation or warranty of Borrower to be true and correct and any failure by Borrower to satisfy any condition; (c) any claim or cause of action of any kind by any Person to the effect that Lender is in any way responsible or liable for any act or omission by Borrower, whether on account of any theory or derivative liability or otherwise, including but not limited to any claim or cause of action for fraud, misrepresentation, tort or willful misconduct; (d) any act or omission by Borrower, any contractor, subcontractor or material supplier, engineer, architect, or any other Person with respect to any of the Property or Improvements; or (e) any claim or cause of action of any kind by any Person which would have the effect of denying Lender the full benefit or protection of any provision of this Agreement or the Loan Documents but excluding charges and assessments by Governmental Agencies imposed upon Lender in the normal course of Lender's business such as taxes and regulatory fees. Lender's rights of indemnity shall not be directly or indirectly limited, prejudiced, impaired or eliminated in any way by any finding or allegation that Lender's conduct is active, passive or subject to any other classification or that Lender is directly or indirectly responsible under any theory of any kind, character, or nature for any act or omission by Borrower or any other Person. Notwithstanding the foregoing, Borrower shall not be obligated to indemnify Lender with respect to any intentional tort or act of negligence which Lender is personally determined by the judgment or a court of competent jurisdiction (sustained on appeal, if any) to have committed.

25

Borrower shall pay any indebtedness arising under this indemnity to Lender immediately within three (3) business days after demand therefor by Lender together with interest thereon from the date such indebtedness arises until paid at the Default Rate. Borrower's duty to defend and indemnify Lender shall survive the release and cancellation of the Note and the release and reconveyance or partial release and reconveyance of the Mortgage.

8.7     Commissions. Borrower hereby indemnifies Lender from the claim of any Person for a commission or fee in connection with the Loan.

8.8     Lenders' Representative. The persons and entities which comprise Lender hereby collectively appoint USA Commercial Mortgage Company ("USA") to administer the Loan on their behalf, to make all necessary demands on Borrower and to execute and deliver all approvals and notices to be given by Lender hereunder.

8.9     Binding Effect; Assignment. This Agreement shall be binding upon and inure to the benefit of Borrower and Lender and their respective successors and assigns, except that, as provided herein, Borrower may not assign its rights or interest or delegate any of its duties under this Agreement or any of the other Loan Documents without prior written consent of Lender.

8.10     Amendments; Consents. No amendment, modification, supplement, termination, or waiver of any provision of this Agreement or any of the other Loan Documents, and no consent to any departure by Borrower therefrom, may in any event be effective unless in writing signed by Lender, and then only in the specific instance and for the specific purpose given.

8.11     Costs, Expenses and Taxes. Borrower shall pay to Lender, within three (3) business days after demand therefor:

(a)     the actual attorneys' fees and out-of-pocket expenses incurred by Lender in connection with the negotiation, preparation, execution, delivery, and administration of this Agreement and any other Loan Documents and any matter related thereto;

(b)     the actual costs and expenses of Lender in connection with any modification of any Loan Document or in connection with the enforcement of this Agreement and any other Loan Document and any matter related thereto, including the actual fees and out-of-pocket expenses, reasonably incurred, of any legal counsel, independent public accountants, and other outside experts retained by Lender; and

(c)     all costs, expenses, fees, premiums, and other charges relating or arising with respect to the Loan Documents or any transactions contemplated thereby or the compliance with any of the terms and conditions thereof, including without limitation the Disbursement Agent's fee,

26

appraisal fees, inspection fees, cost review fees, recording fees, filing fees, release or reconveyance fees, title insurance premiums, and the cost of realty tax service for the term of the Loan.

All sums paid or expended by Lender under the terms of this Agreement and the other Loan Documents shall be considered to be a part of the Loan. Except as otherwise specifically stated herein, all such sums shall be secured by the Security Documents, shall bear interest from the date of expenditure as if such sums were advances under the Note, and shall be immediately due and payable by Borrower within three (3) business days after demand therefor.

8.12    Survival of Representations and Warranties. All representations and warranties of Borrower and the Guarantors contained herein or in any other Loan Document shall survive the making of the Loan and execution and delivery of the Note, and are material and have been or will be relied upon by Lender, notwithstanding any investigation made by Lender or on behalf of Lender. For the purpose of the foregoing, all statements contained in any certificate, agreement, financial statement, or other writing delivered by or on behalf of Borrower or the Guarantors pursuant hereto or to any other Loan Document or in connection with the transactions contemplated hereby or thereby shall be deemed to be representations and warranties of Borrower or the Guarantors contained herein or in the other Loan Documents, as the case may be.

