**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>           Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**AMENDED OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00441-2 IN AN UNKNOWN AMOUNT BY ZOE BROWN; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for Hearing: 10 Minutes |

The USACM Liquidating Trust (the "USACM Trust") recently discovered approximately 140 proofs of claim ("POC's") that had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. Where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00441-2 (the "Subject Proof of Claim") by Zoe Brown against USA Commercial Mortgage Company ("USACM") in the amount of $75,000.[1]

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

289188.1

Here, the Subject Proof of Claim does not indicate the amount of the claim, but it appears to be based upon a $25,000 investment in the Fiesta/USA Stoneridge Loan and a $50,000 investment in the Marlton Square Loan. On July 22, 2011, the USACM Trust filed omnibus objections which sought to disallow all claims arising out of Direct Lender investments in the Fiesta/USA Stoneridge Loan. The Court heard the Fiesta/USA Stoneridge omnibus objections on August 30, 2011, and sustained them. In support of the Fiesta/USA Stoneridge omnibus objections, the USACM Trust filed the Declaration of Geoffrey L. Berman (the "Berman Decl. Re Stoneridge") [DE 8688].[2]

Likewise, on May 9, 2011, the USACM Trust filed omnibus objections which sought to disallow claims arising out of Direct Lender investments in the Marlton Square Loan. The Court sustained those omnibus objections on June 14, 2011. In support of the Marlton Square omnibus objections, the USACM Trust filed a Declaration of Geoffrey L. Berman (the "Berman Decl. Re Marlton Square") [DE 8353].[3]

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDER'S RIGHT TO REPAYMENT FROM THE BORROWER(S) OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY SECURING THE LOANS AT ISSUE.</u>

---

[2] A copy of the Berman Decl. Re Stoneridge will be served on the claimant with this Objection. To avoid confusion, the hearing date shown on the declaration will be redacted and Exhibit A to the declaration will be omitted. Exhibit A to the declaration lists the Direct Lenders whose claims were affected by the Fiesta/USA Stoneridge omnibus objections.

[3] A copy of the Berman Decl. Re Marlton Square will be served on the claimant with this Objection. To avoid confusion, the hearing date shown on the declaration will be redacted and Exhibit A to the declaration will be omitted. Exhibit A to the declaration lists the Direct Lenders whose claims were affected by the Marlton Square omnibus objections.

289188.1



# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.  APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## III.  BACKGROUND FACTS REGARDING THE USACM BANKRUPTCY

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

289188.1

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Fiesta/USA Stoneridge Loan. The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

4

289188.1



Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[4]  By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.

### IV.  THE FIESTA/USA STONERIDGE LOAN

The Trust has been in contact with Cross FLC about certain loans that it is servicing, but Cross FLC is not servicing the Fiesta/USA Stoneridge Loan. The following is the extent of the USACM Trust's information on the current servicing and status of the Fiesta/USA Stoneridge Loan.

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition loan to a borrower identified as "a joint venture between Fiesta Development, and USA Investment Partners -- an affiliate of USA Capital." A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference. (Berman Decl. Re Stoneridge, ¶ 4.)  The total loan amount proposed was $10,000,000.00. *Id.* The loan proceeds were to be used by Borrower to complete the acquisition of the real

---

[4] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

LEWIS AND ROCA LLP LAWYERS

property. *Id.* The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 640 acres located in Riverside County - just east of Perris, California. *Id.* The Offer Sheet indicated that the loan to value ratio would be approximately 58% of the current value of the property.[5] *Id.*

On September 22, 2003, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement, (Berman Decl. Re Stoneridge, ¶ 5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $10,000,000.00. *Id.* The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Riverside County, California on June 22, 2004. (Berman Decl. Re Stoneridge, ¶ 5.) The Offer Sheet indicated that Joe Milanowski and Tom Hantges would personally guarantee repayment of the loan. The Trustee cannot locate a signed personal guarantee from either person, however. (Berman Decl., ¶ 5.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 6.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was "Interest Default". (Berman Decl., ¶ 6.)

On March 22, 2005, the Borrower made and delivered a Loan Extension Agreement signed to USACM. (Berman Decl., ¶ 7.) Tom Hantges and Joe Milanowski signed the Loan Extension Agreement as guarantors. (Berman Decl., ¶ 7.)

On March 29, 2006, the Borrower made and delivered a second Loan Extension Agreement to USACM. (Berman Decl., ¶ 8.) Tom Hantges and Joe Milanowski signed the second Loan Extension Agreement as guarantors. (Berman Decl., ¶ 8.)

---

[5] The Trustee has been unable to locate an appraisal from 2003 that would support this valuation.

289188.1

Counsel for the Trust has been in touch with Howard Justice of Debt Acquisition Company of America ("DACA") regarding the Fiesta/USA Stoneridge Loan. Mr. Justice indicated that DACA purchased many Direct Lender interests in the loan. Thus, many of the Direct Lenders were compensated in this fashion. Further, Mr. Justice explained that the Promissory Note and Deed of Trust were eventually sold to a third party. Thus, DACA and the remaining Direct Lenders received the value of the underlying collateral to the Fiesta/USA Stoneridge loan. According to Mr. Justice, the terms of the sale are confidential. Although the USACM Trust has determined that the Direct Lenders did receive compensation on this loan, the USACM Trust has not been able to determine whether the Direct Lenders were fully compensated.

