LEWIS AND ROCA LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                    Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00676-2 IN THE AMOUNT OF $50,000 BY MARCIA J. KNOX TRUST; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for Hearing: 10 Minutes |

The USACM Liquidating Trust (the "USACM Trust") recently discovered that approximately 140 proofs of claim ("POC's") or portions of proofs of claim had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's discovered by Sierra contain claims that relate to investments in loans that the USACM Trust has already processed on a loan by loan basis. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00676-2 (the "Subject Proof of Claim") by Marcia J. Knox Trust ("Knox

289179.1



1  Trust") against USA Commercial Mortgage Company ("USACM") in the amount of
2  $50,000.[1]
3        Here, the Subject Proof of Claim is based upon a $50,000 investment in the
4  Gateway Stone Loan.  On May 8, 2008, the USACM Trust filed omnibus objections to
5  claims arising out of investments in the Gateway Stone Loan because the borrower had
6  repaid that loan previously.  The Court heard and sustained the Gateway Stone omnibus
7  objections at the omnibus hearing on June 9, 2008.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

#### a. The USACM Bankruptcy

      On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[2] In Support of the Gateway Stone omnibus objections the USACM Trust filed a Declaration of Edwin M. Burr ("Burr Decl.") [DE 6330].  A Copy of the Burr Decl. will be served on the Knox Trust with this Objection.  To avoid confusion, the USACM Trust will serve the Burr Decl. with the hearing date of June 9, 2008 redacted and "Exhibit A" to the Burr Decl. omitted.  Exhibit A lists the Direct Lenders whose claims were affected by the Gateway Stone omnibus objections.  Those Direct Lender claims have no relevance to the claims by the Knox Trust or to this objection.

289181.1



1  USACM is a Nevada corporation that, prior to the Petition Date, was in the
2  business of underwriting, originating, brokering, funding and servicing commercial loans
3  primarily secured by real estate, both on behalf of investors and for its own account.
4  That business included the solicitation of individual investors to purchase fractional
5  interest in loans that USACM originated and then serviced. These investors, totaling
6  approximately 3,600 as of the Petition Date, are referred to as "Direct Lenders" in
7  USACM's bankruptcy case and in this Objection. Although USACM serviced and
8  sometimes originated the loans in which the Direct Lenders invested, generally USACM
9  was not a borrower on these loans.
10  On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third
11  Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No.
12  2376] (the "Confirmation Order"). Under the Plan, the USACM Trust is the successor to
13  USACM with respect to standing to seek allowance and disallowance of Claims. The
14  USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.
15  Geoffrey L. Berman is the Trustee.

### b. The Gateway Stone Loan

17  On or about February 28, 2007, the Gateway Stone Loan was paid off in full, as
18  reflected in USACM's books and records. (Burr Decl. ¶ 8.) Shortly thereafter, USACM
19  processed the payoff and distributed the proceeds to the Direct Lenders on the Gateway
20  Stone Loan. (Burr Decl. ¶ 8.)
21  The Direct Lenders were in turn paid in full for their investment in the Gateway
22  Stone Loan, subject to servicing fees and any other charges under their respective Loan
23  Servicing Agreements and this Court's orders, including the Confirmation Order. In
24  general, the Direct Lenders received their principal and interest on the Gateway Stone
25  Loan, less sums withheld for servicing fees, servicer advances, Prepaid Interest and sums
26  known as the 2% Holdback pursuant to the confirmed Plan. On the Effective Date of the

289181.1



Plan, the Prepaid Interest was applied, a portion of the 2% Holdback was applied to the allowed claims of the Direct Lender Committee, and the balance paid to the Direct Lenders. (Burr Decl. ¶ 9.)

## II. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV. OBJECTION AND CONCLUSION

According to USACM's books and records, the Gateway Stone Loan was repaid. Accordingly, the USACM Trust respectfully requests that the Court disallow in full the Subject Proof of Claim. The USACM Trust also requests such other and further relief as is just and proper.

289181.1

LEWIS AND ROCA LLP
LAWYERS

DATED this 28th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and the Berman Decl. [DE 6330] with the hearing date redacted and Exhibit A omitted was mailed by first class postage prepaid on September 28, 2011 to:

Marcia J Knox Living Trust Dated 8/16/04
C/O Marcia J Knox Trustee
1885 Vintners Pl
Reno, NV 89519-8334

LEWIS AND ROCA LLP

/s/ Renee L. Creswell
Renee L. Creswell