**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | CHAPTER 11 |
| Debtor. | **OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-01214 IN THE AMOUNT OF $503,479.62 BY PHILLIP RULON; AND CERTIFICATE OF SERVICE** |
| | Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated Time for Hearing: 10 minutes |

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order allowing in part and disallowing in part Proof of Claim No. 10725-01214 by Phillip Rulon (the "Subject Proof of Claim") against USA Commercial Mortgage Company ("USACM") in the amount of $503,479.62.[1]

Here, the Subject Proof of Claim is based, in part, upon a $25,000 investment in the SVRB 2.325 Loan. The USACM Trust has already filed omnibus objections to claims arising out of Direct Lender investments in the SVRB 2.325 Loan. Those objections seek to disallow 80% and allow 20% of the SVRB 2.325 claims and the Court is scheduled to

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

289112.1



hear the objections on September 30, 2011.  The USACM Trust seeks the same treatment for the Subject Proof of Claim.  The USACM Trust filed a Declaration of Geoffrey L. Berman in support of the SVRB 2.325 omnibus objections ("Berman Decl.") [DE 8828].[2]

<u>THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE DIRECT LENDER'S RIGHT TO REPAYMENT FROM A BORROWER OR TO SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY SECURING THE LOAN AT ISSUE.</u>

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

### II.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of

---

[2] A copy of the Berman Decl. will be served on the claimant with this Objection.  To avoid confusion, the hearing date will be redacted from the Berman Decl. and Exhibit A will be omitted.  Exhibit A to the Berman Decl. lists the claimants affected by the SVRB 2.325 omnibus objections and that information is irrelevant to this Objection.



persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### III. BACKGROUND FACTS

#### a. USACM Bankrtupcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankuptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass").

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

LEWIS AND ROCA LLP LAWYERS

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets." (Citations omitted.) Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-RCJ, along with certain affiliates.[3] William A. Leonard, Jr. was appointed trustee in the Asset Resolution case.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution. The Trust's legal counsel has also been in contract with Platinum Properties 2, LLC ("Platinum"), which advised that Platinum purchased the Direct Lenders' interests in the SVRB 2.325

---

[3] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Anchor B SPE LLC, and Shamrock SPE LLC.

4

289112.1



1  Loan and in the security agreements securing repayment of the SVRB 2.325 Loan.
2  Platinum has provided the Trust with signed copies of "Assignments of Deed of Trust,
3  Security Agreement and Assignment of Rents, and Promissory Note" for the Direct
4  Lenders, which purport to assign to Platinum the Direct Lenders' respective interests in the
5  Note and Deed of Trust.  Platinum also advised that the Direct Lenders transferred the
6  SVRB 2.325 Claims to Platinum, but the Trust has not been able to confirm with the
7  respective Direct Lenders whether those claims were transferred, and the claims register
8  does not list any such transfer.  The following is the extent of the USACM Trust's
9  information on the current servicing and status of the SVRB 2.325 Loan.

### b. The SVRB 2.325 Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Rio Bravo Industrial Development, LLC."  A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.  (Berman Decl., ¶ 4.)  The Offer Sheet stated that the borrower was a joint venture between USA Investment partners and Robert Russell.[4]  The total loan amount proposed was $2,325,000.  The Offer Sheet noted that the investment would be secured by a "subordinated deed of trust" on approximately 28 acres of land zoned for industrial development and a 50,000 square foot industrial building located at Rio Bravo and Prince Street off of Interstate 25 near the Albuquerque, New Mexico airport.  The Offer Sheet further stated that the loan to value was approximately 93% based on an April 13, 2005 opinion of value letter from CB Richard Ellis, which valued the land at $3.5 per square foot, with a sale value for the building of $3,500,000.  Pursuant to the Offer Sheet, an appraisal update for the land was in process.[5]  The loan was intended to be used "to repay existing borrowers partners and to begin the development process for

---

[4] The loan was eventually made to a different entity, SVRB Investments, LLC, but that entity is also a joint venture between Robert Russell and USA IP pursuant to the Arizona Corporation Commission website.

