LEWIS
AND
ROCA
——LLP——
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>               Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**PARTIAL OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-02156 IN THE AMOUNT OF $60,000 BY KELLEY M. AND JAIME K. HAINS; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing:  November 15, 2011<br>Time of Hearing: 9:30 a.m. |

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order allowing in part and disallowing in part Proof of Claim No. 10725-02156 (the "Subject Proof of Claim") by Kelley M. Hains and Jaime K. Hains against USA Commercial Mortgage Company ("USACM") in the amount of $60,000.[1]

Here, the Subject Proof of Claim is based upon a $60,000 investment in the Bundy Canyon $5 Million Loan.  On July 22, 2011, the USACM Trust filed omnibus objections to claims arising out of Direct Lender investments in the Bundy Canyon $5 Million Loan. Those omnibus objections sought to allow 20% of each claim based upon a Direct Lender

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

289190.1



1   Investment in the Bundy Canyon $5 Million Loans and disallow the remaining 80% of

2   each claim.  The Bundy Canyon $5 Million omnibus objections were heard by the Court

3   and sustained at the omnibus hearing on August 30, 2011.  In support of the Bundy

4   Canyon $5 Million omnibus objections, the USACM Trust filed a Declaration of Geoffrey

5   L. Berman ("Berman Decl.") [DE 8688], which is referenced below to support this

6   Objection.[2]

7       THIS OBJECTION DOES NOT RELATE TO AND WILL NOT IMPACT THE

8   DIRECT LENDER'S RIGHT TO REPAYMENT FROM THE BORROWER OR TO

9   SHARE IN ANY PROCEEDS GENERATED FROM THE SALE OF REAL PROPERTY

10  SECURING THE LOAN AT ISSUE.

11                   **MEMORANDUM OF POINTS AND AUTHORITIES**

12  **I.      JURISDICTION**

13      The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and

14  157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core

15  proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

16      The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and

17  Bankruptcy Rule 3007.

18  **II.     APPLICABLE AUTHORITY**

19      Under the Bankruptcy Code, any Claim for which a proof of claim has been filed

20  will be allowed unless a party in interest objects.  If a party in interest objects to the proof

21  of claim, the Court, after notice and hearing, shall determine the amount of the Claim and

22  shall allow the Claim except to the extent that the Claim is "unenforceable against the

23  debtor . . . under any . . . applicable law for a reason other than because such claim is

24

25  [2] The Trust will serve a copy of the Berman Decl. on the claimant with this Objection.  To avoid confusion,
    the hearing date shown on the declaration will be redacted and Exhibit A to the declaration will be omitted

26  from the copy served on the claimant.  Exhibit A to the declaration lists the Direct Lenders whose claims
    were affected by the Bundy Canyon $5 Million omnibus objections.  Those Direct Lender's claims have no
    relevance to this objection.

289190.1



1    contingent or unmatured." 11 U.S.C. § 502(b).  A properly filed proof of claim is

2    presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof

3    of claim controverts the presumption, the creditor ultimately bears the burden of

4    persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated*

5    *Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P.

6    1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

7    **III.    BACKGROUND FACTS**

8        **a.  The USACM Bankruptcy**

9        On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief

10   under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as

11   debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12   Debtor's post-petition management of the Debtor was under the direction of Thomas J.

13   Allison of Mesirow Financial Interim Management, LLC, who served as the Chief

14   Restructuring Officer.

15       USACM was a Nevada corporation that, prior to the Petition Date, was in the

16   business of underwriting, originating, brokering, funding and servicing commercial loans

17   primarily secured by real estate, both on behalf of investors and for its own account.  That

18   business included the solicitation of investors to purchase fractional interest in loans that

19   USACM originated and then serviced.  These investors are referred to as "Direct Lenders"

20   in USACM's bankruptcy case and in this Objection.

21       On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third

22   Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No.

