

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: RCharles@LRLaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: JHinderaker@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>        Debtor. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**FOURTEENTH OMNIBUS OBJECTION OF USACM LIQUIDATING TRUST TO DUPLICATE PROOFS OF CLAIM; AND CERTIFICATE OF SERVICE**<br><br>Date of Hearing:  November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated time for Hearing: 15 Minutes |

The USACM Liquidating Trust (the "USACM Trust") recently discovered that approximately 140 proofs of claim ("POC's") had not been entered in the database of Sierra Consulting and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. Of those POC's, 47 were duplicates of other POC's that were already processed by the USACM Trust and the USACM Trust objects to these POC's accordingly.

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing the duplicate Proofs of Claim against USA Commercial Mortgage Company ("USACM") to the extent such claims are duplicates of another claim that was filed by the same claimant. This Objection is supported by the Court's record and the Declaration of Edward M. Burr in

2453058.1



1  Support of Omnibus Objections to Duplicate Proofs of Claim (the "Burr Decl.") filed with
2  the Court today.

## I. JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.  The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. BACKGROUND

On April 13, 2006 ("Petition Date"), USACM, USA Securities, LLC ("USA Securities"), USA Capital Realty Advisors, LLC ("USA Realty"), USA Capital Diversified Trust Deed Fund, LLC ("DTDF"), and USA Capital First Trust Deed Fund, LLC ("FTDF," together with DTDF, the "Funds") (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors continued to operate their businesses, if any, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtors' post-petition management of the Debtors was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC ("Mesirow"), who served as the Chief Restructuring Officer.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order").  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims.  The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.

## III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof



of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).  The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant."  *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

### IV.     OBJECTION TO CLAIMS LISTED IN EXHIBIT A

**Exhibit A,** attached, lists Proofs of Claim that appear to be duplicates of other proofs of claim that were filed by the same creditors in the USACM bankruptcy estate.  **Exhibit A** identifies the claimant, the claimant's address, the claim number that the USACM Trust seeks to disallow as a duplicate claim, the amount of the duplicate claim, the basis for the objection, the claim number that the USACM Trust counted as a valid claim and processed accordingly ("processed claims").  The USACM Trust objects to each of these claims to the extent it is a duplicate of a processed claim and requests that the Court disallow the duplicate claims in full.  The USACM Trust has already made any objections that it intends to make to the processed claims.  The disposition of the processed claims will not be affected by the Court's ruling on this objection.  As required by Nevada LR 3007, a copy of the first page of the proof of claim for each of the claims referenced in **Exhibit A** are attached as **Exhibit B.**

\

2453058.1

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow the duplicate claims listed in **Exhibit A** in their entirety. The USACM Trust also requests such other and further relief as is just and proper.

Dated: October 7, 2011

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: JHinderaker@LRLaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and the pertinent
Portion of Exhibit A mailed by first class
Postage prepaid U.S. mailed on
October 7, 2011 to:

All parties in interest listed on
Exhibit A attached

LEWIS AND ROCA LLP


 /s/ Matt Burns
Matt Burns, Paralegal

4

2453058.1