

1  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, NV 89169-5996
2  Facsimile (702) 949-8321
   Telephone (702) 949-8320

3  Robert M. Charles Jr. NV State Bar No. 006593
   Email: rcharles@lrlaw.com
   John C. Hinderaker AZ State Bar No. 018024
4  Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | CHAPTER 11 |
| Debtor. | **AMENDED OBJECTION OF USACM LIQUIDATING TRUST TO PROOF OF CLAIM NO. 10725-00755-2 IN THE AMOUNT OF $100,000 BY DIANE H. HIGGINS; RESCHEDULE HEARING AND CERTIFICATE OF SERVICE (AMENDED TO CORRECT CLAIM NO. IN TEXT, RESCHEDULE HEARING AND ATTACH CORRECT EXHIBIT)** |
| | Date of Hearing: November 15, 2011[1]
Time of Hearing: 9:30 a.m.
Estimated Time for Hearing: 10 minutes |

   The USACM Liquidating Trust (the "USACM Trust") recently discovered that approximately 140 proofs of claim ("POC's") or portions of proofs of claim had not been properly entered into the database of Sierra Consulting Group, LLC ("Sierra") and, therefore, had not been included in the loan by loan objections filed by the USACM Trust. The POC's discovered by Sierra contain claims that relate to investments in loans that the USACM Trust has already processed on a loan by loan basis. Accordingly, where appropriate the USACM Trust is objecting to these remaining POC's on a claim by claim basis.

---

[1] The original objection was scheduled for hearing on October 18, 2011. However, to provide adequate notice, this amended objection reschedules the hearing for November 15, 2011 at 9:30 a.m.

289161.1



Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Trust requests an order disallowing in full Proof of Claim No. 10725-00755-2 by Diane H. Higgins (the "Subject Proof of Claim") against USA Commercial Mortgage Company ("USACM") in the amount of $100,000.[2]

Here, the Subject Proof of Claim is based upon an investment in the Standard Property Development Loan, which loan the borrower repaid in full. The USACM Trust has filed omnibus objections to the claims arising out of the Standard Property Development Loan. In association with the Standard Property Development omnibus objections, on April 29, 2008, the USACM Trust filed the Declaration of Edward M. Burr in Support of Omnibus Objections to Proofs of Claim Based Upon the Investment in the Standard Property Development Loan ("Burr Decl.") [DE 6276].[3] A Copy of the Burr Decl. with the hearing date redacted and "Exhibit A"[4] omitted was served on Ms. Higgins with the original Objection [DE 9119].

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **BACKGROUND FACTS**

   a. **The USACM Bankruptcy**

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J.

---

[2] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit A**

[3] The USACM Trust filed the Burr Decl. in support of omnibus objections related to the Standard Property Development loan. The Court heard those omnibus objections and sustained them at the omnibus hearing on June 9, 2008.

[4] Exhibit A lists the Direct Lenders who were affected by the Standard Property Development loan omnibus objections. The claims of those Direct Lenders have no relevance to this objection and therefore Exhibit A has not been provided with the Burr Decl.

289161.1



1  Allison of Mesirow Financial Interim Management, LLC, who served as the Chief
2  Restructuring Officer.
3      USACM was a Nevada corporation that, prior to the Petition Date, was in the
4  business of underwriting, originating, brokering, funding and servicing commercial loans
5  primarily secured by real estate, both on behalf of investors and for its own account.  That
6  business included the solicitation of investors to purchase fractional interest in loans that
7  USACM originated and then serviced.  These investors are referred to as "Direct Lenders"
8  in USACM's bankruptcy case and in this Objection.
9      The USACM Trust exists as of the Effective Date of the Plan, which was March 12,
10 2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the
11 successor to USACM with respect to standing to seek allowance and disallowance of
12 Claims under 11 U.S.C. § 502(a).

### b.  The Standard Property Loan

14 On or about March 20, 2007, the Standard Property Loan was paid off in full by the
15 Borrower, as reflected in USACM's books and records.  (Burr Decl. ¶ 8.)  Shortly
16 thereafter, USACM processed the payoff and distributed the proceeds to the Direct
17 Lenders on the Standard Property Loan.  (Burr Decl. ¶ 8.)
18 The Direct Lenders were paid in full, subject to servicing fees and any other
19 charges under their respective Loan Servicing Agreements and this Court's orders,
20 including the Confirmation Order.  In general, the Direct Lenders received their principal
21 and interest on the Standard Property Loan, less sums withheld for servicing fees, servicer
22 advances, Prepaid Interest and sums known as the 2% Holdback pursuant to the
23 Confirmed Plan.  On the Effective Date of the Plan, the Prepaid Interest was applied, a
24 portion of the 2% Holdback was applied to the allowed claims of the Direct Lender
25 Committee, and the balance paid to the Direct Lenders.  (Burr Decl. ¶ 9.)
26

289161.1



Accordingly, the USACM Trust no longer has further obligations to the Direct Lenders arising out of the Standard Property Loan because, pursuant to USACM's books and records, the Standard Property Loan has been repaid in full, and the Direct Lenders have received such payment.  (Burr Decl. ¶ 10.)

## II.    JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.   APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    OBJECTION

The USACM Trust objects to the subject Proof of Claim because it is based upon an investment in the Standard Property Development Loan.  According to USACM's books and records as reconstructed by Mesirow, the Standard Property Development Loan

4

has been repaid in full, and the Direct Lenders have received such payment, as provided by the applicable Loan Servicing Agreement, this Court's orders and the Confirmation Order.

## V. CONCLUSION

The USACM Trust respectfully requests that the Court disallow in full Proof of Claim No. 10725-00755-2 filed by Diane H. Higgins in the amount of $100,000. The USACM Trust also requests such other and further relief as is just and proper.

DATED this 7th day of October, 2011.

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
E-mail: jhinderaker@lrlaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing
mailed by first class postage prepaid on
October 7, 2011 to:

Diane H. Higgins
571 Alden Lane
Incline Village, NV 89451-8333

LEWIS AND ROCA LLP

 /s/ Marie H. Mancino
Marie H. Mancino