LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

1    3993 Howard Hughes Parkway, Suite 600
     Las Vegas, NV 89169-5996
     Facsimile (702) 949-8321
2    Telephone (702) 949-8320

3    Robert M. Charles, Jr. NV State Bar No. 006593
     Email: rcharles@lrlaw.com
     John Hinderaker AZ State Bar No. 018024
     Email: jhinderaker@lrlaw.com
4    Marvin Ruth NV State Bar No. 10979
     Email: mruth@lrlaw.com

5    Attorneys for USACM Liquidating Trust

6                **UNITED STATES BANKRUPTCY COURT**

7                      **DISTRICT OF NEVADA**

8    In re:                                    Case No. BK-S-06-10725-LBR

9    USA COMMERCIAL MORTGAGE             CHAPTER 11
     COMPANY,
10                                        **MOTION TO WITHDRAW**
                                          **MOTION TO ALLOW CLAIMS**
                   Debtor.                **BASED UPON INVESTMENT IN**
11                                        **THE COPPER SAGE PHASE II**
                                          **LOAN [DE 8917]**
12
                                          **AND**
13
                                          **OMNIBUS OBJECTION TO**
14                                        **CLAIMS BASED UPON**
                                          **INVESTMENT IN THE COPPER**
15                                        **SAGE PHASE II LOAN**

16                                        **Date of Hearing: November 15, 2011**
                                          **Time of Hearing: 9:30 a.m.**
17                                        **Estimated Time for hearing:  10 min**.

18

19

20        The USACM Liquidating Trust (the "USACM Trust") (a) moves this Court to

21   withdraw its Motion to Allow Claims Based Upon Investment in the Copper Sage Phase II

22   Loan (the "Motion to Allow") [DE 8917] and (b) moves this Court pursuant to § 502 of

23   title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of

24   the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order

25   disallowing the Proofs of Claim based upon investment in the Copper Sage Phase II Loan,

26

                                                                    2480269.1



listed in **Exhibit A.**[1]  These claims were filed by investors ("Direct Lenders") against USA Commercial Mortgage Company ("USACM") based upon investments in a loan to Copper Sage Commerce Center, LLC ("Borrower").  This loan was sometimes referred to as the "Copper Sage Phase II Loan" and that is how the Trust will refer to it here.

The USACM Trust initially moved to allow the Proofs of Claim listed in **Exhibit A**, however, recent documents provided to the USACM Trust show that the Direct Lenders sold their interests in the Copper Sage Phase II Loan to Platinum Properties CS II, LLC ("Platinum") for value, or had the opportunity to do so, and therefore, recovered (or could have recovered) at least a portion of their investment.  As for any Direct Lenders who failed to sell their interests, those direct lenders failed to mitigate their damages and their claims should be disallowed accordingly.  Consequently, the Motion to Allow should be withdrawn and the Copper Sage Phase II Claims should be disallowed.

This Motion is supported by the Court's record and the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Motion to Allow Proofs of Claim Based Upon the Investment in the Copper Sage Phase II Loan (the "Berman Decl." [DE 8919] and "Burr Decl. [DE 8920]").[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Debtor's post-petition management of the Debtor was under the direction of Thomas J.

---

[1] In compliance with Nevada LR 3007, a copy of the first page of the Subject Proof of Claim is attached as **Exhibit B.**

[2] The Trust will serve a copy of the Berman and Burr Declarations with this Objection.  To avoid confusion, the hearing date shown on the declarations will be redacted and Exhibit A to the declarations will be omitted from the copies served.

2480269.1

1  Allison of Mesirow Financial Interim Management, LLC, who served as the Chief

2  Restructuring Officer.

3      USACM was a Nevada corporation that, prior to the Petition Date, was in the

4  business of underwriting, originating, brokering, funding and servicing commercial loans

5  primarily secured by real estate, both on behalf of investors and for its own account.  That

6  business included the solicitation of investors to purchase fractional interest in loans that

7  USACM originated and then serviced.  These investors are referred to as "Direct Lenders"

8  in USACM's bankruptcy case and in this Motion.

9      On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third

10  Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No.

