
LEWIS
AND
ROCA
——— LLP ———
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com
Marvin Ruth NV State Bar No. 10979
Email: mruth@lrlaw.com

Attorneys for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | CHAPTER 11 |
| Debtor. | **MOTION TO WITHDRAW THE MOTION TO ALLOW IN PART PROOF OF CLAIM NO. 10725-01212 IN THE AMOUNT OF $747,243 BY JAY E. HENMAN RETIREMENT PLAN [DE 9089]**<br><br>**AND**<br><br>**OBJECTION IN PART TO PROOF OF CLAIM NO. 10725-01212 IN THE AMOUNT OF $747,243 BY JAY E. HENMAN RETIREMENT PLAN**<br><br>**Date of Hearing: November 15, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for hearing:  10 min**. |

The USACM Liquidating Trust (the "USACM Trust") (a) moves this Court to withdraw its Motion to Allow In Part Proof of Claim No. 10725-01212 in the Amount of $747,243 by Jay E. Henman Retirement Plan [DE 9089] (the "Motion to Allow") and (b) moves this Court pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing, in part, Proof of Claim No. 10725-01212 (the "Henman Claim") in the Amount of $747,243 by Jay E. Henman Retirement Plan

("Henman"), as to the amount of the Claim based upon an investment in a loan to Copper Sage Commerce Center, LLC ("Borrower"), referred to as the "Copper Sage Phase II Loan."   A copy of the Henman Claim is attached hereto as **Exhibit A**.

The Henman Claim is based upon investments in multiple loans, including a $50,000 investment in the Copper Sage Phase II Loan.  The USACM Trust filed the Motion to Allow based on irregularities it origination and funding of the loan, however, recent documents provided to the USACM Trust indicate that Henman sold its interests in the Copper Sage Phase II Loan to Platinum Properties CS II, LLC ("Platinum"), and therefore no longer has standing to assert a claim against USACM.  Moreover, Henman recovered all or part of his investment as a consequence.  Consequently, the Motion to Allow should be withdrawn and the Henman Claim should be disallowed in part.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      BACKGROUND FACTS

#### a.  The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and for its own account.  That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced.  These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Motion.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376].  As part of the Plan, and pursuant to an Asset Purchase Agreement filed with this Court, USACM sold the servicing rights to most of the loans it serviced to Compass Partners, LLC and Compass Financial Partners, LLC ("Compass"), including the Copper Sage Phase II Loan.  The sale to Compass closed on February 16, 2007.

The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007.  Geoffrey L. Berman is the Trustee.  Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

Upon information derived from filings in the United States District Court, District of Nevada, *3685 San Fernando Lenders Company, LLC, et al v. Compass USA SPE, LLC, et al*, No. 2:07-cv-00892-RCJ-GWF action, the Trust believes that "Silar Advisors, LP ("Silar") financed Compass' acquisition of the Purchased Assets, including the loan service agreements in the USACM bankruptcy case and took a secured interest in those Purchased Assets by executing a Master Repurchase Agreement ("Repurchase Agreement") with Compass, and by filing a UCC-1 financing statement with the State of Delaware." *Id.* Docket 1250 at 13-14 (citations to declarations omitted).

Further, from filings in the same action, the Trust believes that "Effective as of September 26, 2007, Silar foreclosed on Compass through Asset Resolution LLC ("Asset Resolution") and took ownership of the Purchased Assets. … Silar created Asset Resolution as a 'single purpose entity,' conveyed all of its interests in the Repurchase Agreement to Asset Resolution, and Asset Resolution properly foreclosed on the assets of Compass, including the Purchased Assets."  (Citations omitted.)  Asset Resolution LLC is now a debtor in a chapter 7 bankruptcy case pending in Nevada, case no.

BK-S-09-32824-RCJ, along with certain affiliates.[1]  By Order entered on July 19, 2010 by the Hon. Robert C. Jones in the Asset Resolution Case, the servicing rights for 19 loans were transferred to Cross, FLS.  The Copper Sage Phase II Loan, however, was not one of the loans whose servicing rights were transferred to Cross, FLS by that Order.

The Trust has attempted to monitor loan collections through monitoring the district court litigation and the ARC bankruptcy case, but has received limited information concerning servicing and resolution of direct loans by Compass/Silar/Asset Resolution or their successors, including the trustee in bankruptcy for Asset Resolution.  The following is the extent of the USACM Trust's information on the current servicing and status of the Copper Sage Phase II Loan.

### b.  The Copper Sage Phase II Loan

USACM circulated an Offer Sheet to prospective direct lenders soliciting funding for an acquisition and development loan to a borrower identified as "Copper Sage Commerce Center, LLC."  A copy of the Offer Sheet is attached hereto as **Exhibit B** and incorporated by this reference.  (Berman Decl., ¶ 4.)  The Offer Sheet indicated that the Borrower was a joint venture between USA Investment Partners and Robert Russell/A-D Development Group, LLC.  *Id.*  The total loan amount proposed was $11.3 million.  The Offer Sheet described the investment as a "First Trust Deed Investment" and noted that the investment would be secured by a first deed of trust on 8.45 acres of property to be developed into warehouse space.  *Id.*  The Offer Sheet further provided that the loan had a 75% loan to value based on the sell-out price for the buildings.  *Id.*  The loan was intended to  acquire the property and construct the buildings.  *Id.*

---

[1] 10 90 SPE LLC, Fiesta Stoneridge LLC, CFP Gramercy SPE LLC, Bundy 2.5 Million SPE LLC, CFP Cornman Toltec SPE LLC, Bundy Five Million LLC, Fox Hills SPE LLC, HFAH Monaco SPE LLC, Huntsville SPE LLC, Lake Helen Partners SPE LLC, Ocean Atlantic SPE LLC, CFP, Gess SPE LLC, CFP Clear Lake SPE LLC, and Shamrock SPE LLC.

