

1
2
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

3
4
Robert M. Charles Jr. NV State Bar No. 006593
Email: RCharles@LRLaw.com
John C. Hinderaker AZ State Bar No. 18024
Email: JHinderaker@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | CHAPTER 11 |
| Debtor. | **USACM LIQUIDATING TRUST'S SECOND OMNIBUS OBJECTION FOR LACK OF DOCUMENTATION TO PROOFS OF CLAIM RELATED TO THE AMESBURY HATTERS POINT LOAN; AND CERTIFICATE OF SERVICE** |
| | Hearing Date: November 15, 2011<br>Hearing Time: 9:30 a.m.<br>Estimated Time for Hearing: 5 Minutes |

The USACM Liquidating Trust (the "USACM Trust") files its Second Omnibus Objection (the "Objection") for Lack of Documentation to Proofs of Claim Related to the Amesbury Hatters Point Loan. The claims listed in **Exhibit A**, attached, appear to be based, in whole or in part, upon investments in the Amesbury Hatters Point Loan. The first page of each proof of claim listed is provided as **Exhibit B,** attached.

Although the claims appear to arise out of Amesbury Hatters Point Loan, the proofs of claim give no indication as to the amount of the claim related to that loan. Counsel for the Trust has attempted to make that determination by reviewing the available loan file, which is incomplete, but has been unable to do so. Thus, the USACM Trust cannot determine the amount of the claim and therefore objects to the claim for a lack of documentation pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

2481842.1

"Bankruptcy Rules").

On September 30, 2011, the Court granted the Amesbury Loan Motion, thereby allowing the Amesbury Claims. Thus, if the claimants can clarify the amount of their investment in the Amesbury Loan, the USACM Trust will agree to allow the claims in an amount equal to the principal investment. It is hoped that the claimants will clarify the amount of their investments before the hearing and the USACM Trust is continuing to research the matter.

## I     JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The statutory predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.     BACKGROUND

### a. The USACM Bankruptcy

On April 13, 2006 ("Petition Date"), USACM filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Debtor's post-petition management of the Debtor was under the direction of Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer.

USACM was a Nevada corporation that, prior to the Petition Date, was in the business of underwriting, originating, brokering, funding and servicing commercial loans primarily secured by real estate, both on behalf of investors and in limited instances for its own account. That business included the solicitation of investors to purchase fractional interest in loans that USACM originated and then serviced. These investors are referred to as "Direct Lenders" in USACM's bankruptcy case and in this Objection.

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376]. Pursuant to the Plan, those assets which were not sold to Compass Partners, LLC and Compass Financial Partners, LLC, vested in the USACM Trust, which existed as of the Plan's March 12, 2007 Effective Date. Geoffrey L. Berman is the Trustee of the USACM Trust. Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims under 11 U.S.C. § 502(a).

### III. APPLICABLE AUTHORITY

Under the Bankruptcy Code, any Claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claims contingent or unmatured." 11 U.S.C. § 502(b). A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996).

### IV. OBJECTIONS TO CLAIMS

The USACM Trust objects to the Claims listed on **Exhibit A** pursuant to Bankruptcy Rule 3001(c), because they lack sufficient supporting documentation to support a claim based upon an investment in the Amesbury Hatters Point Loan. If the claimants can provide supporting documentation, the USACM Trust will agree to allow the claim in an amount equal to the claimant's principal investment in the Amesbury Loan.

2481842.1

## V. CONCLUSION

For the reasons discussed above, the USACM Trust objects to the proofs of claim listed on **Exhibit A** and requests that the Court disallow those claims unless the claimants are able to provide sufficient documentation to substantiate the amount of their principal investment in the Amesbury Loan.  The USACM Trust also requests such other and further relief as is just and proper.

Dated:  October 7, 2011.

LEWIS AND ROCA LLP

By  /s/ *John Hinderaker* (AZ 18024)
    Robert M. Charles, Jr., NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
    Marvin Ruth, NV 10979
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@LRLaw.com
Attorneys for the USACM Liquidating Trust

Copy of the foregoing and pertinent portion of Exhibits mailed by First Class postage prepaid U.S. Mail on October 7, 2011 to parties in interest listed on Exhibit A to this objection.

 /s/ *Matt Burns*
Matt Burns, Paralegal
Lewis and Roca LLP

4

2481842.1