Dean T. Kirby, Jr.   090114
KIRBY & McGUINN, A P.C.
707 Broadway, Suite 1750
San Diego, California 92101
Telephone: (619) 685-4000
Facsimile:   (619) 685-4004

Attorneys for Plaintiff
Debt Acquisition Company
of America, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor.<br><br>DEBT ACQUISITION COMPANY OF AMERICA V, LLC,<br>A California limited liability company,<br><br>Plaintiff<br><br>v.<br><br>MESA VERDE RE VENTURES, LLC, a California limited liability company; ALI PIRANI;  ATHANASIOS N. IORDANU;  REBECCA IORDANU;  CHRIS DAGIANTUS, TRUSTEE of the Chris Diagantis Irrevocable Inter Vivos Trust; COLLEEN POINDEXTER;  DAVID STOEBLING, TRUSTEE of the Stoebling Family Trust;  ERNA GRUNDMAN; JOANNE M. GRUNDMAN;  FIRST SAVINGS BANK, CUSTODIAN for the Frank C. Kendrick IRA;  FRANK C. KENDRICK;  FIRST TRUST CO. OF ONAGA, CUSTODIAN for the Brenda High IRA;  BRENDA HIGH; FRANK WASCO; LAURA ANN TAYLOR MULKEY;  NANCY N. LaFLEUR; WALTER M. JAGODZINSKI, and JACQUELINE F.JAGODZINSKI, Trustees of the Walter Jagodzinski Family Trust dated 10/31/90.<br><br>Defendants. | Case No.  BK-S-06-10725<br><br>Chapter 11<br><br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

PARTIES

1. Plaintiff Debt Acquisition Company of America V, LLC ("DACA") is a California limited liability company in good standing.

2. Plaintiff is informed and believes and thereupon alleges: Defendant Mesa Verde RE Ventures, LLC ("Mesa Verde") is a California limited liability company, and is the successor to Compass Financial Partners, LLC ("Compass") as loan servicer under that certain loan, originated by USA Commercial Mortgage Company ("USACM" or the "Debtor") known variously as "Fiesta Oak Valley" "Oak Mesa" or "Calimesa."

3. Plaintiff is informed and believes and thereupon alleges: Defendant Ali Pirani is an individual person, and is a Direct Lender as defined in the chapter 11 Plan in confirmed as to USACM in the above-captioned bankruptcy case (the "USACM Plan").

4. Plaintiff is informed and believes and thereupon alleges: Defendant Athanasios Jordanu is an individual person, and is a Direct Lender as defined in the USACM Plan.

5. Plaintiff is informed and believes and thereupon alleges: Defendant Rebecca Jordanu is an individual person, and is a Direct Lender as defined in the USACM Plan.

6. Plaintiff is informed and believes and thereupon alleges: Defendant Chris Dagiantus, Trustee is an individual person, who is named in his capacity as the Trustee of the Chris Dagiantus Irrevocable Inter Vivos Trust. In that capacity, Defendant Dagiantus, Trustee is a Direct Lender as defined in the USACM Plan.

7. Plaintiff is informed and believes and thereupon alleges: Defendant Colleen Poindexter is an individual person, and is a Direct Lender as defined in the USACM Plan.

8. Plaintiff is informed and believes and thereupon alleges: Defendant David Stoebling, Trustee is an individual person, who is named in his capacity as the Trustee of the Stoebling Family Trust. In that capacity, Defendant David Stoebling, Trustee is a Direct Lender as defined in the USACM Plan.

9. Plaintiff is informed and believes and thereupon alleges: Defendant Erna Grundman is an individual person, and is a Direct Lender as defined in the USACM Plan.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    10.    Plaintiff is informed and believes and thereupon alleges: Defendant Joanne M. Grundman is an individual person, and is a Direct Lender as defined in the USACM Plan.

