**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**USACM Trust's Motion to Amend Court's Orders Sustaining the Fourth Omnibus Objection Re: The Lerin Hills, LTD Loan**<br><br>**Date of Hearing: November 15, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for Hearing: 10 minutes** |

The USACM Liquidating Trust (the "USACM Trust") moves to amend portions of the Order regarding the Fourth Omnibus Objection to Proofs of Claim Based Upon Investment in the Lerin Hills, LTD Loan ("Lerin Hills Loan")[DE No. 8871] (the "Objection"). At the most recent omnibus hearings, the Court has, on motion by the USACM Trust, allowed all or part of Direct Lender claims that arose out of certain USACM loans.

After the Court entered some of the orders allowing these claims, the USACM Trust began to process the allowed claims for payment from the existing claims reserve, and it realized that it had a problem. Based upon the objections and forms of order filed with the Court, the Court had allowed some claims in an "unknown" amount. Obviously, the USACM Trust cannot make a distribution to a claimant without knowing the amount

2485853.1

of the claim allowed. Thus, this motion seeks to correct this problem as it relates to the Objection.

Sierra Consulting Group, Inc. ("Sierra") reviewed the POC's here. From this review, Sierra determined the amount of each claim and the loan(s) upon which each claim was based. In the case of multiple loan claims[1], Sierra allocated the total claim amount among the different loans invested in by the Direct Lender. In most cases, Sierra was able to do this by looking at the POC and the documents provided with it by the Direct Lender. In some instances, however, Sierra could not quantify the intended amount of all or part of a particular claim. Thus, it might have been apparent that the claim was based upon an investment in a particular loan, for example the Lerin Hills Loan, but Sierra could not determine the amount of the Direct Lender's investment in that loan. In those instances, Sierra would identify the loan in question as a basis for the claim, but would designate the claim amount attributable to that loan as "unknown." Consequently, at the most recent omnibus hearings, the Court has, on motion by the USACM Trust, allowed some claims in an "unknown" amount.

On September 30, 2011, the Court heard the omnibus objection to claims arising from the Lerin Hills Loan. At the hearing, the Court indicated that it would allow 15% of each of the Lerin Hills claims and disallow the remaining 85%. There were a total of 10 Lerin Hills claims that were initially designated by Sierra as having an "unknown" claim amount. All of these claims were filed by the same claimants, Dovanidis and Dimitra Panagiotis, and they are listed in **Exhibit A**, attached. Counsel for the USACM Trust has reviewed the relevant POC's and it appears that Panagiotis invested $50,000 total in the Lerin Hills Loan. The USACM Trust would propose that $50,000 be the amount of

---

[1] A "multiple loan claim" is a claim that is based upon investments in more than one loan and, therefore, must be allocated among the various loans in which the claimant invested. This is to be distinguished from a "single loan claim" which is based upon an investment in just one loan.

2

2485853.1



Panagiotis' first claim, POC 10725-01510, and $0 be the amount of the Panagiotis' other nine claims to be $0.

So as not to delay processing of the other Lerin Hills claim that was allowed pursuant to the Court's ruling on the Objection, the USCM Trust intends to upload a form of order that will still include the "unknown" amounts for the Panagiotis' claims. The USACM Trust will then make distribution to the other claimant based upon his allowed claim. When the Court hears this motion on November 15, 2011, the USACM Trust will ask that the Court amend its order so that the claim amount related to POC 10725-01510 is $50,000 and the amount of the other nine Panagiotis' claims is $0. The USACM Trust requests such additional relief as the Court may deem proper.

DATED October 14, 2011.

        LEWIS AND ROCA LLP

        By  s/ *John Hinderaker* (AZ 18024)
           Robert M. Charles, Jr., NV 6593
           John Hinderaker, AZ 18024 (*pro hac vice*)
        3993 Howard Hughes Parkway, Suite 600
        Las Vegas, Nevada  89169
        E-mail:  JHinderaker@lrlaw.com
        *Attorneys for the USACM Liquidating Trust*

Copy of the foregoing mailed by first class
Postage prepaid U.S. mailed on
October 14, 2011 to:

The parties listed on Exhibit A attached

LEWIS AND ROCA LLP

 /s/  *Matt Burns*
Matt Burns, Paralegal