

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**USACM Trust's Motion to Amend Court's Orders Sustaining Omnibus Objections Re: The HFAH Clear Lake, LLC Loan**<br><br>**Date of Hearing: November 15, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for Hearing: 10 minutes** |

The USACM Liquidating Trust (the "USACM Trust") moves to amend portions of the Orders regarding the Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Omnibus Objections to Proofs of Claim Based Upon Investment in the HFAH Clear Lake, LLC Loan ("HFAH Clear Lake Loan") [DE Nos. 8894, 8896, 8897, 8898, 8899, 8900, respectively] (the "Objections").

At the most recent omnibus hearings, the Court allowed all or part of certain Direct Lender claims. When the USACM Trust began to process the allowed claims in order to make distributions from the existing claims reserve, the USACM Trust identified a problem. Based upon the objections and forms of order filed with the Court by undersigned counsel, the Court allowed some claims in an "unknown" amount. Obviously, the USACM Trust cannot make a distribution without knowing the amount of

2485836.1

the allowed claim.  Thus, the Court's orders must be amended so that the "unknown" claim amounts are replaced by a specific dollar figure.

**I.      Background**

Here, Sierra Consulting Group, Inc. ("Sierra") reviewed the POC's.  From its review, Sierra determined the amount of each claim and the loan(s) upon which each claim was based.  In the case of multiple loan claims[1], Sierra allocated the total claim amount among the different loans invested in by the Direct Lender.  In most cases, Sierra was able to do this by looking at the POC and the supporting documents provided by the Direct Lender.  In some instances, however, Sierra could not quantify the intended amount of all or part of a particular claim.  In those instances, Sierra would identify the loan(s) that appeared to form the basis for the claim, but would designate the claim amount attributable to a particular loan as "unknown."

In order to put a dollar amount on these "unknown" claim amounts, undersigned counsel set out to determine the amount of the direct lender's investments in the loan in question.  Thus, paralegals under the supervision of undersigned counsel reviewed the relevant POC's and loan files.  This was usually enough to determine the amount of the Direct Lender's investment.  In a few difficult cases, attempts were made to contact the claimants directly by telephone and/or email.

As to all of the claims related to the HFAH Clear Lake Loan, counsel has been able to determine to a reasonable degree of certainty the amount of the Direct Lender's investment in the HFAH Clear Lake Loan.  The USACM Trust proposes that the amount of the Direct Lender's investment also be the designated as the amount of the claim.

---

[1] A "multiple loan claim" is a claim that is based upon investments in more than one loan and, therefore, must be allocated among the various loans in which the claimant invested.  This is to be distinguished from a "single loan claim" which is based upon an investment in just one loan.

2

2485836.1

## II. The HFAH Clear Lake Loan

On September 30, 2011, the Court heard the Objections. The Court indicated that it would allow 20% of each of the HFAH Clear Lake claims and disallow the remaining 80%. There were some HFAH Clear Lake Loan claims that the Objections indicated had an "unknown" claim amount. A list of those claims is attached as **Exhibit A.**

So as not to delay processing of the sum certain HFAH Clear Lake claims that the Court allowed, the USCM Trust intends to upload forms of order that will still include the "unknown" amounts, which is how the claims were presented to the Court on September 30, 2011. Assuming the Court approves the orders, the USACM Trust will then make distributions based upon them.

Later, when the Court hears this motion on November 15, 2011, the USACM Trust will ask the Court to amend the orders to replace the "unknown" amounts with the specific amounts shown on **Exhibit A**, attached. The USACM Trust would then make the appropriate distributions on the claims listed in **Exhibit A**.[2]

The USACM Trust requests such additional relief as the Court may deem proper.

LEWIS AND ROCA LLP

By  s/ *John Hinderaker* (AZ 18024)
   Robert M. Charles, Jr., NV 6593
   John Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

---

[2] There are ten separate claims listed on **Exhibit A** that were filed by the same claimants, Dovanidis and Dimitra Panagiotis. These Proofs of Claim are duplicative of one another. Undersigned counsel determined that Panagiotis invested $50,000 in the HFAH Clear Lake Loan. Accordingly, the USACM Trust proposes that the amount of the first Patagiotis claim listed be designated as $50,000 and the amount of the other nine Panagiotis claims listed be designated as $0 because those claims are duplicative of the allowed claim.

LEWIS AND ROCA LLP
LAWYERS

1  Copy of the foregoing mailed by first class
   Postage prepaid U.S. mailed on
2  October 15, 2011 to:

3  The parties listed on Exhibit A attached

4  LEWIS AND ROCA LLP

5   /s/  *Matt Burns*
   Matt Burns, Paralegal
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4

2485836.1