**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

40 North Central Avenue, Suite 1900
Phoenix, Arizona 85004-4429

Robert M. Charles, Jr., NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>                             Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**NUNC PRO TUNC MOTION TO EXTEND BY EIGHT DAYS THE DEADLINE TO OBJECT TO ALLOWANCE OF CLAIMS (with Certificate of Service)**<br><br>Date: November 15, 2011<br>Time: 9:30 a.m.<br>Estimated Time for Hearing: 10 minutes |

      Under 11 U.S.C. § 502(b) and Bankruptcy Rules 3007 and 9006(b)(1), the USACM Liquidating Trust (the "USACM Trust") by Lewis and Roca LLP, its counsel, moves for an order *nunc pro tunc* enlarging the deadline for filing objections to allowance of claims for an additional eight days, from October 7, 2011 to October 15, 2011. This Motion is based upon the following Memorandum of Points and Authorities and is supported by the Court's record and the Supporting Declaration of Ted Burr filed concurrently herewith (Burr Decl.).

2485577.1

LEWIS AND ROCA LLP
LAWYERS

# MEMORANDUM

## I. BACKGROUND

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as modified herein [DE 2376]. Notice of Entry of the Confirmation Order was filed on January 9, 2007, and served on January 11 and 12, 2007 [DE 2387]. There is no deadline for claims objections after plan confirmation under either the Bankruptcy Code or Rules. However, Section VII A.1 Objection to Claims of the Plan provides:

> Unless otherwise extended by the Court, objections to the allowance of Claims and Equity Interests shall be filed and served upon the entities asserting such Claims or Equity Interests as follows: (A) for any and all Claims and Equity Interests to which the General Bar Date applies, ninety (90) days after the Effective Date….

Accordingly, the deadline to file an objection to such Claims was 90 days after the Effective Date of March 12, 2007, or June 10, 2007. The Court has extended the deadline many times, most recently to October 7, 2011.

Sierra has been working closely with both the Trustee for the USACM Trust and Development Specialist Inc. ("DSI"), the Trustee's financial advisor, in evaluating all of the claims that were filed in the USACM estate. (Burr Decl. ¶ 6.) Sierra reviewed proofs of claim in order to categorize them for processing by the USACM Trust. (Burr Decl. ¶ 7.) Sierra assisted the USACM Trust in processing over 2,500 direct lender proofs of claim that asserted claims totaling over $200,000. (Burr Decl. ¶ 8.)

Among other things, Sierra reviewed the claims asserted by Direct Lenders to identify duplicate proofs of claim so that the USACM Liquidating Trust could object to them. (Burr Decl. ¶ 9) Sierra located approximately 150 duplicate proofs of claim. *Id.* The USACM Trust took the list of duplicate claims provided by Sierra and used it to file

2485577.1

LEWIS AND ROCA LLP
LAWYERS

15 omnibus objections to duplicate claims, all of which have been ruled upon by the Court or are now pending. *Id.*

On October 10, 2011, Counsel for the USACM Trust asked my staff to review our records again to look for duplicate claims. (Burr Decl. ¶ 10.) Counsel asked that this time Sierra focus on the claims that had been allowed or would be allowed by the Court. Counsel also pointed to one or more claims that the USACM Trust had moved to allow, but that appeared to duplicate in part another claim that the USACM Trust had likewise moved to allow. *Id.*

In response to counsel's request, Sierra conducted another review of the records. (Burr Decl. ¶ 11.) This review focused exclusively on the lists of claims that have been allowed, or are expected to be allowed, by the Court. *Id.* This search identified 30 additional duplicate claims ("Duplicate Claims") that Sierra had not previously identified. *Id.*

The 30 duplicate claims that Sierra found most recently are different in kind than the duplicate claims Sierra had identified before. (Burr Decl. ¶ 12.) The first 150 or so duplicate claims involved two proofs of claim that were filed by the same claimant and asserted precisely the same claim, whether that claim arose out of a single loan or multiple loans. *Id.* In contrast, the 30 most recent duplicate claims identified by Sierra involve two proofs of claim filed by the same claimant that appear to be different from one another. *Id.* But, even though the two proofs of claim appear to be different, on closer inspection Sierra found that the claims overlap one another in the sense that all or part of each proof of claim arises out of an investment in the same loan. *Id.* Thus, if the Court allowed both proofs of claim to the extent they arise out of an investment in the same loan, then the claimant's claim based upon that investment, albeit valid, would be double counted. *Id.*

