**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr. NV State Bar No. 006593
Email: RCharles@LRLaw.com
John C. Hinderaker AZ State Bar No. 018024
Email: JHinderaker@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA COMMERCIAL MORTGAGE COMPANY, | Chapter 11 |
| Debtor. | **SEVENTEENTH OMNIBUS OBJECTION OF USACM LIQUIDATING TRUST TO DUPLICATE PROOFS OF CLAIM; AND CERTIFICATE OF SERVICE** |
| | Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m.<br>Estimated time for Hearing: 15 Minutes |

Pursuant to § 502 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the USACM Liquidating Trust ("USACM Trust") objects to the claims listed on **Exhibit A,** attached, and asks that the Court disallow those claims to the extent they are duplicative, in part, of another claim ("Processed Claims").[1] The Court's ruling on this objection will not affect the disposition of the Processed Claims.[2] This

---

[1] This objection is untimely filed. The Court's deadline to file objections to the allowance of proofs of claims expired on October 7, 2011. The USACM Trust has filed concurrently with this objection a motion seeking an order *nunc pro tunc* that will extend the deadline for objecting to claims to October 15, 2011. If that motion is granted, then this objection should be considered timely filed.

[2] As required by Nevada LR 3007, copies of the first page of the proof of claim for each of the Duplicate Claims referenced in Exhibit A are attached as Exhibit B.

2487782.1



Objection is supported by the Court's record and the Declaration of Edward M. Burr in Support of the Sixteenth, Seventeenth and Eighteenth Omnibus Objections to Duplicate Proofs of Claim (the "Burr Decl.").

## I.   JURISDICTION

The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1334 and 157. Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 502 and Bankruptcy Rule 3007. The statutory predicate for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.   BACKGROUND

On January 8, 2007, this Court entered its Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [Docket No. 2376] (the "Confirmation Order"). Under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of Claims. The USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007. Geoffrey L. Berman is the Trustee.

## III.   APPLICABLE AUTHORITY

If a party in interest objects to a proof of claim ("POC"), the Court, after notice and hearing, shall determine the amount of the Claim and shall allow the Claim except to the extent that the Claim is "unenforceable against the debtor . . . under any . . . applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b). A properly filed POC is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the POC controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). The ultimate burden

2487782.1



of proof as to the validity of a POC "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## IV.  OBJECTION TO CLAIMS LISTED IN EXHIBIT A

This omnibus objection to duplicate claims is different than the first 15 omnibus objections to duplicate claims filed by the USACM Trust. The POC's for the Duplicate Claims and the POC's for the Processed Claims at issue in the first 15 omnibus objections based upon claims that were exactly the same. (Burr. Decl. ¶ 12.) The claims asserted in the POC's for the Duplicate Claims and the POC's for the Processed Claims at issue in the first 15 omnibus objections were the same claims. (Burr. Decl. ¶ 12.) Accordingly, in those instances, the USACM Trust would simply object to the Duplicate Claims in full.

Here, in contrast, the two related POC's are not the same, but they do overlap in part. (Burr. Decl. ¶ 12.) They are both based, at least in part, upon an investment in the same loan. (Burr. Decl. ¶ 12.) Thus, if both related POC's were to be allowed to the extent they were based upon an investment in the same loan, the claimant would be rewarded with two allowed claims based upon a single investment in one loan. (Burr. Decl. ¶ 12.) This would result in an allowed claim being double counted, and a claimant being overcompensated at the expense of other similarly situated creditors. (Burr. Decl. ¶ 12.)

**Exhibit A,** attached, lists POC's that are duplicative, at least in part, of another POC filed by the same Direct Lender claimant. **Exhibit A** identifies the claim number for the Duplicate Claim, date the Duplicate Claim was filed, the loan out of which both claims arose, claimant name and address, total amount of the Duplicate Claim, the amount of the Duplicate Claim that is subject to objection, and the POC number of the Processed Claim. (Burr. Decl. ¶ 13.)   The Processed Claim has been, or is expected to be, allowed in part

LEWIS AND ROCA LLP LAWYERS

by the Court. Again, the Processed Claim will not be affected by the disposition of this Objection.

## V.     CONCLUSION

The USACM Trust respectfully requests that the Court disallow the Duplicate Claims listed on **Exhibit A**, attached, to the extent those claims are duplicative of another Proof of Claim filed by the same claimant. The amount of the Duplicate Claim to be disallowed is shown on **Exhibit A**, under the column entitled "Amount Subject to Objection." The USACM Trust also requests such other and further relief as is just and proper.

Dated:  October 15, 2011

LEWIS AND ROCA LLP

By /s/ John Hinderaker (#18024)
Robert M. Charles Jr. NV 6593
John C. Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Telephone:  (702) 949-8200
Facsimile:   (702) 949-8398
E-mail:  JHinderaker@LRLaw.com

*Attorneys for the USACM Liquidating Trust*

Copy of the foregoing and the pertinent
Portion of Exhibit A mailed by first class
Postage prepaid U.S. mail on
October 15, 2011 to:

All parties in interest listed on
Exhibit A attached

LEWIS AND ROCA LLP

 /s/ Renee L. Creswell
Renee L. Crswell