**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA COMMERCIAL MORTGAGE COMPANY, | Chapter 11 |
| Debtor. | **DECLARATION OF EDWARD M. BURR IN SUPPORT OF OMNIBUS OBJECTIONS OF THE USACM TRUST TO DUPLICATE PROOFS OF CLAIMS AND NUNC PRO TUNC MOTION TO EXTEND BY EIGHT DAYS THE DEADLINE TO OBJECT TO ALLOWANCE OF CLAIMS; AND CERTIFICATE OF SERVICE** |
| | Date of Hearing: November 15, 2011<br>Time of Hearing: 9:30 a.m. |

I, Edward M. Burr, hereby declare under penalty of perjury that:

1. I am a principal with Sierra Consulting Group, LLC ("Sierra"). Sierra is one of the leading providers of restructuring advisory and litigation support services in the Southwest. Sierra is a leading national consulting firm comprised of experienced CPAs and other financial professionals.

2. I submit this declaration on behalf of the USACM Liquidating Trust's Sixteenth, Seventeenth and Eighteenth omnibus objections to duplicate proofs of claims [DE 9393, 9394, and 9395] and the USACM Liquidating Trust's *Nunc Pro Tunc* Motion to Extend by Eight Days the Deadline to Object to Allowance of Claims [DE 9392].

290166.1

3.  This Court approved the Official Committee of Unsecured Creditors of USA Commercial Mortgage Company's ("Committee") appointment of Sierra as financial advisers on August 11, 2006. From that date to the Effective Date of the Debtors' confirmed Plan of Reorganization, I have assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases. As of the Effective Date of the confirmed Plan of Reorganization, Sierra has been retained by the USACM Liquidating Trust to investigate and reconcile the claims against the USA Commercial Mortgage Company ("USACM") estate.

4.  I make the following declaration based upon my personal knowledge, and upon the records of the Debtors described in this declaration, including Debtors' original and amended schedules of liabilities and the proofs of claim described herein, as well as Debtors' accounting records.

5.  On March 12, 2007 Effective Date of the Plan, the USACM Liquidating Trust succeeded to USACM's rights with respect to books and records.

6.  Sierra has been working closely with both the Trustee for the USACM Liquidating Trust and Development Specialist Inc. ("DSI"), the Trustee's financial advisor, in evaluating all of the claims that were filed in the USACM estate.

7.  Sierra reviewed proofs of claim in order to categorize them for processing by the USACM Trust.

8.  Sierra assisted the USACM Trust in processing over 2,500 direct lender proofs of claim that asserted claims totaling over $200,000,000. Sierra has at all times acted in good faith and done its very best to assist the USACM Trust in the claims handling process.

9.  Among other things, staff under my direction reviewed claims to identify duplicate proofs of claim so that the USACM Liquidating Trust could object to duplicate claims. My staff located approximately 150 duplicate claims. The USACM Trust took the

list of duplicate claims Sierra had identified and used it to file 15 omnibus objections to duplicate claims, all of which have been ruled upon by the Court or are pending before the Court.

10. On October 10, 2011, Counsel for the USACM Trust asked my staff to review our records again to look for duplicate claims. Counsel asked that this time Sierra focus on the claims that had been allowed or would be allowed by the Court. Counsel also pointed to one or more claims that the USACM Trust had moved to allow, but that appeared to duplicate in part another claim that the USACM Trust had likewise moved to allow.

11. In response to counsel's request, my staff conducted another review of the records. This review focused exclusively on the lists of claims that have been allowed, or are expected to be allowed, by the Court. This search identified 30 additional duplicate claims that Sierra had not previously identified.

12. The 30 duplicate claims that Sierra found most recently are different in kind than the duplicate claims Sierra had identified before. The first 150 or so duplicate claims involved two proofs of claim that were filed by the same claimant and asserted precisely the same claim, whether that claim arose out of a single loan or multiple loans. In contrast, the 30 most recent duplicate claims identified involve two proofs of claim filed by the same claimant that appear to be different from one another. But, even though the two proofs of claim appear to be different, on closer inspection Sierra found that the claims overlap one another in the sense that all or part of each proof of claim arises out of an investment in the same loan. Thus, if the Court allowed both proofs of claim to the extent they arise out of an investment in the same loan, then the claimant's claim based upon that investment, albeit valid, would be double counted.

13. **Exhibit A,** attached, lists 30 duplicate proofs of claim identified most recently by Sierra. **Exhibit A** identifies the claimant, the claimant's address, the claim

290166.1

number that the USACM Trust seeks to disallow, in whole or in part, as a duplicate claim, the total amount of the duplicate claim, the amount of the claim subject to objection, and the claim number of the remaining claim that will not be affected by this objection and will be processed for distribution by the USACM Trust.

Dated: October 15, 2011

    /s/ *Edward M. Burr*
Edward M. Burr
Sierra Consulting Group, LLC

Copy of the foregoing mailed (without exhibit)
By U.S. Mail, first class Postage prepaid,
on October 15, 2011 to the parties
listed on Exhibit A.

  /s/ Renee L. Creswell
Renee L. Creswell
Lewis and Roca LLP

4

290166.1