**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**USACM Trust's Motion to Amend Court's Orders Sustaining Omnibus Objections Re: Cabernet Highlands, LLC Loan**<br><br>**Date of Hearing: November 15, 2011**<br>**Time of Hearing: 9:30 a.m.**<br>**Estimated Time for Hearing: 10 minutes** |

      The USACM Liquidating Trust (the "USACM Trust") moves to amend the Order regarding the Third Omnibus Objection to Proofs of Claim Based Upon Investment in the Cabernet Highlands, LLC Loan ("Cabernet Highlands Loan") [DE No. 8716] (the "Objection").

      On August 30, 2011, the Court heard the Objection. At the hearing, the Court indicated that it would allow 20% of each of the Cabernet Highlands Loan claims and disallow the remaining 80% of each claim. There were a total of three Cabernet Highlands Loan claims that were initially designated in the Objection as having an "unknown" claim amount and thus the Court allowed these claims for an "unknown" amount. The USACM Trust cannot make a distribution based upon an allowed claim in an "unknown" amount. Thus, the "unknown" claim amounts must be replaced with specific dollar figures.

2487692.1

Sierra Consulting Group, Inc. ("Sierra") reviewed the proofs of claim ("POC") for this bankruptcy.  From this review, Sierra determined the amount of each claim and the loan(s) upon which each claim was based.  In the case of multiple loan claims[1], Sierra allocated the total claim amount among the different loans invested in by the Direct Lender.  In most cases, Sierra was able to do this by looking at the POC and the supporting documents provided with it by the Direct Lender.  In some instances, however, Sierra could not quantify the intended amount of all or part of a particular claim.  Thus, it might have been apparent that the claim was based upon an investment in a particular loan, for example the Cabernet Highlands Loan, but Sierra could not determine the amount of the Direct Lender's investment in that loan.  In those instances, Sierra would identify the loan in question as a basis for the claim, but would designate the claim amount attributable to that loan as "unknown."

Here, the Objection contained three claims with unknown amounts: (1) POC No. 10725-00162 by the Chiappetta Trust Dated 4/01/03 Claim, (2) POC No. 0725-02011 by the G&L Trust Dated 11/25/91Claim, and POC No. 10725-01510 by Dovanidis & Dimitra Panagiotis Claim.  These three claims are listed in **Exhibit A**, attached.  Counsel for the USACM Trust reviewed the relevant POC's and the Cabernet Highlands loan file.  Counsel believes that the G&L Trust invested $100,000 in the Cabernet Highlands Loan.  The USACM Trust would propose that the amount of G&L Trust's claim be deemed to be $100,000.  Counsel could not, however, find documentation revealing an investment in the Cabernet Highlands Loan by Chiappetta Trust or Dovanidis & Dimitra Panagiotis.  Consequently, the USACM Trust would propose that the amount of their claims be deemed to be $0.00.

---

[1] A "multiple loan claim" is a claim that is based upon investments in more than one loan and, therefore, must be allocated among the various loans in which the claimant invested.  This is to be distinguished from a "single loan claim" which is based upon an investment in just one loan.

2487692.1

So as not to delay the processing of the other Cabernet Highlands Loan claims that the Court allowed on August 30, 2011, the USCM Trust intends to upload an order that is consistent with the courts decision at the hearing. Thus, the order will show an "unknown" amount for the three claims discussed above. Assuming the Court approves the orders, the USACM Trust will then make distributions based upon it, but the above mentioned claimants will not receive a distribution.

Later, when the Court hears this motion on November 15, 2011, the USACM Trust will ask the Court to amend the order so that the three Claims are allowed in the amounts shown on **Exhibit A**, attached.

The USACM Trust requests such additional relief as the Court may deem proper.

LEWIS AND ROCA LLP

By  s/ *John Hinderaker* (AZ 18024)
 Robert M. Charles, Jr., NV 6593
 John Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*

*Copy of the foregoing*
*Mailed by first class postage*
*Prepaid U.S. Mail to the parties listed on*
*Exhibit A attached.*

*S. Renee Creswell*
*Lewis and Roca LLP*