RECEIVED & FILED

NOV 15  10 11 AM '11

U.S. BA...
MARY A. SCHOTT, CLERK

Arthur I. Kriss
2398 West 1050 North
Hurricane, UT 84737
(435) 635-5466

Appearing Pro Se

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re.

USA Commercial Mortgage Company,
Debtor

) Case No.: BK-S-06-10725-LBR
)
) Chapter 11
)
) MOTION FOR DEFAULT JUDGMENT ON
) CLAIMS 01874, 01875, 01876,
) 01877 BASED UPON FAILURE OF
) OBJECTING PARTY TO COMPLY WITH
) ADR PROCEDURES
)
) Date of Hearing: 12/19/2011
)
) Time of Hearing: 9:30 AM
)

## 1.0 INTRODUCTION:

**1.1** Claimant, Arthur I. Kriss hereby submits this Motion for Default Judgment on the Claims 10725-01874, 10725-01875, 10725-01876, and 10725-01877, based upon "Failure of the Objecting Party to comply with the ADR Procedures".

## 2.0 BACKGROUND:

**2.1** Arthur I. Kriss, Claimant, filed four proofs of claim on January 7th, 2007 (logged in on January 8, 2007) based upon investments in four loans brokered and serviced by USA Capital Mortgage (USACM). They are: No. 10725-01874, HFAH Clear Lake, $50,000.00; No. 10725-01875, Anchor B, $120,000.00; No.

1

1   10725-01876, Tapia Ranch, $50,000.00; and No. 10725-01877, Brookmere

2   Matteson, $24,483.61. The USACM trust has objected to these proofs of claim.

3   **2.2** As the process of addressing these claims by the Trustee began in a serial

4   manner, Claimant responded [DE 8397] to each of the objections [DE 8322]; the

5   first being the 01875 (Anchor B) claim. Upon review, the Court ordered [DE

6   8479] continuation of the claim.

7   **2.3** There was an unstructured meeting between the Trustee and Mr. Kriss on

8   June 23rd, 2011 to seek resolution/settlement of the claim; wherein the Trustee

9   offered $17,500.00 as an allowed claim amount, with an immediate interim

10  distribution of 4.92% ($861.00). The discussions centered on the dollar amounts

11  rather than the basis of the claim, which was fundamentally Breach of Contract.

12  The Trustees approach was here is what I will do - take it, or leave it for trial!

13  **2.3.1** The Trustees settlement offer was rejected by correspondence with a

14  counter offer of $6,000.00 [five-cents on the dollar] as an immediate and **final**

15  distribution, and renouncement of all future claims on this particular claim. The

16  counter-offer was rejected by the Trustee; and came with a counter-counter offer

17  by the Trustee of $22,500.00 as allowed claim with an immediate distribution of

18  ($1,107.00), which was allowed to expire.

19  **2.4** Claimant subsequently filed [DE 8609] which was heard at a status hearing

20  on July 26, 2011. Out of the hearing, an Order [DE 8877] was issued for trial on

21  October 21, 2011 on all four of my claims.

22  **2.5** Because the claims and objections were now being vigorously moved

23  through the system by the Trustee; the introduction of additional claims; the

similarity of the objections and a total absence of substantiation of the objections by the Trustee on all four claims, the Claimant filed [DE 9012] a "Motion for Summary Judgment on the Tapia Ranch and Other Claims".

**2.6** In preparation for trial, a request was issued to the Trustee for discovery. In evaluating the response [Exhibit 1], it became apparent that discovery was likely to be very expensive and time consuming, was unlikely to provide substantial proof of breach of contract (it is hard to prove a negative); and the fact that the Trustee had provided no **substantial evidence** to support his objections, Claimant submitted a Motion [DE 9011] to remand/vacate the order [DE 8877] for trial and applied for Partial Summary Judgment on all Claims.

**2.7** A Status hearing was held on August 30, 2011 which resulted in an Order [DE 9142] for a Settlement Conference on October 6, 2011. The Motions [DE 9011 and DE 9012] were put "on-hold" pending the Settlement Conference. The conference was held as scheduled and it appeared that an agreement had been reached; however upon review of the proposed Order [Exhibit 2], and further reflection, Claimant rejected the proposal.

