**LEWIS AND ROCA LLP LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr NV State Bar No. 006593
Email: RCharles@LRLaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@LRLaw.com
Marvin C. Ruth, NV State Bar No. 10979
Email: MRuth@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtors. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**USACM LIQUIDATING TRUST'S RESPONSE TO ARTHUR I. KRISS' MOTION FOR SUMMARY JUDGMENT ON PROOF OF CLAIM 10725-01876 BASED ENTIRELY UPON INVESTMENT IN THE TAPIA RANCH LOAN, AND OTHER CLAIMS [DE 9012]**<br><br>**Hearing:** To be set<br>**Time:**<br>**Estimated Time for Hearing:** |

The USACM Liquidating Trust (the "USACM Trust"), by and through its counsel, Lewis and Roca LLP, hereby responds to Arthur Kriss' Motion for Summary Judgment on Proof of Claim 10725-01876 Based Entirely upon Investment in the Tapia Ranch Loan, and Other Claims [DE 9012] (the "Motion"). The Motion consists entirely of unsubstantiated and argumentative conclusions, fails to identify any material undisputed facts, and fails to set forth any applicable law regarding the USACM Liquidating Trustee's (the "Trustee") objection to Claimant's remaining consolidated proofs of claim. The Motion must be denied.

2545385.1



## I. BRIEF BACKGROUND

### A. The Claims

Mr. Kriss was a direct lender who filed multiple proofs of claims. What remains at issue are Mr. Kriss' general unsecured claims based upon investments in four loans that were never repaid. The proof of claim numbers, loan names and claim amounts (the "Claims") are listed below:

| Claim No. | Loan Name | Claim Amount |
|---|---|---|
| 01874 | HFAH Clear Lake | $ 50,000.00 |
| 01875 | Anchor B | $120,000.00 |
| 01876 | Tapia Ranch | $ 50,000.00 |
| 01877 | Brookmere Matteson | $ 24,483.61 |

The Court can find a detailed discussion about each of the four loans at issue in the relevant objections, each of which was supported by a declaration from Geoffrey L. Berman, the Trustee of the USACM Trust.[1] In summary of the Claims:

    a. The HFAH Clear Lake Claim alleges that USACM sold Mr. Kriss an interest in the HFAH Clear Lake loan when the loan was already past maturity and in default, and further alleges that USACM misrepresented the track record of the borrower and the net worth of the guarantor. Following the mediation, the USACM Trust agreed that it would allow this claim in full.

    b. The Brookmere Matteson and Anchor B Claims allege only "unremitted principle" and "other claims against receiver" as the basis for the claims, without any further explanation.

    c. The Tapia Ranch Claim alleges only that Mr. Kriss was defrauded and that USACM commingled funds in violation of unnamed Nevada Statutes.

---

[1] Anchor B [DE 8322], Tapia Ranch [DE 8523], Brookmere/Matteson [DE 8655] and HFAH Clear Lake [DE 8892] (the "Objections").

2545385.1



On April 20, 2011, the USACM Trust filed an omnibus objection to claims based upon the Anchor B Loan, including Mr. Kriss' claim [DE 8322]. Mr. Kriss opposed that objection [DE 8397]. Except as to Mr. Kriss, the Court sustained the omnibus objection [DE 8479]. The USACM Trust likewise filed an omnibus objection as to the Tapia Ranch Loan [DE 8523], Brookmere/Matteson Loan [DE 8655] and HFAH Clear Lake Loan [DE 8892]. Mr. Kriss opposed those objections too: Tapia Ranch [DE 8610] and HFAH Clear Lake [DE 9219].[2] Except as to Mr. Kriss, the Court sustained the Tapia Ranch objection [DE 8962], the Brookmere/Matteson objection [DE 9234], and the HFAH Clear Lake objection [DE 9503].

### B. The Procedural Posture

In light of Mr. Kriss' Objections, and pursuant to the ADR mechanism established under the Debtors' confirmed Plan, on October 6, 2011, the parties attended a mediation before the Hon. Herb Ross. Although the Trustee believed the parties had reached a settlement, Mr. Kriss backed out of the settlement and refused to sign off on the stipulated order memorializing the agreement reached before Judge Ross. A consolidated trial on the Objections has not yet been set, but all remaining motions are expected to be heard on December 19, 2011.

## II.   ARGUMENT

### A.   The Motion Fails To Set Forth Undisputed Facts As Required By Rule 56

In order to prevail on a motion for summary judgment, Mr. Kriss must not only "show that there is no genuine issue as to any material fact," but also that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[3] The Motion does neither. There are no sworn statements and no citations to deposition testimony. The Motion does not include a statement of facts or even attach a single document. Instead, it relies almost entirely on

---

[2] Mr. Kriss did not file a formal response to the Brookmere/Matteson objection.

[3] Rule 56 F. R. Civ. P. applies in adversary proceedings pursuant to Bankruptcy Rule 7056 and to contested matters pursuant to Bankruptcy Rule 9014(c).



conclusory allegations to support the claim that USACM is somehow responsible for Mr. Kriss' investment losses. The Motion must be denied for that reason alone. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990) ("Courts of Appeals have reiterated that 'conclusory' allegations unsupported by 'specific' evidence will be insufficient to establish a genuine issue of fact").

