**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr NV State Bar No. 006593
Email: RCharles@LRLaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@LRLaw.com
Marvin C. Ruth NV State Bar No. 10979
Email: MRuth@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA Commercial Mortgage Company, | CHAPTER 11 |
| Debtors. | **USACM LIQUIDATING TRUST'S RESPONSE TO ARTHUR I. KRISS' MOTION FOR DEFAULT JUDGMENT ON CLAIMS 01874, 01875, 01876, 01877 BASED UPON FAILURE OF OBJECTING PARTY TO COMPLY WITH ADR PROCEDURES [DE 9540]** |
| | Hearing: December 19, 2011 |
| | Time: 9:30 a.m. |
| | Estimated Time for Hearing: 10 Minutes |

The USACM Liquidating Trust (the "USACM Trust"), by and through its counsel, Lewis and Roca LLP, hereby responds to Arthur Kriss' Motion for Default Judgment On Claims 01874, 01875, 01876, 01877 Based Upon Failure Of Objecting Party To Comply With ADR Procedures [DE 9540] (the "Motion"). Mr. Kriss and the USACM Trust have met-and-conferred, engaged in discovery, exchanged multiple settlement offers, and taken part in a settlement conference before the Honorable Herb Ross. Unhappy with the settlement terms the Trustee has offered, the mediation, the mediator, and the bankruptcy process in general, Mr. Kriss has now filed a procedurally improper, factually inaccurate, and baseless motion for "default judgment." Since the relief sought is both inappropriate and unjustified, the Motion should be denied.

2545385.1



## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BRIEF BACKGROUND

### A.    The Claims

Mr. Kriss was a direct lender who filed multiple proofs of claims. What remains at issue are Mr. Kriss' general unsecured claims based upon investments in four loans that were never repaid. The proof of claim numbers, loan names and claim amounts (the "Claims") are listed below:

| Claim No. | Loan Name | Claim Amount |
|---|---|---|
| 01874 | HFAH Clear Lake | $ 50,000.00 |
| 01875 | Anchor B | $120,000.00 |
| 01876 | Tapia Ranch | $ 50,000.00 |
| 01877 | Brookmere Matteson | $ 24,483.61 |

The USACM Trust filed omnibus objections as to the Anchor B Loan [DE 8322], Tapia Ranch Loan [DE 8523], Brookmere/Matteson Loan [DE 8655], and HFAH Clear Lake Loan [DE 8892] (the "Objections"). Each Objection was supported by a declaration from Geoffrey L. Berman, the Trustee of the USACM Trust. Mr. Kriss opposed those Objections: Anchor B [DE 8397], Tapia Ranch [DE 8610] and HFAH Clear Lake [DE 9219].[1] Except as to Mr. Kriss, the Court sustained the Anchor B objection [DE 8479], the Tapia Ranch objection [DE 8962], the Brookmere/Matteson objection [DE 9234], and the HFAH Clear Lake objection [DE 9503].

### B.    The Mediation

In light of Mr. Kriss' Objections, and pursuant to the ADR mechanism established under the Debtors' confirmed Plan of Reorganization (the "ADR Procedure"), The Trustee, with counsel, met with Mr. Kriss on June 23, 2011 in an effort to address Mr. Kriss' concerns and reach an agreement as to the amount of any allowed claim for Mr. Kriss on a loan – by – loan basis. Positions were exchanged and Mr. Kriss was given an opportunity

---

[1] Mr. Kriss did not file a formal response to the Brookmere/Matteson objection.

2545385.1



1  to review the offered settlement as to each proof of claim.  Mr. Kriss rejected the Trust's
2  offer and made a counter offer, which the Trust declined.  Then, on October 6, 2011, the
3  parties attended a mediation before the Hon. Herb Ross.  Following the mediation, Judge
4  Ross informed the Court that a settlement had been reached and therefore it could vacate a
5  status conference set for the following day.  Mr. Kriss, however, changed his mind about
6  settlement and asked that the matter be put back on the Court's calendar.  The Court held a
7  status conference on November 15, 2011.  A consolidated trial on the Objections has not yet
8  been set, but all remaining motions are expected to be heard on December 19, 2011.

## II. ARGUMENT

### A. A "Default Judgment" is Not Procedurally Proper or Permissible

Pursuant to Federal Rule of Civil Procedure 55(a), made applicable by Bankruptcy Rule 7055, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Here, the Trustee has not "failed to plead or otherwise defend," because such actions are inapplicable to the claims resolution process.  Instead, pursuant to the Plan of Reorganization "resolution of any objection to a Claim or Interest shall be governed by the Bankruptcy Code, the Bankruptcy Rules, the Confirmation Order, the Plan or such provisions as may be established by the Bankruptcy Court."  Plan at Section 6.5.  Pursuant to Bankruptcy Code Section 502, once an objection to a claim is made, the court "after notice and a hearing" shall determine the amount of such claim and allow that portion of the claim which is valid.  Here, the USACM Trust exists as of the Effective Date of the Plan, which was March 12, 2007, and under the Plan, the USACM Trust is the successor to USACM with respect to standing to seek allowance and disallowance of claims under 11 U.S.C. § 502(a).  The Trustee has properly and timely lodged the Objections.  There is no "pleading" for the USACM Trust to defend and no "judgment" for Mr. Kriss to obtain.  The Claims will either be allowed, or disallowed, by



order of the Court, after a hearing on the merits, as set forth in the Plan of Reorganization and 11 U.S.C. § 502.

