

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr NV State Bar No. 006593
Email: RCharles@LRLaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>          Debtors. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**Stipulated Motion for Approval of Compromise Settlement of Claims** |

USACM Liquidating Trust (the "USACM Trust"), by and through its counsel, Lewis and Roca LLP, and Arthur Kriss ("Kriss"), file this stipulated motion seeking to settle Kriss' claims against the estate of USA Commercial Mortgage Company ("USACM").

The USACM Trust and Kriss stipulate:

1.  Kriss filed four proofs of claim based upon his investments in four loans brokered by USACM ("Kriss Claims"). The USACM Trust has objected to these proofs of claim. The table below gives the proof of claim number, the loan at issue, the amount of the claim and the docket entry of the USACM Trust's objection to the claim:

| Claim No. | Loan Name | Claim Amount | Objection |
|---|---|---|---|
| 01874 | HFAH Clear Lake | $50,000.00 | DE 8892 |
| 01875 | Anchor B | $120,000.00 | DE 8322 |
| 01876 | Tapia Ranch | $50,000.00 | DE 8253 |
| 01877 | Brookmere Matteson | $24,483.61 | DE 8655 |

2607411.1

LEWIS AND ROCA LLP LAWYERS

2. On October 6, 2011, the parties attended a settlement conference before the Hon. Herb Ross, which settlement conference was preceded by an in-person meeting between Kriss and the Trustee, as well as exchanges of correspondence and e-mails. Further, Kriss filed a motion regarding the Trust's application of the court approved ADR process captioned as a Motion for Default Judgment [DE 9540], which was the subject of a continued hearing most recently on December 19, 2011. Kriss also has pending a Motion for Summary Judgment on Proof of Claim 10725-01876 [DE 9012].

3. The Trustee has considered the Kriss Claims, the documents supplied by Kriss to support his claims and the dialog between the parties during and before the settlement conference about the claims. The Trustee believes, as a result of the information exchanged that a portion of the Kriss Claims are valid. Disputing the remainder of the Kriss Claims would require the Trust to undertake fact intensive litigation in relation to several different loans. The Trustee believes that the attorneys' fees and expenses the Trust would incur to challenge the claims in such litigation would easily exceed the monetary value to the Trust beneficiaries ultimately derived from challenging the Kriss Claims.[1]

4. Accordingly, the parties have agreed to settle the Kriss Claims as follows:
- Proof of Claim No. 10725-01874 in the amount of $50,000 will be allowed in full as a general unsecured claim;
- Proof of Claim No. 10725-01875 in the amount of $120,000 will be allowed as a general unsecured claim in the amount of $18,000 (15% of the total claim amount). The balance of Proof of Claim No. 10725-01875 ($102,000) will be disallowed;

---

[1] Berman Decl. ¶ 5.

2607411.1

LEWIS AND ROCA LLP LAWYERS

- Proof of Claim No. 10725-01876 in the amount of $50,000 will be allowed as a general unsecured claim in the amount of $7,500 (15% of the total claim amount). The balance of Proof of Claim No. 10725-01876 ($42,500) will be disallowed;

- Proof of Claim No. 10725-01877 in the amount of $24,483.61 will be allowed as a general unsecured claim in the amount of $3,672.54 (15% of the total claim amount). The balance of Proof of Claim No. 10725-01877 ($20,811.07) will be disallowed;

- Based upon the portions of Proof of Claim Nos. 10725-01874, 01875, 01876 and 01877 allowed as general unsecured claims ($79,172.54), the Trust will make an immediate 4.92% distribution ($3,895.29) to Kriss as his *pro rata* share of the funds reserved by the Trust from the initial creditor distribution. All other funds reserved for the Kriss Claims will be released from the Disputed Claims Reserve and made available to the Trust for whatever purpose is appropriate in the administration of the Trust.

- Kriss will share in future distributions pro rata based upon the amounts of his allowed claims, listed in paragraph 4 above.

- The relevant omnibus objections [DE Nos. 8892, 8322, 8253 and 8655] as they relate to the Kriss Claims only shall be deemed withdrawn as moot.

- Each party shall bear their own costs and attorneys' fees.

- The Kriss Motion for Default Judgment [DE 9540] and Motion for Summary Judgment on Proof of Claim 10725-01876 [DE 9012] shall be deemed withdrawn, no further hearings on these motions will be conducted and all remaining calendared court dates related to them shall be vacated.

5. The Trustee and Kriss respectfully request that the Court approve their compromise agreement and grant the Motion. Notice to creditors and a hearing are not

2607411.1

LEWIS AND ROCA LLP LAWYERS

required under the confirmed Plan, Bankruptcy Code or Rules. A proposed form of order is supplied for the Court's consideration.

DATED: January 11, 2012

**LEWIS AND ROCA LLP**

By: /s/ John Hinderaker (AZ 18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 18024 (*pro hac vice*)
*Counsel for USACM Liquidating Trust*
JHinderaker@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Tel. 702-949-8320
Facsimile: 702-949-8321

**AGREED, AND APPROVED AS TO FORM AND CONTENT:**

/s/ Arthur Kriss (with permission)
Arthur Kriss
akrisssr@gmail.com
2398 W. 1050 North
Hurricane, UT 84737-3110
akrisssr@gmail.com

2607411.1