Case 06-10725-gwz    Doc 9651    Entered 01/13/12 14:35:18    Page 1 of 4



**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr NV State Bar No. 006593
Email: RCharles@LRLaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@LRLaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>Debtors. | Case No. BK-S-06-10725-LBR<br><br>CHAPTER 11<br><br>**Stipulated Motion for Approval of Compromise Settlement of James H. Lidster Family Trust Dated 1/20/92 Proof of Claim** |

USACM Liquidating Trust (the "USACM Trust"), by and through its counsel, Lewis and Roca LLP, and the James H. Lidster Family Trust Dated 1/20/92, by and through Phyllus M. Lidster, Trustee ("Lidster"), file this stipulated motion seeking to settle Lidster's proof of claim against the estate of USA Commercial Mortgage Company ("USACM").

The USACM Trust and Lidster stipulate:

1. Lidster filed proof of claim No. 10725-02256 (the "Lidster claim") based upon investments in multiple loans, including Amesbury Hatters Point, Comvest Capital; Fiesta Oak Valley; HFA-North Yonkers, Opaque/Mt. Edge; SVRB $4,500,000; Tapia Ranch; The Gardens, LLC, Universal Hawaii and Urban Housing.

2. A portion of the claim was disallowed by Order of this Court [DE 7697]. The unresolved claim amount is $602,096.29.

3. On June 13, 2011, the USCAM Trust filed it Ninth Omnibus Objection to Proofs of Claim Based In Whole or In Part Upon Investment in the Placer I Loan [DE 8448].

2613398.1

LEWIS AND ROCA LLP LAWYERS

4. Phyllus Lidster, Trustee of the James H. Lidster Family Trust Dated 1/20/92 sent a letter in response to the objection. The Trustee construed the letter as an objection to the disallowance of the remaining unresolved amount, $602,096.29, related to the Lidster claim.

5. Pursuant to the ADR Agreement established under the Debtors' confirmed Plan, on January 9, 2012, Geoffrey Berman, the Trustee, John Hinderaker, Counsel for the USACM Trust, and Ms. Lidster met in Reno, NV. Both sides shared information and Ms. Lidster explained the basis for the claim.

6. The Trustee has considered the Lidster Claim, the documents supplied by Ms. Lidster to support the claim and the dialog between the parties during and before their meeting about the claim. The Trustee believes, as a result of the information exchanged at the settlement conference, that the Lidster Claim is probably invalid. Disputing the remainder of the Lidster Claim would require the Trust to submit to a mediation and then attend a trial. The Trustee has no doubt that the attorneys' fees and expenses the Trust would incur to challenge the claims in such litigation would easily exceed the monetary value to the Trust beneficiaries ultimately derived from challenging the Lidster Claim.

7. Accordingly, the parties have agreed to settle the Lidster Claim 10725-02256 as follows:

- The Lidster Claim in the amount of $602,096.29 will be 10% allowed ($60,209.62) and 90% disallowed ($541,886.66). Lidster will withdraw her response to the Placer I Objection [DE 8448] and that objection will be deemed sustained in accordance with these terms;

2

2613398.1



- Based upon the portion of Proof of Claim No. 10725-02256 allowed as a non-priority unsecured claim ($60,209.62), the Trust will make an immediate 4.92% distribution ($2,962.31) to Ms. Lidster as the *pro rata* share of the funds reserved by the Trust from the initial creditor distribution. All other funds reserved for the Lidster Claim will be released from the Disputed Claims Reserve and made available to the Trust for whatever purpose is appropriate in the administration of the Trust;
- Lidster will share in future distributions pro rata based upon the allowed claim of $60,209.62;
- The balance of proof of claim 10725-02256 in the amount of $541,886.66 shall be deemed disallowed;
- This order will supersede any previous orders by this Court that might be deemed to conflict with this order; and
- Each party shall bear their own costs and attorneys' fees.

The Trustee and Lidster respectfully request that the Court approve their compromise agreement and grant the Motion. Notice to creditors and a hearing are not required under the confirmed Plan, Bankruptcy Code or Rules. A proposed form of order is supplied for the Court's consideration.

DATED: January 13, 2012.

**LEWIS AND ROCA LLP**

By: /s/ John Hinderaker (AZ 18024)
    Robert M. Charles, Jr., NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
*Counsel for USACM Liquidating Trust*
JHinderaker@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Tel. 702-949-8320
Facsimile: 702-949-8321

2613398.1

LEWIS AND ROCA LLP LAWYERS

AGREED, AND APPROVED AS
TO FORM AND CONTENT

/s/ *Phyllus M. Lidster*
Phyllus M Lidster, Trustee of the James H. Lidster
Family Trust Dated 1/20/92
c/o James H. Lidster and Phyllus M. Lidster Ttees
P.O. Box 2577
Minden, NV 89423
E-mail: thelids@yahoo.com

4