LEWIS
AND
ROCA
LLP
L A W Y E R S

1    3993 Howard Hughes Parkway, Suite 600
     Las Vegas, NV 89169-5996
     Facsimile (702) 949-8321
2    Telephone (702) 949-8320

3    **Robewt M. Charles, Jr.**  NV State Bar No. 006593
     Email:  rcharles@LRLaw.com

4    Attorneys for USACM Liquidating Trust

5

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                         **DISTRICT OF NEVADA**

9    In re:                                    Case No. BK-S-06-10725-LBR

10   USA Commercial Mortgage Company,          CHAPTER 11

11                              Debtor.

12                                             **USACM Liquidating Trust Quarterly**
                                               **Report for Period Ending December**
13                                             **31, 2011**

14          The USACM Liquidating Trust Quarterly Report by Geoffrey Berman, Trustee for

15   period ending December 31, 2011, is attached hereto.  For ease of reference, a copy of the

16   report has been posted on the USACM Liquidating Trust's website:

17   http://usacmcucc.bmcgroup.com.

18          DATED:  January 30, 2012.

19
                              **LEWIS AND ROCA LLP**
20

21
                     By:  _/s/ Robert M. Charles, Jr. (#6593)_
22                        Robert M. Charles, Jr. NV 6593
                          *Counsel for USACM Liquidating Trust*
23

24

25

26

1

# QUARTERLY POST-CONFIRMATION REPORT OF
# GEOFFREY L. BERMAN, TRUSTEE
# USACM LIQUIDATING TRUST

## January 2012



Development Specialists, Inc.

LEWIS AND ROCA LLP
LAWYERS

**USACM Liquidating Trust**
Geoffrey L. Berman, Trustee
Matthew P. Sorenson
Email: gberman@dsi.biz
msorenson@dsi.biz
**Development Specialists, Inc.**
333 South Grand Avenue, Suite 4070
Los Angeles, CA 90071-1544
Facsimile: (213) 617-2718
Telephone: (213) 617-2717

**Lewis and Roca LLP**
Robert M. Charles, Jr.
John Hinderaker
Email: RCharles@LRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Facsimile: (702) 949-8321
Telephone: (702) 949-8320
Attorneys for the USACM Liquidating
Trust

2643999.2

# TABLE OF CONTENTS

**Page**

I.      TRUST ADMINISTRATION ............................................................................ 1

        A.      Website ......................................................................................... 1

        B.      Trust Committee ............................................................................ 1

        C.      Trust Staff and Counsel ............................................................... 2

        D.      BMC Access to Court Docket........................................................ 2

        E.      Creditor Inquiries ......................................................................... 3

II.     USACM ISSUES ........................................................................................... 3

III.    INVESTIGATING AND PROSECUTING CAUSES OF ACTION AGAINST
        POTENTIAL TARGET DEFENDANTS............................................................ 4

        A.      Diamond McCarthy ....................................................................... 4

        B.      Pending Actions ............................................................................ 4

IV.     PRESERVING INSIDER ASSETS AND ADVOCATING TRUST INTERESTS IN
        OTHER BANKRUPTCY PROCEEDINGS.......................................................... 9

        A.      USAIP Chapter 11 Case ................................................................ 9

                1.      Proofs of Claim ................................................................ 9

                2.      USAIP Related Issues ...................................................... 9

                3.      USAIP Plan of Liquidation .............................................. 10

        B.      Insiders – Thomas Hantges and Joseph Milanowski ................... 11

                1.      Hantges ............................................................................ 11

                2.      Milanowski ...................................................................... 13

        C.      HMA Sales, LLC ........................................................................... 14

        D.      Salvatore Reale ............................................................................ 14

        E.      JMK Investments .......................................................................... 15

**USACM Liquidating Trust**
**January 2012**

F.      Tree Moss Partners, LLC ................................................................. 16

V.      COLLECTION OF TRUST ASSETS ......................................................... 16

A.      Reserves ....................................................................................... 16

B.      Colt Loan ...................................................................................... 17

C.      BySynergy ..................................................................................... 17

VI.     PROFESSIONAL FEES ........................................................................ 17

VII.    PROOFS OF CLAIM AND CLAIMS OBJECTIONS ..................................... 17

A.      Overview ....................................................................................... 17

B.      Interim Distribution Motion ............................................................ 18

C.      Contact Information ....................................................................... 18

D.      Compass v. LPG ............................................................................ 19

E.      Asset Resolution LLC ..................................................................... 19

F.      Disbursing Agent Agreement .......................................................... 21

G.      General Inquiries ........................................................................... 21

VIII.   LOAN SERVICING ISSUES ................................................................. 22

A.      Placer Vineyards ............................................................................ 22

IX.     TRUST FINANCIAL STATEMENT ......................................................... 24

2640141.1

# QUARTERLY POST-CONFIRMATION REPORT OF
# GEOFFREY L. BERMAN, TRUSTEE
# USACM LIQUIDATING TRUST

## January 2012

As Trustee, I have continued to focus the efforts of the USACM Liquidating Trust (the "Trust") during the period October 1, 2011 through December 31, 2011 on:

- administration of the Trust;

- efficient conclusion of the USA Commercial Mortgage Company ("USACM") estate;

- investigation, prosecution and settlement of causes of action against potential recovery targets including settlement of the non-dischargeability claim against Joe Milanowski and Thomas Hantges;

- collection of other assets;

- claims analysis and resolution of disputed claims;

- preparation for a second creditor distribution; and

- Placer receivership issues.

These and other topics are briefly described in this report, along with comments on the financial statement of the Trust.[1]

## I.    TRUST ADMINISTRATION

### A.    Website

The Trust continues to use the following website address: http://usacmcucc.bmcgroup.com. We invite suggestions for content on the Trust's website.

### B.    Trust Committee

The Trust functions with a Trust Committee created by the Debtors' Third Amended Plan of Reorganization as modified and the Trust Agreement. The current members of the Trust Committee are Donald Walker, James Bonfiglio, Michael Tucker (in his capacity as Administrator of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF")),

---

[1] The Trust's financial statement is provided only to the Office of the United States Trustee and the Trust Committee.

2643999.2

USACM Liquidating Trust
January 2012

Suzanne Nounna, and Janet Chubb and Ken Bonnet, a client representative from the Kehl family (jointly). The Trust Committee meets by telephone conference call in regularly scheduled meetings to discuss the status of the Trust, the Trustee's prior quarterly reports, and other issues. Regular communication between the Trust and the Trust Committee members is maintained by telephone calls and e-mails.

### C.    Trust Staff and Counsel

The Trustee is employed by Development Specialists, Inc. ("DSI").[2] The Trustee uses DSI staff to administer the Trust, investigate the assets and liabilities of the Trust, and to support the litigation described below.

In addition, and as has previously been reported, the Trustee selected Robert M. Charles, Jr.[3] and Susan M. Freeman[4] of Lewis and Roca LLP, prior counsel to the USACM Official Committee of Unsecured Creditors, as its counsel. Other attorneys at that firm assist the Trust as well, including John Hinderaker, who directs claims and other Trust specific litigation.[5]

Separate litigation counsel, Allan Diamond[6] and Eric Madden[7] of Diamond McCarthy LLP, Houston, TX, was selected by the Official Committee of Unsecured Creditors and approved by the Court in January 2007, whose retention was assumed by the Trust upon the Effective Date of the Plan and the Trust.

