

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

**Robert M. Charles, Jr.** NV State Bar No. 006593
Email: rcharles@lrlaw.com
**John Hinderaker** AZ State Bar No. 018024
Email: JHinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA Commercial Mortgage Company, | Chapter 11 |
| Debtor. | |
| | **USACM Liquidating Trust's Motion to Authorize Second Installment of Second Interim Distribution To Unsecured Creditors** |
| | Hearing Date:    March 1, 2012<br>Time:                  10:00 a.m.<br>Estimated Length of Hearing:  10 min. |

Geoffrey L. Berman, Trustee for the USACM Liquidating Trust (the "Trust"), respectfully moves this Court for an order:

- Approving **Exhibit A**, attached, as an accurate schedule of Allowed, Disallowed and Disputed (including unresolved) Claims as of January 19, 2012;[1]

---

[1] All capitalized terms not defined herein are given the meaning ascribed to them in the Plan, including the Plan's supplemental documents.

1

290698.1

- Authorizing the Trustee to make the second installment of the Trust's second interim distribution of $8 million in Trust funds to the Trust's Beneficiaries (unsecured creditors) with claims of less than $1 million[2];
- Authorizing the Trustee to reserve for any remaining Disputed Claims in full;
- Approving the Trustee to provide notice of this motion as detailed below; and
- Authorizing the Trustee additional authority as may be necessary to make the approved interim distribution.

This motion is explained in the following Memorandum and is supported by the Court's record, the Declaration of Ted Burr in Support of Distribution Motion and the record to be developed at any hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Plan Confirmation and the Trust

This Court confirmed the Third Amended Plan of Reorganization on January 8, 2007.[3] The Plan established the USACM Trust, which incorporated the USACM Trust Agreement by reference.[4] Geoffrey L. Berman was confirmed as trustee. The Trust has filed quarterly post-confirmation reports with the Court, since its inception, with the most

---

[2] The Trust previously sought authority for a second interim distribution to distribute pro rata $8 million, in two installments. [DE 9546] The first installment of the second distribution was to creditors holding allowed claims of $1 million or more and was approved by the court by its December 27, 2011 order. [DE 9632] This motion seeks Court approval for the balance of the second interim distribution.

[3] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].

[4] *See* Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization ("Plan") [DE 1799] §§ I(C), IV(D)(1), VII.

2

290698.1

LEWIS AND ROCA LLP LAWYERS

1   recent report filed for the quarter ended December 31, 2011, which are publicly available
2   on the Trust's website.[5]
3       Under the terms of the Plan, USACM Class A-4 creditors (the General Unsecured
4   Claimants) were made beneficiaries of the USACM Trust.  As Beneficiaries, the General
5   Unsecured Claimants are entitled to periodic, pro rata distributions from the Trust Assets.

### Claims Resolution and First and Second Distribution

7       As this Court is aware, the Trust has been working through all scheduled and filed
8   claims to determine the Allowed and Disallowed Claims.  Presently, approximately $202
9   million in claims have been allowed; $785 million in claims have been disallowed; and
10  about $3 million in claims are still pending resolution.  The bar date to object to claims has
11  now passed and the remaining disputed claims are in the process of being resolved or are
12  in various stages of the Plan's ADR process.
13      The Trust filed its Motion to Authorize First Interim Distribution to Unsecured
14  Creditors [DE 7486], which motion was granted by the Court.  The Trust released the
15  interim distribution in November 2009.  That distribution equaled 4.92% of the allowed
16  creditor claims.  Reserves for unresolved and/or disputed claims were established pursuant
17  to the Trust's motion and the Court Order approving the Motion.
18      The Trust previously filed its Motion to Authorize Interim Distribution to Certain
19  Large Allowed Claims [DE 9546] and Declaration of Geoffrey L. Berman in support of
20  that motion [DE 9549].  The motion sought authority for a second interim distribution to
21  distribute pro rata $8 million, in two installments.  By Order [DE 9632] dated December
22  27, 2011, the Court approved the first installment of that distribution to Beneficiaries
23  holding Allowed Claims of $1 million or more.  This motion seeks Court approval for the
24  second installment of the second interim distribution to Beneficiaries holding Allowed
25  Claims of less than $1 million.

---

26  [5] http://usacmcucc.bmcgroup.com/Trustees%20Quarterly%20Reports/Forms/AllItems.aspx

3

290698.1

LEWIS AND ROCA LLP LAWYERS

**Proposed Schedule of Allowed, Disputed and Disallowed Claims**

The Trustee directed preparation of the schedule attached as **Exhibit A.** Supporting Declaration of Edward M. Burr, ¶ 5 ("Burr Decl."). It identifies all claims that were scheduled and/or asserted by proof of claim. *Id.* Scheduled claims that are also the subject of an allowed proof of claim or were disputed by the Trust are not included in **Exhibit A** in order to avoid the claim being double counted. *Id.* Those claims for over $1 million that have already received their share of the second interim distribution are included at the top of **Exhibit A** and shaded. For each claim **Exhibit A** provides the claimant's name, the claim amount, the allowed amount, the disallowed amount, and the unresolved amount, if any, as of and including the objections that the Court heard on January 19, 2012. *Id.*

Subject to notice to the claimants and interested parties, the Trustee requests that the Court confirm that the schedule attached as **Exhibit A** is an accurate statement of the status of the claims listed therein as of and including the objections heard on January 19, 2012.

