

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr. NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: jhinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>                      Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**USACM Trust's Motion to Clarify the Record Regarding Proof of Claim Nos. 10725-01501 – 10725-01510 filed by Panagiotis Dovanidis and Dimitra Dovanidou**<br><br>**Date of Hearing:**<br>**Time of Hearing:**<br>**Estimated Time for Hearing: 10 minutes** |

      Panagiotis Dovanidis and Dimitra Dovanidou ("Dovanidis") as Joint Tenants with Right of Survivorship, filed ten separate proofs of claim, Proof of Claim Nos. 10725-01501 through 10725-01510. Dovanidis attached to each Proof of Claim ("POC") the same USACM account statement listing the same ten investments. The first page of each POC is attached as **Exhibit A** and the account statement attached to each POC is attached as **Exhibit B**.

      The account statement showed that Dovanidis had invested between $30,000 and $50,000 in ten separate USACM loans. The investments shown on the account statement were consistent with the amounts shown on the POC's, but the POC's do not expressly indicate to which loan they relate. Thus, in most instances, the USACM Trust treated each POC as though it were based on all ten loans and then all ten POC's were included in the omnibus objections/motions to allow related to each loan. Unfortunately, this did

not happen in every instance. Moreover, there are still issues where claims based on particular loans were allowed in an "unknown" amount. Thus, this Motion seeks to clarify the record and establish the full amount of the Dovanidis' allowed claims.

Below is a summary of the actions the USACM Trust has taken with respect to each loan listed on Dovanidis' account statement:

Amesbury Hatters Point. Claims based upon this loan were allowed in full, but Dovanidis' claim was disallowed in full as to POC Nos. 10725-01501 through 01510 (Objections, DE 9343 and 9344; Orders, DE 9556 and 9569) for lack of documentation. The claim should have been allowed in the amount of $50,000. To clarify and correct the record, the Trust asks that the Court allow a $50,000 claim under Proof of Claim 10725-01501.

Beau Rivage. Claims based upon this loan were disallowed unless they were based upon unremitted principal. This claim was disallowed as to POC Nos. 10725-01501 to 01509, but POC No. 10725-01510 was allowed in the amount of $1,139.16 based upon unremitted principal (Objection, DE 7804; Order, DE 7863). No further action need be taken with respect to this loan.

Brookmere/Matteson $27,050,000. Claims based upon this loan were disallowed in full. The Brookmere/Matteson claim was disallowed as to POC Nos. 10725-01501 to 01510. (Objection, DE 8660 and 8661; Order, DE 9239 and 9241). No further action is needed with regard to this loan.

Hasley Canyon. Claims based upon this loan were disallowed in full. Dovanidis invested $50,000 in this loan. The Hasley Canyon claim was disallowed in full as to POC Nos. 10725-01501 to 01510 (Objection, DE 5916 and 5918; Order, DE 6224 and 9225). No further action is required with regard to this loan.

HFA Clear Lake. Claims based upon this loan were 20% allowed and 80% disallowed. Dovanidis invested $50,000 in this loan. The HFAH Clear Lake claim was

disallowed as to POC Nos. 10725-01501 to 10725-01509, but POC No. 10725-01510 was allowed in the amount of $10,000 (20% of $50,000) based upon the investment in the HFA Clear Lake Loan (Motion, DE 9390; Order, DE 9623).  Thus, no further action is needed in relation to this loan.

Lerin Hills.  Claims based upon this loan were 15% allowed and 85% disallowed. Dovanidis invested $50,000 in this loan.  The Court disallowed POC Nos. 10725-01501 to 10725-01509 for an "unknown" amount (Motion, DE 8871, Order, DE 9495).  A motion to amend POC Nos. 10725-01501 to 10725-01509 from an "unknown" amount to $0 was filed and granted by the Court (DE 9378).  With regard to POC No. 10725-01510, the allowed claim amount was amended from "unknown" to $50,000 and was allowed in the amount of $7,500 (15% of $50,000) (Motion, DE 9378; Order, 9642).  No further action is necessary in relation to this loan.

Marquis Hotel.  Claims based upon this loan were disallowed in full because the loan was repaid in full.  The Court disallowed POC Nos. 10725-01502 to 10725-1506, 10725-01509 to 10725-01510 to the extent it was based upon an investment in this loan (Objection, DE 6291; Order, DE 6488).  The claim should also be deemed disallowed as to POC Nos. 10725-01501,  10725-01507 and 10725-01508 and the USACM Trust asks that the Court enter an order doing that.

Marlton Square 2nd:  Claims based upon this loan were disallowed in full.  The Court disallowed POC Nos. 10725-01501 to 01510 (Objection, DE 8806; Order. DE 9404).  No further action is needed in relation to this loan.

Ocean Atlantic:  Claims based upon this loan were disallowed in full.  The Court disallowed POC Nos. 10725-01501 to 01510 (Objection, DE 9105 and 9106; Orders, DE 9465 and 9466).  No further action is needed in relation to this loan.

Placer II:  Claims based upon this loan were allowed in full.  The Court allowed POC Nos. 10725-01501 to 01510 for an "unknown" amount (Motion DE 8436, Order DE

8975).  The amount of the investment in Placer II is now known to be $50,000. Accordingly, the Trust asks that POC No. 10725-01501 be allowed for an additional $50,000 and POC Nos. 10725-01502 to 01510 be disallowed to the extent they are based upon an investment in the Placer II Loan.

Accordingly, the USACM Trust asks that the Court grant this motion and enter an order that POC No. 10725-01501 be allowed in the amount $100,000 (Amesbury Hatters Point $50,000 and Placer II $50,000); POC Nos. 10725-01502 to 01509 be disallowed in full; and POC No. 10725-01510 be allowed in the amount of $18,639.16 (Beau Rivage $1,139.16; HFA Clear Lake $10,000; Lerin Hills $7,500) and the remainder of that claim disallowed.

Respectfully submitted March 20, 2012.

**LEWIS AND ROCA LLP**

By s/ *John Hinderaker* (AZ 18024)
    Robert M. Charles, Jr., NV 6593
    John Hinderaker, AZ 18024 (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
E-mail:  JHinderaker@lrlaw.com
*Attorneys for the USACM Liquidating Trust*