LEWIS
AND
ROCA
—— LLP ——
L A W Y E R S

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles Jr NV State Bar No. 006593
Email: RCharles@LRLaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@LRLaw.com

Attorneys for USACM Liquidating Trust

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA Commercial Mortgage Company, | (Chapter 11) |
| Debtor. | **Case Status Report** |

      The USACM Liquidating Trust ("USACM Trust") submits a Case Status Report pursuant to the direction of the Court at the hearing held on April 19, 2012.

**Plan of Reorganization**

      On January 8 2007,  Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan")[1] [DE 1799] was confirmed by Order of this Court.[2]  The effective date of the Confirmed Third Amended Plan was March 12, 2007.[3]

**USACM Trust**

      The Plan established, as of the Effective Date, the USACM Trust, which incorporated the Estate Administration and Trust Agreement and Declaration of Trust (the "Trust Agreement') by reference.[4]  The express terms of the Trust Agreement required the USACM Trust to terminate on March 12 2012.[5]

---

[1] *See* Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [DE 1799].

[2] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].

[3] *See* Notice of Effective Date of Confirmed Plan,  p.1 [DE 3083].

[4] *See* Debtors Third Amended Joint Chapter 11 Plan of Reorganization, §§ I(C), IV (D)(1), VII  [DE 1799].

[5] See Trust Agreement p. 29, Section 5 ("The USACM Liquidating Trust shall terminate by entry of a Final Decree upon the closing of the USACM Case, but in any event no later than 5 years after the Effective Date.")

2937467.2

LEWIS
AND
ROCA
LLP
L A W Y E R S

Pursuant to an order of this Court,[6] the termination date of the USACM Trust was extended to March 12, 2013.

**Trustee,  Trust Staff and Counsel**

Geoffrey Berman was appointed as Trustee of the USACM Trust.[7]  The Trustee is employed by Development Specialists, Inc., which provides services to the USACM Trust. The USACM Trust maintains a website[8] to communicate information to creditors.

Lewis and Roca LLP previously represented the Official Committee of Unsecured Creditors, and currently represents the USACM Trust.

Diamond McCarthy LLP was selected by the Official Committee of Unsecured Creditors and approved by the Court in January, 2007 as litigation counsel.  The retention was assumed by the USACM Trust upon the Effective Date of the Plan and the USACM Trust.

**Trust Committee**

The USACM Trust functions with a Trust Oversight Committee created by the Plan and by the Trust Agreement.  The current members of the Committee are: Donald Walker, James Bonfiglio, Michael Tucker (in his capacity as Administrator of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF")), Suzanne Nounna, and Janet Chubb and Ken Bonnet, a client representative from the Kehl Family.  Regular telephonic meetings are held.

**Trustee Reports**

Quarterly Post Confirmation Reports of Geoffrey L. Berman, Trustee have been filed with the Court.  A copy of each report is posted on the USACM Trust website.[9]

---

[6] See Order Granting Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date [DE 9744].

[7] *See* Debtor's Third Amended Joint Chapter 11 Plan of Reorganization §§ I(C), IV(D)(I), VII [DE 1799].

[8] http://usamcucc.bmcgroup.com.

[9] http://usamcucc.bmcgroup.com.

2

2937467.2

LEWIS
AND
ROCA
LLP
L A W Y E R S

**Proofs of Claim**

A total of $967,252,509 proofs of claim were filed. In addition, $59,523,103 of claims were scheduled. A central task of the USACM Trust and its advisers was resolution of claims, through motion, notice, hearing and negotiation.

As this time $203,786.432 in claims have been allowed and $789,816,578 have been disallowed. Only one $100,000 claim by Fanelli remains unresolved, which should be resolved at the July 17, 2012 hearing. The Claims Resolution Summary (June 22, 2012) is attached as **Exhibit A.**

The USACM Trust has paid all allowed secured, priority and administrative claims.

Pursuant to the Order Granting USACM Liquidating Trust's Motion to Authorize First Interim Distribution to Unsecured Creditors [DE 7712], the USACM Trust released the an interim distribution to creditors in November 2009; the distribution equaled about 4.92% of the allowed creditors' claims.

An Order was entered on December 27, 2011 granting the USACM Trust's Motion to Authorize Interim Distribution to Certain Large Allowed Claims [DE 9632]. The order authorized the distribution pro rata of $8 million in two installments, the first was to certain large creditors holding allowed claim of $1 million or more.

On March 21, 2012, an Order Approving USACM Trust's Motion to Authorize Second Installment of Second Interim Distribution to Unsecured Creditors [DE 9763] was entered. The balance of this second interim distribution equaled about 3.88% of the allowed creditors' claims.

