ANNETTE W. JARVIS
Utah Bar No. 1649
Dorsey & Whitney, LLP.
Kearns Building
136 South Main Street Suite 1000
Salt Lake City, Utah  84101-1685
Telephone: (801) 933-8933
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com

And

LENARD E. SCHWARTZER
Nevada Bar No. 0399
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
Email:        bkfilings@s-mlaw.com

Counsel for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re<br><br>**USA COMMERCIAL MORTGAGE COMPANY,**<br><br>Debtor. | Case No. BK-S-06-10725-lbr<br>Chapter 11<br><br>**MOTION TO CLOSE CASE AND REQUEST FOR FINAL DECREE EFFECTIVE SEPTEMBER 30, 2012**<br><br>Hearing Date:    October 24, 2012<br>Hearing Time:    2:00 p.m. |
|---|---|

      USA COMMERCIAL MORTGAGE COMPANY ("Debtor"), by and through its counsel, Schwartzer & McPherson Law Firm, hereby submits this Motion to Close Case and Request for Final Decree ("Motion"). This Motion is made and based on section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), the Points And Authorities set forth herein, any papers or pleadings contained in this Court's file, judicial notice of which are respectfully requested, and any oral argument or evidence presented at the time of the hearing on this matter.

**I.     JURISDICTION**

1.     The Court has jurisdiction to consider this Motion and to enter a Final Decree in this case pursuant to 11 U.S.C. § 350(a), 28 U.S.C. §§ 157(b)(2)(A) and 1334.

**II.    FACTUAL BACKGROUND**

2.     Debtor filed for relief under Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. §§ 1107(a) and 1108 on April 13, 2006 (the "Petition Date").

3.     On January 9, 2007, the Court entered an *Order Confirming Debtor's Third Amended Joint Plan of Reorganization as Modified Herein* (the "Confirmation Order") (Dkt. #2376).

4.     Debtor has made the distributions to creditors and as required by the Plan.

5.     The Debtor has disbursed all funds, filed its final monthly operating report on September 20, 2012 (Dkt. #9845) and paid its final fee to the Office of the United States Trustee for the 3rd quarter of 2012.

**III.   ARGUMENT**

1.     Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022 authorize this Court to enter final decrees closing the Debtor's chapter 11 case. Section 350(a) and Bankruptcy Rule 3022 both authorize the closure of a chapter 11 case after it has been "fully administered." 11 U.S.C. § 350(a) ("After an estate is fully administered . . . the court shall close the case."); Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."). Local Rule 3022 provides that a case is deemed fully administered and should ordinarily be closed by the clerk 180 days after the plan is confirmed. *See* Local Rule 3022 ("Unless otherwise provided in the plan or by court order, or unless there are pending contested matters or adversary proceedings, a case is deemed fully administered one hundred eighty (180) days after plan confirmation, and the clerk may then enter a final decree without further notice.").

2.     The term "fully administered" is not defined in the Bankruptcy Code. "At one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves. At the other extreme, an estate could be fully administered when all that is called for under a plan

occurs." *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In this case, the latter has occurred.

3. To assist courts in deciding whether a case is fully administered, the Advisory Committee set forth six non-exclusive factors. *Graves v. Rebel Rents, Inc. (In re Rebel Rents, Inc.)*, 326 B.R. 791, 804 n.19 (Bankr. C.D. Cal. 2005); *Jay Bee Enterprises*, 207 B.R. at 538. Not all of these factors need to exist before a court may enter a final decree; these factors serve only as a guideline. *See, e.g., Mold Makers*, 124 B.R. at 768 (noting that all six factors need not be present; rather, a court uses the factors "as a guide in assisting . . . in its decision to close a case"). The Advisory Committee Notes in connection with Rule 3022 provide, in relevant part:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the [bankruptcy] court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

4. The Debtor's estate has been *fully administered* because most of the factors that are applicable, set forth in the Advisory Committee Note have been satisfied. In particular, applying the Advisory Committee Note factors:

- <u>Final Order</u>. Here, the order confirming the Plan became final and the Plan became effective. The Confirmation Order is a "final order". *In re USA Commercial Mortg. Co.*, 369 B.R. 587, 592 (D.Nev. 2007) ("A confirmation order is a final order subject to appeal.").

- <u>Distribution of "Deposits."</u> This factor is not applicable to this case as there were no deposits required by the Plan to be distributed.

- <u>Property Transferred</u>. All of the property of the estate has been collected and distributed. There are no further transfers of property under the Plan.

- **Assumption of Business or Management.** This factor is not really applicable to this case as there is no new management or business.
- **Payments Under the Plan.** The payments to creditors have commenced.
- **Resolution of Litigation.** There is no remaining litigation.

