

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Facsimile (702) 949-8321
Telephone (702) 949-8320

Robert M. Charles, Jr., NV State Bar No. 006593
Email: rcharles@lrlaw.com
John Hinderaker AZ State Bar No. 018024
Email: JHindera@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re:<br><br>USA Commercial Mortgage Company,<br><br>                          Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**Second Motion To Extend The USACM Liquidating Trust's Scheduled Termination Date**<br><br>**Date: December 19, 2012<br>Time: 2:00 p.m.<br>Estimated Time for Hearing: 10 minutes** |
|---|---|

The USACM Liquidating Trust ("USACM Trust") moves to extend the USACM Trust's scheduled termination date from March 12, 2013 to March 12, 2014. This Motion is supported by the following Memorandum of Points and Authorities, the Court's record and Geoffrey L. Berman's supporting declaration filed herewith ("Berman Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Background**

On January 8, 2007, this Court entered its Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").[1] The Plan established, as of the Effective Date, the USACM Trust, which incorporated the Estate Administration and

---
[1] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].

3144941.1

Trust Agreement and Declaration of Trust (the "Trust Agreement") by reference.[2] The Effective Date of the Plan was March 12, 2007.[3]

> [T]he primary purpose of the USACM Trust is to liquidate and distribute the Trust Assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to reserve the liquidation value of the Trust Assets, and consistent with the liquidating purpose of the USACM Liquidating Trust.[4]

Geoffrey L. Berman was appointed as Liquidating Trustee of the Trust (the "Trustee").[5] Among other things, the Trustee is authorized to "receive, control, manage, liquidate and dispose of all Trust assets for the benefit of the Beneficiaries" and may also "sue and be sued in the name of the Liquidating Trustee and file or pursue objections to Claims and Litigation Claims, and seek to settle or disallow, re-characterize, reclassify or subordinate any of them, and compromise, adjust, arbitrate, sue or defend, pursue, prosecute, abandon, or otherwise deal with and settle any Litigation Claim in favor of or against the USACM Liquidating Trust."[6]

Since the Plan established the USACM Trust, the Trustee has executed his duties to preserve and protect Trust assets for the distribution to, and the benefit of, the beneficiaries.[7] These actions have been generally described in the Trust's quarterly post-confirmation reports, which are available for review on the Trust's website.[8] To summarize, the Trust liquidated the assets of the Trust, investigated, prosecuted and settled causes of action, and worked with claimants and brought proceedings to liquidate claims.

---

[2] *See* Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, §§ I(C), IV(D)(1), VII [DE 1799].

[3] *See* Notice of Effective Date of Confirmed Plan, p. 1 [DE 3083].

[4] Trust Agreement, P. 8, Section 3.1. A copy of the Trust Agreement is attached as **Exhibit A.**

[5] *Id.*, p. 5, Section 1.8.

[6] *Id.*, pp 9, 12, Sections 3.2(a), 3.2(u).

[7] *See* Berman Decl. at ¶ 5.

[8] http://usacmcucc.bmcgroup.com/Trustees%20Quarterly%20Reports/Forms/AllItems.aspx.

3144941.1

The Trust has paid all secured, priority and administrative claims. Two interim distributions have been made to unsecured creditors. The Trust's initial interim distribution to allowed beneficiaries was granted by this court, and the Trust released the interim distribution in November 2009. That distribution equaled 4.92% of the allowed creditor claims. The Trust sought authority for the second interim distribution, to distribute pro rata $8 million (which equaled about 3.88% of creditor claims), in two installments. The first was to creditors holding allowed claims of $1 million or more and was approved by the court by its December 2011 order.[9] The Trust filed a motion to approve the balance of the second interim distribution, which was approved by the Court on March 1, 2012. Checks for this second installment of the second interim distribution were mailed to creditors during the week of April 9, 2012 or as disputed claims were resolved and allowed.

There were nearly $1 billion in claims made against the USACM Trust. As the Court will recall, the direct lender proofs of claim typically involved those lenders' interests in numerous loans and the Trust has resolved these claims on a loan-by-loan basis rather than on an investor-by-investor basis. The Trust has finally resolved all claims.

The Trust is now in the process of filing a Motion to Allow a Third Interim Distribution. Despite the Trust's best efforts, it will be unable to make a final distribution before March 12, 2013. There are two major reasons. First, certain litigation issues involving USACM Trust assets persist, particularly including a pending appeal before the Ninth Circuit Court of Appeals.[10] Second, the Trust still holds potentially valuable assets

---

[9] The Court approved the second interim distribution to those creditors with claims in excess of $1,000,000 on December 19, 2011. That distribution was released to those creditors on January 11, 2012.

[10] *USACM Liquidating Trust et al v. Deloitte & Touche, LLP et al*, Case No. 2:08-cv-00461-PMP-PAL. The appeal is fully briefed, but the Ninth Circuit has yet to set oral argument.

that are difficult to liquidate, including sums owed by Placer County Land Speculators, and judgments against, among others, Salvatore Reale.

Nevertheless, the original terms of the Trust Agreement required the USACM Trust to terminate on March 12, 2012.[11]  That deadline was extended by the Order Granting Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date to March 12, 2013.[12]  Accordingly, the Trustee now moves for an additional one year extension of that term.

## II.    DISCUSSION

Section 5.1 of the Trust Agreement provides:

> [T]he Liquidating Trustee may, with the consent of the USACM Liquidating Trust Committee, if it is in the best interest of the Beneficiaries, and subject to the approval of the Bankruptcy Court based on a finding that an extension is necessary to the purpose of the USACM Liquidating Trust, extend the term of the USACM Liquidating Trust for one or more finite periods based upon the particular facts and circumstances at that time.[13]

After consultation with and consent of the USACM Liquidating Trust Committee, the Trustee believes that an extension of the scheduled termination of the USACM Trust is in the best interests of the beneficiaries and necessary to the purpose of the Trust.[14]  It is neither practical nor possible for the Trustee to expedite the adjudication of the present appeal before the Ninth Circuit or "fire sale" the remaining assets before the USACM Trust is scheduled to terminate in March 2013.[15]  Consequently, an extension of the deadline for termination of the USACM Trust will further the primary purpose of the Trust

---

[11] *See* Trust Agreement p. 29, Section 5.1 ("The USACM Liquidating Trust shall terminate by entry of a Final Decree upon the closing of the USACM Case, but in any event no later that 5 years after the Effective Date.").

[12] Order Granting Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date [DE 9744].

[13] *Id.* at p. 29, Section 5.1.

[14] *See* Berman Decl. at ¶ 7.

[15] *Id.* at ¶ 6.

to "liquidate and distribute the Trust Assets." Based on all the circumstances and facts relating to the USACM bankruptcy case and the current status and administration of the USACM Trust, the Trustee believes an extension period of one year is necessary to allow for total liquidation of USACM Trust assets for final distribution to the beneficiaries.[16] Resolution of the Deloitte matter will impact the ultimate resolution of the Trust.

### III. Conclusion

Based on the foregoing, the USACM Trust requests that the Court grant this Motion and enter an order extending the USACM Trust termination deadline from March 12, 2013 to March 12, 2014. The USACM Trust requests such further relief deemed proper by the Court.

Dated: November 14, 2012.

**LEWIS AND ROCA LLP**

By /s/ Robert M. Charles, Jr. (#6593)
    Robert M. Charles, Jr. (NV 6593)
    John Hinderaker (pro hac vice)
*Attorney for USACM Liquidating Trust*

---

[16] *Id.* at ¶ 9.