**LEWIS AND ROCA LLP — LAWYERS**

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

**Robert M. Charles, Jr.** NV State Bar No. 006593
Email: RCharles@lrlaw.com
**John Hinderaker** AZ State Bar No. 018024
Email: JHinderaker@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>          Debtor. | Case No. BK-S-06-10725-LBR<br><br>Chapter 11<br><br>**USACM Liquidating Trust's Motion to Authorize Third Interim Distribution To Unsecured Creditors**<br><br>Hearing Date: December 19, 2012<br>Time:      2:00 p.m.<br>Estimated Length of Hearing:  10 min. |

  Geoffrey L. Berman, Trustee for the USACM Liquidating Trust (the "Trust"), moves this Court for an order:

- Approving **Exhibit A** as an accurate schedule of Allowed Claims as of August 31, 2012[1];

- Authorizing an interim distribution of $2 million by the Trust;

- Authorizing the Trustee to pay the third interim distribution pro rata to the Trust's beneficiaries (unsecured creditors);

- Approving the Trustee to provide notice of this motion as detailed below;

---

[1] All capitalized terms not defined herein are given the meaning ascribed to them in the Plan, including the Plan's supplemental documents.

1

3073087.1

- Authorizing the Trustee additional authority as may be necessary to make the approved interim distribution; and
- Making the Court's order immediately effective absent objection.

This motion is explained in the following Memorandum and is supported by the Court's record, the Declarations of Geoffrey L. Berman and Edward M. Burr in Support of Distribution Motion and the record to be developed at any hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Plan Confirmation and the Trust

This Court confirmed the Third Amended Plan of Reorganization on January 8, 2007.[2] The Plan established the USACM Trust, which incorporated the USACM Trust Agreement by reference.[3] Geoffrey L. Berman was confirmed as trustee. The Trust has filed quarterly post-confirmation reports with the Court, since its inception, with the most recent report filed for the quarter ended June 30, 2012, which are publicly available on the Trust's website.[4]

Under the terms of the Plan, USACM Class A-4 creditors (the General Unsecured Claimants) were made beneficiaries of the USACM Trust. As Beneficiaries, the General Unsecured Claimants are entitled to periodic, pro rata distributions from the Trust Assets.

### Claims Resolution and First and Second Distribution

As this Court is aware, the Trust has worked through all scheduled and filed claims to determine the Allowed and Disallowed Claims. Presently, $203,796,432 in claims have been allowed; $789,896,578 in claims have been disallowed. There are no unresolved claims. The bar date to object to claims has long passed.

---

[2] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].
[3] See Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization ("Plan") [DE 1799] §§ I(C), IV(D)(1), VII.
[4] http://usacmcucc.bmcgroup.com/Trustees%20Quarterly%20Reports/Forms/AllItems.aspx

2

3073087.1

LEWIS AND ROCA LLP LAWYERS

1   The Trust filed its Motion to Authorize First Interim Distribution to Unsecured
2   Creditors [DE 7486], which motion was granted by the Court. The Trust released the
3   interim distribution in November 2009. That distribution equaled 4.92% of the allowed
4   creditor claims[5]. Reserves for unresolved and/or disputed claims were established pursuant
5   to the Trust's motion and the Court Order approving the Motion.

6   The Trust filed its Motion to Authorize Interim Distribution to Certain Large
7   Allowed Claims [DE 9546] and Declaration of Geoffrey L. Berman in support of that
8   motion [DE 9549]. The motion sought authority for a second interim distribution to
9   distribute pro rata $8 million (about 3.88% of allowed claims), in two installments. By
10  Order [DE 9632] dated December 27, 2011, the Court approved the first installment of that
11  distribution to Beneficiaries holding Allowed Claims of $1 million or more. The
12  distribution was released.[6]

13  The Trust then filed its Motion to Authorize Second Installment of Second Interim
14  Distribution to Unsecured Creditors [DE 9693], and the Declaration Edward M. Burr in
15  support of that Motion [DE 9695]. The motion sought Court approval for the second
16  installment of the second interim distribution to Beneficiaries holding Allowed Claims of
17  less than $1 million. By order [DE 9763] dated March 21, 2012, the Court approved the
18  second installment of that distribution. Checks for the second installment of the second
19  interim distribution of 3.88% were mailed to creditors during the week of April 9, 2012, or
20  as disputed claims were resolved and allowed.[7]

21  **Proposed Schedule of Allowed and Disallowed Claims**

22  The Trustee directed preparation of the schedule attached as **Exhibit A.** Supporting
23  Declaration of Edward M. Burr, ¶ 5. ("Burr Decl."). It identifies all allowed claims that

---

[5] *See* Berman Decl. at ¶ 5.
[6] *See* Berman Decl. at ¶ 6.
[7] *See* Berman Decl. at ¶ 7.

