ROBERT M. CHARLES, JR.
State Bar No. 006593
E-mail: RCharles@LRRLaw.com
**Lewis Roca Rothgerber LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169-5996
Telephone:  (702) 949-8320
Facsimile:  (702) 949-8321

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S-06-10725-LBR |
| USA Commercial Mortgage Company, | Chapter 11 |
| Debtor. | **Third Motion To Extend The USACM Liquidating Trust's Scheduled Termination Date**<br><br>Date:  February 4, 2014<br>Time:  9:30 a.m.<br>Estimated Time for Hearing:  10 minutes |

The USACM Liquidating Trust ("USACM Trust") moves to extend the USACM Trust's scheduled termination date from March 12, 2014 to March 15, 2016.  This Motion is supported by the following Memorandum of Points and Authorities, the Court's record and Geoffrey L. Berman's supporting declaration filed herewith ("Berman Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Background**

On January 8, 2007, this Court entered its Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").[1]  The Plan established, as of the Effective Date, the USACM Trust, which incorporated the Estate Administration and Trust

---

[1] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].

1

4128171.1

1  Agreement and Declaration of Trust (the "Trust Agreement") by reference.[2]  The Effective
2  Date of the Plan was March 12, 2007.[3]

3  [T]he primary purpose of the USACM Trust is to liquidate and distribute the Trust
4  Assets with no objective to continue or engage in the conduct of a trade or business, except
5  to the extent reasonably necessary to reserve the liquidation value of the Trust Assets, and
6  consistent with the liquidating purpose of the USACM Liquidating Trust.[4]

7  Geoffrey L. Berman was appointed as Liquidating Trustee of the Trust (the
8  "Trustee").[5]  Among other things, the Trustee is authorized to "receive, control, manage,
9  liquidate and dispose of all Trust assets for the benefit of the Beneficiaries" and may also
10 "sue and be sued in the name of the Liquidating Trustee and file or pursue objections to
11 Claims and Litigation Claims, and seek to settle or disallow, re-characterize, reclassify or
12 subordinate any of them, and compromise, adjust, arbitrate, sue or defend, pursue,
13 prosecute, abandon, or otherwise deal with and settle any Litigation Claim in favor of or
14 against the USACM Liquidating Trust."[6]

15 Since the Plan established the USACM Trust, the Trustee has executed his duties to
16 preserve and protect Trust assets for the distribution to, and the benefit of, the
17 beneficiaries.[7]  These actions have been generally described in the Trust's quarterly post-
18 confirmation reports, which are available for review on the Trust's website.[8]  To
19 summarize, the Trust liquidated the assets of the Trust, investigated, prosecuted and settled
20 causes of action, and worked with claimants and brought proceedings to liquidate claims.

---

[2] *See* Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, §§ I(C), IV(D)(1), VII [DE 1799].
[3] *See* Notice of Effective Date of Confirmed Plan, p. 1 [DE 3083].
[4] Trust Agreement, P. 8, Section 3.1.  A copy of the Trust Agreement was attached as **Exhibit A** to the Second Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date DE 9854.
[5] *Id.*, p. 5, Section 1.8.
[6] *Id.*, pp 9, 12, Sections 3.2(a), 3.2(u).
[7] *See* Berman Decl. at ¶ 5.
[8] http://usacmcucc.bmcgroup.com/Trustees%20Quarterly%20Reports/Forms/AllItems.aspx.

The Trust has paid all secured, priority and administrative claims. Three interim distributions have been made to unsecured creditors. The Trust's initial interim distribution to allowed beneficiaries was granted by this court, and the Trust released the interim distribution in November 2009. That distribution equaled 4.92% of the allowed creditor claims. The Trust sought authority for the second interim distribution, to distribute pro rata $8 million (which equaled about 3.88% of creditor claims), in two installments. The first was to creditors holding allowed claims of $1 million or more and was approved by the court by its December 2011 order.[9] The Trust filed a motion to approve the balance of the second interim distribution, which was approved by the Court on March 1, 2012. Checks for this second installment of the second interim distribution were mailed to creditors during the week of April 9, 2012 or as disputed claims were resolved and allowed. The Trust sought authority for a third interim distribution, to distribute pro rata $2 million, which was approved by the Court by its January 2, 2013 order.[10] That distribution equaled .985% of the allowed creditor claims.

