**LEWIS AND ROCA LLP**
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Facsimile (702) 949-8321
Telephone (702) 949-8320

**Robert M. Charles, Jr.**  NV State Bar No. 006593
Email: rcharles@lrlaw.com

Attorneys for USACM Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-06-10725-LBR |
|---|---|
| USA Commercial Mortgage Company, | Chapter 11 |
| Debtor. | **USACM Liquidating Trust Quarterly Post Confirmation Report for Period Ending June 30, 2014** |

The USACM Liquidating Trust Quarterly Post Confirmation Report by Geoffrey Berman, Trustee for period ending June 30, 2014, is attached hereto. For ease of reference, a copy of the report has been posted on the USACM Liquidating Trust's website: http://usacmcucc.bmcgroup.com.

DATED: July 22, 2014.

**LEWIS AND ROCA LLP**

By: /s/ *Robert M. Charles, Jr.* (#6593)
Robert M. Charles, Jr. NV 6593
*Counsel for USACM Liquidating Trust*

3192786_4

# POST-CONFIRMATION REPORT OF GEOFFREY L. BERMAN, TRUSTEE
# USACM LIQUIDATING TRUST

## July 2014





**USACM Liquidating Trust**
Geoffrey L. Berman, Trustee
Matthew P. Sorenson
Email: gberman@dsi.biz
msorenson@dsi.biz
**Development Specialists, Inc.**
333 South Grand Avenue, Suite 4070
Los Angeles, CA  90071-1544
Facsimile: (213) 617-2718
Telephone: (213) 617-2717

**Lewis Roca Rothgerber LLP**
Robert M. Charles, Jr.
Email: RCharles@LRRLaw.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169-5996
Facsimile: (702) 949-8321
Telephone: (702) 949-8320
Attorneys for the USACM Liquidating Trust

4716041_2

## TABLE OF CONTENTS

**Page**

I. TRUST ADMINISTRATION ................................................................................. 1

    A. Website ......................................................................................................... 1

    B. Trust Extension ............................................................................................. 1

    C. Trust Committee ........................................................................................... 1

    D. Trust Staff and Counsel ................................................................................. 2

    E. BMC Access to Court Docket ....................................................................... 2

    F. Creditor Inquiries .......................................................................................... 2

II. USACM ISSUES ..................................................................................................... 3

III. INVESTIGATING AND PROSECUTING CAUSES OF ACTION AGAINST POTENTIAL TARGET DEFENDANTS ............................................................... 3

IV. PRESERVING INSIDER ASSETS AND ADVOCATING TRUST INTERESTS IN OTHER BANKRUPTCY PROCEEDINGS .................................. 4

    A. Thomas Hantges ............................................................................................ 4

    B. Salvatore Reale ............................................................................................. 4

    C. JMK Investments .......................................................................................... 5

    D. Judgments ..................................................................................................... 6

V. PROOFS OF CLAIM AND CLAIMS OBJECTIONS ........................................... 6

    A. Overview ....................................................................................................... 6

    B. Change of Address/Change of Ownership .................................................... 6

    C. Contact Information ...................................................................................... 7

    D. General Inquiries ........................................................................................... 7

VI. LOAN SERVICING ISSUES .................................................................................. 7

    A. Placer Vineyards ........................................................................................... 7

**USACM Liquidating Trust**
**July 2014**

VII.    TRUST FINANCIAL STATEMENT.................................................................................. 9

**QUARTERLY POST-CONFIRMATION REPORT OF
GEOFFREY L. BERMAN, TRUSTEE
USACM LIQUIDATING TRUST**

**July 2014**

As Trustee, I have continued to focus the efforts of the USACM Liquidating Trust (the "Trust") during the period January 1, 2014 to June 30, 2014 on:

- administration of the Trust, bringing it to an acceptable conclusion;

- efficient conclusion of the USA Commercial Mortgage Company ("USACM") estate; and

- Placer receivership issues.

These and other topics are briefly described in this report, along with comments on the financial statement of the Trust.[1]

## I. TRUST ADMINISTRATION

### A. Website

The Trust continues to use the following website address: http://usacmcucc.bmcgroup.com. We invite suggestions for content on the Trust's website.

