ROBERT M. CHARLES, JR.
State Bar No. 006593
E-mail: RCharles@LRRLaw.com
**Lewis Roca Rothgerber LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-5996
Telephone: (702) 949-8320
Facsimile: (702) 949-8321

Attorneys for USACM Liquidating Trust

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>                    Debtor. | Case No. BK-S-06-10725-GWZ<br><br>Chapter 11<br><br>**Renewed Motion For Final Decree and To Close Estate**<br><br>Date:      September 8, 2015<br>Time:     2:00 p.m.<br>Place:    C. Clifton Young Federal Building<br>            300 Booth Street, Courtroom #1<br>            Reno, NV 89509<br>**Estimated Time for Hearing: 5 minutes** |

The USACM Liquidating Trust ("USACM Trust"), pursuant to 11 U.S.C. § 350 and Rule 3022, *Federal Rules of Bankruptcy Procedure,* moves this Court to enter a final decree and to close this case and pending adversary proceedings (if any). This Motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background**

USA Commercial Mortgage Company ("USACM" or "Debtor") and its related entities: USA Capital Realty Advisors, LLC; USA Capital Diversified Trust Deed Fund, LLC; USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, filed voluntary petitions in the United States Bankruptcy Court for the District of Nevada pursuant to Chapter 11 of the United States Bankruptcy Code on April 13, 2006. The bankruptcy

1

4128462_3

cases were jointly administered in Case No. 06-10725 LBR. USACM continued to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On January 8, 2007, this Court entered its Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").[1] The Plan established, as of the Effective Date, the USACM Trust, which incorporated the Estate Administration and Trust Agreement and Declaration of Trust (the "Trust Agreement") by reference.[2] The Effective Date of the Plan was March 12, 2007.[3] Geoffrey L. Berman was appointed as Liquidating Trustee of the Trust (the "Trustee").[4] In connection with that appointment, the Trustee posted and continuously maintained a bond with a current penal sum of $5 million.

All of the payments to creditors required under the confirmed Plan to date have been completed. Any future payments will be paid, pursuant to the Plan. The Trust has paid all secured, priority and administrative claims. Three interim distributions have been made to unsecured creditors. The Trust's initial interim distribution to allowed beneficiaries was granted by this Court, and the Trust released the interim distribution in November 2009. That distribution equaled 4.92% of the allowed creditor claims. The Trust sought authority for the second interim distribution, to distribute pro rata $8 million (which equaled about 3.88% of creditor claims), in two installments. The first was to creditors holding allowed claims of $1 million or more and was approved by the Court by its December 2011 order.[5] The Trust filed a motion to approve the balance of the second interim distribution, which was approved by the Court on March 1, 2012. Checks for this second installment of the second interim distribution were mailed to creditors during the week of April 9, 2012 or as disputed claims were resolved and allowed. The Trust filed a

---

[1] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].
[2] *See* Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, §§ I(C), IV(D)(1), VII [DE 1799].
[3] *See* Notice of Effective Date of Confirmed Plan, p. 1 [DE 3083].
[4] *Id.*, p. 5, Section 1.8.
[5] The Court approved the second interim distribution to those creditors with claims in excess of $1,000,000 on December 19, 2011. That distribution was released to those creditors on January 11, 2012.

2

4128462_3

motion to authorize a third interim distribution to distribute pro rata $2 million, which was approved by the Court by its January 2, 2013 order.[6] That distribution equaled .985% of the allowed creditor claims.

There were nearly $1 billion in claims made against the USACM Trust. The direct lender proofs of claim typically involved those lenders' interests in numerous loans and the Trust has resolved these claims on a loan-by-loan basis rather than on an investor-by-investor basis. The Trust has resolved all claims.

The Trust has a current cash balance of approximately $1,650,000.00. All post-confirmation quarterly reports have been, or will be, timely filed and all post-confirmation quarterly fees have been paid, or will be paid prior to the time set for filing objections to this Motion, to the United States Trustee.

The Trustee files a quarterly narrative report. The most recent report was filed on April 14, 2015 at DE 9939 for the period through March 31, 2015. There have been no material developments since that report.

The remaining liquidation activities of the Trust can be accomplished by the Trustee with the advice of the Trust Oversight Committee. On February 4, 2014, this Court considered the Trustee's prior motion to close case. The Court expressed the concern that the Clerk's Office would not allow a case to be closed while an adversary proceeding is pending.

Only one adversary proceeding is open in the Clerk's docket, No. 08-01066-gwz. Neither the Trust nor the Trustee is party to this proceeding. On May 28, 2014, this proceeding was withdrawn to the district court in case no. 2:14-cv-00455-RCJ-PAL. The Trust does not by this motion seek to affect the jurisdictional basis for this proceeding in the district court.

---

[6] Order Approving USACM Liquidating Trust's Motion to Authorize Third Interim Distribution to Unsecured Creditors [DE 9868]. That distribution was released on January 13, 2013.

## The Law

11 U.S.C. § 350 provides, in pertinent part:

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, of for other cause

Rule 3022, Federal Rules of Bankruptcy Procedure, provides:

After an estate is fully administered in the Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case,

(2) 'substantial consummation' means—

(A) Transfer of all or substantially all of the property proposed by the plan to be transferred

(B) Assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

## Discussion

Pursuant to the Bankruptcy Code and Rules, it is appropriate for this Court to determine that the estate has been substantially consummated and that the above-captioned case should be closed, with the Bankruptcy Court retaining jurisdiction as is allowed under title 28 of the United States Code, the Bankruptcy Code or other applicable laws to enforce the provision, purposes, and intent of the Plan.

## Books and Records

The Trustee seeks authority to abandon Debtor's remaining books and records, other than tax returns subject to completion of the "Remaining Tasks" noted below.

## Remaining Tasks

The Trust must liquidate its remaining assets, principally its claims in excess of $1 million in the Placer Vineyards Land Speculators receivership pending in the District

LEWIS ROCA ROTHGERBER
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169-5996

4128462_3

Court, No. 2:08-cv-01276-KJD-RJJ, three term life insurance policies on Tom Hantges' life, and several judgments. After payment of expenses of administration of the Trust, net proceeds will be distributed to the creditors who are the beneficiaries of the Trust. Upon a final distribution to creditors, the Trustee will need to prepare and file final tax returns.

Pursuant to the Bankruptcy Code and Rules, it is appropriate for this Court to determine that the estate has been fully administered, consummated, and that the case should be closed.

## Conclusion

For all of the foregoing reasons, the USACM Liquidating Trust respectfully requests that this Court enter an order:

- Authorizing the USACM Liquidating Trust to abandon the Debtor's remaining books and records other than tax returns and records related to the interim and final creditor distributions;
- Closing the above-captioned case; and
- Permitting a re-opening of the case pursuant to 11 U.S.C. § 350(b) should additional relief be required.

Dated: July 7, 2015.

**LEWIS ROCA ROTHGERBER LLP**

By /s/ Robert M. Charles, Jr. (#6593)
    Robert M. Charles, Jr. (NV 6593)
    *Attorney for USACM Liquidating Trust*