Robert M. Charles, Jr. (State Bar No. 6593)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8320
Fax: 702.949.8321
E-mail:rcharles@lrrc.com

*Attorneys for USACM Liquidating Trust*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re:                               | Chapter 11                                |
|--------------------------------------|-------------------------------------------|
| USA Commercial Mortgage Company,     | Case No.: 06-10725-GWZ                    |
|                            Debtor.   | **Motion For An Interim Order Extending Termination Of USACM Liquidating Trust** |
|                                      | Date:    OST Requested                    |
|                                      | Time:    OST Requested                    |
|                                      | Place:   Courtroom #1, Fifth Floor, Clifton Young Courthouse, 300 Booth St. |

The USACM Liquidating Trust (the "Trust"), pursuant to 11 U.S.C. §§ 105(a) and 1142(a), moves this Court to enter an interim order authorizing Geoffrey Berman, trustee of the Trust, to administer the Trust assets for a period of approximately 120 days after the scheduled March 15, 2016 expiration of the Trust (i) to permit this Court's consideration of the Trust's motion for authority to make the final distribution to creditors, abandon unadministered assets, discharge the Trustee, and thereafter terminate the Trust, and (ii) to allow distribution checks to clear the Trust bank account, and (iii) to file the final tax returns. This Motion is supported by the following Memorandum of Points and Authorities.

7352697_1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background**

**Overview**

USA Commercial Mortgage Company ("USACM" or "Debtor") and its related entities: USA Capital Realty Advisors, LLC; USA Capital Diversified Trust Deed Fund, LLC ("DTDF"); USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, filed voluntary petitions in the United States Bankruptcy Court for the District of Nevada pursuant to Chapter 11 of the United States Bankruptcy Code on April 13, 2006. The bankruptcy cases were jointly administered in Case No. 06-10725.

On January 8, 2007, this Court entered its Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").[1] The Plan established, as of the Effective Date, the Trust, via incorporation of the Estate Administration and Trust Agreement and Declaration of Trust (the "Trust Agreement") by reference.[2] The Effective Date of the Plan was March 12, 2007.[3] Geoffrey L. Berman was appointed as Liquidating Trustee of the Trust (the "Trustee").[4]

**Unsecured Claims**

Under the terms of the Plan, USACM Class A-4 creditors (the General Unsecured Claimants) were made beneficiaries of the Trust. As Beneficiaries, the General Unsecured Claimants are entitled to periodic, pro rata distributions from the Trust Assets.

Total filed proofs of claim were $967,252,509. As a result of the claims resolution process, $203,796,432 in unsecured claims were allowed; and $789,896,578 in claims were disallowed. There are no unresolved claims. The bar date to object to claims has long passed. The Court's Order dated January 2, 2013[5] approved Exhibit A thereto as an accurate schedule of Allowed Claims. Of the $203 million in allowed unsecured claims, DTDF holds about $128 million.

---

[1] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].
[2] *See* Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, §§ I(C), IV(D)(1), VII [DE 1799].
[3] *See* Notice of Effective Date of Confirmed Plan, p. 1 [DE 3083].
[4] *Id.*, p. 5, Section 1.8.
[5] DE 9868.

Three interim distributions have been made to unsecured creditors, each with this Court's approval upon notice. The Trust released the interim distribution in November 2009. That distribution equaled 4.92% of the allowed creditor claims. The Trust sought authority for the second interim distribution, to distribute pro rata $8 million (which equaled about 3.88% of creditor claims), in two installments. The first was to creditors holding allowed claims of $1 million or more and was approved by the Court by its December 2011 order.[6] The Trust filed a motion to approve the balance of the second interim distribution, which was approved by the Court on March 1, 2012. Checks for this second installment of the second interim distribution were mailed to creditors during the week of April 9, 2012 or as disputed claims were resolved and allowed. The Trust filed a motion to authorize a third interim distribution to distribute pro rata $2 million, which was approved by the Court by its January 2, 2013 order.[7] That distribution equaled .985% of the allowed creditor claims.

**Final Decree Motion**

On July 7, 2015, the Trust filed a Renewed Motion for Final Decree and to Close Estate.[8] After notice to creditors and interested parties, the Court heard the matter on October 13, 2015. No objections were timely filed or received.

The Trustee filed quarterly narrative reports. The most recent report was filed on April 14, 2015 at DE 9939 for the period through March 31, 2015. There have been no material developments since that report.

**Trust Expiration**

The Trust expires by its term, as extended by this Court's orders, on March 15, 2016.[9]

---

[6] The Court approved the second interim distribution to those creditors with claims in excess of $1,000,000 on December 19, 2011. That distribution was released to those creditors on January 11, 2012.

[7] Order Approving USACM Liquidating Trust's Motion to Authorize Third Interim Distribution to Unsecured Creditors [DE 9868]. That distribution was released on January 13, 2013.

[8] DE 9940.

[9] Order Granting Motion Third Motion to Extend the USCAM Liquidating Trust's Scheduled Termination Date [DE 9908].

7352697_1                           3

**Remaining Assets And Proposed Action**

The Trust is filing its motion seeking this Court's approval of disposition of certain remnant assets – term life insurance policies and judgments. The Trust will also seek authorization to make a final distribution of about $2.2 million in cash. With that distribution, the Trust will seek discharge of the Trustee.

The Court has set aside time on March 22, 2016 for a hearing on the Trust's motion.

**Discussion**

Even if this Court could hear the Trust's motion for final instructions by the March 15, 2016 expiration of the Trust, it will still take well over a week just to issue all of the final distribution checks. Given the range of beneficiaries from the DTDF post-confirmation estate to many individual investors, it will take weeks or months for the distribution checks to clear. The Trust will also file its final tax returns. For these reasons, a brief extension of the Trustee's authority to operate the Trust is required. Absent a brief extension, the Trustee's authority may lapse and there are no obvious legal conclusions.

**Conclusion**

For all of the foregoing reasons, the USACM Liquidating Trust respectfully requests that this Court enter an order authorizing Geoffrey Berman, trustee of the Trust, to administer the Trust assets for a period of approximately 120 days after the scheduled March 15, 2016 expiration of the Trust to permit this Court's consideration of the Trust's motion for authority to make the final distribution to creditors, abandon unadministered assets, discharge the Trustee, and thereafter terminate the Trust, and to allow distribution checks to clear the Trust bank account, and to file the final tax returns.

DATED this 19th day of February, 2016.

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

By: s/ Robert M. Charles, Jr.
Robert M. Charles, Jr. (State Bar No. 6593)
E-mail:   rcharles@lrrc.com
*Attorneys for USACM Liquidating Trust*