Robert M. Charles, Jr. (State Bar No. 6593)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8320
Fax: 702.949.8321
E-mail:rcharles@lrrc.com

*Attorneys for USACM Liquidating Trust*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| USA Commercial Mortgage Company, | Case No.: 06-10725-GWZ |
| Debtor. | **Motion to Approve Final Distribution to Creditors; Abandonment of Assets; And Discharge of Liquidating Trustee** |
| | Date:      March 22, 2016<br>Time:      2:00 p.m.<br>Place:      Courtroom #1, Fifth Floor,<br>Clifton Young Courthouse, 300 Booth St. |

The USACM Liquidating Trust (the "Trust"), pursuant to 11 U.S.C. §§ 105(a), 347(b), 1142(a) and 1143, moves this Court to enter a final order authorizing Geoffrey Berman, trustee of the Trust, to make the final distribution to creditors, abandon unadministered assets, extend the Trust term, discharge the Trustee, and thereafter terminate the Trust as requested in this Motion. This Motion is supported by the following Memorandum of Points and Authorities and the Court's record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Background**

**Overview**

USA Commercial Mortgage Company ("USACM" or "Debtor") and its related entities: USA Capital Realty Advisors, LLC; USA Capital Diversified Trust Deed Fund, LLC ("DTDF");

USA Capital First Trust Deed Fund, LLC, and USA Securities, LLC, filed voluntary petitions in the United States Bankruptcy Court for the District of Nevada pursuant to Chapter 11 of the United States Bankruptcy Code on April 13, 2006.  The bankruptcy cases were jointly administered in Case No. 06-10725.

On January 8, 2007, this Court entered its Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").[1]  The Plan established, as of the Effective Date, the Trust, via incorporation of the Estate Administration and Trust Agreement and Declaration of Trust (the "Trust Agreement") by reference.[2]  The Effective Date of the Plan was March 12, 2007.[3]  Geoffrey L. Berman was appointed as Liquidating Trustee of the Trust (the "Trustee").[4]  In connection with that appointment, the Trustee has continuously maintained errors and omissions insurance.

To the Trustee's knowledge, USACM has been dissolved as a corporation.

All of the payments to holders of all secured, priority and administrative claims required under the confirmed Plan have been completed.

**Unsecured Claims**

Under the terms of the Plan, USACM Class A-4 creditors (the General Unsecured Claimants) were made beneficiaries of the Trust.  As Beneficiaries, the General Unsecured Claimants are entitled to periodic, pro rata distributions from the Trust Assets.

Total filed proofs of claim were $967,252,509.  As a result of the claims resolution process, $203,796,432 in unsecured claims were allowed; and $789,896,578 in claims were disallowed.  There are no unresolved claims.  The bar date to object to claims has long passed. The Court's Order dated January 2, 2013[5] approved Exhibit A thereto as an accurate schedule of Allowed Claims. Of the $203 million in allowed unsecured claims, DTDF holds about $128 million.

---

[1] Order Confirming the "Debtors' Third Amended Joint Chapter 11 Plan of Reorganization" as Modified Herein [DE 2376].
[2] *See* Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, §§ I(C), IV(D)(1), VII [DE 1799].
[3] *See* Notice of Effective Date of Confirmed Plan, p. 1 [DE 3083].
[4] *Id.*, p. 5, Section 1.8.
[5] DE 9868.

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

Three interim distributions have been made to unsecured creditors, each with this Court's approval upon notice. The Trust released the interim distribution in November 2009. That distribution equaled 4.92% of the allowed creditor claims. The Trust sought authority for the second interim distribution, to distribute pro rata $8 million (which equaled about 3.88% of creditor claims), in two installments. The first was to creditors holding allowed claims of $1 million or more and was approved by the Court by its December 2011 order.[6] The Trust filed a motion to approve the balance of the second interim distribution, which was approved by the Court on March 1, 2012. Checks for this second installment of the second interim distribution were mailed to creditors during the week of April 9, 2012 or as disputed claims were resolved and allowed. The Trust filed a motion to authorize a third interim distribution to distribute pro rata $2 million, which was approved by the Court by its January 2, 2013 order.[7] That distribution equaled .985% of the allowed creditor claims.

