Robert M. Charles, Jr. (State Bar No. 6593)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8320
Fax: 702.949.8321
E-mail:rcharles@lrrc.com

*Attorneys for USACM Liquidating Trust*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>USA Commercial Mortgage Company,<br><br>                  Debtor. | Chapter 11<br><br>Case No.: 06-10725-GWZ<br><br>**Declaration Of Geoffrey L. Berman In Support Of Motion to Approve Final Distribution to Creditors; Abandonment of Assets; And Discharge of Liquidating Trustee** |

Geoffrey L. Berman declares under penalty of perjury:

1. I am an adult person competent to testify in court.

2. I make this declaration based upon my personal knowledge, and upon the records of USA Commercial Mortgage Company ("USACM").

3. I am the Trustee of the USACM Liquidating Trust ("USACM Trust" or the "Trust"), which is an entity created by the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, in the jointly-administered bankruptcy cases, *In re USA Commercial Mortgage Company*, BK-S-06-10725-GWZ, pending in the United States Bankruptcy Court for the District of Nevada.

7303694_1

Lewis Roca
ROTHGERBER CHRISTIE
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

4. In accordance with the Estate Administration and Liquidating Trust Agreement and Declaration of Trust[1] the USACM Trust was scheduled to terminate on March 12, 2012. That date was extended from time to time by this Court's orders to March 15, 2016.

5. Since being appointed as the Trustee of the USACM Trust, I have executed my fiduciary duties and responsibilities as Trustee to the best of my ability and with expediency in order to fulfill the USACM Trust's purpose to liquidate and distribute USACM Trust assets for the benefit of the beneficiaries.

6. I have communicated periodically with the Trust Oversight Committee in the discharge of my duties. In the course of those communications, I provide them with a monthly financial statement on the Trust.

**Unsecured Claims**

7. Under the terms of the Plan, USACM Class A-4 creditors (the General Unsecured Claimants) were made beneficiaries of the Trust. As Beneficiaries, the General Unsecured Claimants are entitled to periodic, pro rata distributions from the Trust Assets.

8. Total filed proofs of claim were $967,252,509. As a result of the claims resolution process, $203,796,432 in unsecured claims were allowed; and $789,896,578 in claims were disallowed. There are no unresolved claims. The bar date to object to claims has long passed. The Court's Order dated January 2, 2013[2] approved Exhibit A thereto as an accurate schedule of Allowed Claims. Of the $203 million in allowed unsecured claims, USA Capital Diversified Trust Deed Fund ("DTDF"), itself a reorganized debtor in these jointly administered cases, holds about $128 million.

9. Three interim distributions have been made to unsecured creditors, each with this Court's approval upon notice. The Trust released the interim distribution in November 2009. That distribution equaled 4.92% of the allowed creditor claims. The Trust sought authority for the second interim distribution, to distribute pro rata $8 million (which equaled about 3.88% of creditor claims), in two installments. The first was to creditors holding allowed claims of $1

---

[1] Attached as Exhibit A to USACM Liquidating Trust's Motion to Extend Scheduled Termination of USACM Trust [DE 9854].
[2] DE 9868.

Lewis Roca
ROTHGERBER CHRISTIE
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

million or more and was approved by the Court by its December 2011 order.[3] The Trust filed a motion to approve the balance of the second interim distribution, which was approved by the Court on March 1, 2012. Checks for this second installment of the second interim distribution were mailed to creditors during the week of April 9, 2012 or as disputed claims were resolved and allowed. The Trust filed a motion to authorize a third interim distribution to distribute pro rata $2 million, which was approved by the Court by its January 2, 2013 order.[4] That distribution equaled .985% of the allowed creditor claims.

10. The Trustee filed quarterly narrative reports. The most recent report was filed on April 14, 2015 at DE 9939 for the period through March 31, 2015. There have been no material developments since that report except as explained herein.

### Trust Expiration

11. As indicated above, the Trust expires by its term, as extended by this Court's orders, on March 15, 2016.[5]

### Remaining Assets And Proposed Action

12. The remaining liquidation activities of the Trust have been accomplished by the Trustee with the advice of the Trust Oversight Committee. Those are as follows:

13. *Hantges Life Insurance.* The Trust is the beneficiary as successor to USACM of two term life insurance policies insuring the life of Thomas Hantges, one of the principals of USACM, summarized as follows:

| Policy Issued by: | Lincoln Benefit Life Insurance Co. | West Coast Life Insurance Company |
|---|---|---|
| Policy Number: | 01T1048572 | Z01221131 |
| Premium: | $2,230.20 | $12,490.40 |
| Frequency: | Quarterly | Semi-Annual |
| Coverage Amount: | $2,000,000** | $8,500,000 |

---

[3] The Court approved the second interim distribution to those creditors with claims in excess of $1,000,000 on December 19, 2011. That distribution was released to those creditors on January 11, 2012.

[4] Order Approving USACM Liquidating Trust's Motion to Authorize Third Interim Distribution to Unsecured Creditors [DE 9868]. That distribution was released on January 13, 2013.