8.13    Notices. All notices to be given pursuant to this Agreement shall be sufficient if given by personal services, by guaranteed overnight delivery service, by telex, telecopy or telegram or by being mailed postage prepaid, certified or registered mail, return receipt requested, to the described addresses of the parties hereto as set forth below, or to such other address as a party may request in writing. Any time period provided in the giving of any notice hereunder shall commence upon the date of personal service, the day after delivery to the guaranteed overnight delivery service, the date of sending the telex, telecopy or telegram or two (2) days after mailing certified or registered mail.

**BORROWER'S ADDRESS:**         HFAH Clerar Lake, LLC
                                c/o Homes for America Holdings, Inc.
                                One Odell Plaza
                                Yonkers, New York  10701
                                Attn. President

        with a copy to:         Daniel G. Hayes, Esq.
                                Vanderpool, Frostick & Nishanian, P.C.
                                9200 Church Street, Suite 400
                                Manassas, Virginia  20110-5561

**LENDER'S ADDRESS:**        USA Commercial Mortgage Company
4484 South Pecos Road
Las Vegas, Nevada 89121
Attn: Joe Milanowski

8.14    <u>Further Assurances</u>. Borrower shall, at its sole expense and without expense to Lender, do such further acts and execute and deliver such further documents as Lender from time to time may require for the purpose of assuring and confirming unto Lender the rights hereby created or intended now or hereafter so to be, or for carrying out the intention or facilitating the performance of the terms of any Loan Document, or for assuring the validity of any security interest or lien under any Security Document.

8.15    <u>Governing Law</u>. The Loan Documents shall be governed by, and construed and enforced in accordance with, the laws of the State of Nevada, without regard to choice of laws provisions.

8.16    <u>Severability of Provisions</u>. Any provision in any Loan Document that is held to be inoperative, unenforceable or invalid shall be inoperative, unenforceable or invalid without affecting the remaining provisions, and to this end the provisions of all Loan Documents are declared to be severable.

8.17    <u>Assignment or Sale of Participation by Lender; Advertising</u>. Lender may, at any time, sell, transfer, assign, or grant participation in the Loan and in the Loan Documents and Lender may forward to its Partners or to such participant and prospective participant all documents and information relating to the Loan and to Borrower, whether furnished by Borrower or otherwise, as Lender determines necessary or desirable. Lender and USA may also reasonably divulge and advertise the making of the Loan and the amount thereof.

The foregoing notwithstanding, Lender shall take reasonable precautions to withhold or protect confidential or proprietary information provided by Borrower from disclosure to non-participants.

8.18    <u>Headings</u>. Section headings in this Agreement are included for convenience of reference only and are not part of this Agreement for any other purpose.

8.19    <u>Time of the Essence</u>. Time is of the essence with respect to all duties and obligations of Borrower under any Loan Document.

28

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the date first above written.

**BORROWER:**      **HFAH Clear Lake LLC**

By: _____
        Robert M. Kohn, Manager

**LENDER:**

_____          _____

29

# EXHIBIT "A"

## LENDER

| | Names | Amount |
|---|---|---|
| 1. | Ali M. Abyane & Soheila M. Abyane Trustees of the Abyane Family Trust dated 2/7/92 | $50,000 |
| 2. | Daniel C. Altman and Barbara A. Altman, Trustees of the Altman Living Trust dated 11/4/04 | $150,000 |
| 3. | Charles B. Anderson Trustee of the Charles B. Anderson Trust | $100,000 |
| 4. | Rita P. Anderson Trustee FBO Rita P. Anderson Trust | $100,000 |
| 5. | Daniel C. Barcia, a married man dealing with his sole & separate property | $50,000 |
| 6. | Lidia Bazzoli & Daniela Bazzoli-Ferrari, joint tenants with right of survivorship | $50,000 |
| 7. | Jack J. Beaulieu Trustee of the Jack J. Beaulieu Revocable Living Trust dated 9/1/94 | $150,000 |
| 8. | Kenneth R. Becker & Joanne T. Becker, husband & wife, Grace Becker & Sarah Becker, their minor children with right of survivorship | $100,000 |
| 9. | Larry E. Bell & Garnet F. Bell, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 10. | Joseph C. Bellan & Verna J. Bellan Trustees of the Joseph C. Bellan & Verna J. Bellan Revocable Living Trust dated 2/4/00 | $50,000 |
| 11. | David P. Betteridge, a single man | $60,000 |
| 12. | Virgil L. Birgen & La Donna F. Birgen Trustees of the Birgen Charitable Trust dated 8/1/90 | $100,000 |
| 13. | Virgil Leo Birgen & La Donna Frances Birgen Trustees of the Birgen Family Trust | $50,000 |
| 14. | Gerald L. Bittner, D.D.S., a Sole Proprietor Profit Sharing Plan | $75,000 |
| 15. | Rene C. Blanchard Trustee of the Rene C. Blanchard Charitable Remainder Trust dated 5/6/04 | $100,000 |
| 16. | Rene C. Blanchard Trustee of the Rene C. Blanchard Revocable Living Trust dated 2/14/73 | $50,000 |
| 17. | William Bolding & Carolyn Bolding, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 18. | James R. Bonfiglio & Donna M. Bonfiglio Trustees of the Bonfiglio Family Limited Partnership | $100,000 |
| 19. | John Borkoski & Kathleen Borkoski, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 20. | Raymond Brahy & Rita Brahy, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 21. | John S. Broders, an unmarried man | $50,000 |
| 22. | Howard D. Brooks & Doreen C. Brooks Trustees of the Brooks Living Trust dated 6/30/97 | $50,000 |
| 23. | First Savings Bank Custodian For Edward Burgess IRA | $75,000 |