### V. THE FIESTA/USA STONERIDGE OBJECTION

USA Investment Partners ("USA IP") held an interest in the Borrower and that interest was disclosed on the Offer Sheet described above and attached as **Exhibit B**. As such, and unlike many of the other loans brokered by USACM, the Fiesta/USA Stoneridge Loan was not completely arms' length. However, the Direct Lenders received the first position interest in the collateral securing the loan as promised by the Offer Sheet. In addition, the Direct Lenders took an obvious risk by investing in a promissory note secured by a lien on real property.

Notwithstanding USA IP's involvement in the transaction, the Fiesta/USA Stoneridge Loan appears to have been a legitimate transaction that was secured by valuable collateral. Additionally, the Direct Lenders recovered on their "secured" claims against the borrower (and not USACM) to the extent of the value of that collateral. USACM did not guaranty repayment of the loan. Brown should not therefore be allowed a general unsecured claim for its investment in the Fiesta/USA Stoneridge loan.

Brown fails to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Fiesta/USA Stoneridge Loan.



## VI.   THE MARLTON SQUARE LOAN

On August 4, 2010, Commercial Mortgage Managers, Inc. was appointed as the servicer for the Marlton Square Loan Direct Lenders by order of the court in the Asset Resolution case.  The Trust has also been in contract with Cross FLC about certain loans that it is servicing, but Cross FLC is not servicing the Marlton Square Loan.[6]  The following is the extent of the USACM Trust's information on the current servicing and status of the Marlton Square Loan.

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Marlton Square, LLC."  A copy of the Offer Sheet is attached hereto as **Exhibit C** and incorporated by this reference**.**  (Berman Decl. Re Marlton, ¶ 4.)  The total loan amount proposed was $30,000,000.  The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 22 acres for a mixed use redevelopment located at the intersection of Martin Luther King Drive and Marlton Drive in Los Angeles, California.  The loan was intended to acquire the property, demolish the existing structure(s), and prepare the site for resale to developers.

On August 11, 2005, Borrower made and delivered to various lenders a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement. (Berman Decl. Re Marlton, ¶ 5.)  The Note and Loan Agreement provided for a loan up to the principal amount of $30,000,000.  The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Los Angeles County, California on September 19, 2005, along with subsequent amendments thereto.  The Note also appears to be

---

[6] By Order entered on July 19, 2010 by the Hon. Robert C. Jones in United States Bankruptcy Court (Case No. BK-S-09-32824-RCJ), the servicing rights for 19 loans were transferred to Cross, FLS.  The Marlton Square Loan however, was not among the loans whose servicing rights were transferred to Cross, FLS. This loan was purportedly transferred to an entity controlled by David Rentz.

289188.1



secured by a Guaranty signed by Christopher Hammond, Marlton Square Associates, LLC, and Capital Vision Equities, LLC. (Berman Decl. Re Marlton, ¶ 5.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006. (Berman Decl. Re Marlton, ¶ 6.) During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee, based upon a review of documents recorded with the Los Angeles County Recorders Office, determined that the property securing the loan was sold via trustee's sale on December 29, 2010 to Marlton Recovery Partners, LLC, a California limited liability company. Pursuant to the trustee's deed, the property was sold to Marlton Recovery Partners, LLC for $20,073,583.58. At the time, the amount of the unpaid debt together with costs was $49,349,414.29.

VII.  **THE MARLTON SQUARE OBJECTION**

The Marlton Square Loan appears to have been a legitimate, arms-length transaction with a third party borrower, unrelated to USACM or its principals. In addition, the Direct Lenders took an obvious risk by investing in a promissory note secured by a lien on real property and USACM did not guaranty repayment of the loan.

USACM is not liable to Brown for the Borrower's default, any decrease in the value of the collateral, or the ultimate loss on the sale of the underlying collateral through the Trustee's sale.

Brown fails to state a claim because USACM does not appear to have breached the loan servicing agreements with respect to collection of the Marlton Square Loan.

289188.1

**VIII. CONCLUSION**

Based on the foregoing, the USACM Trust objects to Proof of Claim No. 10725-00441-2 by Zoe Brown in an unknown amount because that claim is based upon investments in the Fiesta/USA Stoneridge and the Marlton Square Loans. The Trust asks that the Court disallow in the full the Subject Proof of Claim. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 27th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing with
Berman Decl. re Stoneridge [DE 8688]
and Berman Decl. re Marlton Square [DE 8353]
mailed by first class postage prepaid on
September 27, 2011 to:

Zoe Brown 1989 Family Trust
C/O Zoe Brown Trustee
2877 Paradise Rd, Unit 803
Las Vegas, NV 89109-5244

LEWIS AND ROCA LLP

/s/Renee L. Creswell
Renee L. Creswell