[5] The Trustee has not been able to locate a copy of the appraisal or the broker opinion of value.



the remaining phases" of the project, which included an eventual build out of 200,000 square feet of industrial warehouse space. *Id.*

On April 27, 2005, the Borrower made and delivered to various direct lenders a "Promissory Note Secured by Deed of Trust," in the amount of $1,900,000 (the "Note") and a Loan Agreement. (Berman Decl. ¶ 5). The Loan Agreement and Note provided for an initial loan of $1,900,000, with potential subsequent advances up to $2,325,000. (Berman Decl. ¶ 5). The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (Second Position)" from Borrower in favor of the Direct Lenders that was recorded in the official records of Bernalillo County, New Mexico on April 29, 2005 at Instrument Number 2005059762. *Id.* The Loan Agreement expressly provided that the Deed of Trust "may be subordinated "to deeds of trust securing a construction or development loan, provided that the amount of those loans does not exceed 80% of the value of the property. *Id.* The Loan Agreement also acknowledged that the Deed of Trust was already subordinated to a first position deed of trust and further acknowledged that any additional advances after the Note's effective date could be used to pay interest on the senior loan. *Id.* The Note was also supported by an Unconditional Guaranty executed by Tom Hantges, Joseph Milanowski, and Robert Russell on April 27, 2005. (Berman Decl., ¶ 6.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Performing" on the Note as of July 31, 2006. (Berman Decl., ¶ 7.) The USACM "Loan Summary" dated February 28, 2007 and filed in this case shows that Borrower was in "Interest Default" as of February 28, 2007. *Id.* During this bankruptcy case through the transfer of servicing to Compass, USACM treated the Direct Lenders with respect to any interim payments by the borrower in accordance with this Court's orders.



Counsel for the Trustee had a conversation with a representative of Platinum regarding the status of the SVRB 2.325 Loan.  According to Platinum, it purchased the Direct Lenders' interests in the Note and the Deed of Trust.  In addition, Platinum also purchased the first position SVRB deed of trust, and has foreclosed on the collateral. Platinum also advised that the Direct Lenders assigned their claims against USACM to Platinum, however, no notice of assignment has been filed with the Court to date.  The Trustee will serve a copy of this objection on Platinum to ensure that it has notice of this objection.

**IV.    OBJECTION**

USA IP held an interest in the Borrower.  As such, and unlike many of the other loans brokered by USACM, the SVRB 2.325 Loan was not completely arms' length.  The Direct Lenders, however, did receive the second position security interest in the collateral promised them by the Borrower through the Offer Sheet.  The Trustee believes USACM is not liable for the Borrower's default but the Trustee recognizes the potential conflict of interest arising from USACM's brokering the loan for an affiliate, being the loan's servicer and then potentially not acting diligently to demand payment from a defaulting borrower.  USACM, however, did not guaranty repayment of the loan and it is not responsible for any decrease in the value of the collateral.  Moreover, the Direct Lenders took a known risk by investing in a promissory note secured by a subordinated lien on real property.  Consequently, the USACM Trust requests an order disallowing 80% of the Subject Proof of Claim and allowing the remaining 20% to the extent that the claim is based upon a $25,000 investment in the SVRB 2.325 Loan.  Platinum will be served with notice of this objection to give it an opportunity to provide proof that the Subject Proof of Claim was assigned to it.

289112.1



## V.     CONCLUSION

Here, the Subject Proof of Claim is based in part upon a $25,000 investment in the SVRB 2.325 Loan.  Based on the foregoing, the USACM Trust respectfully requests that the Court disallow 80% of the $25,000 claim amount ($20,000) and allow the remaining 20% of that amount ($5,000).  This objection will not affect Proof of Claim 10725-01214 to the extent that it is based upon investments in loans other than the SVRB 2.325 Loan.  Also, it will not affect the claimant's ability to collect from the Borrower on the SVRB 2.325 promissory note or to receive compensation from the sale of the collateral securing repayment of that promissory note.  The USACM Trust also requests such other and further relief as is just and proper.

DATED this 29th day of September, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
    Robert M. Charles Jr. NV 6593
    John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  jhinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

LEWIS AND ROCA LLP
LAWYERS

1  Copy of the foregoing mailed by first class
   Postage prepaid U.S. mailed on
2  September 29, 2011 to:

3
   Phillip Rulon
   3310 W. Hidden Valley Drive
4  Reno, NV 89502-9579

5  Platinum Properties 2
   Attn: Todd Hansen
6  2801 Fairview Place, Suite 2
   Greenwood, IN 46142
7

8  LEWIS AND ROCA LLP

9   /s/Renee L. Creswell
   Renee L. Creswell
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

289112.1