23   2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

24   Court, USACM sold the servicing rights to most of the loans it serviced to Compass

25   Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the

26   Fiesta/USA Stoneridge Loan.  The sale to Compass closed on February 16, 2007.

289190.1



1    The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

2    2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

3    successor to USACM with respect to standing to seek allowance and disallowance of

4    Claims under 11 U.S.C. § 502(a).

5    Upon information derived from filings in the United States District Court, District

6    of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,*

7    *et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

8    ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

9    service agreements in the USACM bankruptcy case and took a secured interest in those

10    Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

11    Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

12    Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

13    Further, from filings in the same action, the Trust believes that "Effective as of

14    September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset

15    Resolution") and took ownership of the Purchased Assets. … Silar created Asset

16    Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase

17    Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of

18    Compass, including the Purchased Assets." (Citations omitted.)  Asset Resolution LLC is

19    now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no. BK-S-09-32824-

20    RCJ, along with certain affiliates.[3]  By Order entered on July 19, 2010 by the Hon. Robert

21    C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to

22    Cross, FLS.  The Fiesta/USA Stoneridge Loan was among those loans transferred to Cross

23    FLS Services.

24

25    [3] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP
     Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC,

26    Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP
     Anchor B SPE LLC, and Shamrock SPE LLC.

289190.1



The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.  The following is the extent of the USACM Trust's information on the current servicing and status of the Bundy Canyon ($5 Million) Loan.

### b.  The Bundy Canyon ($5 Million) Loan

USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding for an acquisition and development loan to a borrower identified as "Bundy Canyon Land Development, LLC."  A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference**.**  (Berman Decl., ¶ 4.)  The Offer Sheet stated that the Borrower was a joint venture between USA Investment Partners and two individuals, Chris Pederson and Kevin Everett.  *Id*.  The total loan amount proposed was $5,000,000.  *Id*.  The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on approximately 34.5 acres of property to be developed into approximately 137 lots, located on Bundy Canyon Road in Riverside County, California.  *Id*.  The loan to value ratio was 36% based on the sell out price for the approved mapped lots.  *Id*.  The Offer Sheet noted that an appraisal had been engaged.[4]  *Id*.

On September 28, 2005, Borrower made and delivered to various lenders, including the Direct Lenders identified in Exhibit A, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Loan Agreement (Berman Decl., ¶5.)[5]  The Note and Loan Agreement

---

[4] The Trustee has been unable to locate an appraisal for this loan and it does not appear that one was ever obtained.

[5] The Trust will serve a copy of the Berman Decl. on the claimant with this Objection.  To avoid confusion, the hearing date shown on the declaration will be redacted and Exhibit A to the declaration will be omitted from the copy served on the claimant.  Exhibit A to the declaration lists the Direct Lenders whose claims were affected by the Bundy Canyon $5 Million omnibus objections.  Those Direct Lender's claims have no relevance to this objection.

289190.1



provided for a loan of $5,000,000, with an initial loan in the amount of $4,050,000. *Id*.

Pursuant to the Loan Agreement, the loan was intended to acquire the real property. *Id.*

The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and

Fixture Filing" (the "Deed of Trust") from the Borrower in favor of the Direct Lenders

that was recorded in the official records of Riverside County, California on October 7,

2005 at Instrument Number 20050833979, as was a subsequent amendment to the Deed of

Trust to secure a subsequent $200,000 advance.  (Berman Decl., 5.)  The Note was also

supported by a guaranty from Tom Hantges and Joseph Milanowski.  (Berman Decl., ¶ 6.)

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows

that Borrower was "Non-Performing" on the Note as of July 31, 2006.

(Berman Decl.,¶ 7.)  During this bankruptcy case through the transfer of servicing to

Compass, USACM treated the Direct Lenders with respect to any interim payments by the

borrower in accordance with this Court's orders and the confirmed Plan.