11  2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this

12  Court, USACM sold the servicing rights to most of the loans it serviced to Compass

13  Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Copper

14  Sage Phase II Loan.  The sale to Compass closed on February 16, 2007.

15      The USACM Trust exists as of the Effective Date of the Plan, which was March 12,

16  2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the

17  successor to USACM with respect to standing to seek allowance and disallowance of

18  Claims under 11 U.S.C. § 502(a).

19      Upon information derived from filings in the United States District Court, District

20  of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC,*

21  *et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP

22  ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan

23  service agreements in the USACM bankruptcy case and took a secured interest in those

24  Purchased Assets by executing a Master Repurchase Agreement ("Repurchase

25  Agreement") with Compass, and by filing a UCC-1 financing statement with the State of

26  Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

2480269.1

1    Further, from filings in the same action, the Trust believes that "Effective as of
2 September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset
3 Resolution") and took ownership of the Purchased Assets. … Silar created Asset
4 Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase
5 Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of
6 Compass, including the Purchased Assets." (Citations omitted.)  Asset Resolution LLC is
7 now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no.
8 BK-S-09-32824-RCJ, along with certain affiliates.[3]  By Order entered on July 19, 2010 by
9 the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans
10 were transferred to Cross, FLS.  The Copper Sage Phase II Loan, however, was not one of
11 the loans whose servicing rights were transferred to Cross, FLS by that Order.
12    The Trust has attempted to monitor loan collections through monitoring the district
13 court litigation and the ARC bankruptcy case, but has received limited information
14 concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or
15 their successors, including the trustee in bankruptcy for Asset Resolution.  The following
16 is the extent of the USACM Trust's information on the current servicing and status of the
17 Copper Sage Phase II Loan.

**b.  The Copper Sage Phase II Loan**

18
19    USACM circulated an Offer Sheet to prospective Direct Lenders soliciting funding
20 for an acquisition and development loan to a borrower identified as "Copper Sage
21 Commerce Center, LLC."  A copy of the Offer Sheet is attached hereto as **Exhibit C** and
22 incorporated by this reference.  (Berman Decl., ¶ 4.)  The Offer Sheet indicated that the
23 Borrower was a joint venture between USA Investment Partners and Robert Russell/A-D

24
---
25 [3] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP
Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC,
26 Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP
Clear Lake SPE LLC, and Shamrock SPE LLC.

2480269.1

Development Group, LLC. *Id.* The total loan amount proposed was $11.3 million. The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 8.45 acres of property to be developed into warehouse space. *Id.* The Offer Sheet further provided that the loan had a 75% loan to value based on the sell-out price for the buildings. *Id.* The loan was intended to acquire the property and construct the buildings. *Id.*

On March 1, 2006, Borrower made and delivered to various lenders, including the Direct Lenders identified in **Exhibit A**, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement. (Berman Decl., ¶ 5.) The Note and Loan Agreement provided for a loan in the initial principal amount of $3,550,000, which could be increased up to $11,300,000. *Id.* The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Clark County, Nevada on March 6, 2006, at Instrument Number 200603-6-0003310. *Id.* The Note was also supported by a guaranty executed by Thomas Hantges, Joseph Milanowski, and Robert Russell. The Trust has not found a copy of the guaranty. The Offer Sheet also provided that "real estate markets can be negatively impacted by interest rates, availability of capital, supply and demand factors, and general economic conditions locally, regionally, and nationally" and warned the Direct Lenders to keep these risks in mind. *Id.*

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006, with $3,550,000 in principal outstanding at that time. (Berman Decl. ¶ 6.)

USACM did not disperse any additional funds to Copper Sage after the initial disbursement. *Id.* Copper Sage Commerce Center, LLC asserted a claim against USACM in the amount of $3.5 million. [POC No. 10725-00792-2.] Copper Sage's Proof of Claim alleged that USACM failed to fully fund the remainder of the loan in breach of the loan

2480269.1

LEWIS
AND
ROCA
LLP
LAWYERS

1   agreement. *Id.* It also alleged an intentional misrepresentation by USACM. *Id.* USACM

2   filed an objection to Copper Sage's proof of claim. [DE 3077]

3        USACM filed an adversary claim against, among others, Copper Sage and Robert

4   Russell. [DE 6191; Adv. Case. No. 08-01119.] Copper Sage ultimately agreed to release

5   its claims against USACM as part of a settlement of USACM's adversary claim against it.

6   (Berman Decl. ¶ 7.)

7        Based on a review of the Clark County Recorder's land records, counsel for the

8   Trustee has determined that the property securing the loan consisted of two parcels, and

9   both parcels were sold at a trustee's sale on October 22, 2010 for $800,000 credit bid to

10   certain Direct Lenders, as well as to Compass and to BMR Funding, LLC, which took a

11   72.54% interest. The ultimate disposition of the property is unknown.