2481350.1

On March 1, 2006, Borrower made and delivered to various lenders, including Henman, a "Promissory Note Secured by Deed of Trust" (the "Note") and a Construction Loan Agreement.  (Berman Decl., ¶ 5.)  The Note and Loan Agreement provided for a loan in the initial principal amount of $3,550,000, which could be increased up to $11,300,000.  *Id.*  The Note was secured by a "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" ("Deed of Trust") that was recorded in the official records of Clark County, Nevada on March 6, 2006, at Instrument Number 200603-6-0003310.  *Id.*  The Note was also supported by a guaranty executed by Thomas Hantges, Joseph Milanowski, and Robert Russell.  The Trust has not found a copy of the guaranty.  The Offer Sheet also provided that "real estate markets can be negatively impacted by interest rates, availability of capital, supply and demand factors, and general economic conditions locally, regionally, and nationally" and warned Henman to keep these risks in mind. *Id.*

The USACM "Loan Summary" dated July 31, 2006 and filed in this case shows that Borrower was "Non-performing" on the Note as of July 31, 2006, with $3,550,000 in principal outstanding at that time.  (Berman Decl. ¶ 6.)

USACM did not disperse any additional funds to Copper Sage after the initial disbursement.  *Id.*  Copper Sage Commerce Center, LLC asserted a claim against USACM in the amount of $3.5 million.  [POC No. 10725-00792-2.]  Copper Sage's Proof of Claim alleged that USACM failed to fully fund the remainder of the loan in breach of the loan agreement.  *Id.*  It also alleged an intentional misrepresentation by USACM.  *Id.*  USACM filed an objection to Copper Sage's proof of claim.  [DE 3077]

USACM filed an adversary claim against, among others, Copper Sage and Robert Russell. [DE 6191; Adv. Case. No. 08-01119.]  Copper Sage ultimately agreed to release its claims against USACM as part of a settlement of USACM's adversary claim against it.  (Berman Decl. ¶ 7.)

2481350.1

Based on a review of the Clark County Recorder's land records, counsel for the Trustee has determined that the property securing the loan consisted of two parcels, and both parcels were sold at a trustee's sale on October 22, 2010 for $800,000 credit bid to certain direct lenders, as well as to Compass and to BMR Funding, LLC, which took a 72.54% interest.  The ultimate disposition of the property is unknown.

### c.  Platinum Purchases Henman's Interests In The Loan

After the USACM Trust filed the Motion to Allow, Counsel for the Trust received an e-mail authored by Todd Hansen at Platinum Properties CS II, LLC and attached to it was a spreadsheet regarding the direct lender interests Platinum had purchased, including Henman's interest, as well as a purported signed copy of the "Assignment of Deed of Trust, Security Agreement and Assignment of Rents, and Promissory Note" (the "Assignments") entered into between Henman and Platinum.  A copy of the Henman Assignment is attached hereto as **Exhibit C**.  The Assignment expressly states that Henman assigned to Platinum all right and interest to the Deed of Trust, all right and interest to Note, and all right and interest to the loan servicing agreement with USACM.  Platinum has not filed a notice of assignment of the Henman Claim and Mr. Hansen has indicated that Platinum does not intend to pursue its interests in the claim further.

## II.    JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157.  Venue is appropriate under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007.

The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## III.    APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects.  If a party in interest objects to the proof

2481350.1

of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

## IV.    THE OBJECTION AND MOTION TO WITHDRAW

Although the circumstances surrounding the Copper Sage Phase II Loan caused the USACM Trust to move to allow the Direct Lender claims, pursuant to the documentation recently received from Platinum, Henman assigned its interests in the Copper Sage Phase II Loan to Platinum, and therefore, has no standing to recover further on the Henman Claim related to Henman's investment in the Copper Sage Phase II Loan. Consequently, the Trust objects to the Henman Claim because the Henman Claim fails to state a claim and concurrently moves to withdraw the Motion to Allow the Henman Claim.

## V.    CONCLUSION

The Henman Claim, Proof of Claim No. 10725-01212, is based in part upon a $50,000 investment in the Copper Sage Phase II Loan. To the extent the Henman Claim is based upon an investment in the Copper Sage Phase II Loan, the USACM Trust respectfully requests that the Court disallow that portion of the Henman Claim. The USACM Trust also requests such other and further relief as is just and proper.

2481350.1

LEWIS
AND
ROCA
———LLP———
L A W Y E R S

Dated:  October 7, 2011

LEWIS AND ROCA LLP

By  /s/ John Hinderaker (AZ 18024)
   Robert M. Charles, Jr., NV 6593
   John Hinderaker, AZ 18024 (*pro hac vice*)
   Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail: JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and pertinent portion of Exhibits mailed by first class postage prepaid U.S. Mail on October 7, 2011 :

Jay E. Henman Retirement Plan
c/o Jay E. Henman Trustee
1023 Ridgeview Court
Carson City, NV 89705-8054

LEWIS AND ROCA LLP

 /s/ Marie Mancino
Marie Mancino

8

2481350.1