11.    Plaintiff is informed and believes and thereupon alleges: Defendant First Savings Bank, Custodian for the Frank C. Kendrick IRA is national banking association and is named in the capacity of custodian of the Frank C. Kendrick IRA. In that capacity, First Savings Bank is a "Direct Lender" as defined in the USACM Plan.

12.    Plaintiff is informed and believes and thereupon alleges: Defendant Frank C. Kendrick is the holder of the beneficial interest in the Frank C. Kendrick IRA and is named as the real party in interest.

13.    Plaintiff is informed and believes and thereupon alleges: Defendant First Trust Co. of Onaga, Custodian for the Brenda High IRA is national banking association and is named in the capacity of custodian of the Brenda High IRA. In that capacity, First Trust Co. of Onaga is a "Direct Lender" as defined in the USACM Plan.

14.    Plaintiff is informed and believes and thereupon alleges: Defendant Brenda High is the holder of the beneficial interest in the Brenda High IRA and is named as the real party in interest.

15.    Plaintiff is informed and believes and thereupon alleges: Defendant Frank Wasco is an individual person, and is a Direct Lender as defined in the USACM Plan.

16.    Plaintiff is informed and believes and thereupon alleges: Defendant Laura Ann Taylor Mulkey is an individual person, and is a Direct Lender as defined in the USACM Plan.

17.    Plaintiff is informed and believes and thereupon alleges: Defendant Nancy N. LaFluer is an individual person, and is a Direct Lender as defined in the USACM Plan.

18.    Plaintiff is informed and believes and thereupon alleges: Defendant Walter M. Jagodzinski, Trustee is an individual person, who is named in his capacity as the Trustee of the of the Walter Jagodzinski Family Trust dated 10/31/90. In that capacity, Defendant Walter M. Jagodzinski, Trustee is a Direct Lender as defined in the USACM Plan.

/ / /

/ / /

/ / /

19. Plaintiff is informed and believes and thereupon alleges: Defendant Jacqueline F. Jagodzinski, Trustee is an individual person, who is named in her capacity as the Trustee of the of the Walter Jagodzinski Family Trust dated 10/31/90. In that capacity, Defendant Jacqueline F. Jagodzinski, Trustee is a Direct Lender as defined in the USACM Plan.

## JURISDICTION AND VENUE

20. This action arises in or relates to the above-captioned case under title 11 United States Code, within the meaning of 28 U.S.C. §1334(b). This is an action to enforce the provisions of the USACM Plan. In its Order confirming the USACM Plan, this Court has reserved jurisdiction over all such actions.

21. Venue is proper under 28 U.S.C. §1409, in that this adversary proceeding arises in or relates to the above-captioned case under chapter 11 of title 11, United States Code, which case is now pending in the District of Nevada.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

22. Plaintiff is informed and believes and thereupon alleges: Mesa Verde is a California limited liability company which was formed for the purpose of acquiring beneficial interests in a trust deed loan originated by the Debtor, USACM. That loan, in the original principal amount of $20,500,000 is secured by a first deed of trust encumbering undeveloped land near the City of Calimesa, in Riverside and San Bernardino Counties, in California. That loan has been referred to in these proceedings as the "Fiesta Oak Valley" or "Oak Mesa" loan. The loan has been referred to in related chapter 11 bankruptcy proceedings as the "Calimesa Loan," and is so referred to in this Complaint. The beneficiaries of record originally consisted of over 200 Direct Lenders. USACM was the original loan servicer of the Calimesa Loan, under a series of Loan Servicing Agreements ("LSA's").

23. USACM filed its voluntary petition, commencing the above-captioned chapter 11 bankruptcy case, on April 16, 2006. On January 8, 2007, an Order was entered confirming USACM's chapter 11 plan (the "USACM Plan").

/ / /

/ / /

4
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

24. As was set forth in USACM's Disclosure Statement USACM, while acting as loan servicer prior to the bankruptcy, made payments to the Direct Lenders even after borrowers had stopped paying on the loans. These payments, which were referred to as "Prepaid Interest," were potentially avoidable transfers in the context of USACM's chapter 11 case.