## II. MOTION TO EXTEND DEADLINE TO OBJECT TO CLAIMS

The USACM Trust wants to prevent these 30 duplicate claims from being double counted in this fashion, but the deadline to file objections to the allowance of proofs of claims expired on October 7, 2011. Accordingly, the USACM Trust requests an order *nunc pro tunc* extending the deadline to file objections to the allowance of proofs of claim by eight days, to October 15, 2011. Because the request comes after the October 7, 2011 deadline has already run, the Court must find good cause for extending the deadline and determine that the failure to timely request the extension was the result of excusable neglect.

In evaluating whether neglect is excusable, a district court must consider the four factors established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*:[1] "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."[2] The Supreme Court in *Pioneer* rejected a rigid rule for excusable neglect, applying a broader standard that permitted a finding of excusable neglect even where the filer was in control of the situation that caused the delay.[3] Taken together, the four factors weigh in favor of granting the extension:

First, there is no danger of prejudice to non-moving parties. Indeed, the opposite is true because certain creditors may be unjustly enriched at the expense of similarly situated creditors if the duplicate claims are allowed.

---

[1] *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1498, 123 L.Ed.2d 74 (1993).

[2] *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004).

[3] 507 U.S. at 386-95 ("'[E]xcusable neglect' . . . is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.").

4

2485577.1

Second, the delay in seeking the extension is short -- just eight days -- and it will not prolong the claims handling process by even one day.  Concurrently with this motion, the USACM Trust is filing its Sixteenth, Seventeenth and Eighteenth Omnibus Objections to Duplicate Claims, which will be scheduled for hearing at the omnibus hearing on November 15, 2011.  Had the objections been timely filed on October 7, 2011, the Court still would have heard them on November 15, 2011.  Thus, by granting the requested extension the Court will not delay the claims handling process.

Third, the failure to timely move for an extension is attributable to the sheer volume of claims and the complexity of the claims handling process in this case.  To date, the Trust has already filed 15 omnibus objections to duplicate claims, which equates to about 150 duplicate claims.  The USACM Trust has processed over $200,000,000 in direct lender claims. On October 12, 2011, Counsel for the USACM Trust noticed what appeared to be a possible duplicate claim.  Undersigned counsel asked Sierra to review all of the claims that were being approved to be sure that it had identified all of the duplicate claims.  Sierra scoured the records and identified 30 more duplicate claims.

While not ideal, it is understandable that these duplicate claims were missed during previous reviews.  As explained above on page 3, the 30 duplicate claim now at issue were not identified during previous reviewed because the proofs of claim appear to be different.  Only after a closer review did Sierra determine that although the two related proofs of claim are not the same, they are both based, at least in part, upon the same investment in the same loan.

Fourth, undersigned counsel and Sierra have at all times acted in good faith and to the best of their ability.  This was an honest mistake that did not benefit the USACM Trust and, at the same time, did not prejudice anyone else.

LEWIS AND ROCA LLP
LAWYERS

### III.   CONCLUSION

The USACM Trust requests that the Court grant this motion and enter an order *nunc pro tunc* further extending the deadline to file objections to allowance of claims until October 15, 2011.  Accordingly, the USACM Trust's Sixteenth, Seventeenth and Eighteenth Omnibus Objections to Duplicate Claims, which are filed concurrently herewith, should be considered by the Court to be timely filed.  The USACM Trust requests such further relief deemed proper by the Court.

Dated:  October 15, 2011.

**LEWIS AND ROCA LLP**

By /s/ JH (#018024)
Rob Charles, NV 6593
John Hinderaker, AZ 18024 (pro hac vice)
*Attorneys for USACM Liquidating Trust*

Proof of service

Copy of the foregoing posted on the USACM Liquidating Trust website and served on October 15, 2011 via email, where an email address is listed, or by first class mail, postage prepaid, addressed to:

All parties in interest listed on the Post
Effective Date Service List on file with
the Court and all direct lenders whose
claims are subject to objection in the 16th,
17th, and 18th omnibus objections to
duplicate claims

  s/Renee L. Creswell
Lewis and Roca LLP

2485577.1