**2.8** Beginning with the objections to the claims (which are superficial, some false [that USACM was under no obligation to service the loans in accordance with the LSA's] and completely unsubstantiated), and throughout the process the Trustee has essentially failed to engage on the merits of the claims. The settlement discussions have been almost exclusively about what the Trustee will offer and what the claimant will accept. This extended to the Settlement Conference with Judge Ross where it rapidly devolved to negotiations on the amount of money

1  the Trustee was prepared to offer, and the claimant would accept (The process
2  could be likened to negotiations with an automobile dealer).
3  **2.9** A Status Hearing Order has been requested from Judge Riegles Clerk for
4  November 15, 2011 at 9:30 AM

## 3.0 FACTUAL HISTORY:

6  **3.1** These claims were timely filed on January 8, 2007.
7  **3.2** The Trustee, Mr. Geoffrey L. Berman initiated the settlement process on
8  these claims with the filing of an objection [DE 8322] o/a April 20, 2011 on the
9  10725-01875 claim related to the Anchor B loan. A more than four-year delay by
10 the Trustee in presenting an objection to a properly filed claim, is
11 unconscionable, and has dangerously prejudiced my claims. I received no notice
12 of an application to extend the bar dates, and learned of it only recently.
13 **3.3** The Trustee failed to comply with the noticing requirements of the Alternative
14 Dispute Resolution Agreement, Paragraph II C.
15 **3.3.1** This failure to notify per the Agreement has resulted in confusion and
16 disagreements at every step of the resolution processes between the claimant,
17 the Trustee, his attorney's, and the Court.
18 **3.3.2** The failure to notify significantly contributed to the failure of the "Settlement
19 Conference" directed by the Court and conducted by Judge Ross, due to
20 confusion about the purpose and procedures for the conference.
21 **3.3.3** The failure to notify further complicated the process of settlement by the
22 Trustee and the claimant in not following the "Offer Exchange Procedure" and
23 "Meet and Confer" of the ADR process.

**3.3.4** The failure to notify further complicated and confused the process of settlement resulting in a "mediation" process that did not conform to the ADR procedures.

**3.3.5** Failure to notify further complicated and confused the process as the Trustee forced all the claims into a single pseudo mediation despite the differences in the claims. This has prevented the independent discussion and consideration of the merits of the individual claims, and effectively forestalled the proper consideration of the claims in accordance with the ADR Procedures.

**3.3.6** Failure to notify has prevented the claimant from proceeding in accordance with the ADR procedures, placing the claims at risk.

**3.3.7** Subsequent to the failure to reach agreement in the Settlement Conference [DE 9142], Claimant considered and even challenged the process and was provided a reference by Mr. Hinderaker to obtain a copy of the "Alternative Dispute Resolution Agreement" referenced in the Plan. Claimant was seeking to understand how a "Settlement Conference" had turned into an ADR process, what the procedures for the ADR process were, how the (my) claim was changed from a secured claim when filed to an unsecured claim, and the category of the claim.

**3.3.7.1** Upon review of the "Agreement", several important facts were revealed:

**3.3.7.1.1** The Trustee is responsible for the administration and oversight of the ADR Procedures, Paragraph H, Exhibit B, II A. He has effectively discarded the

1. approved ADR process for an ad-hoc process of his own, has abused his position in the process, and has placed my claims at great risk.

**3.3.7.1.2** That there is a definitive process associated with the selection of mediators and that the answering party (claimant in this case) is to receive from the Trustee the names of two nominees from which to select the mediator. In this instant matter, the selection was proposed by the Judge and assented too by the claimant. While I make no objection to Judge Ross as Mediator, the process was not conducted in accordance with the procedure. **I must note that I did not know until after the conference and receipt of the proposed order confirming the results of the conference that it was classified as mediation.**

**3.3.7.1.3** The administrative procedures (II. C) "...the objecting party shall serve upon each Answering Party....notice of the ADR Procedures...."; ....and that participation in the offer exchange procedure.....is mandatory, and service of such notice shall constitute initiation of the Mediation Procedure."

**3.3.7.1.4** The administrative procedures for Offer and Exchange (Plan III C.) require Answering Parties to produce a proposal for allowance of the Direct Lender Unsecured Claim to include supporting information, and later Mandatory Meet and Confer (III A. and III B.) in an attempt to resolve the claim. (Here, I must apologize to the Court for submission of my objections to the Trustees allegations and objections in a legal pleading form, and the circuitous route this matter has taken to arrive at this point. The failure of the Trustee to conform to the provisions of the ADR processes has placed a tremendous legal and financial burden on the Claimant and an unnecessary burden on the Court.)

1    **3.3.7.2** Mediation of these matters was destined to fail from the beginning. The
2    ignoring of the formal processes by the Trustee, established in the ADR
3    procedures for addressing claims, as a prerequisite to mediation, are without
4    question a series of processes which should lead to the settlement of most
5    claims, before resorting to mediation.  Claimant has been confused from the
6    beginning by the absence of any substantive reasoning by the Trustee in
7    rejecting the claims. There has been but little discussion of the merits of the
8    claims; little discussion of the merits of the objections and the responses; and the
9    Trustees "this is my best offer", creates a tension that is hard to overcome.  In
10    this case, it has led us to where we are.