Mr. Kriss begins by (i) "readily acknowledg[ing] the risk associated with investments of any kind," (ii) agreeing "that USACM did not guarantee repayment of the Notes," and (iii) admitting that USACM "is probably not directly responsible for the default" and that "the default is not wholly caused by USACM," yet nevertheless asserts that the Objections based on those grounds are "unsubstantiated." Response at 4-5. The Motion, however, never cites a single fact or portion of the record to support that naked allegation. *See* Fed. R. Civ. P. 56(c) ("party asserting that a fact cannot be…disputed *must support the assertion* by citing to particular parts of materials in the record…."). The admission that USACM is "*probably* not directly responsible" is itself an admission that USACM's culpability is in dispute.

Mr. Kriss then asserts that his claims "are all primarily about Breach of the Loan Servicing Agreement…Breach of Fiduciary Duty, and violations of Nevada law." Response at 5. Yet after quoting a couple provisions of the loan servicing agreement, Mr. Kriss merely "contend[s] that the Trustee has not substantiated the assertion that 'USACM did not appear to have breached the loan servicing agreement.'" *Id.* at 6. Likewise, although Mr. Kriss paraphrases a couple Nevada statutes, he then baldly alleges, again without citation or evidence, that USACM violated those statutes. The basis for the alleged breach of fiduciary duty is never mentioned at all. Yet absent undisputed facts that entitle Mr. Kriss to judgment as a matter of law regarding USACM's purported breach of the loan servicing agreement, breach of an unspecified fiduciary duty, and statutory violations, determining whether the Trustee has substantiated the Objections is a triable issue of fact.

2545385.1



The mere fact that Mr. Kriss invested in USACM brokered loans and lost money does not give rise to judgment as a matter of law.

Mr. Kriss then goes on to make various other allegations devoid of supporting facts, let alone *undisputed* facts that entitle him to judgment. For example, Mr. Kriss asserts that Thomas J. Allison of Mesirow Financial Interim Management, LLC, who served as the Chief Restructuring Officer of USACM after its bankruptcy filing, "may be somewhat complicit," and that his actions "can only be attributed to deliberate negligence on the part of management of USA/USACM." Response at 7; *see also* Response at 9 (with respect to USACM, "all of the evidence points to negligence"). The Motion, however, never sets forth the duty Mesirow or USACM owed, how Mesirow or USACM breached that duty, or whether that purported breach actually and proximately caused Mr. Kriss any damages.[4] In fact, despite alluding to the "dramatically different circumstances surrounding the loans" (Response at 3), Mr. Kriss never expounds on what those circumstances are, or how those varied circumstances affect his claims for breach of contract, negligence, breach of fiduciary duty, or fraud. The Motion must be denied.

**B.    There Are Genuine Issues Of Fact For Trial**

Notwithstanding Mr. Kriss' failure to comply with Rule 56, there remain genuine issues of fact. Despite USACM's bad acts, many of the loans it brokered were legitimate arms-length transactions secured by deeds of trust in real property. Three of the loans at issue here fit into this category: Anchor B, Tapia Ranch and Brookmere/Matteson. As set forth in the Objections, each of which is supported by a sworn declaration from the Trustee, these loans appear to have been legitimate loans. Moreover, the lenders, including Mr. Kriss, took a known risk by investing in a promissory note secured by a lien on real

---

[4] Questions of negligence are generally questions of fact unless the evidence is susceptible to only one conclusion. *See e.g.*, *Gresham v. Petro Stopping Centers, LP*, 2010 WL 3070436, *3 (D. Nev. Aug. 3, 2010); *Brue v. Wal-Mart Stores, Inc.*, 2010 WL 2555636, *3 (D. Nev. June 23, 2010) (duty, proximate cause, and reasonableness are questions of fact for a jury). Since Mr. Kriss provides no evidence at all, a trial is necessary.

LEWIS AND ROCA LLP LAWYERS

property and USACM did not guaranty repayment of these loans. USACM is also not liable for the Borrower's default or any decrease in the value of the collateral securing repayment. Mr. Kriss' only response to these objections is that the Trustee's position is "unsubstantiated." Response at 4. Thus there remain genuine issues of fact as to cause of Mr. Kriss' losses.

### III.    CONCLUSION

As set forth above, the Motion fails to set forth any undisputed facts or grounds for judgment as a matter of law. Consequently, genuine issues of fact for trial remain, and the Motion must be denied.

DATED:  November 30, 2011.

LEWIS AND ROCA LLP

By: /s/ Marvin C. Ruth (NV 10979)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin C. Ruth, NV 10979
*Counsel for USACM Liquidating Trust*
JHinderaker@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Tel. 702-949-8320
Facsimile: 702-949-8321

Copy of the foregoing served via e-mail on November 30, 2011.

Arthur Kriss
akrisssr@gmail.com
2398 West 1050 North
Hurricane, Utah  84737-3110
akrisssr@gmail.com

By: s/ Debi Garrett
Lewis and Roca LLP