### B. There is no Basis For A Default Judgment

Even assuming the Court could enter a "default" there is no factual basis on which to do so, whether under Rule 55 or as some form of unspecified sanction. Kriss' main complaint is that the USACM Trust did not provide him with timely notice of the ADR Procedures after the Trustee filed the Objections. Motion at ¶¶ 3.3.1-3.3.6. Yet while Mr. Kriss repeatedly asserts that this failure has caused "prejudice," "complicated and confused the process," "resulted in disagreements at every step," and has placed the Claims "at risk" (*See id.*), Mr. Kriss never articulates what prejudice, complication, or confusion arose as a result of that admitted lack of immediate notice. For good reason.

The ADR Procedures exist to "provide[] for structured negotiation and mediation of any ADR Litigation." See ADR Procedures at 1, attached hereto as Exhibit A. A "structured negotiation and mediation" is precisely what took place, and the Trustee has, at all times, complied with the spirit and letter of the ADR Procedures by exchanging multiple settlement offers, participating in an informal meet-and-confer, participating in a mediation, and ultimately agreeing to allow the HFAH Clear Lake Claim in full.[2] That Mr. Kriss takes issue with the Trustee's failure to provide the ADR Agreement until after the mediation, the amount of his settlement offers, and the nature of the bankruptcy process, does not render the Trustee's actions prejudicial to Mr. Kriss in any way.

The ADR Procedures were followed:

- According to the ADR Procedures, once the parties exchange information regarding their respective positions, the parties must hold a meet and confer to the extent

---

[2] Mr. Kriss expressed a basis for what could have been deemed an administrative expense claim during the settlement conference with Judge Ross. However, Mr. Kriss never sought an administrative expense claim and the bar date for filing such a claim ran more than four years before the October 2011 settlement conference. Therefore, the Trust agreed to allow the HFAH Clear Lake claim in full, but as a general unsecured claim not entitled to priority over any other allowed general unsecured claim.

that a contested claim exceeds $100,000. As Mr. Kriss acknowledges, Mr. Kriss and the USACM Trust held a meet and confer on June 23, 2011 in Las Vegas. Motion at ¶ 2.3. The meet and confer failed to yield a settlement. Nevertheless, the parties continued to exchange settlement proposals, as Mr. Kriss also admits. Motion at ¶ 2.3.1.

- The ADR Procedures provide for exchanges of information, and Mr. Kriss sought discovery from the USACM Trust, which the Trustee responded to. *See* Exhibit 1 to the Motion. Although Mr. Kriss apparently thought better of his discovery demands, alleging now that it "became apparent that discovery was likely to be very expensive and time consuming, [and] was unlikely to provide substantial proof of breach of contract (it is hard to prove a negative)…" (Motion at ¶ 2.6), the Trustee was engaged in the settlement process and offered to provide Mr. Kriss the information he sought regarding his Claims.

- If the parties fail to settle their dispute, the ADR Procedure provides for mediation of that dispute. That mediation took place before the Hon. Herb Ross on October 6, 2011 pursuant to the Court's September 20, 2011 Order [DE 9142]. Following the mediation the parties agreed to the terms of a settlement agreement, but Mr. Kriss changed his mind. Mr. Kriss now takes issue whether the meeting with Judge Ross was a "settlement conference" or a "mediation," but that is a distinction without a difference. *See* Motion at ¶ 3.3.7. The parties met with a neutral arbiter, discussed the merits of the Claims and the resolution thereof, yet failed to come to a final binding agreement.[3]

---

[3] Mr. Kriss also complains that the meet and confer and the settlement conference merely concerned an exchange of settlement proposals. Motion at ¶ 2.3 ("The discussions centered on the dollar amounts rather than the basis of the claim…"); Motion at ¶ 2.8 ("the Trustee has essentially failed to engage on the merits of the claims. The settlement discussions have been almost exclusively about what the Trustee will offer and what the claimant will accept."). It is unclear what Mr. Kriss expected irrespective of whether the meeting was termed a mediation or settlement conference, but the ADR Procedures expressly state that where the USACM Trust is an objecting party, the USACM Trustee "shall evaluate" the claim "based upon all relevant factors under the traditional principles of damages under non-bankruptcy law…and any other relevant criteria generally utilized in the settlement of litigation involving similar claims." Exh. C at 5. That is what the Trustee did. After evaluating the merits of the HFAH Clear Lake Claim, the Trustee offered to allow that claim, in full, rather than litigate, yet maintained that the USACM Trust has case dispositive defenses to the remaining Claims. Mr. Kriss' disagreement with that

In short, the ADR Procedures were substantially followed. The Trustee heard and fully considered the merits of Mr. Kriss' Claims with Mr. Kriss and Judge Ross present. Both sides fully discussed their positions at length, asked questions and exchanged offers. Ultimately, the ADR agreement entitles Mr. Kriss to nothing more than that.

That the ADR Procedures did not yield a settlement does not entitle Mr. Kriss to a "default judgment." Rather Mr. Kriss has only the right to litigate his Claims to judgment at trial.

### III. CONCLUSION

The USACM Trust respectfully requests that the Court deny the Motion based on the arguments set forth above.

Respectfully submitted this 30th day of November, 2011.

LEWIS AND ROCA LLP

By: /s/ Marvin C. Ruth (NV 10979)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
Marvin C. Ruth, NV 10979
*Counsel for USACM Liquidating Trust*
JHinderaker@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Tel. 702-949-8320
Facsimile: 702-949-8321

Copy of the foregoing served via e-mail on November 30, 2011.

Arthur Kriss
akrisssr@gmail.com
2398 West 1050 North
Hurricane, Utah 84737-3110
akrisssr@gmail.com

By: s/ Debi Garrett
Lewis and Roca LLP

---

assessment is hardly grounds for a "default judgment" particularly when (a) the Trustee has offered Mr. Kriss access to the USACM Trust's documentary evidence, and (b) the matter has been brought before an independent third party arbiter.