### D.    BMC Access to Court Docket

The Trust has paid the monthly expense charged by BMC to maintain public access to the docket of the USACM jointly administered bankruptcy cases since the Effective Date of the confirmed Plan. While those dockets, and the associated claim information, are

---

[2] Information about Mr. Berman is available from the DSI website at http://www.dsi.biz/onestaff.asp?id=39.

[3] Information about Mr. Charles is available from the Lewis and Roca LLP website at http://www.lrlaw.com/professional_bio.asp?ProfessionalID=165.

[4] Information about Ms. Freeman is available from the Lewis and Roca LLP website at http://www.lrlaw.com/professional_bio.asp?ProfessionalID=92.

[5] Information about Mr. Hinderaker is available from the Lewis and Roca LLP website at http://www.lewisandroca.com/professional_bio.asp?ProfessionalID=369.

[6] Information about Mr. Diamond is available from the Diamond McCarthy website at http://www.diamondmccarthy.com/adiamond.html.

[7] Information about Mr. Madden is available from the Diamond McCarthy website at http://www.diamondmccarthy.com/emadden.html.

2

available to the public for a fee through PACER, the Trust continues to believe that the Court and creditors are better served by the Trust bearing that expense, particularly as the Trust addresses the large number of direct lender proof of claim objections.

### E.    Creditor Inquiries

Both the Trustee and the Trust's counsel receive frequent inquiries from direct lenders concerning servicing, tax issues, pre-paid interest and other questions related to their interests in the Trust. Both the Trustee and the counsel have made every effort to respond to each such inquiry, although often the Trust is not in a position to provide a specific answer, since the Trust cannot provide lenders with legal or tax advice. The Trustee and counsel also make every effort to respond on a timely basis to direct lenders and other creditors with questions related to objections to loans and claims as those objections are being processed. The Trust has also been addressing questions from direct lenders who have received checks for their recently allowed claims, as a result of the continuing process of addressing the remaining disputed direct lender proofs of claim.

## II.    USACM ISSUES

USACM continued to wind up its affairs and file monthly reports of those efforts with the bankruptcy court. USACM has been dissolved under Nevada law, with Thomas Allison of MFIM responsible for winding up its affairs.

The Trust continues to monitor the liquidation of USACM under the direction of Mr. Allison and its pre-effective date counsel. USACM files periodic operating reports disclosing its status of assets and liabilities, payments and obligations incurred. USACM also holds reserves for certain unresolved claims as well as unresolved expenses of administration. Mr. Allison and Susan Smith of MFIM have been deposed in various litigation matters, which time and expense is billed to the remaining administrative reserve MFIM maintains for USACM. Those expenses are likely to be incurred until the Trust and the Securities and Exchange Commission litigation matters have been completed. Any excess of the funds in escrow over the claims paid would be assets of the Trust. The Trust reached an agreement with USACM as to the payment of the majority of the remaining reserves being held by USACM. Payment of the agreed upon amount occurred around June 30, 2011.

USACM in liquidation has retained about $100,000 for final wind up expenses and has agreed to turn over the balance to the Trust once the final expenses have been incurred.

2643999.2

USACM Liquidating Trust
January 2012

## III.    INVESTIGATING AND PROSECUTING CAUSES OF ACTION AGAINST POTENTIAL TARGET DEFENDANTS

### A.    Diamond McCarthy

Diamond McCarthy as special litigation counsel to the Trust actively conducted formal and informal discovery of files, witnesses and transactions since its informal engagement in January 2007, which was formalized once the Plan went effective in March 2007. The goals were to develop and then prosecute causes of action against insiders and third parties to recover damages for the benefit of creditors. In addition, special litigation counsel identified assets diverted by insiders and their affiliates so that the assets can be recovered to generate payment for creditors. Diamond McCarthy continues to coordinate those efforts with others, including DTDF, the USA Investment Partners, LLC ("USAIP") Trustee (Lisa Poulin), and the bankruptcy trustees for Hantges and Milanowski mentioned below. Many witnesses were deposed or interviewed and tens of thousands of pages of documents have been reviewed. Further, Diamond McCarthy continues to coordinate efforts with various federal and state governmental agencies, including the FBI, U.S. Attorney's Office for Las Vegas, and the SEC. Diamond McCarthy maintains a confidential work product database that has been instrumental in helping the Trust coordinate discovery requests and responses at lower cost. Diamond McCarthy is lead counsel on the bulk of the Trust's litigation described below.

Certain members of Diamond McCarthy left the firm in December 2009 forming Reid Davis LLP (now Reid Collins Tsai LLP). Bill Reid and Lisa Tsai, along with others now at Reid Davis, were the primary attorneys on the Wells Fargo Bank litigation (see below). The Trust, in conjunction with the Manager of DTDF, agreed that the continued involvement of the Reid Davis lawyers, with those remaining at Diamond McCarthy, was appropriate in light of the critical phase the Wells Fargo Bank litigation was in at the time of those lawyers' change of firms. An agreement between Diamond McCarthy and Reid Davis was negotiated for the joint prosecution of the Wells Fargo Bank claim without additional expense to the Trust.

### B.    Pending Actions

The Trust had the benefit of a two-year tolling period under Bankruptcy Code § 108 to bring many claims and causes of action owned by USACM on the date of its bankruptcy filing. The two-year anniversary of the bankruptcy filing was April 13, 2008. The Trust filed numerous causes of action before this deadline. Lawsuits were filed against the following:

4

**USACM Liquidating Trust**
**January 2012**

| Case No. | Defendant |
|---|---|
| 07-01154 | J. M. K. Investments Ltd., et al.[8] |
| 08-01114 | Shober Consulting, Inc.[9] |
| 08-01115 | Bob Stupak[10] |
| 08-01116 | Greenwald, Pauly, Foster & Miller[11] |
| 08-01117 | David Rentz[12] |
| 08-01118 | Jerry Cadeski[13] |
| 08-01119 | Robert A. Russell; Deborah Russell; Russell A. Development Group, LLC; Freeway 101 Investors, LLC; Freeway 101 Loop RAR Investment, LLC; Boise/Gowen, LLC; BG/93 Investments, LLC; Copper Sage Commerce Center, LLC; Der NV Invesco, LLC; SVRB Investments, LLC[14] |
| 08-01120 | Gentile De Palma Ltd.[15] |
| 08-01121 | Fertitta Enterprises, Inc.[16] |

---

[8] Discussed below. The Trust continues to seek to collect the various stipulated judgments and recently filed motions with the court for orders allowing post judgment debtor examinations against certain judgment debtors.

[9] The Trust's adversary complaint against Shober Consulting, Inc. has been settled.

[10] The adversary proceeding against Bob Stupak was dismissed with prejudice on the motion of the Trust filed on October 28, 2008.

[11] The Trustee entered into a settlement agreement and general release with Greenwald, Pauly, Foster & Miller of the causes of action asserted in adv. No. 08-01116-lbr.

[12] The adversary proceeding against David Rentz was dismissed on the Trust's stipulation on September 30, 2008.

[13] The Trust's lawsuit against Jerry Cadeski was dismissed on February 3, 2009.

[14] The Trustee settled this cause of action.