The Trust has filed objections and motions that have been scheduled for hearing on the Court's March 1, 2012 omnibus hearing calendar. To the extent the Court disallows or allows additional claims before or after that hearing, the Trust asks that the Court authorize the Trustee to amend **Exhibit A** to incorporate those rulings in determining the appropriate distributions and reserves. In fact, **Exhibit A** is prepared in accordance with the Court's rulings at the January 19, 2012 omnibus hearing even though the Court has not yet signed all of the final orders resulting from that hearing. **Exhibit A** can be revised to the extent that the Court's final rulings differ from those assumed in **Exhibit A**.

**Proposed Distribution and Reserves**

The Trustee is entitled to make a distribution whenever the Trustee, in his discretion, believes the USACM Trust has cash in an amount sufficient to make a

distribution while leaving enough left over in the Trust to fund its operations.[6] With respect to distributions and reserves, the confirmed Plan provides in part:

> Prior to making any distribution on Allowed Claims and Equity Interests, the {Trust} shall establish a Cash reserve for each Disputed Claim and Equity Interest, including unclassified Claims. Except as provided below, the Cash reserve for a Disputed Claim or Equity Interest shall be equal {to} the amount set forth in the proof of Claim or Equity Interest, or if no proof of Claim or Equity Interest has been Filed, the amount set forth for the Claim or Equity Interest on the Schedules.[7]

Although the next paragraph of the Plan authorizes the Trustee to seek this Court's permission to reserve for Disputed Claims in some other amount, the Trustee does not seek that authority now.

After reserving in order to "provide for <u>all expense</u> reserves necessary for the USACM Trust,"[8] the Trustee determined in December 2011 that it should make a second distribution of $8 million in cash to Beneficiaries and filed a motion to distribute a portion of that amount to Beneficiaries with Allowed Claims over $1 million. The Court granted the motion and thus approved this first installment of the second distribution. The Trust made the distributions approved by the Court on January 11, 2012.

The Trustee seeks authority to make the second installment of the pro rata distribution to the Beneficiaries with Allowed Claims of less than $1 million based upon the Court approved **Exhibit A** and the Court's rulings on objections and motions heard on January 19 and to be heard on March 1, 2012, and reserve for Disputed (including unresolved) Claims. The second interim distribution is on a pro rata basis, about 3.88% and brings the total recovery by beneficiaries of the Trust to 8.80% of their allowed claims.

---

[6] USACM Trust Agreement § 3.5(d)(iv).
[7] Plan § VII(B)(2).
[8] Plan § IV(D)(1).

290698.1

The Plan provides, however, that the Trustee will not make *de minimis* distributions to Beneficiaries. A distribution is *de minimis* if it would be less than $5.[9] Accordingly, the Trustee will not be making distributions to Beneficiaries whose allowed claim would result in an interim distribution less than $5 on the date of the interim Distribution.

**Notice**

The Trust will provide notice of this motion as follows.

- Notice via the Court's ECF system;
- Service of this motion and the notice of hearing by email or mail to the parties on the post-confirmation limited service list;
- Service of this motion and a notice by first class mail to each claimant listed on **Exhibit A**. The Trust will provide each claimant with the applicable portion of **Exhibit A** relevant to the particular claimant's claim(s), but not with a complete copy of **Exhibit A**.
- Posting the motion and the entire **Exhibit A** on the Trust's website - http://usacmcucc.bmcgroup.com/default.aspx.
- Providing a copy of the motion and notice upon request made to the undersigned counsel.
- Any additional notice as directed by the Court.

**Request For Relief**

The Trustee respectfully requests that this Court enter an order:

- Approving the proposed notice to be given for this motion;
- Approving **Exhibit A**, attached, as an accurate schedule of Allowed, Disallowed and Disputed Claims, including unresolved claims, as of January 19, 2012;

---

[9] *See* Plan § VII(D).

6

290698.1

1. • Authorizing the Trustee to consider any rulings made by the Court at its January 19 and March 1, 2012 omnibus hearing when determining the appropriate amount of the interim distributions and reserves;
- • Authorizing the Trustee to make the second installment of the second interim distribution of $8 million in Trust funds to the Trust's Beneficiaries and unsecured creditors;
- • Authorizing the Trustee to reserve for Disputed Claims in full and for the amount of the estimated unliquidated claims;
- • Authorizing the Trustee additional authority as may be necessary to make the approved interim distribution; and
- • Such other relief as is proper.

Respectfully submitted January 31, 2012.

**LEWIS AND ROCA LLP**

By: John Hinderaker (AZ #18024)
Robert M. Charles, Jr., NV 6593
John Hinderaker, AZ 018024 (*pro hac vice*)
*Counsel for USACM Liquidating Trust*

290698.1