**Assets Owned Jointly With DTDF**

1.    **Roland P. Weddell and Spectrum Financial Group, LLC Judgment, $6,810,505.01**

Prior to the commencement of the USA Investment Partners, LLC ("USAIP") bankruptcy case, USAIP, USACM, and DTDF commenced case number A441431-B against Rolland P. Weddell ("Weddell"), Spectrum Financial Group, LLC ("Spectrum"), and William Schilz, in the Eighth Judicial District Court, Clark County, Nevada ("State

3

LEWIS
AND
ROCA
LLP
L A W Y E R S

Court"). Upon her appointment as USAIP's trustee, Lisa Poulin sought and obtained summary judgment against Weddell and Spectrum, and on September 4, 2008, judgment (the "Weddell Judgment") was entered in favor of USAIP and against Weddell and Spectrum in the principal amount of $6,810,505.02, plus fees and costs in the amount of $35,763.72, plus interest at the rate of 2.5% per annum which has accrued since April 2007 and will continue to accrue until paid in full.

Ms. Poulin recorded the Weddell Judgment in Clark County, Carson City, and Washoe County, all located in the State of Nevada. On October 21, 2008, the State Court entered a charging order (the "Charging Order") in favor of USAIP charging Weddell's membership interests in Granite Investment Group, LLC; High Rock Holding, LLC; Carey Street Yard, LLC; Sky High Sports, LLC; Sky High Sports Santa Clara, LLC; Sky High Sports Sacramento, LLC; C&R Aviation, LLC; Northern Nevada Pipeline Authority, LLC; and Arrowhead Group, LLC. The Charging Order states, in pertinent part, that "Judgment Creditor [USAIP] pursuant to NRS 86.401, shall be entitled to any and all disbursements and distributions to which the Judgment Debtor is, or may become, entitled up to the amount plus interest, as described herein, and to all other rights of an assignee of the stated membership interests."

### 2. Ashby Development Stipulated Judgment, $9,186,227.01

Following the commencement of the USAIP bankruptcy case, Ms. Poulin commenced an adversary proceeding against, among others, Ashby Development Company, Inc. ("Ashby"), adversary no. 09-1129, and thereby obtained a stipulated judgment against Ashby in the principal sum of $9,186,227.01, together with accruing interest at the post-judgment interest rate and any additional attorneys' fees and costs incurred in the collection of such sum.

### 3. HFAH Entity Default Judgments, Collectively $6,750,000

Following the commencement of the USAIP bankruptcy case, Ms. Poulin commenced an adversary proceeding against Homes For America Holdings, Inc.

4

LEWIS
AND
ROCA
LLP
L A W Y E R S

("HFAH"), Mediterranee-HFAH, LLC f/k/a HFAH-Monaco, LLC ("Mediterranee-HFAH"), and HFAH-Clear Lake, LLC ("HFAH-Clear Lake"), adversary no. 09-1129, and thereby obtained default judgments as listed below.

### a.    HFAH, $1,500,000

As against HFAH, Ms. Poulin obtained a default judgment in the principal sum of $1,500,000, together with interest accruing at the post-judgment interest rate since May 9, 2009, and any additional attorneys' fees and costs incurred in the collection of such sum.

### b.    Mediterranee-HFAH, $3,600,000

As against Mediterranee-HFAH, Ms. Poulin obtained a default judgment in the principal sum of $3,600,000, together with interest accruing at the post-judgment interest rate since May 9, 2009, and any additional attorneys' fees and costs incurred in the collection of such sum.

### c.    HFAH-Clear Lake, $1,650,000

As against HFAH-Clear Lake, Ms. Poulin obtained a default judgment in the principal sum of $1,650,000, together with interest accruing at the post-judgment interest rate since May 9, 2009, and any additional attorneys' fees and costs incurred in the collection of such sum.

### 4.    Amesburyport Default Judgment, $52,000

Following the commencement of the USAIP Bankruptcy Case, Ms. Poulin commenced an adversary proceeding against Amesburyport Corporation ("Amesburyport"), adversary no. 09-1130, and thereby obtained a default judgment in the principal sum of $52,000, together with pre-judgment interest at the rate of 3.25% per annum, accruing from May 9, 2009 through September 22, 2010, costs taxed in the amount of $267.32, and post-judgment interest at the statutory rate until the judgment is paid in full.

2937467.2

LEWIS
AND
ROCA
LLP
L A W Y E R S

**Deloitte Appeal**

As reflected in the Trustee's quarterly reports, the USACM Trust brought numerous adversary proceedings and other actions.  The only unresolved action is against Deloitte & Touche LLP ("Deloitte").  The USACM Trust filed its Complaint against USACM's former auditor, Deloitte, in the United States District Court in Nevada in case no. 2:08-cv-00461 on April 11, 2008, seeking the recovery of damages associated with Deloitte's professional negligence, breach of contract, and aiding and abetting breaches of fiduciary duty.  The claims of the USACM Trust were dismissed by the District Court on summary judgment.