5. Case law indicates that United States Trustee fees are required to be paid until the case is "closed". See *In re Boulders on the River, Inc.*, 218 B.R. 528, 537 (Bankr.D.Ore. 1997):

> Fees terminate under the statute at the conversion of the case to another chapter of the bankruptcy code or at dismissal of the case. Although not expressly stated in the statute, closure of a case after entry of a final decree is also an event that terminates quarterly fees because the existence of a case is a statutory precondition to the assessment of such fees.

See also *In re Rollins*, 2011 WL 3107744, *2 (Bankr.S.D.Cal. 2011); *In re Rebel Rents, Inc.*, 326 B.R. 791, 803 (Bankr.C.D.Cal. 2005); *In re Postconfirmation Fees,* 224 B.R. 793, 799 (E.D.Wash. 1998); *Vergos v. Gregg's Enterprises, Inc.,* 159 F.3d 989, 990-1 (6th Cir. 1998); *In re CF & I Fabricators of Utah, Inc.,* 150 F.3d 1233, 1237 (10th Cir. 1998).

6. It is appropriate to close this case so that no further United States Trustee fees are incurred. *In re Jay Bee Enterprises, Inc.*, 207 B.R. 536, 539 (Bankr.E.D.Ky. 1997). The United States Trustee fees incurred through the date of closing of this case have been paid by the reorganized Debtor.

7. Accordingly, based on the foregoing, the Debtor's bankruptcy estate has been "fully administered" within the meaning of Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022. Debtor therefore respectfully submits that this Motion should be granted, its case should be closed, and the Court should enter a Final Decree in this case.

8. *Nunc pro tunc* orders are permissible so long as they 'are necessary or appropriate to carry out the provisions of ... [T]itle [11].' " 2-105 *Collieron Bankruptcy*-15th Edition Rev. § 105.04 (quoting *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.),* 67 F.3d 1021, 1028 (1st Cir.1995)). *See also, In re Mitan*, 573 F.3d 237, 244-5 (6th Cir. 2009) ("bankruptcy courts can issue orders with retroactive effect when the equities demand" citing *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),* 749 F.2d 670, 671-73 (11th Cir.1984)). In this case, the

Plan has been fully consummated as of September 20, 2012 (the filing of the final monthly operating report). Closing the case as of September 30, 2012 ends *future* United States Trustee fees and the cost of preparing another monthly operating report.

### IV.  CONCLUSION

For the reasons stated herein, Debtor respectfully request that the Court grant this Motion ordering that the case be closed effective as of September 30, 2012, that the Clerk of this Court enter a Final Decree in its case, and grant such other and further relief as is just and proper.

Pursuant to Local Rule 9021, a proposed form of Order is attached hereto as **Exhibit "1."**

DATED this 26th day of September, 2012.

Respectfully submitted,

/s/  Lenard E. Schwartzer
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
*Attorneys for Debtor and Debtor in Possession*

# EXHIBIT "1"

ANNETTE W. JARVIS
Utah Bar No. 1649
Dorsey & Whitney, LLP.
Kearns Building
136 South Main Street Suite 1000
Salt Lake City, Utah  84101-1685
Telephone: (801) 933-8933
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com

And

LENARD E. SCHWARTZER
Nevada Bar No. 0399
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone:    (702) 228-7590
Facsimile:    (702) 892-0122
Email:         bkfilings@s-mlaw.com

Counsel for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re<br><br>**USA COMMERCIAL MORTGAGE COMPANY,**<br><br>Debtor. | Case No. BK-S-06-10725-lbr<br>Chapter 11<br><br>**ORDER GRANTING MOTION TO CLOSE CASE AND REQUEST FOR FINAL DECREE EFFECTIVE SEPTEMBER 30, 2012**<br><br>Hearing Date:    October 24, 2012<br>Hearing Time:    2:00 p.m. |
|---|---|

The Motion To Close Case And Request For Final Decree Effective September 30, 2012 (the "Motion") having come before this court on the 24th day of October, 2012; Lenard E. Schwartzer,

Esq. of the Schwartzer & McPherson Law Firm appearing for USA Commercial Mortgage Company ("Debtor"), and other appearances of counsel having been made on the record; the Court having reviewed the Motion, the pleadings and papers on file and having heard the representations of counsel at the time of hearing; there being no opposition and good cause appearing; it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Debtors' case no. BK- S-06-10725-lbr is hereby closed effective as of September 30, 2012; and it is further

**ORDERED** that the Court shall enter a Final Decree in Debtors' bankruptcy case.

Submitted by:

/s/  Lenard E. Schwartzer
Lenard E. Schwartzer
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
*Attorneys for Debtor and Debtor in Possession*

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021 (b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

  /s/   Lenard E. Schwartzer
Lenard E. Schwartzer

###