3073087.1

LEWIS AND ROCA LLP LAWYERS

were scheduled and/or asserted by proof of claim. *Id.* Scheduled claims that are also the subject of an allowed proof of claim or were disputed by the Trust have been disallowed and are not included in **Exhibit A** in order to avoid the claim being double counted. *Id.* For each claim **Exhibit A** provides the claimant's name, the claim amount, the allowed amount, the disallowed amount. Subject to notice to the claimants and interested parties, the Trustee requests that the Court confirm that the schedule attached as **Exhibit A** is an accurate statement of the status of the allowed claims listed therein as of August 31, 2012. Of necessity, all other claims are disallowed.

**Proposed Distribution and Reserves**

The Trustee is entitled to make a distribution whenever the Trustee, in his discretion, believes the USACM Trust has cash in an amount sufficient to make a distribution while leaving enough left over in the Trust to fund its operations.[8] With respect to distributions and reserves, the confirmed Plan provides in part:

> Prior to making any distribution on Allowed Claims and Equity Interests, the {Trust} shall establish a Cash reserve for each Disputed Claim and Equity Interest, including unclassified Claims. Except as provided below, the Cash reserve for a Disputed Claim or Equity Interest shall be equal {to} the amount set forth in the proof of Claim or Equity Interest, or if no proof of Claim or Equity Interest has been Filed, the amount set forth for the Claim or Equity Interest on the Schedules.[9]

Although the next paragraph of the Plan authorizes the Trustee to seek this Court's permission to reserve for Disputed Claims in some other amount, the Trustee does not seek that authority since all Disputed Claims have been resolved.

After reserving in order to "provide for <u>all expense</u> reserves necessary for the USACM Trust,"[10] the Trustee determined that a third interim distribution should be made. The Trustee seeks authority to make the third interim distribution in the amount of $2

---

[8] USACM Trust Agreement § 3.5(d)(iv).
[9] Plan § VII(B)(2).
[10] Plan § IV(D)(1).

4

3073087.1

LEWIS AND ROCA LLP LAWYERS

million.  The third interim distribution is on a pro rata basis, about .98% and brings the total recovery by beneficiaries of the Trust to 9.72% of their allowed claims.

The Plan provides, however, that the Trustee will not make *de minimis* distributions to Beneficiaries.  A distribution is *de minimis* if it would be less than $5.[11]  Accordingly, the Trustee will not be making distributions to Beneficiaries whose allowed claim would result in an interim distribution less than $5 on the date of the interim Distribution.

### Notice

The Trust will provide notice of this motion as follows.

- Notice via the Court's ECF system;
- Service of this motion and the notice of hearing by email or mail to the parties on the post-confirmation limited service list;
- Service of this motion and a notice by first class mail to each claimant listed on **Exhibit A** which does not have an address that has previously proven undeliverable.  The Trust will provide each claimant with a valid address with the applicable portion of **Exhibit A** relevant to the particular claimant's claim(s), but not with a complete copy of **Exhibit A**;
- Posting the motion and the entire **Exhibit A** on the Trust's website;
- Providing a copy of the motion and notice upon request made to the undersigned counsel; and
- Any additional notice as directed by the Court.

### Request For Relief

The Trustee respectfully requests that this Court enter an order:

- Approving the proposed notice to be given for this motion;
- Approving **Exhibit A**, attached, as an accurate schedule of Allowed Claims, as of August 31, 2012;

---

[11] *See* Plan § VII(D).

5

3073087.1



1  • Authorizing the Trustee to make the third interim distribution of $2 million
2    pro rata to the Trust's beneficiaries;
3  • Authorizing the Trustee additional authority as may be necessary to make the
4    approved interim distribution;
5  • Making the Court's order immediately effective absent objection; and
6  • Such other relief as is proper.
7  Respectfully submitted November 14, 2012.

**LEWIS AND ROCA LLP**

By: Robert M. Charles, Jr. (#6593)
Robert M. Charles, Jr. (NV 6593)
John Hinderaker, AZ 018024 (*pro hac vice*)
*Counsel for USACM Liquidating Trust*