There were nearly $1 billion in claims made against the USACM Trust. As the Court will recall, the direct lender proofs of claim typically involved those lenders' interests in numerous loans and the Trust has resolved these claims on a loan-by-loan basis rather than on an investor-by-investor basis. This Court's January 2, 2013 order approved a schedule of all Allowed unsecured Claims, which total about $202,382,503.

Despite diligent efforts to liquidate its assets, the Trust still holds potentially valuable assets that are difficult to liquidate, including servicer advances and servicing fees on a servicer advance approved by the Oversight Committee to Placer County Land Speculators (with at least $1 million at stake); three term insurance policies on Thomas Hantges' life; and upwards of $10 million of judgments it has obtained through litigation

---

[9] The Court approved the second interim distribution to those creditors with claims in excess of $1,000,000 on December 19, 2011. That distribution was released to those creditors on January 11, 2012.

[10] The Court approved the third interim distribution on January 3, 2013 [DE 9868]. That distribution was released to the creditors in January, 2013.

against various defendants since the inception of the Trust which the Trust continues to try to collect upon.

Nevertheless, the original terms of the Trust Agreement required the USACM Trust to terminate on March 12, 2012. Section 5.1 of the Trust Agreement provides:

> [T]he Liquidating Trustee may, with the consent of the USACM Liquidating Trust Committee, if it is in the best interest of the Beneficiaries, and subject to the approval of the Bankruptcy Court based on a finding that an extension is necessary to the purpose of the USACM Liquidating Trust, extend the term of the USACM Liquidating Trust for one or more finite periods based upon the particular facts and circumstances at that time.[11]

That deadline was extended by the Order Granting Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date to March 12, 2013[12] and was extended a second time by the Order Granting the Second Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date to March 12, 2014.[13]

After consultation with and consent of the USACM Liquidating Trust Committee, the Trustee believes that an extension of the scheduled termination of the USACM Trust is in the best interests of the beneficiaries and necessary to the purpose of the Trust.[14] It is neither practical nor possible for the Trustee to "fire sale" the remaining assets before the USACM Trust is scheduled to terminate in March 2014.[15] Consequently, an extension of the deadline for termination of the USACM Trust will further the primary purpose of the Trust to "liquidate and distribute the Trust Assets."

Because the USACM Liquidating Trust Committee has the discretion to consent to a requested extension of the term of the Trust, the Committee also has the discretion to

---

[11] *See* Trust Agreement p. 29, Section 5.1 ("The USACM Liquidating Trust shall terminate by entry of a Final Decree upon the closing of the USACM Case, but in any event no later than 5 years after the Effective Date.").

[12] Order Granting Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date [DE 9744].

[13] Order Granting Second Motion to Extend the USACM Liquidating Trust's Scheduled Termination Date [DE 9867].

[14] *See* Berman Decl. at ¶ 7.

[15] *Id.* at ¶ 6.

direct the Trustee to terminate the Trust notwithstanding the extension requested in this Motion.

Based on all the circumstances and facts relating to the USACM bankruptcy case and the current status and administration of the USACM Trust, the Trustee believes an extension period of two years is necessary and prudent to allow for total liquidation of USACM Trust assets for final distribution to the beneficiaries.[16]

**II.   Discussion**

Based on the expected time frame to conclude the liquidation of assets, the Trustee now moves for an additional two year extension of the term of the Trust, subject to the discretion of the Trust Committee to terminate the Trust.

### Conclusion

Based on the foregoing, the USACM Trust requests that the Court grant this Motion and enter an order extending the USACM Trust termination deadline from March 12, 2014 to March 15, 2016, subject to the discretion of the Trust Committee to terminate the Trust. The USACM Trust requests such further relief deemed proper by the Court.

Dated:  December 30, 2013.

**LEWIS ROCA ROTHGERBER LLP**

By /s/ Robert M. Charles, Jr. (#6593)
   Robert M. Charles, Jr. (NV 6593)
   *Attorney for USACM Liquidating Trust*

---

[16] *Id.* at ¶ 9.

LEWIS ROCA ROTHGERBER
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996