One of the themes of this report is the Trustee's intention, at the direction of the Trust Committee, to reduce expenses. The Trustee intends to discontinue the website, and in particular access to the BMC database for court filings and claims within the next ninety days, at the Trust Committee's direction.

### B. Trust Extension

On an unopposed motion, the Court entered an order after a hearing on February 4, 2014, extending the termination date of the Trust to March 15, 2016. No further extensions will be sought. The USACM Trust Committee may direct the Trustee to terminate the Trust in a shorter time frame subject to ongoing developments discussed below.

### C. Trust Committee

The Trust functions with a Trust Committee created by the Debtors' Third Amended Plan of Reorganization as modified and the Trust Agreement. The current members of the

---

[1] The Trust's financial statement is provided only to the Office of the United States Trustee and the Trust Committee.

1

4716041_2

USACM Liquidating Trust
July 2014

Trust Committee are Donald Walker, James Bonfiglio, Michael Tucker (in his capacity as Administrator of the USA Capital Diversified Trust Deed Fund, LLC ("DTDF")), Suzanne Nounna, and Janet Chubb and Ken Bonnet, a client representative from the Kehl family (jointly). The Trust Committee meets by telephone conference call in regularly scheduled meetings to discuss the status of the Trust, the Trustee's prior quarterly reports, and other issues. Regular communication between the Trust and the Trust Committee members is maintained by telephone calls and e-mails.

### D. Trust Staff and Counsel

The Trustee is employed by Development Specialists, Inc. ("DSI").[2] The Trustee uses DSI staff to administer the Trust, investigate the assets and liabilities of the Trust, and to support the litigation described below.

In addition, and as has previously been reported, the Trustee selected Robert M. Charles, Jr. and Susan M. Freeman of Lewis Roca Rothgerber LLP[3], prior counsel to the USACM Official Committee of Unsecured Creditors, as its counsel. Other attorneys at that firm assist the Trust as well, including John Hinderaker, who directed claims and other Trust specific litigation.

Separate litigation counsel, Allan Diamond of Diamond McCarthy LLP, Houston, TX, was selected by the Official Committee of Unsecured Creditors and approved by the Court in January 2007, whose retention was assumed by the Trust upon the Effective Date of the Plan and the Trust.

### E. BMC Access to Court Docket

The Trust has paid the monthly expense charged by BMC to maintain public access to the docket of the USACM jointly administered bankruptcy cases since the Effective Date of the confirmed Plan. Those dockets, and the associated claim information, are available to the public for a fee through PACER. As indicated above, the Trustee intends to terminate this expense.

### F. Creditor Inquiries

Both the Trustee and the Trust's counsel receive frequent inquiries from direct lenders concerning servicing, tax issues, pre-paid interest and other questions related to their interests in the Trust. Both the Trustee and the counsel have made every effort to

---

[2] Information about Mr. Berman is available from the DSI website at http://www.dsi.biz/onestaff.asp?id=39.

[3] Lewis and Roca LLP changed its name to Lewis Roca Rothgerber LLP effective September 1, 2013.

2

4716041_2

USACM Liquidating Trust
July 2014

respond to each such inquiry, although often the Trust is not in a position to provide a specific answer, since the Trust cannot provide lenders with legal or tax advice. The Trustee and counsel also make every effort to respond on a timely basis to direct lenders and other creditors with questions related to objections to loans and claims as those objections are being processed. The Trust has also been addressing questions from direct lenders who have received checks for their recently allowed claims, as a result of the continuing process of addressing the remaining disputed direct lender proofs of claim.

## II.   USACM ISSUES

As of its most recent report, USACM in liquidation was holding no assets. The Trust has been paying the expenses of keeping the USACM bankruptcy case open pending disposition of the remaining material assets of the Trust. The Trustee made the decision to seek the closing of the USACM bankruptcy case and sought this relief from the court.

At a hearing on February 4, 2014, on the Trust's Motion for Final Decree and to close estate, the Court indicated that the case could not be closed until all pending adversary proceedings had been resolved. There are no adversary proceedings pending to which the Trust is a party, but there are adversary proceedings pending that are related to the bankruptcy case. Accordingly, solely for administrative reasons, the bankruptcy case is not closed, the Trust will continue to pay the minimal expense associated with keeping the bankruptcy case open, until the pending adversary proceedings are resolved.