**Final Decree Motion**

On July 7, 2015, the Trust filed a Renewed Motion for Final Decree and to Close Estate.[8] After notice to creditors and interested parties, the Court heard the matter on October 13, 2015. No objections were timely filed or received.

The Trustee filed quarterly narrative reports. The most recent report was filed on April 14, 2015 at DE 9939 for the period through March 31, 2015. There have been no material developments since that report, except as explained herein.

**Trust Expiration**

The Trust expires by its term, as extended by this Court's orders, on March 15, 2016.[9]

---

[6] The Court approved the second interim distribution to those creditors with claims in excess of $1,000,000 on December 19, 2011. That distribution was released to those creditors on January 11, 2012.

[7] Order Approving USACM Liquidating Trust's Motion to Authorize Third Interim Distribution to Unsecured Creditors [DE 9868]. That distribution was released on January 13, 2013.

[8] DE 9940.

[9] Order Granting Motion Third Motion to Extend the USCAM Liquidating Trust's Scheduled Termination Date [DE 9908].

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

**Remaining Assets And Proposed Action**

The remaining liquidation activities of the Trust have been accomplished by the Trustee with the advice of the Trust Oversight Committee.  Those are as follows:

*Hantges Life Insurance.* The Trust is the beneficiary as successor to USACM of two term life insurance policies insuring the life of Thomas Hantges, one of the principals of USACM, summarized as follows:

| Policy Issued by: | Lincoln Benefit Life Insurance Co. | West Coast Life Insurance Company |
|---|---|---|
| Policy Number: | 01T1048572 | Z01221131 |
| Premium: | $2,230.20 | $12,490.40 |
| Frequency: | Quarterly | Semi-Annual |
| Coverage Amount: | $2,000,000** | $8,500,000 |

A term policy may be maintained in effect by annual payment of the premium. These policies may also be converted to whole life insurance.

The Trust Oversight Committee has directed the liquidation of the Trust assets in connection with expiration of the Trust by March 15, 2016. The Trustee sought offers from companies that buy such insurance policies to acquire the Hantges insurance policies. None of the entities approached by the Trustee made an offer. The Trust will therefore not make any further payments on the Hantges insurance policies.

To the extent allowed under applicable law, the Trust would be open to assigning the Hantges insurance policies to DTDF, or one or more direct lenders, or a representative of direct lenders, who would pay the insurance premiums in an effort to mitigate their losses. Such assignment would be without representation or warranty. Absent such an offer, the Trust will abandon the Hantges insurance policies.

*Hantges Judgments.* Thomas Hantges' liability to the Trust and to DTDF was not discharged in his bankruptcy case. Mr. Hantges stipulated to judgment in favor of the Trust in the amount of $108,402,930.00 in Case No. A-11-642779-B. Absent a transfer of the judgment, the Trust will abandon the judgment.

Mr. Hantges stipulated to judgment in favor of DTDF in the amount of $94,461,197 in Case No. A-11-642780-B. The Trust has funded the post-judgment collection activities of

4

1  Diamond McCarthy in connection with this judgment. In light of termination of the Trust, the

2  Trust will not take any steps to enforce the judgment.

3      *Reale Judgment.* The Trust brought action against Salvatore Reale in Adv. No. 06-01251

4  and recovered judgment on May 13, 2008 against Mr. Reale in the amount of $4,000,000, plus

5  $277,850.34 in pre-judgment interest and taxable costs. After post-judgment proceedings, the

6  Trust has been unable to collect the judgment.  Absent an offer, the Trust will abandon the

7  judgment.

8      *Other Judgments.* The Trust recovered certain judgments, including against Anthony and

9  Susan Monaco.  An Agreed Judgment was entered against Anthony Monaco, Susan K. Monaco

10  and Monaco Diversified Corporation on June 15, 2010 in Case No. 09-cv-01947-RCJ-PAL in the

11  amount of $5,500,000 on June 23, 2010. After post-judgment proceedings, the Trust has been

12  unable to collect the judgment.  Absent an offer, the Trust will abandon the judgment.

13      The Trust is open to suggestions as to transfer of these judgments prior to expiration of the

14  Trust.

15      The Trustee has sought offers from DTDF and third parties to assign the judgments. No

16  offer has been made to date.