[5] Order Granting Motion Third Motion to Extend the USCAM Liquidating Trust's Scheduled Termination Date [DE 9908].

7303694_1                                              3

14. A term policy may be maintained in effect by annual payment of the premium. These policies may also be converted to whole life insurance.

15. The Trust Oversight Committee has directed the liquidation of the Trust assets in connection with expiration of the Trust by March 15, 2016. The Trustee sought offers from companies that buy such insurance policies to acquire the Hantges insurance policies. None of the entities approached by the Trustee made an offer. The Trust will therefore not make any further payments on the Hantges insurance policies.

16. To the extent allowed under applicable law, the Trust would be open to assigning the Hantges insurance policies to DTDF, or one or more direct lenders, or a representative of direct lenders, who would pay the insurance premiums in an effort to mitigate their losses. Such assignment would be without representation or warranty. Absent such an offer, the Trust will abandon the Hantges insurance policies.

17. *Hantges Judgments.* Thomas Hantges' liability to the Trust and to DTDF was not discharged in his bankruptcy case. Mr. Hantges stipulated to judgment in favor of the Trust in the amount of $108,402,930.00 in Case No. A-11-642779-B. Absent a transfer of the judgment, the Trust will abandon the judgment.

18. Mr. Hantges stipulated to judgment in favor of DTDF in the amount of $94,461,197 in Case No. A-11-642780-B. The Trust has funded the post-judgment collection activities of Diamond McCarthy in connection with this judgment. In light of termination of the Trust, the Trust will not take any steps to enforce the judgment.

19. *Reale Judgment.* The Trust brought action against Salvatore Reale in Adv. No. 06-01251 and recovered judgment on May 13, 2008 against Mr. Reale in the amount of $4,000,000, plus $277,850.34 in pre-judgment interest and taxable costs. After post-judgment proceedings, the Trust has been unable to collect the judgment. Absent an offer, the Trust will abandon the judgment.

20. *Other Judgments.* The Trust recovered certain judgments, including against Anthony and Susan Monaco. An Agreed Judgment was entered against Anthony Monaco, Susan K. Monaco and Monaco Diversified Corporation on June 15, 2010 in Case No. 09-cv-01947-RCJ-

7303694_1                               4

PAL in the amount of $5,500,000 on June 23, 2010. After post-judgment proceedings, the Trust has been unable to collect the judgment. Absent an offer, the Trust will abandon the judgment.

21. *Cash.* The Trust liquidated the servicer advance and other claims in the *Placer County Land Speculators LLC* receivership[6] after consultation with the Oversight Committee by assigning its rights to Southpaw Credit Opportunity Master Fund in consideration of payment of $800,000. Even though the Trust liquidated its claims by agreement with the receiver approved by the Receivership Court, the Trust was unable to secure a better offer because the receivership is illiquid and intends to hold its asset (unimproved real property) for an indefinite period of time to avoid liquidating the real estate in an untimely manner.

22. The Trust disposed of its remnant assets other than those described in this motion, after consultation with the Oversight Committee, by assigning its rights to Oak Point Partners, Inc. for $7,500.

23. The Trust holds about $2,234,467 in cash.

24. *Holdback.* The Trust anticipates holding back about $50,000 as an estimate of the final costs of winding up the Trust, including professional fees, such as for preparation and filing of the Trust's final tax returns, and dealing with the final distribution checks and creditor inquiries.

### Abandonment of Assets

25. The Trust welcomes offers for the disposition of the Hantges insurance policies and the several judgments, including against Hantges, Mr. Reale and Monaco. In the absence of material offers, the Trust proposes to simply abandon the life insurance policies and to convey the judgments without warranty to an entity controlled for the benefit of Direct Lenders, namely the trust administered by William A. ("Biff") Leonard, Jr., chapter 7 trustee for the estate of Asset Resolution, LLC and the jointly administered debtors.[7] The Trust understands from conversations with Mr. Leonard that this trust is established for the benefit of thousands of Direct Lenders who are creditors of the Asset Resolution, LLC debtors, many of whom are Beneficiaries of the USACM Trust. Such an assignment, even without consideration, at least preserves the possibility of recovery of the judgments for Direct Lenders, the major victims in the USACM scheme.

---

[6] Case No. 2:08-cv-01276-KJD-RJJ, United States District Court, District of Nevada.
[7] Case No. BK-S-09-32824-RCJ (Lead Case).

**Extension of Trust**

26. The term of the Trust needs to be extended about 180 days after March 15, 2016 to permit all of the foregoing activities to be concluded. Accordingly, a short extension of 180 days is requested.

**Discharge of Trustee**

27. The services of the Trustee have been rendered pursuant to the Plan and the Agreement of the Trust. Monthly financial reports have been provided to the Oversight Committee, which has met from time to time. All assets of the Trust are now being disposed of and I request that I be discharged as the Trustee at this time.

I make this declaration under penalty of perjury of the laws of the United States of America on February 19, 2016.

By /s/ Geoffrey L. Berman
    Geoffrey L. Berman
Trustee