| | | |
|---|---|---|
| 24. | Peter W. Capone & Deidre D. Capone, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 25. | Alta Funding, Inc., a Florida corporation | $100,000 |
| 26. | Maurice A. Cauchois & Jacqueline M. Cauchois Trustees of the M & J Cauchois Family Trust dated 2/25/93 | $50,000 |
| 27. | A William Ceglia, a married man dealing with his sole & separate property | $110,000 |
| 28. | Don Chapin, a single man | $50,000 |
| 29. | Kar Sei Cheung, a married woman dealing with her sole & separate property | $50,000 |
| 30. | Jack R. Clark & Linda C. Reid, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 31. | George S. Cohan Trustee of the George S. Cohan & Natalie H. Cohan Family Trust dated 4/1/03 | $200,000 |
| 32. | First Savings Bank Custodian For Peter C. Cranston IRA | $60,000 |
| 33. | Gary W. Crowe & Susan R. Crowe Trustees of the Crowe 1989 Family Revocable Trust dated 6/29/89 | $100,000 |
| 34. | Wen Dai & Zhimin Chen, husband & wife as joint tenants with right of survivorship | $50,000 |
| 35. | Laura Dashosh, an unmarried woman | $50,000 |
| 36. | Martin A. Davis & Virginia Lee Davis Trustees of the Davis Family 2000 Trust | $100,000 |
| 37. | Nancy R. Davis Trustee of the Nancy R. Davis Defined Benefit Plan | $50,000 |
| 38. | S & P Davis Limited Partnership, a Texas Partnership | $50,000 |
| 39. | Tracy A. DeBerry, an unmarried man | $50,000 |
| 40. | James D. Dery & Ann R. Dery, husband & wife | $75,000 |
| 41. | Eric C. Disbrow Trustee of the Eric C. Disbrow MD Inc. Profit Sharing Plan | $50,000 |
| 42. | Arthur T. Donaldson, a married man dealing with his sole & separate property | $300,000 |
| 43. | Mieko Donovan & Richard Donovan, as joint tenants with right of survivorship | $100,000 |
| 44. | Panagiotis Dovanidis, a single man & Dimitra Dovanidou, a married woman dealing with her sole & separate property, as joint tenants with right of survivorship | $50,000 |
| 45. | Daniel Drubin & Laura Drubin, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 46. | Mary Ann Earp, a single woman & Mary H. Earp, a married woman dealing with her sole & separate property, as joint tenants with right of survivorship | $60,000 |
| 47. | Schwartz & Earp Joint Venture | $57,000 |
| 48. | American Professional Valuation, LLC., a Nevada limited liability company | $50,000 |
| 49. | Allan R. Eisenbach & Jayne M. Eisenbach, husband & wife, as joint tenants with right of survivorship | $100,000 |

| 50. | Dr. David R. Enrico & Dr. Bonny K. Enrico, husband & wife, as joint tenants with right of survivorship | $95,000 |
|---|---|---|
| 51. | Frank E. Ensign, a single man | $50,000 |
| 52. | Caspar H. Escher, Jr., an unmarried man | $100,000 |
| 53. | William H. Favro & Carol M. Favro Trustees of the Favro Trust dated 9/14/00 | $50,000 |
| 54. | Larry Fernandez Trustee of the Fernandez Family Trust dated 6/20/84 | $100,000 |
| 55. | First Savings Bank Custodian For R. David Ferrera IRA | $50,000 |
| 56. | R. David Ferrera Trustee of the Sacramento Research Medical Group Defined Benefit Pension Plan | $50,000 |
| 57. | First Savings Bank Custodian For Lynn Fetterly IRA | $70,000 |
| 58. | Lewis Fine & Arlene J. Fine, husband & wife | $80,000 |
| 59. | Daniel K. Fix & Barbara J. Fix Trustees of the Daniel K. Fix & Barbara J. Fix Family Trust | $250,000 |
| 60. | Anne Flannery, an unmarried woman | $50,000 |
| 61. | Martin L. Flax & Joan Flax Trustees of the Flax Family Trust dated 6/3/99 | $50,000 |
| 62. | Dennis Flier Trustee of the Dennis Flier, Inc. Defined Benefit Trust dated 6/29/87 | $100,000 |
| 63. | David Fossati, a single man | $160,000 |
| 64. | Robert Geiger & Ruth Geiger, husband & wife | $50,000 |
| 65. | Stanley C. Germain & Dorothy Germain, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 66. | Gale Gladstone-Katz Trustee of the Gale Gladstone-Katz Revocable Living Trust dated 12/10/03 | $50,000 |
| 67. | Barry J. Goldstein & Patricia B. Goldstein, as joint tenants with right of survivorship | $50,000 |
| 68. | Robin B. Graham Trustee of the Graham Family Marital Trust B dated 2/13/97 | $100,000 |
| 69. | First Savings Bank Custodian for Michael H. Greeley IRA | $50,000 |
| 70. | Michael H. Greeley Trustee of the Michael Greeley Trust dated 7/27/00 | $50,000 |
| 71. | Kim W. Gregory & Debbie R. Gregory Trustees of the Gregory Family Trust of 1988 | $50,000 |
| 72. | Edwin C. Hansen & Rachel M. Hansen, as joint tenants with right of survivorship | $130,000 |
| 73. | MLH Family Investment Limited, a Texas company | $100,000 |
| 74. | Kurt Harms & Sandra Harms, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 75. | Kay Hart, an unmarried woman | $100,000 |
| 76. | Edwin L. Hausler, Jr., Trustee for the Edwin Lowell Hausler, Jr. Living Trust dated 1/3/92 | $50,000 |
| 77. | Kimberly Havins Trustee of the Paepae Estate Trust dated 05/01/00 | $80,000 |
| 78. | Michael T. Heffner & Barbara C. Heffner Trustees of the Heffner Family Trust dated 9/10/02 | $100,000 |
| 79. | Terry Helms Trustee of the Terry Helms Living Trust dated 11/11/94 | $100,000 |
| 80. | Jay E. Henman Trustee of the Jay E. Henman Retirement Plan | $50,000 |

| | | |
|---|---|---|
| 81. | First Trust Company of Onaga Custodian For Brenda High IRA | $71,000 |
| 82. | First Trust Company of Onaga Custodian for Hamilton High IRA | $66,000 |
| 83. | Homfeld II, LLC, a Florida limited liability company | $300,000 |
| 84. | Charles D. Hopson Trustee of the Charles D. Hopson Living Trust dated 2/20/96 | $100,000 |
| 85. | Mila Horak, an unmarried woman | $50,000 |
| 86. | Carole Jaffe In Trust For Ken M. Jaffe & Amy Jaffe-Rosen | $50,000 |
| 87. | Albert Johnson Jr. & Norma J. Johnson Trustees of the Johnson Family Trust dated 2/17/98 | $60,000 |
| 88. | Delbert T. Johnston, Jr. & Rebecca J. Johnston Trustees of the Johnston Estate Revocable Trust dated 5/17/94 | $50,000 |
| 89. | Everett H. Johnston Trustee of the Everett H. Johnston Family Trust dated 1/24/90 | $100,000 |
| 90. | Robert J. Kehl & Ruth Ann Kehl, husband & wife, as joint tenants with right of survivorship | $1,000,000 |
| 91. | David W. Knobel & Anna S. Knobel Trustees of the 1996 Knobel Trust dated 9/5/96 | $50,000 |
| 92. | Guenther A. Kohler & Elfriede Kohler Trustees of the 1989 Kohler Living Trust dated 6/13/89 | $200,000 |
| 93. | Lammert Kuiper, Jr. & Audrey H. Kuiper Trustees of the Kuiper Trust | $50,000 |
| 94. | Michael LaTorra & Joan LaTorra, husband & wife, as joint tenants with right of survivorship | $75,000 |
| 95. | Suzanne Liewer Trustee of the Suzanne Liewer 2000 Revocable Trust dated 1/18/00 | $50,000 |
| 96. | Verusio Solutions, LLC, Jay Lim, Manager | $75,000 |
| 97. | Helen C. Makepeace Trustee of the Helen C. Makepeace Survivor's Trust UAD 06/18/97 | $50,000 |
| 98. | Jeffrey C. Manna & Nelda M. Manna Trustees of the Manna Family Trust dated 6/13/96 | $50,000 |
| 99. | Gilbert Manuel, Trustee of the Gilbert Manuel Living Trust dated 1/3/92 | $50,000 |
| 100. | Todd McGillick Trustee of TK & Associates | $50,000 |
| 101. | Dale J. McMullan Trustee of the McMullan Living Trust dated 8/19/94 | $50,000 |
| 102. | Rosemarie L. McMullin, as her separate property under the Phillip E. McMullin & Rosemarie L. McMullin Family Trust dated 4/4/80 and amended 3/19/94 | $50,000 |
| 103. | David McPherson & Susan McPherson, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 104. | ACS Properties, Inc. | $100,000 |
| 105. | R. G. Messersmith & Deaun Messersmith, as joint tenants with right of survivorship | $50,000 |
| 106. | Michaelian Holdings, LLC, a Nevada limited liability company | $50,000 |
| 107. | Gary A. Michelsen, an unmarried man | $50,000 |
| 108. | Robert D. Mierau & Sandra J. Mierau Trustees of the Mierau Living Trust dated 9/14/98 | $50,000 |

| | | |
|---|---|---|
| 109. | Sandra M. Mogg Trustee of the Sandra M. Mogg Revocable Living Trust dated 4/9/04 | $50,000 |
| 110. | Matthew Molitch Trustee of the Molitch 1997 Trust | $50,000 |
| 111. | Monighetti, Inc., a Nevada corporation | $50,000 |
| 112. | Ronald K. Montesano Trustee for the benefit of The Underpass Trust | $50,000 |
| 113. | Jerry Moreo, an unmarried man | $100,000 |
| 114. | Paula Morgan Trustee of the P. Morgan Trust dated 7/1/88 | $50,000 |
| 115. | Lamoine Murray & Lois H. Murray, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 116. | Equity Trust Company Custodian For the Benefit of the Fred G. Neufeld IRA | $50,000 |
| 117. | Daniel D. Newman Trustee of the Daniel D. Newman Trust dated 11/1/92 | $70,000 |
| 118. | Richard A. Nielsen Incorporated Profit Sharing Plan | $100,000 |
| 119. | Robert L. Ogren Trustee for the benefit of the Robert L. Ogren Trust dated 6/30/92 | $60,000 |
| 120. | David M. Olds & Sally W. Olds, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 121. | Libby A. Opella with transfer on death to Diane Schierer | $50,000 |
| 122. | William J. Ovca, Jr. Trustee of the Ovca Associates, Inc. Defined Pension Plan | $50,000 |
| 123. | Jingxiu Jason Pan, a married man dealing with his sole & separate property | $180,000 |
| 124. | Cynthia Ann Pardee Trustee of the Cynthia Ann Pardee Trust dtd 6/20/03 | $50,000 |
| 125. | Charles Lebron Parker & Mary Jane Parker, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 126. | First Savings Bank Custodian For Jacqueline Thurmond IRA | $50,000 |
| 127. | Shimon Peress & Hannah Peress Trustees of the Shimon Peress & Hannah K. Peress Trust dated 4/17/01 | $50,000 |
| 128. | Nicholas Perrone Trustee of the Nicholas Perrone Trust dated 7/12/99 | $100,000 |
| 129. | Charles Pollard Jr, a married man dealing with his sole & separate property | $50,000 |
| 130. | Morton J. Port, a married man dealing with his sole & separate property | $50,000 |
| 131. | Anthony Prescia & Nancy Prescia Trustees of the Anthony & Nancy Prescia Family Trust 101321229 | $75,000 |
| 132. | A.P. Rayment & M.A. Rayment | $50,000 |
| 133. | Emil Reynolds & Anna Reynolds, husband & wife | $50,000 |
| 134. | Larry L. Rieger & Patsy R. Rieger Trustees of the Larry L. Rieger & Patsy R. Rieger Revocable Trust dated 8/14/91 | $120,000 |
| 135. | Cassandra Robbins, an unmarried woman | $50,000 |
| 136. | Alan Robinson & Gail Robinson, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 137. | Eleanor L. Rogers Trustee of the Eleanor L. Rogers 1991 Revocable Living Trust dated 7/3/91 | $200,000 |
| 138. | Lee Rotchy Trustee of the Lee Rotchy Trust dated 12/5/00 | $50,000 |

| | | |
|---|---|---|
| 139. | Richard J. Ryan Trustee of the Ryan 1999 Revocable Living Trust dated 11/15/99 | $50,000 |
| 140. | David Sailon & Joan Sailon, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 141. | Howard Samsen & Vera Samsen, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 142. | Julius Schmidt Trustee of the Schmidt Family Trust | $50,000 |
| 143. | David W. Schroeder, a single man | $50,000 |
| 144. | Douglas Gregg Schulze & Doreen L. Schulze, husband and wife, as joint tenants with right of survivorship | $80,000 |
| 145. | Milton B. Senfeld & Barbara A. Senfeld, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 146. | David W. Sexton & Pamela K. Sexton, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 147 | Marion C. Sharp Trustee of the Marion C. Sharp Trust | $50,000 |
| 148. | Donald E. Shoup & Sharon K. Shoup, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 149. | Alan R. Simmons & Judith B. Simmons, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 150. | Bernard Sindler Trustee of the B S Living Trust | $50,000 |
| 151. | Bernard Sindler Trustee of the TS Irrevocable Trust | $50,000 |
| 152. | Herbert Slovis, a single man & Julie B. Slovis, a single woman as joint tenants with right of survivorship | $50,000 |
| 153. | Francesco Soro | $50,000 |
| 154. | Clifton H. Spindle & Verna R. Spindle, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 155. | Bert A. Stevenson Trustee of the Dalton Trust dated 1/7/94 | $100,000 |
| 156. | Michael D. Stewart & Mary Jude Stewart Trustees of the Stewart Family Trust dated 1/15/98 | $100,000 |
| 157. | Harold Sturza, an unmarried man, transfer on death to Elyse Smerling, a married woman | $50,000 |
| 158 | Louis C. Swilley, un unmarried man | $50,000 |
| 159. | Evalyn C. Taylor Trustee of the Evalyn C. Taylor Separate Property Trust dated 2/17/87 | $100,000 |
| 160. | KTaylorGO Investments, LTD, a Texas company | $100,000 |
| 161. | Sigmund Tomczak & Diana Tomczak Trustees of the Tomczak Family Trust dated 4/25/83 | $75,000 |
| 162. | Richard R. Tracy & Ursula W. Tracy, husband & wife, as joint tenants with right of survivorship | $50,000 |
| 163. | Richard R. Tracy Trustee of the Reno Aeronautical Corporation Defined Benefit Retirement Plan | $75,000 |
| 164. | Pensco Trust Company C/f Robert William Ulm IRA | $60,000 |
| 165. | USA Capital Diversified Trust Deed Fund | $441,000 |
| 166. | Gloria Valair, a single woman | $50,000 |
| 167. | Gilbert Van Damme Trustee of the Van Damme Family Trust | $50,000 |

| | | |
|---|---|---|
| 168. | Lloyd F. Van Sickle Trustee of The Van Sickle Family Trust dtd 5/20/99 | $100,000 |
| 169. | Bernard G. Venneman & Jean B. Venneman Trustees of the Venneman Living Trust dated 8/18/04 | $50,000 |
| 170. | Madeline P. Von Tagen Trustee of the Von Tagen Trust dated 5/2/96 | $50,000 |
| 171. | Heinrich Richard Weber and Brigitte S. Weber, husband and wife, as joint tenants with right of survivorship | $150,000 |
| 172. | Diana F. Weiland Trustee for the benefit of Gerald R. Weiland & Diana F Weiland Trust | $60,000 |
| 173. | Connie Westbrook, an unmarried woman | $50,000 |
| 174. | Barton R. Wilkinson & Dianna J. Wilkinson, husband & wife, as joint tenants with right of survivorship | $70,000 |
| 175. | Dwight McNeely Willard & Shirley Mae Willard Trustees of the Dwight McNeely Willard & Shirley Mae Willard Family Trust | $100,000 |
| 176. | Frederick P. Windisch Trustee of the Windisch 1998 Living Trust | $50,000 |
| 177. | LK Wolfe Family, LP, a Nevada limited partnership | $50,000 |
| 178. | Kenneth H. Wyatt & Phyllis P. Wyatt Trustees of The Kenneth H. & Phyllis P. Wyatt Family Trust | $50,000 |
| 179. | Robert J. Yoder Trustee of the Robert J. Yoder Defined Benefit Plan | $50,000 |
| 180. | Joseph G. Zappulla & Carol A. Zappulla, husband & wife, as joint tenants with right of survivorship | $100,000 |
| 181. | Anthony J. Zerbo, an unmarried man | $50,000 |
| 182. | Terry Zimmerman Trustee of the Terry A. Zimmerman Revocable Living Trust dated 9/4/90 | $100,000 |
| | TOTAL | $14,800,000 |

**EXHIBIT "B"**

<u>PERMITTED EXCEPTIONS</u>

Items 1 through 4, and 6 through 8, as shown on Schedule B - II of that Commitment issued by Fidelity National Title Insurance Company under File No. 04-PHX-0167NSS effective December 9, 2004 at 8:00 a.m.



LEWIS
AND
ROCA
——LLP——
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr., NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker, AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | |
|---|---|
| USA Commercial Mortgage Company, | Case No. BK-S-06-10725-LBR |
| Debtor. | Chapter 11 |
| | [PROPOSED] NOTICE OF HEARING RE OMNIBUS OBJECTIONS OF USACM TRUST TO PROOFS OF CLAIM BASED UPON INVESTMENT IN THE HFAH CLEAR LAKE LOAN |
| | Hearing Date:    September 30, 2011 |
| | Hearing Time:    9:30 a.m. |
| | Estimated Time for Hearing:  10 minutes |

THE USACM LIQUIDATING TRUST IS OBJECTING IN PART TO THE CLAIM THAT YOU FILED.  TO THE EXTENT YOUR CLAIM IS BASED UPON AN INVESTMENT IN THE HFAH CLEAR LAKE LOAN, THE USACM TRUST SEEKS TO DISALLOW 80% OF YOUR CLAIM AND ALLOW 20% OF YOUR CLAIM.  THE USACM TRUST CONTENDS THAT YOU DO NOT HAVE A COMPLETELY VALID CLAIM BASED UPON YOUR INVESTMENT IN THIS LOAN BECAUSE YOU TOOK A KNOWN AND OBVIOUS RISK IN MAKING THAT INVESTMENT AND USACM DID NOT GUARANTEE REPAYMENT OF THAT LOAN.  THIS OBJECTION WILL NOT IMPACT YOUR CLAIM TO THE EXTENT IT IS BASED UPON AN INVESTMENT IN A DIFFERENT LOAN.



ORIGINAL OF ECF FILING

287756.1

---

LEWIS
AND
ROCA
——LLP——
LAWYERS

**PLEASE DO NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF YOUR CLAIM.  QUESTIONS REGARDING THE AMOUNT OF A CLAIM OR THE FILING OF A CLAIM SHOULD BE DIRECTED TO BRANT FYLLING AT SIERRA GROUP CONSULTING, LLC (602-424-7909) OR TO UNDERSIGNED COUNSEL, JOHN HINDERAKER (520-629-4430).**

NOTICE IS HEREBY GIVEN that the USACM Liquidating Trust, by and through its counsel, has filed its Omnibus Objections to Proofs of Claim Based Upon Investment in the HFAH Clear Lake Loan (with Certificate of Service) (the "Objection").

Your Proof of Claim number and other information regarding your claim is provided in Exhibit A, attached to the Objection.  The USACM Liquidating Trust has requested that this Court enter an order, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing 80% and allowing 20% of your Proof of Claim to the extent it is based upon an investment in the HFAH Clear Lake Loan.  The Objection will not impact your Claim to the extent it is based upon an investment in a different loan.

NOTICE IS FURTHER GIVEN that the hearing on the Objection will be held before the Honorable Linda B. Riegle, U.S. Bankruptcy Court Judge in the Foley Federal Building, 300 Las Vegas Blvd. South, 3rd Floor, Courtroom No. 1, Las Vegas, Nevada on **September 30, 2011, at the hour of 9:30 a.m.**

NOTICE IS FURTHER GIVEN THAT THE HEARING SET ON SEPTEMBER 30, 2011, WILL BE HELD FOR THE PURPOSE OF STATUS CHECKS AND SCHEDULING EVIDENTIARY HEARINGS ONLY.  NO ARGUMENTS WILL BE HEARD ON THAT DATE.

NOTICE IS FURTHER GIVEN that pursuant to Local Rule 9014(d), any response to the objection must be filed and service must be completed no later than

2

287756.1

LEWIS AND ROCA LLP LAWYERS

1   fourteen (14) days preceding the hearing date. The opposition must set forth all relevant

2   facts and any relevant legal authority.

3       If you object to the relief requested, you *must* file a **WRITTEN** response to this

4   pleading with the Court. You *must* also serve your written response on the person who

5   sent you this notice.

6       If you do not file a written response with the Court, or if you do not serve your

7   written response on the person who sent you this notice, then:

8       • The Court may *refuse to allow you to speak* at the scheduled hearing; and

9       • The Court may *rule against you* and sustain the objection without formally

10          calling the matter at the hearing.

11

12   Dated: August 9, 2011          LEWIS AND ROCA LLP

13

14                          By s/John Hinderaker (AZ 18024)
                            Robert M. Charles, Jr., NV 6593

15                          John Hinderaker, AZ 18024 (*pro hac vice*)
                            Marvin Ruth, NV 10979

16                          3993 Howard Hughes Parkway, Suite 600
                            Las Vegas, Nevada 89169

17                          E-mail: JHinderaker@lrlaw.com
                            *Attorneys for the USACM Liquidating Trust*

18   Copy of the foregoing and pertinent

19   portion of Exhibits deposited in first
     class postage prepaid U.S. Mail on

20   August 9, 2011 to all parties listed on
     Exhibit A attached.

21

22   LEWIS AND ROCA LLP

23

24   s/ *Matt Burns*
     Matt Burns

25

26

3

287756.1

Page 1 of 30

**File a Notice:**

06-10725-lbr USA COMMERCIAL MORTGAGE COMPANY

Type: bk                               Chapter: 11 v
Assets: y                              Judge: lbr
                                       Office: 2 (Las Vegas)
                                       Case Flag: EXHS, BAPCPA, LEA
                                       INTADMN, APPEAL

U.S. Bankruptcy Court

District of Nevada

Notice of Electronic Filing

The following transaction was received from JOHN HINDERAKER entered on 8/9/2011 at 3:51 PM PDT and filed on 8/9/2011
Case Name:      USA COMMERCIAL MORTGAGE COMPANY
Case Number:    06-10725-lbr
Document Number: 8920

Docket Text:
Notice of Hearing Re Omnibus Objection of USACM Trust To Proofs Of Claim Based Upon Investment In The HFAH Clear Lake Leon Hearing Date: 09/30/2011 Hearing Time: 9:30 a.m. with Certificate of Service Filed by JOHN HINDERAKER on behalf of USACM LIQUIDATING TRUST (Related document(s)[8891] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8891] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8891] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8894] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8895] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8896] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8897] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8898] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8899] Objection filed by Interested Party USACM LIQUIDATING TRUST, [8900] Objection filed by Interested Party USACM LIQUIDATING TRUST) (HINDERAKER, JOHN)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:\\datapath\D37756_1.pdf
Electronic document Stamp:
[STAMP bkecfStamp_ID=889277354 [Date=8/9/2011] [FileNumber=20217112-0]
bcf729764&e03a73a471ece023877dd60078bb75047a8c6b389060b72ea]]

06-10725-lbr Notice will be electronically mailed to:

MICHELLE L. ABRAMS on behalf of Cross Defendant ROCKLIN/REDDING LLC
mabrams@abramsanko.com

FRANKLIN C. ADAMS on behalf of Creditor JAMES CORISON
franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com

NANCY L. ALLF on behalf of Defendant THE WILD WATER LP
Nancy.Allf@gmail.com, karen.lawrence007@gmail.com;angela.nakamura007@gmail.com

FRANK A. ANDERSON on behalf of Creditor PENSION BENEFIT GUARANTY CORPORATION
anderson.frank@pbgc.gov, efile@pbgc.gov

OGONNA M. ATAMOH on behalf of Defendant ASHBY USA, LLC
oatamoh@nevadafirm.com;
bkecf@nevadafirm.com,aliberio@nevadafirm.com;rholley@nevadafirm.com;vnelson@nevadafirm.com;sdwkhtecf@nevadafirm.com

JON MAXWELL BEATTY on behalf of Interested Party USACM LIQUIDATING TRUST
mbeatty@diamondmccarthy.com

https://ecf.nvb.uscourts.gov/cgi-bin/Dispatch.pl?323538204669867          8/9/2011