Counsel for the Trustee had a brief conversation with a representative of Cross,

FLS regarding the status of the Bundy Canyon ($5 Million) Loan.  Although Cross, FLS is

not servicing that loan, as noted above it is servicing three other loans to Borrower that

USACM originated, and thus, has general knowledge as to the status of the Bundy Canyon

loans.  According to Cross, FLS, the collateral is now REO property.  In addition,

significant accrued taxes are owed on the property that served (or continues to serve) as

collateral for the various Bundy Canyon loans, and those taxes may exceed the value of

the collateral.

**IV.    THE OBJECTION**

USA Investment Partners ("USA IP") held an interest in the Borrower and that

interest was disclosed on the Offer Sheet described above and attached as **Exhibit B**.[6]  As

---

[6] The Trust is also aware that David Fogg was a principal in the Bundy Canyon development.  Mr. Fogg
settled the claims against him brought by the Trust and the USA Capital Diversified Trust Deed Fund

289190.1



1  such, and unlike many of the other loans brokered by USACM, the Bundy Canyon ($5

2  Million) Loan was not completely arms' length.  However, the Direct Lenders received the

3  first position interest in the collateral securing the loan as promised by the Offer Sheet.  In

4  addition, the Direct Lenders took a known risk by investing in a promissory note secured

5  by a lien on real property.

6        USACM is not liable for the Borrower's default but the Trustee recognizes the

7  potential conflict of interest arising from USACM's brokering the loan for an affiliate,

8  being the loan's servicer and then potentially not acting diligently to demand payment

9  from a defaulting borrower.  USACM however is not responsible for any decrease in the

10  value of the collateral.

11        In light of the potential conflict of interest, the trustee is prepared to allow a partial

12  claim for the direct lenders that have filed proofs of claim arising from their investment in

13  this (and the related Bundy Canyon loans) in an amount of 20% of the proof of claim.  The

14  balance of the direct lender's proof of claim is otherwise objected to as the Direct Lenders

15  fail to state a claim because USACM does not appear to have breached the loan servicing

16  agreements with respect to collection of the Bundy Canyon ($5 Million) Loan.  USACM

17  was under no duty to foreclose on the collateral securing the Bundy Canyon ($5 Million)

18  Loan or take any other action.

19        This objection will not affect the Direct Lenders' right to be repaid on the Bundy

20  Canyon ($5 Million) Loan by the Borrower, to recover from the sale of any collateral that

21  secured the Bundy Canyon ($5 Million) Loan or share in any funds generated by enforcing

22  the guaranty associated with the Bundy Canyon ($5 Million) Loan.

23

24

25

26  related to his involvement in the 10-90 loan and monies transferred by Mr. Milanowski to USA Investment
    Partners.

289190.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1

**V.    CONCLUSION**

2        The USACM Trust respectfully requests that the Court sustain the objection and

3   thereby allow 20% of the Proof of Claim No. 10725-02156 and disallow the remaining

4   80% of Proof of Claim.   More specifically, the Court should allow a general unsecured

5   claim in the amount of $12,000 and disallow the remainder of the $60,000 claim.  The

6   USACM Trust also requests such other and further relief as is just and proper.

7        DATED this 7th day of October, 2011.

8                                          LEWIS AND ROCA LLP

9

10                                     By  /s/ John Hinderaker (#18024)
                                          Robert M. Charles Jr. NV 6593
11                                        John C. Hinderaker, AZ 18024 (*pro hac vice*)
                                        3993 Howard Hughes Parkway, Suite 600
12                                      Las Vegas, Nevada  89169
                                        Telephone:  (702) 949-8200
13                                      Facsimile:   (702) 949-8398
                                        E-mail:  jhinderaker@lrlaw.com
14                                      *Attorneys for the USACM Liquidating Trust*

15   Copy of the foregoing with Berman Decl. [DE 8688]
     mailed by first class postage prepaid U. S. Mail on
16   October 7, 2011 to:

17
     Kelley M. Hains and Jamie K. Hains
18   5349 Mira Loma Dr.
     Reno, NV 89502
19

20   LEWIS AND ROCA LLP

21    /s/Renee L. Creswell
     Renee L. Creswell

22

23

24

25

26

8

289190.1