12        **c.  The Copper Sage Phase II Claims**

13        **Exhibit A,** attached, lists Proofs of Claim filed by Direct Lenders that appear to be

14   based upon an investment in the Copper Sage Phase II Loan. (Burr Decl. ¶ 7.) **Exhibit A**

15   identifies the Proof of Claim number, the claimant, the claimant's address, the total

16   amount of the claim and the total amount of the claim that appears to be related to an

17   investment in the Copper Sage Phase II Loan based upon the information provided by the

18   claimant. (Burr Declaration ¶ 7.) The claims listed in **Exhibit A** are referred to

19   hereafter as the "Copper Sage Phase II Claims."

20        **d.  Platinum Purchased The Direct Lenders' Interests In The Loan**

21        After the USACM Trust filed the Motion to Allow, Counsel for the Trust received

22   an e-mail authored by Todd Hansen at Platinum Properties CS II, LLC ("Platinum") and

23   attached to it was a spreadsheet regarding the Direct Lender interests Platinum had

24   purchased, as well as purported signed copies of the "Assignment of Deed of Trust,

25   Security Agreement and Assignment of Rents, and Promissory Note" (the "Assignments")

26   entered into between the Direct Lenders and Platinum. A copy of the spreadsheet and the

2480269.1

LEWIS
AND
ROCA
—LLP—
L A W Y E R S

1   Assignments is attached hereto as **Exhibit D**.  The Assignments expressly state that the

2   Direct Lender parties thereto assigned to Platinum all right and interest to the Deed of

3   Trust, all right and interest to Note, and all right and interest to the loan servicing

4   agreement with USACM.  Platinum has not filed a notice of assignment of the Copper

5   Sage Phase II Claims and Mr. Hansen has indicated that Platinum does not intend to

6   pursue its interests further.

7       **II.      JURISDICTION**

8           The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157.

9   Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core

10  proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

11          The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and

12  Bankruptcy Rule 3007.

13      **III.     APPLICABLE AUTHORITY**

14          Under the Bankruptcy Code, any Claim for which a proof of claim has been filed

15  will be allowed unless a party in interest objects.  If a party in interest objects to the proof

16  of claim, the Court, after notice and hearing, shall determine the amount of the Claim and

17  shall allow the Claim except to the extent that the Claim is "unenforceable against the

18  debtor . . . under any . . . applicable law for a reason other than because such claim is

19  contingent or unmatured."  11 U.S.C. § 502(b).  A properly filed proof of claim is

20  presumed valid under Bankruptcy Rule 3001(f).  However, once an objection to the proof

21  of claim controverts the presumption, the creditor ultimately bears the burden of

22  persuasion as to the validity and amount of the claim.  *See Ashford v. Consolidated*

23  *Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P.

24  1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

25

26

7                                                                    2480269.1

**IV.    THE OBJECTION AND MOTION TO WITHDRAW**

Although the circumstances surrounding the Copper Sage Phase II Loan caused the USACM Trust to move to allow the Direct Lender claims, pursuant to the documentation recently received from Platinum, the Direct Lenders appear to have assigned their interests in the Copper Sage Phase II Loan to Platinum and, therefore, appear to have sustained little or no damage and they have no standing to recover further on their respective claims in any event.  As to the Direct Lenders who did not assign their interest in the Copper Sage Phase II Loan, they failed to mitigate their damages.  Consequently, the Trust objects to the Copper Sage Phase II claims because the Direct Lenders fail to state a claim and concurrently the USACM Trust moves to withdraw the Motion to Allow the Copper Sage Phase II Claims.

**V.    CONCLUSION**

The Copper Sage Phase II Claims listed in **Exhibit A** are based in full or in part upon an investment in the Copper Sage Phase II Loan.  To the extent those claims are based upon an investment in the Copper Sage Phase II Loan, the USACM Trust respectfully requests that the Court disallow those claims in full.  The USACM Trust also requests such other and further relief as is just and proper.

Dated:  October 7, 2011

LEWIS AND ROCA LLP


By  /s/John Hinderaker (AZ 18024)
        Robert M. Charles, Jr., NV 6593
        John Hinderaker, AZ 18024 (*pro hac vice*)
        Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

2480269.1

**LEWIS AND ROCA LLP LAWYERS**

1  Copy of the foregoing and pertinent portion of Exhibit A and the Berman Decl. [DE 8919] and Burr Decl. [DE

2  8920] with the hearing dates redacted and Exhibit A to the declarations omitted

3  mailed by first class postage prepaid on October 7, 2011 to all parties listed on

4  Exhibit A attached.

5  LEWIS AND ROCA LLP

6   /s/ *Renee Creswell*
   Renee Creswell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2480269.1