25. The USACM Plan provided for a sale of assets, including USACM's loan servicing rights, to Compass (referred to in the Plan as the "Asset Purchaser") and also provided for a compromise of several issues between the bankruptcy estate and the Direct Lenders. As to "Prepaid Interest" the USACM Plan provides as follows:

> The Prepaid Interest shall be collected post-Effective Date through an assignment of Prepaid Interest to the USACM Trust, which shall survive the Effective Date, so that the Asset Purchaser or *any substitute or subsequent servicer will continue to net Prepaid Interest sums due from Direct Lenders* in accordance with the Plan and will collect Prepaid Interest from Borrowers, and remit those amounts to the USACM Trust, except as otherwise provided herein. [*italics* added]

26. Mesa Verde later purchased from Compass the loan servicing rights as to the Calimesa Loan, and Mesa Verde has continued to act as the loan servicer. Thus, under the confirmed USACM plan, it is the duty of Mesa Verde to withhold from any distribution made to Direct Lenders on account of their interest in the Calimesa Loan an amount equal to the Prepaid Interest received by each Direct Lender from USACM and not previously recovered from withholding on other USACM loan distributions.

27. The right of the USACM Trust (established under the USACM Plan to collect and distribute certain assets of the bankruptcy estate) to receive Prepaid Interest from future servicing agents was later purchased by DACA for $1 Million in cash, in a sale approved by the Court in the USACM bankruptcy case. As part of its agreement with the USACM Trust, DACA agreed to recover Prepaid Interest only from withholding by the loan servicer and not by suing the Direct Lenders to obtain a money judgment. Accordingly, no monetary relief of any kind is being sought against the Direct Lenders in this action, which is filed solely to compel withholding by Mesa Verde as loan servicer.

/ / /

28. After the commencement of the USACM Bankruptcy Case, Mesa Verde began to acquire beneficial interests in the Calimesa Loan. Mesa Verde acquired some interests from Compass or its affiliate, and acquired some from DACA. By September, 2008, Mesa Verde owned an 80% interest in the Calimesa Loan, DACA owned 10.23%, and a total of 23 of the original Direct Lenders held the remaining 9.77%.

29. On March 5, 2010, Mesa Verde filed a voluntary chapter 11 petition, commencing Case No. 8:10-bk-12757-TA in the United States Bankruptcy Court for the Central District of California (the "Mesa Verde Chapter 11 Case"). On October 5, 2011, the Bankruptcy Court entered its Order confirming Mesa Verde's chapter 11 plan (the "Mesa Verde Plan"). The Mesa Verde Plan requires that distributions to Direct Lenders shall be made on account of their interest in the Calimesa Loan on Wednesday, October 19, 2011.

30. Under the Mesa Verde Plan, 23 Direct Lenders are expected to receive a single distribution on Wednesday, October 19, 2011, totaling about $1,600,000.00. Of these 23 Direct Lenders, e Mesa Verde is obligated to withhold a total of $136,713.00 from distributions to eleven parties. The amounts of Prepaid Interest required to be withheld from each of these eleven Direct Lenders is set forth in Exhibit 1 hereto, which is incorporated herein by this reference.

31. In the context of the Mesa Verde Chapter 11 Case, DACA and Mesa Verde entered into a settlement agreement which was approved by order of the Bankruptcy Court entered July 19, 2011. Among other things, under the Settlement Agreement:

31.1 DACA agreed that Mesa Verde would have no direct liability in relation to its obligation to withhold Prepaid Interest from Direct Lenders; and

31.2 DACA reserved the right to file a motion in the Mesa Verde bankruptcy case seeking an order directing Mesa Verde to withhold and remit Prepaid Interest.

/ / /

/ / /

/ / /

/ / /

32. On September 1, 2011, DACA filed a motion in the Mesa Verde Chapter 11 Case seeking an order directing Mesa Verde, as loan servicer, to withhold and remit Prepaid Interest to DACA. Attached as Exhibit 2 is a copy of the minute entry deny on the docket denying the Motion, which states in part: "Motion denied for lack of subject matter jurisdiction and even if the Court did have jurisdiction, the court abstains."

FIRST CLAIM FOR RELIEF (Injunctive Relief – Defendant Mesa Verde only)

33. Plaintiff incorporates by this reference paragraphs 1 through 32 above.

34. As loan servicer, Mesa Verde is required under the USACM Plan to withhold Prepaid Interest from Direct Lenders receiving distributions on account of the Calimesa Loan. In particular, out of an estimated total distribution of $1,600,000 to 23 Direct Lenders, Mesa Verde is required to withhold a total of $136,713.00 from those eleven Direct Lenders identified in Exhibit 1. Specifically Mesa Verde is required to withhold:

    34.1 From $78,810 in estimated plan distributions to Ali Pirani: $16,432.00.

    34.2 From $25,000 in estimated plan distributions to Chris Dagiantis, Trustee: $9,747.00.

    34.3 From $45,000 in estimated plan distributions to Colleen Poindexter, $8,215.00.

    34.4 From $45,000 in estimated plan distributions to David Stoebling, Trustee: $6,899.00

    34.5 From $45,000 in estimated plan distributions to Erna and Joanne Grundman: $8,221.00.

    34.6 From $54,600 in estimated plan distributions to First Savings Bank, Custodian for the Frank C. Kendrick IRA: $11,501.00.

    34.7 From $73,800 in estimated plan distributions to First Trust Co. of Onaga as Custodian for the Brenda High IRA: $22,424.00.

    34.8 From $45,000 in estimated plan distributions to Frank Wasco: $6,141.00.

    34.9 From $136,500 in estimated plan distributions to Laura Anne Taylor Mulkey: $28,753.00.

34.10  From $90,000 in estimated plan distributions to Nancy N. LaFleur: $1,950.00

34.11  From $90,000 in estimated plan distributions to Walter and Jacqueline Jagodzinski, Trustees: $16,430.00

35.  Mesa Verde is obligated under the Mesa Verde Plan to make distributions to Direct Lenders on account of their interest in the Calimesa Loan on or after Wednesday, October 19, 2011, which is the Effective Date of the Plan.

36.  DACA will suffer irreparable harm if Mesa Verde makes the $136,713.00 in distributions to the eleven Direct Lenders named above instead of to the DACA as the USACM Plan requires.  Once distributed, the funds may not be recovered from the Direct Lenders because DACA is prohibited, under its agreement with the USACM Trust, from suing the Direct Lenders to recover Prepaid Interest.  Further, under its settlement agreement between Mesa Verde and DACA, Mesa Verde shall have no monetary liability to DACA in the event that it distributes Prepaid Interest to Direct Lenders in contravention of the USACM Plan.  DACA therefore has no adequate remedy at law to recover Prepaid Interest if an injunction does not issue.

SECOND CLAIM FOR RELIEF (Declaratory Relief as to all Defendants)

37.  Plaintiff incorporates by this reference paragraphs 1 through 34 above.

38.  An actual controversy has arisen and exists between DACA on the one hand and Defendants, and each of them, on the other hand, in that:

38.1  DACA contends that Mesa Verde, as servicing agent, is required to withhold from distributions to Direct Lenders under the Mesa Verde Plan, and to pay to DACA (as the successor in interest to the USACM Trust) the sums set forth in paragraphs 34 through 34.11 above.

38.2  Plaintiff is informed and believes and thereupon alleges:  Defendants, and each of them, dispute DACA's contention and instead contend that Mesa Verde should not withhold any portion of the distributions to Direct Lenders under the MVRE Plan.

39.  The issuance of a judgment declaring the respective rights of the parties is necessary and appropriate at this time, in advance of any distribution by Mesa Verde to Direct Lenders under the Mesa Verde Plan.

1 | WHEREFORE DACA prays for relief as follows:

2 | FOR THE FIRST CLAIM FOR RELIEF (Injunctive Relief)

40. For a temporary restraining order and preliminary injunction to maintain the status quo pending resolution of this action, by restraining and enjoining Mesa Verde from distributing to Direct Lenders only those sums claimed by DACA to constitute Prepaid Interest, as follows:

40.1  As to Ali Pirani: $16,432.00.

40.2  As to Chris Dagiantis, Trustee: $9,747.00.

40.3  As to Colleen Poindexter, $8,215.00.

40.4  As to David Stoebling, Trustee: $6,899.00

40.5  As to Erna and Joanne Grundman: $8,221.00.

40.6  As to First Savings Bank, Custodian for the Frank C. Kendrick IRA: $11,501.00.

40.7  As to First Trust Co. of Onaga as Custodian for the Brenda High IRA: $22,424.00.

40.8  As to Frank Wasco: $6,141.00.

40.9  As to Laura Anne Taylor Mulkey: $28,753.00.

40.10  As to Nancy N. LaFleur: $1,950.00

40.11  As to Walter and Jacqueline Jagodzinski, Trustees: $16,430.00.

41. For a permanent injunction directing Mesa Verde to withhold the above sums from distributions and to pay them to DACA as successor in interest to the USACM Trust.

FOR THE SECOND CLAIM FOR RELIEF (Declaratory Relief)

42. For a judgment declaring that Mesa Verde, as loan servicer, was and is obligated under the USACM Plan to withhold Prepaid Interest in the amounts set forth in paragraphs 40 through 40.11 above, and to pay such sums to DACA as successor in interest to the USACM Trust.

///
///
///
///

AS TO ALL CLAIMS FOR RELIEF:

43. For such other and further injunctive or declaratory relief as the Court deems just.

44. DACA seeks no costs, attorney fees or other monetary relief against any Defendant.

Dated:   October 12, 2011                                    KIRBY & McGUINN, A P.C.


By:___/s/ Dean T.Kirby, Jr._____
    Dean T. Kirby, Jr.
    Attorneys for Plaintiff
    Debt Acquisition Company of America V, LLC

10
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Case 8:10-bk-12757-TA Doc 247-1 Filed 09/01/11 Entered 09/01/11 12:45:03 Desc
Declaration of Howard Justus In Support of Page 7 of 22

Case 06-10725-gwz Doc 9369 Entered 10/13/11 12:44:24 Page 11 of 12

| Direct Lender | Co-Owner Interest in Calimesa Loan | Prepaid Interest Received on Calimesa Loan | Prepaid Interest Received on Other USACM Loans | Claim Filed | Vote on MVRE Plan | Original Direct Lender Election | Vote on USACM Plan | Anticipated Plan Distribution | Distribution After Withholding |
|---|---|---|---|---|---|---|---|---|---|
| Ali Pirani | $ 100,000 | $ 16,432 | $ 0 | No | Yes | Yes | Did Not Vote | est $ 78,810 | est $ 62,378 |
| Chris Diagantis, Trustee | 60,000 | 9,747 | 0 | No | No | No | Did Not Vote | est 25,000 | est 15,253 |
| Colleen Poindexter | 50,000 | 8,215 | 0 | Yes | Yes | Yes | Yes | 45,000 | 36,785 |
| David Stoebling, Trustee | 50,000 | 6,899 | 0 | Yes | Yes | Yes | Did NotVote | 45,000 | 38,101 |
| Erna & Joanne Grundman | 50,000 | 8,221 | 0 | Yes | Yes | Yes | No | 45,000 | 36,779 |
| 1st Savings Bank Custodian for Frank C. Kendrick, IRA | 70,000 | 11,501 | 0 | No | Yes | Yes | Yes | est 54,600 | est 43,099 |
| First Trust Co. of Onaga Custodian for Brenda High IRA | 82,000 | 13,089 | 9,335 | Yes | Yes | Yes | Did Not Vote | 73,800 | 51,376 |
| Frank Wasco | 50,000 | 6,141 | 0 | Yes | Yes | | Yes | 45,000 | 38,859 |
| Laura Anne Taylor Mulkey | 175,000 | 28,753 | 0 | No | Yes | Yes | Yes | 136,500 | 107,747 |
| Nancy N. LaFleur | 100,000 | 1,950 | 0 | Yes | Yes | Yes | Yes | 90,000 | 88,050 |
| Walter & Jacqueline Jagodzinski, Trustees | 100,000 | 16,430 | 0 | Yes | Yes | Yes | Did Not Vote | 90,000 | 73,570 |
| Totals | $ 887,000 | $ 127,378 | $ 9,335 | | | | | $ 728,710 | $ 591,997 |

**Exhibit 1 Page 1 of 1**

| | | |
|---|---|---|
| 09/23/2011 | 263 | Committee Of Unsecured Creditors) *Comment and Reservation of Rights Re: OCC's Objection to Debt Acquisition Company of America V, LLC's Motion (including Proof of Service)* Filed by Debtor Mesa Verde RE Ventures LLC (Hennesay, Kenneth) (Entered: 09/23/2011) |
| 09/26/2011 | 264 | Objection (related document(s): 247 Motion *of DACA for Order for Withholding of Prepaid Interest from Plan Distributions* filed by Creditor Debt Acquisition Company of America V LLC) Filed by Respondents Erna Grundman , Joanne Grundman (Lyons, Maeve) (Entered: 09/27/2011) |
| 09/27/2011 | 265 | Application to Employ Foley & Lardner LLP as General Counsel to the Official Committee of Unsecured Creditors Filed by Creditor Committee Official Committee Of Unsecured Creditors (Attachments: 1 Declaration of Christopher Celentino in Support 2 Certificate of Service) (Celentino, Christopher) (Entered: 09/27/2011) |
| 09/27/2011 | 266 | Notice of motion/application *Submission of Application for Order authorizing Employment of Foley & Lardner LLP as Counsel to the Official Committee of Unsecured Creditors* Filed by Creditor Committee Official Committee Of Unsecured Creditors (RE: related document(s)265 Application to Employ Foley & Lardner LLP as General Counsel to the Official Committee of Unsecured Creditors Filed by Creditor Committee Official Committee Of Unsecured Creditors). (Attachments: 1 Certificate of Service) (Celentino, Christopher) (Entered: 09/27/2011) |
| 09/27/2011 | 267 | Substitution of attorney Filed by Creditor Committee Official Committee Of Unsecured Creditors. (Attachments: 1 Certificate of Service) (Celentino, Christopher) (Entered: 09/27/2011) |
| 09/28/2011 | | Hearing Held (RE: related document(s)247 Generic Motion filed by Creditor Debt Acquisition Company of America V LLC) - Motion denied for lack of subject matter jurisdiction and even if the Court did have jurisdiction, the court abstains - (cr: Gomez) (Ngo, Kim) (Entered: 09/29/2011) |
| 10/03/2011 | 268 | Finding of Fact and Conclusions of Law re Confirmation of Debtor in Possession's Second Chapter 11 Plan of Reorganization (Related Doc # 155) - Signed on 10/3/2011 (Ngo, Kim) (Entered: 10/03/2011) |
| | | Order Confirming Debtor in Possession's Second Chapter 11 Plan of Reorganization - Signed on 10/5/2011 (RE: related document(s)155 Granting Amended Chapter 11 Plan filed by |

**Exhibit 2 Page 1 of 1**