**4.0 Legal Argument:**

**4.1 Standard for the ADR Process, Exhibit B**

**4.1.1** Pursuant to Section E of Article I of the Debtor's Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), "all objections to Direct Lender Unsecured Claims…and any other litigation involving Direct Lenders and the Debtors or the USACM Trust (collectively "ADR Litigation") shall be subject to the structured negotiation and alternative dispute resolution procedures (the "ADR Procedures") provided herein".  This Alternative Dispute Resolution Agreement (the "ADR Agreement") provides for structured negotiation and mediation of any ADR Litigation.

**4.2 Effect of Confirmation Order:**

**4.2.1** Entry of the Confirmation Order shall constitute approval and implementation of the terms of this ADR Agreement.

**4.2.2** Failure to comply with the ADR Procedures may also result in the sustaining of an objection or entry of default judgment against the Answering Party.

**4.2.3** Failure by an Objecting Party to comply with the ADR Procedures may result in denial of an objection or dismissal of litigation.

**4.3 ADMINISTRATION re Exhibit B, II.**

**4.3.1** The Trustee of the USACM Trust created under the Plan ("USACM Trustee" will be responsible for the administration and oversight of the ADR Procedures.

**4.3.2** If the ADR Litigation involves an objection to a Direct Lender Unsecured Claim, within 30 days of the initiation of the Mediation Procedure, the USACM Trustee shall provide the names of at least two proposed mediators to the Answering Party that is the holder of a Direct Lender Unsecured Claim, etc. **(II B. 1 & II B. 3)**

**4.3.4** Within 30 days of filing any objection or complaint commencing ADR Litigation or within 30 days of the entry of the Confirmation Order, whichever is later, the Objecting Party shall serve on each Answering Party.... Notice of the ADR Procedures.... In the case of an Objection to Direct Lender Unsecured Claims, participation in the Offer Exchange Procedure (Section III of this ADR Agreement) is mandatory and service of such notice shall constitute initiation of the Mediation Procedure.

**4.4 OFFER EXCHANGE PROCEDURE -- DIRECT LENDER UNSECURED CLAIMS**

4.4.1 The ADR procedures were never noticed and have never been implemented, in accordance with the ADR Procedures.

## 5.0 THE CLAIMS:

5.1 All four Claims were filed at the appropriate time.

5.2 Under Bankruptcy Rule 3001(f), the filing of a proof of claim that complies with the bankruptcy rules constitutes evidence of its validity, both in terms of amount and basis.

5.3 No objections were made against any of the claims during the period beginning with the Confirmation Order and May 2011, a period of more than four-years. While it is now known that the Court extended the bar date several times in the intervening period, Claimant received no notices of pending actions to extend the bar dates.

## 6.0 CONCLUSION

6.1 This has been a tortuous and perverted process for some six-months now; induced by the failure of the Trustee to offer the claimant due process in accordance with the Alternative Dispute Resolution Agreement.

6.2 Based upon provisions of the Alternative Dispute Resolution Agreement and the foregoing, Claimant respectfully requests the Court deny the Objections to Claims 10725-01874; 10725-01875; 10725-01876; and 10725-01877; dismiss further litigation, and grant Default Judgment on each of the Claims in the following amounts:

    10725-01874 - $50,000.00 plus accrued interest (fraudulent transactions by USACM and complete loss of property interest)

9

1. 10725-01875 - $120,000.00 minus $1886.01 (proceeds from sale)
2. 10725-01876 - $50,000.00 minus $10,000.00 (current property interest)
3. 10725-01877 - $23,483.61 minus $5000.00 (current property interest)

Dated, November 5, 2011

Respectfully submitted by:

*[signature]*

Arthur I. Kriss, pro se

I certify that a copy of the foregoing has been delivered by prepaid first class U.S. Mail to:

Louis and Roca LLP
Attn: John Hinderaker
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996

*[signature]*

Arthur I. Kriss, pro se

*Exhibit 1*



| | | |
|---|---|---|
| **LEWIS AND ROCA** LLP LAWYERS | Robert M. Charles, Jr.<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, Nevada 89169 | Direct Dial: (520) 629-4427<br>Direct Fax: (520) 879-4705<br>RCharles@LRLaw.com<br>Admitted in: Arizona and Nevada |

Our File Number: 47419-00001

August 8, 2011

**VIA ELECTRONIC MAIL**

Mr. Arthur I. Kriss
akrisssr@q.com
2398 West 1050 North
Hurricane, UT 84737

    Re:   USA Commercial Mortgage Company
            Your Proofs of Claim

Dear Mr. Kriss:

This letter responds to yours of July 30, 2011. As a prefatory matter, I believe that the trial now scheduled will address all of your claims and the Trust's objections, not simply the individual loan or loans at issue in Claim No. 01875. I understand we disagree about this point.

1. With respect to your request for documents, I enclose under tab 1 an index of documents that are maintained by the USACM Liquidating Trust as successor custodian of records to USA Commercial Mortgage Company. This would be for the purpose of inspection and copying. Please tell us what boxes you want to see and we will estimate the cost to have them delivered for your review in our Las Vegas office.

   A number of documents of USACM are maintained in a data base. We can have a paralegal conduct keyword searches for you in the database for a flat fee for say 3-5 hours. You can identify documents from search results and they can be emailed to you.

   With respect to your request to produce for possible deposition the individual most knowledgeable of the matters set forth in your letter, as you know Geoffrey Berman is the liquidating trustee of the USACM Liquidating Trust. He is the custodian of records for USACM. There is no human being currently employed by the USACM Trust or USACM in liquidation who would have first-hand knowledge of the transactions that you are inquiring about. So, I am not sure there is anyone that could testify as to USACM's actions as servicer prior to the bankruptcy. Mr. Berman does not have any first-hand knowledge of those activities and as such would not be able to



respond to any questions in that regard. Certainly there is no one under our control who could provide the additional information you are looking for.

2. As indicated above, we do not think it a useful use of the assets of the Trust or the court's time to have a separate trial with respect to each loan to which your claims relate.

3. We are generally happy to cooperate with you, but you need to know that when you represent yourself, you take on the burdens of that responsibility. We are not in the position to offer you legal advice or to assist in procedural matters.

4. Finally, as to negotiations, the Trust made you an offer which remains open.

Sincerely,

Rob Charles

Robert M. Charles, Jr.

RMC/rlc
Copy: Geoffrey L. Berman, Trustee

284073.3



3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M Charles Jr NV State Bar No 006593
Email RCharles@LRLaw.com
John Hinderaker AZ State Bar No 018024
Email JHindera@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA Commercial Mortgage Company, | CHAPTER 11 |
| Debtors. | **Stipulated Motion for Approval of Compromise Settlement of Claims** |

USACM Liquidating Trust (the "USACM Trust"), by and through its counsel, Lewis and Roca LLP, and Arthur Kriss ("Kriss"), file this stipulated motion seeking to settle Kriss' claims against the estate of USA Commercial Mortgage Company ("USACM").

The USACM Trust and Kriss stipulate:

1. Kriss filed four proofs of claim based upon his investments in four loans brokered by USA Capital Mortgage ("USACM"). The USACM Trust has objected to these proofs of claim. The table below gives the proof of claim number, the loan at issue, the amount of the claim and the docket entry of the USACM Trust's objection to the claim:

| Claim No. | Loan Name | Claim Amount | Objection |
|---|---|---|---|
| 01874 | HFAH Clear Lake | $50,000.00 | DE 8892 |
| 01875 | Anchor B | $120,000.00 | DE 8322 |
| 01876 | Tapia Ranch | $50,000.00 | DE 8253 |
| 01877 | Brookmere Matteson | $24,483.61 | DE 8655 |

289862.1

2. Pursuant to the ADR mechanism established under the Debtors' confirmed Plan, on October 6, 2011, the parties attended a mediation before the Hon. Herb Ross. Both sides shared information and Mr. Kriss fully explained the basis for his claims.

3. The Trustee has considered the Kriss proofs of claim, the documents supplied by Kriss to support his claims and the dialog between the parties during and before the mediation about the claims. The Trustee believes, as a result of the information exchanged at the settlement conference, that a portion of the Kriss claims are valid. Disputing the remainder of the Kriss' claims would require the Trust to undertake fact intensive litigation in relation to several different loans. The Trustee believes that the attorneys' fees and expenses the Trust would incur to challenge the claims in such litigation would easily exceed the monetary value to the Trust beneficiaries ultimately derived from challenging the Kriss claims.[1]

4. Accordingly, the parties have agreed to settle the Kriss claims as follows:
- Proof of Claim No. 10725-01874 in the amount of $50,000 will be allowed in full as a general unsecured claim;
- Proof of Claim No. 10725-01875 in the amount of $120,000 will be allowed as a general unsecured claim in the amount of $18,000 (15 percent of the total claim amount). The balance of Proof of Claim No. 10725-01875 ($102,000) will be disallowed;
- Proof of Claim No. 10725-01876 in the amount of $50,000 will be allowed as a general unsecured claim in the amount of $7,500 (15 percent of the total claim amount). The balance of Proof of Claim No. 10725-01876 ($42,500) will be disallowed;

---

[1] Berman Decl. ¶ 5.

2

289862.1

- Proof of Claim No. 10725-01877 in the amount of $24,483.61 will be allowed as a general unsecured claim in the amount of $3,672.54 (15 percent of the total claim amount). The balance of Proof of Claim No. 10725-01877 ($20,811.07) will be disallowed;
- Based upon the portions of Proof of Claim Nos. 10725-01874, 01875, 01876 and 01877 allowed as general unsecured claims ($79,172.54), the Trust will make an immediate 4.92% distribution ($3,895.29) to Kriss as his *pro rata* share of the funds reserved by the Trust from the initial creditor distribution. All other funds reserved for the Kriss proofs of claim will be released from the Disputed Claims Reserve and made available to the Trust for whatever purpose is appropriate in the administration of the Trust.
- Kriss will share in future distributions pro rata based upon the amounts of his allowed claims, listed above.
- The relevant omnibus objections [DE Nos. 8892, 8322, 8253 and 8655] as they relate to the Kriss claims only and shall be deemed withdrawn as moot.
- Each party to bear their own costs and attorneys' fees.

5. The Trustee and Kriss respectfully request that the Court approve their compromise agreement and grant the Motion. Notice to creditors and a hearing are not

/////
/////
/////
/////
/////
/////

3

289862.1

required under the confirmed plan, Bankruptcy Code or Rules. A proposed form of order is supplied for the Court's consideration.

DATED: October 7, 2011.

**LEWIS AND ROCA LLP**

By: /s/ John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
*Counsel for USACM Liquidating Trust*
JHinderaker@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Tel. 702-949-8320
Facsimile: 702-949-8321

**AGREED, AND APPROVED AS TO FORM AND CONTENT:**

Arthur Kriss
akrisssr@gmail.com
2398 W. 1050 North
Hurricane, UT 84737-3110
akrisssr@gmail.com

Copy of the foregoing served via e-mail if an e-mail address was available, or by first class postage prepaid U.S. Mail to All parties in interest listed on the Official Post Effective Date Service List on file with this Court on October 7, 2011.

By: S/ Marilyn Schoenike
Marilyn Schoenike
Lewis and Roca LLP

4

289862.1

| | |
|---|---|
| 1 | Name of Attorney ARTHUR I. KRISS, pro se |
| 2 | Bar # |
|   | Address 2398 West 1050 North |
| 3 | Hurricane, UT 84737 |
|   | Phone # 435-635-5466 |
| 4 | e-mail address akirisssr@gmail.com |

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | ) | BK- S-06-10725-lbr |
| USA COMMERCIAL MORTGAGE COMPANY, DEBTOR | ) ) ) | Chapter 11 |
| | ) ) | NOTICE OF HEARING ON DEFAULT JUDGMENT |
| | ) ) ) | Hearing Date: 12/19/2011 |
| | ) | Hearing Time: 9:30AM |
| Debtor(s) | ) | |

**NOTICE IS HEREBY GIVEN** that a MOTION FOR DEFAULT JUDGMENT was filed on 11/05/2011 by ARTHUR I. KRISS. The Motion seeks the following relief: Default Judgement. Any opposition must be filed pursuant to Local Rule 9014(d)(1).

**NOTICE IS FURTHER GIVEN** that if you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then you must file an opposition with the court, and serve a copy on the person making the Motion *no later than 14 days* preceding the hearing date for the motion, unless an exception applies (see Local Rule 9014(d)(3)). The opposition must state your position, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014( c).

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may *refuse to allow you to speak* at the scheduled hearing; and
- The court may *rule against you* without formally calling the matter at the hearing.

**NOTICE IS FURTHER GIVEN** that the hearing on the said Motion will be held before a United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Third Floor, Bankruptcy Courtroom No. 1, Las Vegas, Nevada 89101 on 12/19/2011 at the hour of 9:30AM.

DATED: 11/05/2011

_____
Attorney/Debtor

I certify that a copy of the foregoing has been delivered by prepaid first class U.S. Mail to:

Louis and Roca LLP
Attn: John Hinderaker
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996

Arthur I. Kriss, pro se

NV_9014(NtcHrg_LV-12-09).wpd

- 2 -