[15] On August 5, 2008, the Trust amended its complaint. The Trust entered into a settlement agreement with Dominic P. Gentile, providing for an agreed obligation, deferred payments, backed up by a stipulated judgment if the payments were not timely made. The defendant performed as agreed under the settlement and the case has been dismissed.

2643999.2

**USACM Liquidating Trust**
**January 2012**

| Case No. | Defendant |
|---|---|
| 08-01122 | J.M.K Investments, Ltd., John M. Keilly, Mountain West Mortgage LLC[17] |
| 08-01123 | Fiesta Development, Inc.; Ashby USA, LLC; Richard K. Ashby; Random Developments, LLC; Ashby Development Company, Inc.[18] |
| 08-01124 | Homes for America Holdings, Inc.; HFAH Clearlake, LLC; One Point Street Inc.; Mediterranee-HFAH, LLC[19] |
| 08-01125 2:09-cv-01947 | Monaco Diversified Corporation; Anthony Monaco; Susan K. Monaco; Eagle Ranch Residential, LLC; Eagle Ranch, LLC; Willowbrook Residential, LLC; Brentwood 128, LLC; Ravenswood Apple Valley, LLC[20] |
| 08-01126 | James Cioffi Architect Corporation[21] |

---

[16] The matter is settled.

[17] This matter was settled with Court approval. The Trust continues to seek to collect a judgment.

[18] After prosecution of the litigation, and then extensive negotiations, this case was settled and judgment was entered on June 30, 2009.

[19] In the adversary proceeding against Homes for America Holdings, Inc. et al, the parties reached agreement on a settlement after discovery. The settlement involves agreed Judgments in a joint and several amount of $2,900,000.00 (the "Agreed Judgments") which will be held in escrow as described below. The Responsible Defendants pay the USACM Trust $7,500.00 per month, for 12 months, and $60,000.00 in month 13. In consideration of these payments the USACM Trust agrees not to execute on the Agreed Judgments for 18 months. However, if the Responsible Defendants miss a payment the USACM Trust can execute on the Agreed Judgments immediately. The USACM Trust will execute limited releases of all Defendants that become effective upon full satisfaction of the Agreed Judgments.

[20] The Trust entered into a stipulated judgment with Anthony Monaco, Susan K. Monaco and Monaco Diversified Corporation which the Court approved. The Trust has been actively trying to collect on the judgment, and which efforts have been hampered until recently by concerns of the California courts as to the ability to enforce those collection efforts without the consent of the Nevada District Court; that consent was obtained in the 4th quarter 2011.

[21] On December 2, 2008, the Trust dismissed its claims against James Cioffi Architect Corporation and the adversary case was then closed.

2643999.2

**USACM Liquidating Trust**
**January 2012**

| Case No. | Defendant |
|----------|-----------|
| 08-01127 | Amesburyport Corporation[22] |
| 08-01128 | K&S Properties (Minden)[23] |
| 08-01129 | Tanamera Resort Partners, LLC[24] |
| 08-01130 | Phillips USA LLC[25] |
| 08-01131 | Bingham McCutcheon, LLP[26] |
| 08-01132<br>2:09-cv-01946 | Stanley E. Fulton[27] |

---

[22] On October 28, 2009, the Court approved the Trust's settlement with the defendant. The Trust and defendant Amesburyport Corporation filed a stipulation to entry of agreed judgment on December 30, 2009. The Trust obtained judgment for over $2.8 million against the defendant.

[23] After investigation, the Trust sought dismissal of the adversary proceeding against K&S Properties, adversary No. 08-1128. The stipulation for dismissal was filed in August 2008 and granted by the Court thereafter.

[24] In the Trust's litigation with Tanamera Resort Partners, L.L.C., the parties reached agreement on a settlement subject to court approval.

[25] In the adversary proceeding against Philips USA LLC, the court entered its default judgment on December 24, 2008 for $425,000, together with pre- and post-judgment interest. The Trust will seek to collect the judgment.

[26] The Trust's lawsuit resulted in the grant of summary judgment in favor of the Trust. The bankruptcy court concluded that USACM's wire transfer of $200,000 to Defendant, law firm Bingham McCutchen ("Bingham"), was a fraudulent and thus avoidable transfer under 11 U.S.C. § 548. Bingham appealed to the district court, now case 2:09-cv-01608-RLH-LRL. The district court affirmed the bankruptcy court on June 4, 2010 and Bingham appealed to the Ninth Circuit, which upheld the grant of summary judgment on June 23, 2011. Bingham McCutchen has since paid the affirmed judgment and accrued interest.

[27] Plaintiff is DTDF. The bankruptcy court's findings of fact and conclusions of law were affirmed on appeal to the district court, case no. 2:09-cv-01946-RLH-LRL. The Stanley Fulton matter was settled in late June 2010 as a result of various pre-trial rulings that provided an opportunity for the parties to resolve the matter without the need for trial. The case was formally closed in October, 2011.

2643999.2

**USACM Liquidating Trust**
**January 2012**

| Case No. | Defendant |
|---|---|
| 08-01133 | Kathryn L. Petersen; Kathryn L. Petersen Living Trust; KLP Trust dated 7/15/99; Specialized Development Tahoe, LLC[28] |
| 08-01134 | Mary Petersen; Mary Petersen Family Trust dated 8/12/98; Michael D. Petersen; Michael D. Petersen Family Trust dated 8/12/98; Kathryn L. Petersen; Kathryn L. Petersen Living Trust; KLP Trust dated 7/15/99[29] |
| 08-01135 | Wells Fargo Bank, N.A.[30] |
| 08-01164 | Beadle, McBride, Evans & Reeves, LLP; Reeves, Evans, McBride & Zhang, LLP; TG McBride, CPA Ltd.; T. Garth McBride[31] |
| 08-0112 2:09-cv-02130 | David A. Fogg[32] |

Additionally, a complaint was filed in the United States District Court for the District of Nevada, as follows:

| Case No. | Plaintiffs | Defendants |
|---|---|---|
| 2:08-CV-461 | Trust and DTDF | Deloitte & Touche, LLP;[33] Victoria Loob[34] |

---

[28] Plaintiff is DTDF. In the adversary proceeding, the parties reached a settlement and the case was dismissed by stipulation.

[29] Plaintiffs are the Trust and DTDF. In the adversary proceeding, the parties reached a settlement and the case was dismissed by stipulation.

[30] Plaintiffs are the Trust, DTDF and FTDF. This is not an avoidance action. The Wells Fargo Bank matter had a directed verdict in favor of the Bank issued in early August 2010 which was affirmed by the district court  No appeal of this decision was taken.

[31] Plaintiffs are the Trust and DTDF. See below.

[32] Plaintiffs are the Trust and DTDF. Mr. Fogg asserted a counterclaim. The matter was settled and placed in abeyance to allow the parties to document and perform the settlement.

[33] The district court granted Deloitte's summary judgment motions in a decision dated February 16, 2011. That ruling has been appealed by the Trust to the Ninth Circuit Court of Appeals. The matter is fully briefed. Oral argument has not yet been scheduled.

[34] The action has been dismissed against Ms. Loob.

USACM Liquidating Trust
January 2012

These actions were prosecuted in order to recover funds for the Trust beneficiaries and DTDF.

## IV. PRESERVING INSIDER ASSETS AND ADVOCATING TRUST INTERESTS IN OTHER BANKRUPTCY PROCEEDINGS

### A. USAIP Chapter 11 Case

USAIP is the maker of a $58,374,918.81 promissory note (the "$58 Million Note") to USACM for the benefit of creditors (including DTDF). Repayment of the $58 Million Note and other obligations of USAIP are secured by liens on USAIP's interest in entities owned or in part by USAIP.[35] The Trust may also claim equitable ownership rights in some assets titled in such entities and they may be a source of value to satisfy damages claims. USAIP is a debtor in a bankruptcy case pending in Nevada (case #07-11821-LBR).

Over the objection of Hantges and Milanowski, through counsel, the bankruptcy court (Honorable Linda B. Riegle) entered an order directing the United States Trustee to appoint an interim trustee for USAIP. Lisa M. Poulin was appointed and continues to serve as trustee. She selected Gordon Silver of Las Vegas, Nevada as her counsel, with the Court's approval.

### 1. Proofs of Claim

On behalf of the Trust, Diamond McCarthy timely filed a proof of claim seeking $158,900,000 from the USAIP estate on behalf of the Trust.

### 2. USAIP Related Issues

As Lisa Poulin identified USAIP subsidiaries in need of bankruptcy protection, bankruptcy cases were filed, she was appointed trustee, and the cases were jointly administered. These include: USAIP; USA Investors VI, LLC, Case No. 07-12377; Tree Moss Partners, LL, Case No. 06-13758; HMA Sales, LLC, Case No. 07-12694; Capital Land Investors, LLC, Case No. 07-18099; Oak Mesa Investors, LLC, Case No. 08-10397; and Buffalo Land Development Co., LLC, Case No. 08-10398.

---

[35] Capital Land Investors, LLC, a California limited liability company; Ashby USA, LLC, a California limited liability company; Placer County Land Investors, LLC a California limited liability company (f/k/a Placer County Land Speculators, LLC); Oak Mesa Investors, LLC, a California limited liability company; HMA Sales, LLC, a Nevada limited liability company; Tanamera Properties, LLC; Random Developments, LLC, a California limited liability company; and Buffalo Land Developments, LLC, a California limited liability company.

2643999.2

The Trust continues to monitor the USAIP bankruptcy case, including reviewing its monthly operating reports, adversary proceedings and settlements. The Trust also worked with the USAIP Trustee on cost-benefit considerations of the pursuit of assets and potential causes of action by the USAIP Trustee and the related post-confirmation estates. The Trust entered into a tolling agreement with the USAIP Trustee to avoid unnecessary expense in terms of potential litigation between the estates. The Trust worked with the USAIP Trustee on confirmation of the USAIP Liquidating Plan.

### 3.    USAIP Plan of Liquidation

On September 30, 2011, USAIP filed its Disclosure Statement to Accompany Chapter 11 Trustee's Plan of Reorganization [DE 1481] and its Chapter 11 Trustee's Plan of Reorganization [DE 1480] (the "Liquidating Plan").

Pursuant to the Liquidating Plan, the assets of USAIP will be liquidated by the Trustee and distributed to creditors in order of priority. The claim of the Trust is classified in Class 2, along with claims of DTDF in the aggregate amount of $224,621,518.52. Through the Plan, 33 percent of the claims of the Trust and DTDF are subordinated to general unsecured creditors. The amounts of $24.1 million of unsecured claims are scheduled. The Plan proposed that 45 percent of distributions of net secured claims and expenses of administration will be paid to DTDF and the Trust, as well as certain interests in investments, trusts and future payments.

The Liquidating Plan was prepared in consultation with the Trust and DTDF and the Trust's limited objections were timely addressed by the USAPI Trustee and her counsel, to the Trust's satisfaction. The Trust supported the Liquidating Plan. The Liquidating Plan was confirmed by the Court's November 9, 2011 order. Additional details are available from the Disclosure Statement and Liquidating Plan on file with the Bankruptcy Court.

Pursuant to the Liquidating Plan, USACM received a payment of $12,500 on account of its secured claim and $234,210.88 on account of the Trust's allowed general unsecured claim. Final fee applications for USAIP professionals were considered and approved by the Court. The Liquidating Plan became effective. Pursuant to the confirmed plan, USAIP's membership interest in DTDF was transferred to DTDF and the Trust pro rata, as was USAIP's interest in Opaque Land Development, LLC ("Opaque"). Thereafter, Opaque sold its real estate and proceeds were realized by DTDF and USACM. Opaque was also dissolved in accordance with state law. In a post-confirmation report filed on December 14, 2011, USAIP indicated it had distributed all of its funds to creditors pursuant to the confirmed plan. Thereafter, USAIP sought authority for entry of a final decree closing the USAIP bankruptcy case. The bankruptcy court entered an order on December 20, 2011, closing the USAIP case.

**USACM Liquidating Trust**
**January 2012**

### B.  Insiders – Thomas Hantges and Joseph Milanowski

#### 1.  Hantges

Due to the actions of the Trust, the Administrator of the DTDF and other creditors, Thomas A. Hantges was a debtor in a chapter 11 bankruptcy case in Nevada, Case No. 07-13163-lbr. Michael Carmel was appointed trustee in the Hantges bankruptcy.

The Trust timely filed a proof of claim against the Hantges estate seeking the amount of $305,000,000.

On February 11, 2008, the Trust through Diamond McCarthy filed a complaint to determine non-dischargeability of debt against Hantges, assigned Adversary No. 08-01042-lbr. Hantges has answered the complaint. Similar lawsuits were filed against Hantges by DTDF (No. 08-01041), the Kehl family (No. 08-01040), and the United States Pension Benefit Guaranty Corporation ("PBGC") (No. 08-01039).

The Trust reached a settlement with Mr. Milanowski, since approved by the Court, wherein an agreed judgment was entered against Mr. Milanowski in the amount of $5.0 million. That judgment is subordinate to the restitution order arising out of Mr. Milanowski's plea agreement with the U.S. Government, in the amount of $86.9 million. The Hantges matter was scheduled for trial in late June 2011, however an agreement regarding non-dischargeability of the claims against Mr. Hantges was reached that avoided the necessity for that trial. Mr. Hantges waived his discharge as to all claims.

The Trust provided limited post-petition financing to the Hantges estate pursuant to a loan approved by the bankruptcy court. In an amendment, the Trust agreed to increase the amount of the loan to $2,000,000. The purpose of the loan was to enable the Hantges trustee to collect assets owed to the Hantges creditors, including the Trust. The Trust received a significant pay-down on the post-petition financing as the result of the settlement of the Trust and the Hantges estate's claims against Lucius Blanchard (see below) and others. Interest was paid current to October 31, 2009. The administration of the Hantges chapter 11 was concluded and the case was converted to one under Chapter 7. The professional fees for the Chapter 11 trustee and counsel were addressed in a series of hearings in the Fall of 2010. The Hantges estate obligation to the Trust continues to bear interest and be secured by a first priority lien on all unencumbered assets of the Hantges estate, and a junior lien on any encumbered assets, as well as a super-priority administrative claim, to the extent any additional assets can be located and liquidated.

The Trust and the Trustee for the Hantges estate entered into an agreement for prosecution of claims by the Trust against Lucius Blanchard, the Blanchard Children's Trust, Palomino Partners and Thomas A. Hantges with respect to the transfers to and assets of the alleged Trust. The lawsuit was filed by the Trust on August 25, 2008 at

11

2643999.2

Case No. 08-01268.[36]  The Hantges estate also retained the Trust's special litigation counsel – Diamond McCarthy – to prosecute certain actions on behalf of the Hantges estate.  The Trustee sought and obtained approval of employment of Diamond McCarthy.

In the adversary proceeding brought by Mr. Carmel as trustee for the Hantges estate, No. 08-01002, Lucius Blanchard, individually and as trustee of the Hantges Children's Education Trust, the parties engaged in discovery and negotiated a settlement for all causes of action in July 2009.  The settlement of the actions, along with the allocation of the settlement proceeds between the estates, was approved by the Bankruptcy Court on October 5, 2009.  As a result, the Hantges Trustee made a substantial pay down to the loan from the Trust from his estate's share of the settlement.

The Hantges estate's professionals, including the firm of Steptoe & Johnson, filed applications for approval of fee applications and reimbursement of expenses.  Those applications were heard on June 15, 2010.  The application of Steptoe & Johnson, as counsel to the estate, was objected to by the Office of the United States Trustee; the USACM Trust filed a "response" to that application but did not formally object.  As a result of the arguments at the hearing, the Trust negotiated a significant reduction in the Steptoe & Johnson fee application.  The reduced application was approved by the court, with the Trust obligated to and did fund $250,000 in available funds under the existing DIP financing.  No monies over and above that additional advance will be made.  The Hantges estate presently owes the Trust approximately $1.25 million; no further payments against this obligation are expected from the Hantges estate.

After completely administering the Chapter 7 Case, the Hantges Trustee sought entry of an order resolving the case on August 8, 2011.  No objections were filed.  On August 23, 2011, the Court entered its Final Decree and Order Closing Chapter 7 Case and Discharging and Exonerating Chapter 7 Trustee Bond [DE 966].  The Trust has received $24,963.18 as the final repayment on the Court-approved loan from the Hantges Trustee.

The obligations of Hantges to the Trust having been determined non-dischargeable, the Trust filed a complaint in Nevada for the purpose of liquidating the non-dischargeable debt.  That action is captioned *USACM Liquidating Trust v. Thomas A. Hantges*, and is case No. A-11-642779-B, pending in the District Court in Clark County, Nevada.  The Trust intends to prosecute the action efficiently and without undue expense.  Mr. Hantges recently agreed to a stipulated judgment in the Clark County action.

---

[36] The bankruptcy court entered an order on October 14, 2009 approving settlement of the claims in this suit.

12

### 2.    Milanowski

Joseph Milanowski became a debtor in a chapter 11 bankruptcy case in Nevada, Case No. 07-13162-lbr, as a result of the Trust, DTDF and others joining in bringing an involuntary bankruptcy petition against Milanowski. The Court entered an order for relief against Milanowski and appointed Ford Elsaesser as the trustee in the Milanowski case.

The Trust filed a proof of claim through Diamond McCarthy against Milanowski for $305,000,000. The claim includes Milanowski's guarantees of the debts of Placer County Land Speculators, LLC to the Placer 1 and Placer 2 Direct Lenders on the loans that the Trust is servicing.

The Trust through Diamond McCarthy filed a complaint in the bankruptcy court, Adv. No. 08-01093-lbr, to determine the dischargeability of Milanowski's debts to the Trust. As noted above, a settlement was reached with Mr. Milanowski wherein an agreed judgment, approved by the Court, was entered as a non-dischargeable debt in the amount of $5.0 million.

The Trust continues to cooperate with federal, state and local officials investigating USACM. On April 23, 2008, the SEC brought an action against Joseph Milanowski "in connection with a multi-million dollar fraud" seeking an order requiring Milanowski to disgorge sums obtained. The Trust is not prosecuting this action. The complaint was filed with the United States District for the District of Nevada and is Case No. 2:08-CV-00511. The Trust continues to monitor the SEC's litigation.

Mr. Milanowski entered into a plea agreement with the United States in a criminal case pending in Nevada, No. 2:07-CR-00291. Mr. Milanowski's plea agreement was accepted by the court and Mr. Milanowski was sentenced to twelve years incarceration, five years of supervised release post-incarceration; and as an additional condition of his sentence, Mr. Milanowski was ordered to continue to cooperate with the bankruptcy trustees and counsel in the prosecution of the remaining litigation matters. Failure to cooperate would be deemed a violation of Mr. Milanowski's supervised release and would subject him to imprisonment in addition to the twelve year sentence. Mr. Milanowski reported to the Department of Corrections to begin his sentence on August 6, 2010. There is also a restitution order requiring payment of $86.9 million to the victims of the wire fraud.

The Trust continued to monitor the prosecution of the bankruptcy case of Joseph Milanowski by Ford Elsaesser, the court-appointed trustee. The Milanowski estate has now retired the Trust's loan. Various adversary proceedings against Milanowski were continued to a status hearing, including the Trust's non-dischargeability complaint against Milanowski.

2643999.2

Similar to the Hantges estate, Mr. Elsaesser filed a motion to convert the Chapter 11 case to Chapter 7. The bankruptcy court approved the motion and the case is now being administered as a Chapter 7 liquidation.

The United States Trustee filed a complaint objecting to Milanowski's discharge under Bankruptcy Code § 727. The Trust is not a party to this action. The U.S. Trustee's complaint has been suspended pending the results of other ancillary litigation and Mr. Milanowski's cooperation therein.

### C. HMA Sales, LLC

The Trust filed a proof of claim in the HMA Sales, LLC bankruptcy case, where Lisa Poulin is the trustee. Claim No. 47 was in the sum of $4,832,123.96. Because of disputes as to liability, and more importantly, limited assets of the estate and competing claims, the Trust carefully negotiated a resolution of the proof of claim and the HMA Sales Trustee's objection. Ms. Poulin and the Trust reached an agreement which was reduced to writing and filed with the bankruptcy case in case No. 07-12694. The agreement approved by the bankruptcy court allowed the Trust's claim at $1,500,000, but provided for purposes of distribution that the Trust would receive only 50% of funds distributed to holders of unsecured claims until the allowed claim was paid in full. Thus, the relative size of the Trust's claim was reduced for distribution purposes. The stipulation was filed with the court on October 28, 2008 and approved by the court that same date.

The Trust continues to monitor resolution of the bankruptcy case by Ms. Poulin as trustee. Recently, Ms. Poulin sought bankruptcy court authority to distribute the remaining assets of the HMA Sales estate to DTDF after payment of administrative expenses and priority claims.

The Bankruptcy Court entered its Order Confirming Chapter 11 Trustee's Plan of Reorganization on February 20, 2008. The effective date of the Plan was March 3, 2008. All distributions have been made under the confirmed Plan. On October 4, 2011, the Court entered its Final Decree and Order Closing Bankruptcy Case [DE 1247], which provided that the bankruptcy case was fully administered and therefore closed.

### D. Salvatore Reale

Prior to the Effective Date, USACM sued Salvatore J. Reale, individually and as trustee of the Salvatore J. Reale Revocable Trust. The adversary proceeding is Adv. No. 06-01251 pending in the Bankruptcy Court.

After a trial on January 31, 2008, the Bankruptcy Court determined on March 28, 2008 that judgment should be entered in favor of the Trust and against Mr. Reale for $4 million, plus an award of the Trust's taxable costs. The Trust filed a motion seeking pre-

14

and post-judgment interest, which motion was granted by the Bankruptcy Court after a hearing on May 8, 2008.  The Trust obtained judgment on May 13, 2008.

The Trust continues to work on collection of the $4 million judgment against Salvatore Reale, including seeking post-judgment discovery, filing a motion to compel compliance with the discovery requests, and negotiating with Mr. Reale on a possible settlement. Efforts to recover on the judgment are complicated by a temporary restraining order against Mr. Reale in another matter, as well as an obligation to the Internal Revenue Service and the fact that one of the borrowers to whom Mr. Reale made a loan has subsequently filed their own chapter 7 bankruptcy.  Mr. Reale has cooperated with the Trust in efforts to recover from this borrower's bankruptcy estate and thereby reduce the outstanding judgment due the Trust however Mr. Reale has made no payments in partial or full satisfaction of the judgment.

### E.    JMK Investments

On September 12, 2007, the Trust sued JMK Investments, Ltd. and a number of individual defendants seeking to avoid certain pre-petition transfers that aggregate to over $4 million (Adv. No. 07-01154).

The Trust worked through its special litigation counsel at Diamond McCarthy LLP and accomplished, through settlement, several significant payments for the Trust.  In connection with the adversary proceeding against JMK Investments, Ltd. et al, the Trust entered into a settlement agreement, subject to court approval, with JMK, Simon Family Trust, Steven Portnoff, JWB Investments, Inc., Brouwers Family LP, Larry C. Johns, Mary L. Johns, Paul Bolch Living Trust, Roni Amid, Robert M. Portnoff, Sarah Portnoff, Morningside Homes, Inc., Aurora Investments LP, Steven Janovitch, Linda Janovitch, First Savings Bank FBO Valliera McGuire, Marvin and Valliera Myers Trust, Larry J. Middleton, Jennifer Middleton, Alabruj Limited Partnership, and Francis Family Trust. Under the agreement, approved by the bankruptcy court after notice and an opportunity for hearing, Defendants will pay $2,750,000 to the Trust.  Payment by June 30, 2009 reduces the payment requirement to $2,250,000.  The JMK settlement was approved by the court's November 24, 2008 order.

In the adversary proceeding concerning J.M.K. Investments, Ltd., counsel for several of the defendants sought leave to withdraw and the matter was scheduled for hearing on February 20, 2009, and a status hearing was scheduled on March 20, 2009 at which the defendant Roni Amid was directed to appear personally.  Counsel was allowed to withdraw and the status hearing was conducted on April 10, 2009 as to Roni Amid.  Mr. Amid subsequently retained new counsel and after review of the settlement, has paid his pro-rate obligation under the settlement.  A small number of the defendants chose not to pay the discounted amount and therefore had until September 30, 2009 to pay their respective obligations.  None of those defendants made the required payments.  The Trust

obtained default judgments against each of the JMK Defendants that did not pay the discounted or full amount of the stipulated settlement payments. Those judgments have been recorded and efforts are underway to enforce collection of the judgment amounts. [37] The Trust recently filed requests for judgment debtor examinations for the non-paying settlement parties and further actions to collect outstanding monies is anticipated. Recently, Defendants' counsel were granted leave to withdraw as counsel.

### F.    Tree Moss Partners, LLC

The Trust does not have a direct interest in Tree Moss Partners, LLC, which is also a debtor in bankruptcy due to an involuntary bankruptcy petition (Case No. 06-13758-LBR). Ms. Poulin has been appointed trustee for Tree Moss. Tree Moss owns the condominium project adjacent to the Hotel Zoso. USAIP's equity in this entity is not pledged as collateral for the $58 million Note. Ms. Poulin filed a motion to approve a sale of the Tree Moss assets, however the proposed sale fell through. Ms. Poulin has tried to sell the project on numerous occasions so far without success. The Trust filed a proof of unsecured claim for $1,075,799.91 in the case, and continues to monitor progress of the case under Ms. Poulin's supervision as trustee. Pursuant to the most recent operating report filed for the period ending October 31, 2011, the Trustee for Tree Moss held $378,322 in its bank account and scheduled $2,473,415 in post-petition liabilities.

## V.    COLLECTION OF TRUST ASSETS

### A.    Reserves

The Trust monitors certain reserves held by USACM through Mesirow Financial Interim Management, LLC ("MFIM"). These reserves are identified generally in Monthly Operating Reports filed by USACM, which are prepared by MFIM. Those reserves were held for certain claims, which have been resolved, as well as for the ongoing expenses of MFIM and Dorsey & Whitney on behalf of USACM in liquidation. (*See* Section III above.)

Recently, the Trust and USACM in liquidation have discussed an agreement where the balance of reserves held by USACM in liquidation, less a sum withheld to pay liquidation expenses of MFIM and Dorsey & Whitney, would be turned over to the Trust to facilitate the final liquidation of USACM.

---

[37] It should be noted that the principal of Mountain West Mortgage, Thomas Jurbala, is a judgment debtor to the Trust as well and monies due from Mr. Jurbala, as well as Mountain West Mortgage, have gone unpaid.

2643999.2

USACM Liquidating Trust
January 2012

### B.    Colt Loan

USACM held a $1 million second lien on property known as the Colt Gateway Property
in Hartford, Connecticut, subject to a first lien held by DTDF, Fertitta Enterprises, Inc.
and the estate of Daniel Tabas, and USACM held claims for servicing and other fees on
that loan.  The Trust continued to work with Michael A. Tucker, the administrator of
DTDF, on collection of sums owed on the Colt loans.  Proposals were received from
Homes for America Holding, the developer of the project, for refinancing the project and
addressing the outstanding debts, but those efforts failed.  A successor developer also
sought to resolve the issues prohibiting completion of the development, however that
developer has not had any greater success in completing the project than Homes for
America Holding had.

 The Trust continues to monitor collection of certain loans involving Colt in the Colt
Gateway Campus Urban Revitalization Project in Hartford, Connecticut.  To date, those
efforts have not resulted in resolution of the Trust's claims.  The Trust filed an objection
to Colt Gateway, LLC's proof of claim.

### C.    BySynergy

BySynergy is an entity that is obligated to DTDF and the Trust.  It is a debtor in a
bankruptcy case pending in the United States Bankruptcy Court for the District of
Arizona, Case No. 2:08-bk-07680-RTB.  Counsel for DTDF is taking the lead on
enforcing the claims of the post-confirmation entities against BySynergy.

## VI.    PROFESSIONAL FEES

With respect to professional fees, the Trustee continues to scrutinize each month the fee
statements presented by professionals for USACM (Ray Quinney Nebeker (now Dorsey
& Whitney), Mesirow Financial Interim Management) ("MFIM"), the Trust (including
Lewis and Roca and Diamond McCarthy), and other post-confirmation entities and
bankruptcy trustees.  With respect to the Trust's professionals, the Trustee deals directly
with and receives complete satisfaction of his concerns from his lawyers and other
professionals.  All professionals are current as to the invoices for services to the Trust.

## VII.    PROOFS OF CLAIM AND CLAIMS OBJECTIONS

### A.    Overview

The deadline set pursuant to the Plan for the Trust to object to claims has expired.

As this Court is aware, the Trust has been working through all scheduled and filed claims
to determine the Allowed and Disallowed Claims.  Presently, approximately $202 million
in claims have been allowed; $785 million in claims have been disallowed; and about

17

**USACM Liquidating Trust**
**January 2012**

$3 million in claims are still pending resolution. The bar date to object to claims has now passed and the remaining disputed claims are in various stages of the court approved ADR process.

Certain direct lenders have opposed the Trust's objection to their respective proofs of claim. Those individuals' oppositions are being addressed on a case by case basis, including settlement conferences and in one instance, a trial may be necessary to resolve the opposition. As claims are resolved, the allowed portions of claims are paid in the amount equal to the initial creditor distribution of 4.92%.

### B.    Interim Distribution Motion

The Trust filed its Motion for an order authorizing the Trust's initial interim distribution to allowed beneficiaries,[38] which motion was granted by the court. The Trust released the interim distribution in November 2009. That distribution equaled 4.92% of the allowed creditor claims. Reserves for unresolved and/or disputed claims have been established pursuant to the Trust's motion and the Court Order approving the Motion. The Trust continues to receive and answer inquiries from lenders and creditors on the distribution. The Trust sought authority for the second interim distribution to distribute pro rata $8 million, in two installments. The first was to creditors holding allowed claims of $1 million or more and was approved by the court by its December 27, 2011 order. The Trust anticipates filing a motion to approve the balance of the second interim distribution once the claims objection process has been completed, by the end of the first quarter of 2012.

### C.    Contact Information

For an inquiry on your proof of claim, or on an objection to a proof of claim, please contact:

Sierra Consulting Group
Brant Fylling
E-mail: USACMTRUST@sierracgllc.com
Telephone 602-424-7020

For additional information, please refer to the website of the USACM Liquidating Trust: http://usacmcucc.bmcgroup.com. You may send an e-mail on a general inquiry to: USAcommittee@lrlaw.com

---

[38] A copy of the motion is posted on the Trust's website.

### D.    Compass v. LPG

As indicated above, the Trust believes that the most efficient way to evaluate unsecured claims of Direct Lenders is after the applicable direct loan has been resolved, presumably through collection. A number of disputes are in litigation among the plaintiffs in lawsuits pending in the District Court, as well as the Lender Protection Group (the "LPG") and other (collectively referred to as "LPG") and Compass USA SPE, LLC, Compass Partners, LLC, and Compass Financial Partners, LLC ("Compass"), which have expanded to include certain named Direct Lenders and Compass' officers and lender. Asset Resolution, LLC and Silar Advisors, LP and Silar Special Opportunities, LP have succeeded to the economic interests of Compass, with disputes over the validity and effect of that transfer. That litigation is generally managed by the United States District Court for the District of Nevada under Case No. 2:07-cv-00892-RCJ-GWF. The Trust is not a party to that litigation. Nevertheless, the litigation does adversely impact the Trust's ability to evaluate claims.

Silar and now Asset Resolution through its trustee are parties to additional litigation with direct lenders, including case no. 2:09-cv-01832-RCJ-GWF. Judge Robert C. Jones ordered the action to be dismissed in favor of a counterclaim that may be filed in Case No. 2:07-cv-00892-RCJ-GWF. In connection with the litigation, Asset Resolution requested documents from the Trust, which responded to counsel with objections and concerns.

The litigation was scheduled for a jury trial in May 2010, and that trial date was postponed to November 2010, although appeals are pending from several of the district court's orders. A jury trial was conducted in November and December 2010. The jury in the case awarded compensatory and punitive damages against various defendants, including Compass, Silar, Asset Resolution and the principals of Compass. The Trust is not a party to the litigation and will not share in any recovery ultimately paid by the defendants.

### E.    Asset Resolution LLC

As noted above, Compass' lender Silar Advisors LP and Asset Resolution LLC filed suit against the Trust seeking to block the proposed distribution to allowed beneficiaries of the Trust. That complaint No. 09-01284-lbr alleged in part that the direct lender litigation in the District Court has denied Compass (and Silar) "the benefit of the bargain" Compass sought when Compass purchased USACM and the FTDF interests in the loan portfolio, along with servicing rights, default interest and late fees. Silar dismissed the complaint leaving Asset Resolution as the sole plaintiff. The Trust believed the complaint lacked any merit. The bankruptcy court denied Asset Resolution's request to delay of the proposed distribution to creditors with allowed claims at the October 19, 2009 hearing. USACM (the former Debtor) filed a motion to dismiss the matter, which

motion was to be heard on February 5, 2010. The Trust filed a motion for summary judgment in the matter, which motion was fully briefed and ready for oral argument scheduled on April 1, 2010. Due to the Asset Resolution bankruptcy described below, both motions were continued by the bankruptcy court until May 11, 2010 for a status hearing. The trustee for Asset Resolution LLC sought a continuance but did not take a position in opposition to the motions. At that hearing, confirmed thereafter with written orders, the bankruptcy court granted both the Trust's motion for summary judgment and USACM's motion to dismiss the complaint. No appeal was taken.

Additionally, Asset Resolution LLC filed a voluntary chapter 11 bankruptcy case No. 09-16142 (AJG) in the United States Bankruptcy Court for the Southern District of New York on October 14, 2009. Additional cases were filed by entities that had been created to hold assets after foreclosure of direct loans.[39] The Trust joined in a motion to transfer the venue of the Asset Resolution LLC bankruptcy case to the District of Nevada, a motion that was supported by a separate filing by the Office of the United States Trustee. The case was ordered transferred to Nevada on November 24, 2009, and became case No. 09-32824-BAM. Judge Markell heard certain interim or "first day" matters and entered interim orders.

Direct lenders sought relief from the stay to prosecute actions pending in the district court and sought withdrawal of the reference to the district court. A request to convert the case to chapter 7 (liquidation) or alternative request for appointment of a trustee was also filed. After a January 19, 2010 hearing, the United States District Court withdrew the reference of the Asset Resolution LLC case to the district court, under Judge Jones. Judge Jones converted the case to a case under Chapter 7 retroactively to January 19, 2010 and William A. Leonard, Jr. was appointed trustee. The interim chapter 11 order for debtor in possession financing was revoked. Notice of a creditors meeting was served and notice of a June 7, 2010 claims bar date provided. These orders and others are on appeal to the United States Court of Appeals for the Ninth Circuit.

On December 31, 2009, Asset Resolution LLC filed suit in Nevada, case No. 09-01410-bam, against hundreds of direct lenders seeking a declaratory judgment of Asset Resolution LLC's rights as co-owner of loans and successor to USACM as loan servicer under a number of loans. The district court has since terminated both Compass and Asset Resolution LLC as the servicer on the acquired loans pursuant to its Order entered January 21, 2010. As to the 14 SPE debtors and the remaining loans, lenders were free to identify a replacement loan servicer by 51% vote. Funds held by Asset Resolution LLC

---

[39] Ocean Atlantic SPE LLC; CFP Anchor B SPE LLC; CFP Cornman Toltec SPE LLC; CFP Gess SPE LLC; Bundy 2.5 Million SPE LLC; Bundy Five Million SPE LLC; Fiesta Stoneridge LLC; Fox Hills SPE LLC; CFP Gramercy SPE LLC; Huntsville SPE LLC; Lake Helen Partners SPE LLC; 10 90 SPE LLC; Shamrock SPE LLC; and HFAH Monaco SPE LLC.

from disposition of loans were to be turned over to the trustee.  Appeals to the Ninth Circuit from these orders are pending.  The district court has supervised the transition of loans to new servicers as well as efforts by the trustee for Asset Resolution LLC to liquidate its interests in loans and properties.  Trial in this suit was held in November and December 2010 as noted above.  Judgment was entered and appeal taken to the Ninth Circuit.

The Trust continues to monitor these proceedings so as to be current with the status of the proceedings and any impact on the remaining outstanding loans where direct lenders that filed proofs of claim in the USACM bankruptcy may have an interest.

### F.    Disbursing Agent Agreement

The Trust and USA Capital First Trust Deed Fund, LLC ("FTDF") entered into a Stipulation Concerning Amended Disbursing Agent Agreement.  The Court approved the parties' stipulation on June 29, 2007, so that the Trust will act as the disbursing agent for equity holders of FTDF if there is a distribution on the $7 million FTDF unsecured claim, now that entity is liquidated.  The bankruptcy court entered a final decree and order closing the FTDF case on October 12, 2007.  The Trust was advised that the final distribution to the members of the Fund, along with their respective K-1's for 2006, was released to the members.  In the transmittal to the Fund members, members were advised to address all further inquiries about the status of the Fund to the Trust.  The Trust is attempting to answer these questions as best it can in light of not having prepared the distribution or K-1 information returns.

The Trust is the distribution agent for any additional distributions owed to members of FTDF.  FTDF investors periodically request information from the Trust, which the Trust provides to the extent it has the information in its files as a result of turnover from FTDF, including the final FTDF tax return.

### G.    General Inquiries

The Trust periodically receives inquiry from lien creditors, borrowers or lenders on loans to be serviced by Compass or its successors.  The Trust, as a courtesy, makes every effort to direct the inquiry to the appropriate person handling servicing of the loan.  Similarly, the Trust periodically receives subpoenas, requests for production and other formal and informal discovery requests for review of the business records of USACM, some of which the Trust holds as successor to USACM.  Again, the Trust cooperates with those discovery requests, at the requesting party's reasonable expense.

During the quarter, the Trust's counsel worked with the bankruptcy court staff to identify and resolve a variety of motions and adversary proceedings that had been filed during the course of the USACM jointly administered bankruptcy cases.

**USACM Liquidating Trust**
**January 2012**

## VIII.  LOAN SERVICING ISSUES

### A.    Placer Vineyards

The balances of the Notes by Placer County Land Speculators, LLC as Borrower to Direct Lenders on loans serviced by the Trust were as follows as of December 22, 2008 (the foreclosure date):

|                  | Placer 1 | Placer 2 |
|------------------|----------------|---------------|
| Principal        | $31,500,000.00 | $6,500,000.00 |
| Interest         | 15,183,487.95  | 4,134,138.22  |
| Default Interest | 9,111,393.85   | 1,035,761.89  |
| Late Fees        | 2,334,174.40   | 531,706.91    |
| **Total**        | $58,129,056.20 | $12,201,607.02 |

The Trust, as servicer, reports monthly to the Direct Lenders.  Those reports are posted on the Trust's website.  As previously reported in these reports, the Trust filed a complaint and a motion for appointment of a receiver for the Placer 1 Loan in the United States District Court for the District of Nevada on September 24, 2008 and assigned case no. 2:08-cv-1276.  The case was assigned to United States District Judge Kent J. Dawson and United States Magistrate Judge Robert L. Johnston.

The receivership motion was heard by the Honorable Kent J. Dawson on December 3, 2008.  At the hearing, Judge Dawson directed the appointment of Elli Mills as Receiver.  The Trust thereafter worked with counsel for interested parties and Mr. Mills on entry of an appropriate order directing the appointment of a receiver.  The District Court's order appointing the receiver was entered on December 16, 2008.

The Receiver subsequently investigated and made the decision to conclude the foreclosure sale, which had been continued to December 22, 2008.  The Receiver directed a credit bid of $8,404,030 at the December 22, 2008 foreclosure sale.

Prior to the appointment of a receiver, the Trust continued to work with interested Direct Lenders on issues concerning the Loan and the Property, including whether to take an appeal of the valuation of the Property for real estate tax purposes.

The Trust continues to work with the Placer 1 Receiver both with respect to the Trust's claims as servicer as well as in attempting to assist the Receiver in the performance of his duties.

One effect of the foreclosure was to extinguish the lien on the Property securing repayment of the Placer 2 Note.  Accordingly, the sole potential source of recovery for the Placer 2 Lenders, in addition to any proofs of claim they may filed in the USACM bankruptcy case, is the proof of claim filed by the Trust as servicer on the personal

22

guaranties of Thomas Hantges and Joseph Milanowski. The Trust recently filed a Motion to allow the Placer II direct lender proofs of claim as allowed beneficial interests in the USACM Trust.

The litigation filed by the Trust concerning the Placer loan, in which the Receiver was obtained, remains pending before the District Court. The deadline to serve unserved defendants was continued to May 22, 2009. Because of the foreclosure, the Trust sought consent to dismissal of the Placer 2 Lenders as parties to the litigation. The Receiver became responsible to deal with the Placer Vineyards Development Group, LLC with respect to development of the Property. The Trust ceased reporting to the Lenders with respect to the Placer 1 and Placer 2 Loans after December, 2008, because the Placer 2 Loan no longer had collateral and the Placer 1 Loan was in the control of the Receiver, who is providing periodic reports. The Receiver's periodic reports are posted by the Trust on the Trust's website and there fore available to all of the Placer 1 (and Placer 2) Lenders.

The Receiver sought authority from the receivership court to borrow up to $250,000 in interim financing to cover the expenses of the receivership. The Trust considered offering the funding in order to save expense for the receivership and to prevent concerns over having another lender looking to the property for repayment of a loan at a time when the Trust had made advances as servicer for property taxes and asserted a claim for unpaid servicing fees. Ultimately, although the receivership court approved the loan, the Trust Committee did not approve the Trust's service as interim lender. Accordingly, the Trustee did agree to extend $100,000 of interim financing to the Receiver on a bridge basis while the Receiver sought more permanent financing. The Receiver sought authority for a replacement loan and in September 2009 repaid the advance by the Trust, with interest. The Receiver recently sought approval to borrow additional monies from the replacement lender to the Trust. The Trust is monitoring those proceedings to protect the status of the Servicer Advance in 2007 described above.

The Trust has provided copies of the Receiver's monthly reports on the Trust's website as a courtesy to the Receiver and a convenience to the Placer lenders. There is a separate link to the Placer filings on the Trust's website. Those reports indicate that the Receiver obtained authority to list the Placer property for sale with a broker; is considering consenting to revision of the development agreement for the property, with a corresponding revision to the Placer County Land Speculators, LLC operating agreement; settlement of environmental matters; and approval of reporting. The Receiver however has not been able to sell the underlying collateral as of this date.

2643999.2

**USACM Liquidating Trust**
**January 2012**

## IX.    TRUST FINANCIAL STATEMENT

A Trust financial statement showing the status of the Trust's finances as of September 30, 2011, has been provided to the Trust Committee.  Additional financial statements are being prepared and will be forwarded to the Trust Committee shortly.

2643999.2