The USACM Trust appealed the order and final judgment of the District Court for the District of Nevada, entered on February 16, 2011 [Docket Nos. 155 & 156].  The appeal pending before the United States Court of Appeals for the Ninth Circuit, Case No. 11-15626, has been fully briefed.  The National Association of Bankruptcy Trustees filed an amicus brief[10] on behalf of the USACM Trust as appellant.  No decision has been entered on the appeal, nor has oral argument been scheduled.

**Judgments Owned by the USACM Trust**

### 1.    Marvin and Valliera Meyers Trust, $31,464.93

On December 18, 2009, the Bankruptcy Court entered an agreed judgment against the Marvin and Valliera Meyers Trust (the "MVM Trust") in the above amount with provisions for the collection of pre- and post-judgment interest.  The agreed judgment was entered after the MVM Trust failed to make any payment required by the settlement agreement it entered into with USACM Trust.  The MVM Trust has produced a considerable amount of written post-judgment discovery so far, and continues to be generally cooperative in responding to discovery requests.  The discovery already taken indicates that the MVM Trust itself is without assets and, given this judgment, the Meyers seem unlikely to contribute any assets to the USACM Trust at any time in the future.

---

[10]    See Amicus Curiae filed April 23, 2012, in United States Court of Appeals for the Ninth Circuit 11-1566, DE 32

2937467.2



LEWIS
AND
ROCA
——LLP——
L A W Y E R S

Marvin and Valeria Myers individually seem to have some assets (for example, a litigation funding business of indeterminate success), so there may be assets to satisfy the judgment if the Meyers can be made personally liable by, for instance, an alter ego suit.

### 2.    Aurora Investments, LP, $629,288.72

On December 18, 2009, the Bankruptcy Court entered an agreed judgment against Aurora Investments, LP ("Aurora") in the above amount with provisions for the collection of pre- and post-judgment interest. The agreed judgment was entered after Aurora failed to make any payment required by the settlement agreement it entered into with USACM Trust. After taking the judgment debtor exam of Randy Edwards, Aurora's sole owner and controller, and reviewing post-judgment document production, it seems apparent that he has some recoverable assets that he holds in his own name or the names of his other companies (though it is unclear whether he has $600K+ in executable assets). Aurora has no substantial assets in its own name. The USACM Trust is considering bringing an alter ego action against Edwards.

### 3.    Morningside Homes, Inc., $94,394.81

On December 18, 2009, the Bankruptcy Court entered an agreed judgment against Morningside Homes, Inc. ("MHI") in the above amount with provisions for the collection of pre- and post-judgment interest. The agreed judgment was entered after MHI failed to make any payment required by the settlement agreement it entered into with USACM Trust. After taking the judgment debtor exam of Randle "Duke" Phelps, MHI's sole owner and controller, and reviewing a considerable post-judgment document production, it seems apparent that he has some recoverable assets that he holds in his own name or the names of other companies (though it is unclear whether he has $94K+ in executable assets). MHI has no substantial assets in its own name. Unlike Edwards and Aurora, Phelps essentially admitted at the exam that he did not follow any corporate formalities and there was virtually no separateness between MHI's funds and his own. Based on these admissions, the USACM Trust is considering action against him.

2937467.2



### 4.    Alabruj Limited Partnership, $314,649.35

On December 18, 2009, the Bankruptcy Court entered an agreed judgment against Alabruj Limited Partnership ("Alabruj") in the above amount with provisions for the collection of pre- and post-judgment interest.  The agreed judgment was entered after Alabruj failed to make any payment required by the settlement agreement it entered into with USACM Trust.  After taking the judgment debtor exam of Thomas Jurbala, Alabruj's sole owner and controller, and reviewing a post-judgment document production, it seems apparent that neither Jurbala (who is personally liable because he is the general partner of Alabruj) nor his other companies have substantial assets to satisfy the judgment.  Thomas Jurbala and his wife filed for bankruptcy protection under chapter 7 on June 20, 2012.  The USACM Trust may file a claim for this judgment in the bankruptcy and possibly pursue denial of discharge litigation.

### 5.    Mountain West Mortgage, LLC, $70,000

On September 1, 2010, the Bankruptcy Court entered an agreed judgment against Mountain West Mortgage, LLC ("Mountain West") in the above amount with provisions for the collection of pre- and post judgment interest.  The agreed judgment was entered after Mountain West failed to make the payment required by the settlement agreement it entered into with USACM Trust.  Mountain West is also a Thomas Jurbala entity, and the current plan is to pursue this judgment in the Jurbala bankruptcy.

### 6.    Salvatore Reale, $4,277,850.34

On May, 13, 2008, the USACM Trust received a final judgment of approximately $4.3 million judgment (with accruing post-judgment interest) against Salvatore J. Reale ("Reale"), individually and as trustee of the Salvatore J. Reale Revocable Trust.  Some post-judgment discovery has been pursued, though Mr. Reale continues to claim that he has no assets with which to satisfy the judgment.

2937467.2

LEWIS
AND
ROCA
LLP
L A W Y E R S

### 7. Anthony Monaco and Susan Monaco, LLC, $5,500,000

On June 25, 2010, the United States District Court for the District of Nevada entered an agreed judgment in favor of the USACM Trust against Anthony and Susan Monaco for $5.5 million. The USACM Trust served post-judgment document requests on the Monacos and their asset protection counsel, but only received a small number of mostly non-responsive documents from the Monacos and received a blanket assertion of privilege from their counsel. The USACM Trust, however, learned in February 2011 that the Monacos had sold a home in the Cayman Islands. The USACM Trust was able to seize approximately $108,000 from the proceeds of that sale in March 2011. In April 2011, the USACM Trust took a judgment debtor's examination of Anthony Monaco. A dispute over documents located on the Monaco's computer server led to the USACM Trust's collection efforts being stayed until January 2012. In March 2012, the USACM Trust moved the United States District Court for the Central District of California to appoint a receiver to aid in the execution of the USACM Trust's judgment. A receiver was appointed on May 21, 2012, and is currently in the process of taking possession of all of the Monaco's assets.

**Placer Vineyards Servicing Advance and Fee**

The USACM Trust succeeded to the rights of the servicer of the Placer Vineyards I and II loans. The USACM Trust sought appointment of a receiver for the Placer I loan. Elli Mills was appointed receiver and authorized to conclude the foreclosure commenced by the Trust. Prior to the foreclosure, the Trust had made an advance for real estate taxes on the collateral in order to protect the direct lenders' position. At the request of the Receiver, the Trust identified sums due in connection with the servicing and advance.

| Description | Amount |
| --- | --- |
| Servicer Advance of Real Estate Taxes | $678,649.19 |
| Interest on the Servicer Advance through April 12, 2012 | 113,480.51 |
| Legal Fees - Lewis and Roca | 160,000.00 |
| Legal Fees - Foreclosure counsel | 27,000.00 |

2937467.2

LEWIS
AND
ROCA
LLP
L A W Y E R S

| Description | Amount |
|---|---|
| (McDonough Holland & Allen) | |
| Foreclosure trustee | 72,000.00 |
| Servicing Fees | Unknown |
| **Total** | **$1,051,129.70** |

The Receiver is seeking input from the direct lenders (now joint owners of the land) over whether to hold the property for an additional two years or seek to dispose of it now. If the former, the Receiver seeks to obtain $2,400,000 for carrying costs, without including repayment of the USACM Trust claims.  The Trustee has indicated to the Receiver that portions of the claim are negotiable, although the Receiver has not been in a position to negotiate.

**USACM in Dissolution**

USACM is an entity in dissolution.  It files post-confirmation reports showing about $100,000 in its bank accounts and no material anticipated liabilities other than administrative expenses.

**Hantges Insurance**

The USACM Trust holds the beneficial interest in a term life insurance policy on Thomas Hantges' life.

**Funds on Hand**

The USACM Trust holds cash in reserve for anticipated expenses of administering the USACM Trust.  Upon resolution of the Deloitte litigation and potentially liquidation of judgments, the USACM Trust will seek Court authority for a final distribution and discharge of the Trustee.

**Plan for Concluding Case**

**Claims.**  The claims resolution process is complete upon disposition of the Fanelli $100,000 claim.

2937467.2

LEWIS
AND
ROCA
LLP
L A W Y E R S

**Litigation.**  The Deloitte matter will either be resolved by a decision of the Ninth Circuit or remanded for further proceedings in the district court.  We have no means of controlling or predicting the timetable.

**Assets.**  While seeking to maximize the judgments it holds through prudent collection activities, the USACM Trust is exploring how to liquidate the judgments through sale.  The USACM Trust is further exploring whether there is a market for the Hantges term life insurance policy.  These activities can be concluded very promptly and the USACM Trust is seeking to do so.  The Placer servicer advance is not susceptible to immediate liquidation.

**Final Distribution.**  When the assets have been liquidated, possibly before the March 2013 scheduled expiration of the USACM Trust, the Trustee will file a final accounting; seek authority for a final distribution, and closing of the case.

Respectfully submitted: June 29, 2012.

**LEWIS AND ROCA LLP**

By  s/ *John Hinderaker*  (AZ #018024)
Robert M. Charles Jr. NV (#6593)
John Hinderaker (AZ 18024 *pro hac vice*)
Attorneys for  USACM Liquidating Trust

2937467.2