## III.   INVESTIGATING AND PROSECUTING CAUSES OF ACTION AGAINST POTENTIAL TARGET DEFENDANTS

Diamond McCarthy as special litigation counsel to the Trust actively conducted formal and informal discovery of files, witnesses and transactions since its informal engagement in January 2007, which was formalized once the Plan went effective in March 2007. The goals were to develop and then prosecute causes of action against insiders and third parties to recover damages for the benefit of creditors. In addition, special litigation counsel identified assets diverted by insiders and their affiliates so that the assets can be recovered to generate payment for creditors. Diamond McCarthy is lead counsel on the Trust's litigation.

The last remaining action, other than actions reduced to judgment, was as follows:

| Case No. | Plaintiffs | Defendants |
|---|---|---|
| 2:08-CV-461 | Trust and DTDF | Deloitte & Touche, LLP |

These actions were prosecuted in order to recover funds for the Trust beneficiaries and DTDF. The district court granted Deloitte's summary judgment motions in a decision dated February 16, 2011. That ruling was appealed by the Trust to the Ninth Circuit

3

4716041_2

USACM Liquidating Trust
July 2014

Court of Appeals. The Ninth Circuit issued its decision affirming the district court on April 22, 2013, after oral argument was conducted on March 5, 2013, thus ending the litigation for all practical purposes. Neither party sought review from the panel's decision. Thereafter, the panel invited a Motion for Rehearing, which the trust filed. On March 14, 2014, the Ninth Circuit amended its prior order, and issued a final order on the appeal. No petitions for rehearing or rehearing *en banc* would be entertained. This ruling has been reflected in the docket of the district court and the Deloitte litigation is finally resolved.

IV.   PRESERVING INSIDER ASSETS AND ADVOCATING TRUST INTERESTS IN OTHER BANKRUPTCY PROCEEDINGS

A.   Thomas Hantges

The remaining open issue concerning Mr. Hantges is the Trust's ownership of certain term life insurance policies.

| Thomas Hantges Life Insurance Policies as of May 1, 2013 | | | |
|---|---|---|---|
| Insured: | Thomas A. Hantges | Thomas A. Hantges | Thomas A. Hantges |
| Policy Issued by: | Lincoln Benefit Life Insurance Co. | West Coast Life Insurance Company | Lincoln Benefit Life Insurance Co. |
| Policy Number: | 01T1048572 | Z01221131 | 01T1048572 |
| Premium: | $2,230.20 | $12,490.40 | $8,260.00 |
| Frequency: | Quarterly | Semi-Annual | Annual |
| Coverage Amount: | $5,000,000 | $8,500,000 | $2,500,000 |

The Trust is working with DTDF on monetizing the Trust's interest in the term life insurance policies without continued need to make premium payments indefinitely. The Trust's tentative intention is to enter into an arm's length agreement to sell the Trust's interest in the policies to a third party for compensation after bidding among potential interested parties.

B.   Salvatore Reale

Prior to the Effective Date, USACM sued Salvatore J. Reale, individually and as trustee of the Salvatore J. Reale Revocable Trust in the Bankruptcy Court. The adversary proceeding is Adv. No. 06-01251.

4

4716041_2

USACM Liquidating Trust
July 2014

After a trial on January 31, 2008, the Bankruptcy Court determined on March 28, 2008 that judgment should be entered in favor of the Trust and against Mr. Reale for $4 million, plus an award of the Trust's taxable costs. The Trust filed a motion seeking pre- and post-judgment interest, which motion was granted by the Bankruptcy Court after a hearing on May 8, 2008. The Trust obtained judgment on May 13, 2008.

The Trust continues to work on collection of the $4 million judgment against Salvatore Reale, including seeking post-judgment discovery, filing a motion to compel compliance with the discovery requests, and negotiating with Mr. Reale on a possible settlement. Efforts to recover on the judgment are complicated by a temporary restraining order against Mr. Reale in another matter, as well as an obligation to the Internal Revenue Service and the fact that one of the borrowers to whom Mr. Reale made a loan has subsequently filed their own chapter 7 bankruptcy. Mr. Reale has cooperated with the Trust in efforts to recover from this borrower's bankruptcy estate and thereby reduce the outstanding judgment due the Trust however Mr. Reale still has made no payments in partial or full satisfaction of the judgment and has continuously advised that he has no ability to repay any portion of the judgment.

### C.    JMK Investments

On September 12, 2007, the Trust sued JMK Investments, Ltd. and a number of individual defendants seeking to avoid certain pre-petition transfers that aggregate to over $4 million (Adv. No. 07-01154).

The Trust worked through its special litigation counsel at Diamond McCarthy LLP and accomplished, through settlement, several significant payments for the Trust. In connection with the adversary proceeding against JMK Investments, Ltd. et al, the Trust entered into a settlement agreement, subject to court approval, with JMK, Simon Family Trust, Steven Portnoff, JWB Investments, Inc., Brouwers Family LP, Larry C. Johns, Mary L. Johns, Paul Bolch Living Trust, Roni Amid, Robert M. Portnoff, Sarah Portnoff, Morningside Homes, Inc., Aurora Investments LP, Steven Janovitch, Linda Janovitch, First Savings Bank FBO Valliera McGuire, Marvin and Valliera Myers Trust, Larry J. Middleton, Jennifer Middleton, Alabruj Limited Partnership, and Francis Family Trust. Under the agreement, approved by the bankruptcy court after notice and an opportunity for hearing, Defendants will pay $2,750,000 to the Trust. Payment by June 30, 2009 reduced the payment requirement to $2,250,000. The JMK settlement was approved by the court's November 24, 2008 order.

A small number of the defendants chose not to pay the discounted amount and therefore had until September 30, 2009 to pay their respective obligations. None of those defendants made the required payments. The Trust obtained default judgments against each of the JMK Defendants that did not pay the discounted or full amount of the stipulated settlement payments. Those judgments were recorded and efforts taken to

USACM Liquidating Trust
July 2014

enforce collection of the judgment amounts. All such judgments, including state court actions to enforce certain judgments, have been successfully concluded and monies recovered by the Trust.

### Monaco

The Trust obtained a stipulated judgment against Anthony and Susan Monaco for receipt of fraudulent transfers in the amount of $5.5 million. A receiver was appointed to aid in collection of the judgment amount when the Monacos were uncooperative in repaying the judgment. The Receiver was also appointed receiver of other business enterprises of the Monaco's where assets were transferred. The Receiver's efforts to date have resulted in some small recoveries, however it appears that the majority of the judgment may have little value.

### D.     Judgments

The Trust owns interests in certain judgments, the collection status of which is described above. The Trustee is seeking alternatives for disposition of the remaining judgments in order to return cash for distribution to creditors.

## V.     PROOFS OF CLAIM AND CLAIMS OBJECTIONS

### A.     Overview

The deadline set pursuant to the Plan for the Trust to object to claims has expired.

The final allowed amount of creditor claims in the Trust is approximately $203.8 million; $789.8 million in claims have been disallowed.

### B.     Change of Address/Change of Ownership

The Trust periodically receives requests for change of address and makes every reasonable attempt to accommodate those requests. In addition, beneficiaries often request to change legal title or ownership of their interests in the Trust. The Trust has generally requested some form of documentation for such requests, but makes no representation or warranty that such transfers are legally effective or otherwise appropriate. The beneficiaries need to discuss such matters with their counsel.

USACM Liquidating Trust
July 2014

### C. Contact Information

For an inquiry on your proof of claim, or a change of address for an allowed claim, please contact:

Marilyn Schoenike
Lewis Roca Rothgerber, LLP
(602) 262-5314
Email: MSchoeni@LRRLaw.com

### D. General Inquiries

The Trust periodically receives inquiry from lien creditors, borrowers or lenders on loans to be serviced by Compass or its successors. The Trust, as a courtesy, makes every effort to direct the inquiry to the appropriate person handling servicing of the loan. Similarly, the Trust periodically receives subpoenas, requests for production and other formal and informal discovery requests for review of the business records of USACM, some of which the Trust holds as successor to USACM. Again, the Trust cooperates with those discovery requests, at the requesting party's reasonable expense.

## VI. LOAN SERVICING ISSUES

### A. Placer Vineyards

The balances of the Notes by Placer County Land Speculators, LLC as Borrower to Direct Lenders on loans serviced by the Trust were as follows as of December 22, 2008 (the foreclosure date):

|                  | Placer 1        | Placer 2        |
|------------------|-----------------|-----------------|
| Principal        | $31,500,000.00  | $6,500,000.00   |
| Interest         | 15,183,487.95   | 4,134,138.22    |
| Default Interest | 9,111,393.85    | 1,035,761.89    |
| Late Fees        | 2,334,174.40    | 531,706.91      |
| **Total**        | $58,129,056.20  | $12,201,607.02  |

The Trust filed a complaint and a motion for appointment of a receiver for the Placer 1 Loan in the United States District Court for the District of Nevada on September 24, 2008 and assigned case no. 2:08-cv-1276. The case was assigned to United States District Judge Kent J. Dawson.

The receivership motion was heard by the Honorable Kent J. Dawson on December 3, 2008. At the hearing, Judge Dawson directed the appointment of Elli Mills as Receiver. The Trust thereafter worked with counsel for interested parties and Mr. Mills on entry of

7

4716041_2

**USACM Liquidating Trust**
**July 2014**

an appropriate order directing the appointment of a receiver. The District Court's order appointing the receiver was entered on December 16, 2008.

The Receiver subsequently investigated and made the decision to conclude the foreclosure sale, which had been continued to December 22, 2008. The Receiver directed a credit bid of $8,404,030 at the December 22, 2008 foreclosure sale.

Prior to the appointment of a receiver, the Trust continued to work with interested Direct Lenders on issues concerning the Loan and the Property, including whether to take an appeal of the valuation of the Property for real estate tax purposes.

The Trust continues to work with the Placer 1 Receiver both with respect to the Trust's claims as servicer as well as in attempting to assist the Receiver in the performance of his duties.

The Receiver sought authority from the receivership court to enter into interim financing to cover the expenses of the receivership. The Trust is monitoring those proceedings to protect the status of the servicer advance in 2007 described above and a claim for sums advanced as servicer for legal fees and foreclosure expenses, as well as a servicing fee. The Receiver has advised the supervising court of what it believes may be potential claims against the Trust related to the servicing fees and servicer advance. The Trust, through its counsel, has been discussing the purported claims; and as of release of this report, no claims have in fact been asserted against the Trust related to the servicing fees and/or servicer advance nor is there any agreement as to the amounts to be repaid to the Trust.

The Trust has provided copies of the Receiver's monthly reports on the Trust's website as a courtesy to the Receiver and a convenience to the Placer lenders. There is a separate link to the Placer filings on the Trust's website.

The most recent report of Elli M. A. Mills, Receiver, for the period of February 21-June 25, 2014, was filed with the receivership court on June 25, 2014. The Receiver had entered into a Purchase Agreement to sell the Receivership Property to Maracor Development, Inc. for $24,850,000. The proposed buyer, however, has withdrawn its offer. The Receiver is seeking to list the property but currently has no offer on the table for an acceptable purchase price. The Receiver indicates that certain governmental approvals may be obtained by the second quarter of 2015 at which time the property's value might justify a sale to a cash buyer. The Receiver will market the property, but does not expect to bring forward a sale offer until the middle to late 2015. The Receiver continues to obtain authority to pay the fees of the Receiver and the Receiver's counsel, to execute documents with the Placer Vineyards Development Group and Placer County. The Receiver needs to refinance the bridge financing the Receiver has been using to pay real estate taxes and expense of administering the receivership. The Trust has been

**USACM Liquidating Trust**
**July 2014**

seeking to negotiate with the Receiver for resolution of the claims of the Trust against the receivership in order to monetize the Trust's rights prior to expiration of the Trust's term.

## VII.    TRUST FINANCIAL STATEMENT

A Trust financial statement showing the status of the Trust's finances as of April 30, 2014, has been provided to the Trust Committee. Additional financial statements will be prepared and forwarded to the Trust Committee as they become available.