17      *Cash.* The Trust liquidated the servicer advance and other claims in the *Placer County*

18  *Land Speculators LLC* receivership[10] after consultation with the Oversight Committee by

19  assigning its rights to Southpaw Credit Opportunity Master Fund in consideration of payment of

20  $800,000. Even though the Trust liquidated its claims by agreement with the receiver approved by

21  the Receivership Court, the Trust was unable to secure a better offer because the receivership is

22  illiquid and intends to hold its asset (unimproved real property) for an indefinite period of time to

23  avoid liquidating the real estate in an untimely manner.

24      The Trust disposed of its remnant assets other than those described in this motion, after

25  consultation with the Oversight Committee, by assigning its rights to Oak Point Partners, Inc. for

26  $7,500.

27      The Trust holds about $2,234,467 in cash.

28

---

[10] Case No. 2:08-cv-01276-KJD-RJJ, United States District Court, District of Nevada.

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

*Holdback.* The Trust anticipates holding back about $50,000 as an estimate of the final costs of winding up the Trust, including professional fees, such as for preparation and filing of the Trust's final tax returns, and dealing with the final distribution checks and creditor inquiries.

## Discussion

### Final Distribution

Since this Court has previously approved the allowed claims and the pro rata proportions of creditors' claims, the final distribution is a mechanical task of distributing the balance of the Trust assets less the administrative holdback pro rata to creditors.

### De Minimis Distributions

The Plan provides, however, that the Trustee will not make *de minimis* distributions to Beneficiaries.  A distribution is *de minimis* if it would be less than $5.[11]  Accordingly, the Trustee will not be making distributions to Beneficiaries whose allowed claim would result in an interim distribution less than $5 on the date of the Distribution.

### Abandonment of Assets

The Trust welcomes offers for the disposition of the Hantges insurance policies and the several judgments, including against Hantges, Mr. Reale and Monaco. In the absence of material offers, the Trust proposes to simply abandon the life insurance policies and to convey the judgments without warranty to, for example, DTDF, or an entity controlled for the benefit of Direct Lenders, namely the trust administered by William A. ("Biff") Leonard, Jr., chapter 7 trustee for the estate of Asset Resolution, LLC and the jointly administered debtors.[12] The Trust understands from conversations with Mr. Leonard that this trust is established for the benefit of thousands of Direct Lenders who are creditors of the Asset Resolution, LLC debtors, many of whom are Beneficiaries of the USACM Trust. Such an assignment, even without consideration, at least preserves the possibility of recovery of the judgments for Direct Lenders, the major victims in the USACM scheme.

---

[11] *See* Plan § VII(D).
[12] Case No. BK-S-09-32824-RCJ (Lead Case).

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

1

**Extension of Trust Term**

2      The Trustee believes that the foregoing actions will require about 180 days after March 15,

3   2016 for completion. Accordingly, an extension of the Trust term is requested.

4

**Discharge of Trustee**

5      The services of the Trustee have been rendered pursuant to the Plan and the Agreement of

6   the Trust. Monthly financial reports have been provided to the Oversight Committee, which has

7   met from time to time. All assets of the Trust are now being disposed of and the Trust requests

8   that the Trustee be discharged at this time.

9

**Notice**

10     The Trust will provide notice of this motion as follows.

11     • Notice via the Court's ECF system;

12     • Service of this motion and the notice of hearing by email or mail to the parties on

13         the post-confirmation limited service list;

14     • Providing a copy of the motion and notice upon request made to the undersigned

15         counsel; and

16     • Any additional notice as directed by the Court.

17     Because this motion does not request substantive relief adverse to creditors, the Trust

18  respectfully submits that master mailing matrix notice is not and should not be required.

19

**Conclusion**

20     For all of the foregoing reasons**,** the USACM Liquidating Trust respectfully requests that

21  this Court enter an order:

22     • Authorizing the final distribution;

23     • Authorizing the abandonment or assignment of remaining assets;

24     • Discharging the Trustee;

25     • Approving notice of this Motion; and

26     • Such other relief as is appropriate.

27

28

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

1    DATED this 19th day of February, 2016.

2                                    **LEWIS ROCA ROTHGERBER CHRISTIE LLP**

3

4    By: s/ Robert M. Charles, Jr.
         Robert M. Charles, Jr. (State Bar No. 6593)
5         E-mail:    rcharles@lrrc.com
         *Attorneys for USACM Liquidating Trust*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE