UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re: USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC

Case #06-10727

Debtor(s)    For the quarter ending: June 30, 2013 [1]

The revested debtor hereby submits the following post-confirmation report for this calendar quarter:

1. Date of entry of order confirming plan:     January 8, 2007

2. Cash balance at beginning of quarter:     658,838
   Total receipts during quarter:     681,131
   Total disbursements during quarter:     155,109
   Cash balance at end of quarter:     1,184,860

3. Payments made pursuant to the Plan this quarter:     0

   Total payments to be made pursuant to the Plan:     Undetermined
   Cumulative paid to date:     28,179,011
   Balance remaining to be made under the Plan:     Undetermined

| As of the end of this reporting period | Yes | No |
|---|---|---|
| 4. Are all payments required by the confirmed plan current at this time? [If not, attach explanatory statement identifying payments not made (by creditor, amount and date due), reason for non-payment, and an estimated date as to when payments will be brought current.] | ✓ | ☐ |
| 5. Do you currently anticipate a circumstance/event which will cause an interruption or cessation of payments or other performance under the Plan? (If yes, attach an explanatory statement.) | ☐ | ✓ |
| 6. Have quarterly fees due to the United States Trustee to the date of this report been paid pursuant to 28 U.S.C. § 1930(a)(6) and the Plan? | ✓ | ☐ |

---

[1] First report shall be filed for the portion of the calendar quarter from date of confirmation to the end of quarter, and subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion or entry of a final decree closing the case. Reports shall be filed with the court and served on the UST not later than twenty (20) days after expiration of the reported period.

|    |    | Yes | No |
|----|----|-----|-----|
| 7. | Have all motions, contested matters, and adversary proceedings been resolved?  (If no, for each such pending motion, contested matter or adversary proceeding, identify the parties and nature of the dispute and state the anticipated resolution.)  * See attached Report of Progress Towards Consummation of Confirmed Plan | ☐ | ☑ |
| 8. | Has the order confirming the Plan become nonappealable? | ☑ | ☐ |
| 9. | Have deposits, if any, required by the Plan been distributed pursuant to the Plan?  (If no, please explain.) | ☑ | ☐ |
| 10. | Has any property proposed by the Plan to be transferred been transferred pursuant to the Plan? | ☑ | ☐ |
| 11. | Does any property remain to be transferred pursuant to the Plan?  (If yes, identify each such property and the anticipated date of transfer pursuant to the Plan.)  * See attached Report of Progress Towards Consummation of Confirmed Plan | ☑ | ☐ |
| 12. | Has the revested debtor(s) or the successor of the debtor(s) assumed the business or management of the property dealt with by the Plan? | ☑ | ☐ |

13. Anticipated date of motion for final decree:    December 29, 2016

I declare under penalty of perjury that the statements set forth above are true and accurate.

12/22/16
Dated:

_[signature]_
Responsible Individual (signature)

Michael A. Tucker, Administrator
Print Name

Current Address:
One Renaissance Square
Two North Central Ave., #1200
Phoenix, AZ  85004

Telephone Number:
(602) 744-7100

E-filed: May 29, 2013

| | |
|---|---|
| Marc A. Levinson (California Bar No. 57613) | Robert Kinas (Nevada Bar No. 6019) |
| Jeffery D. Hermann (California Bar No. 90445) | Nathan G. Kanute (Nevada Bar No. 12413) |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | SNELL & WILMER LLP |
| 400 Capitol Mall, Suite 3000 | 3883 Howard Hughes Parkway, Suite 1100 |
| Sacramento, California 95814-4497 | Las Vegas, Nevada 89169 |
| Telephone: (916) 447-9200 | Telephone: (702) 784-5200 |
| Facsimile: (916) 329-4900 | Fax: (702) 784-5252 |
| Email: malevinson@orrick.com | Email: rkinas@swlaw.com |
| jhermann@orrick.com | nkanute@swlaw.com |

*ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                       Debtors | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter Number: 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC'S SIXTEENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION** |

**POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC's SIXTEENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION**

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Sixteenth Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization (the "Sixteenth Report"), pursuant to the Court's "Order Confirming the "Debtors' Third Amended

17164494

1  Joint Chapter 11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the
2  "Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 74. The Debtors'
3  Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") went effective on March
4  12, 2007 (the "Effective Date").

5      This Sixteenth Report is for the period from July 1, 2012 to May 1, 2013 ("Report
6  Period"). This Sixteenth Report incorporates the requirements and structure of former Rule
7  3020(a) of the Court's Local Rules of Bankruptcy Practice, abrogated in May 2006, which were
8  as follows:

9      **(A)    A schedule of personal property costing more than $5,000 and any real
10  property acquired, sold or disposed of and the price paid for each:**

11          Personal property costing more than $5,000:    None
12          Real property acquired, sold or disposed of:    None
13          Total:    $0.00

14      **(B)    A schedule listing each debt, the total amount required to be paid under the
15  Plan, the amount required to be paid to date, the amount actually paid to date, and the
16  amount unpaid:**

17      Due to the nature of its operations as an investment fund with contracted services
18  through intercompany debtor entities and no employees, Diversified had only a relatively
19  small number of claims filed against it in the Chapter 11 Cases. Such claims included
20  general unsecured claims (many of which were misfiled as creditor claims by holders of
21  equity interests in Diversified) and administrative expense claims related to professional
22  fees accrued during the Chapter 11 Cases. All unsecured creditors and administrative
23  expense claims have been paid in full.

24      **(C)    A schedule of executory contracts entered into:**
25      No executory contracts were entered into during the Report Period

26  ///
27  ///
28  ///

- 2 -

17164494

(D) A statement listing each postpetition tax (i.e., income, payroll, property, sales), payee, and the amount actually paid:

| | | |
|---|---|---|
| | Federal Unemployment taxes: | None |
| | Federal Payroll taxes: | None |
| | Nevada Unemployment taxes: | None |
| | Total: | $0.00 |

(E) **Progress toward completion of the Plan and a list and status of any pending adversary proceedings or motions and resolutions expected:**

**1. General Progress**

The major terms of the Plan with respect to Diversified have all been accomplished. The Operating Agreement of Diversified has been amended, USA Capital First Trust Deed Fund, LLC has made certain payments and assignments to Diversified, and Diversified is operating in the post-confirmation realm. DTDF and USACM continue to pursue the collection of judgments obtained from concluded litigation and settlement agreements and explore collection options for the remaining assets held by each estate. In February, Diversified mailed 2012 K-1s to its members, made a fifth distribution to investors totaling $1.5 million, and provided additional information to its members in the letter attached hereto as **Exhibit A**.

**2. Nondischargeability Complaint – In re Thomas A. Hantges**

This case has been resolved. The resolution of the case is detailed in previous reports.

**3. Nondischargeability Complaint – In re Joseph D. Milanowski**

This case has been resolved. The resolution of the case is detailed in previous reports.

**4. Status of Complaints Filed**

Diversified and USACM have filed a number of complaints to recover assets through their litigation counsel, Diamond McCarthy LLP. Diversified's past operating reports have detailed the status of concluded litigation and settlement recoveries prior to

- 3 -

17164494

the time period encompassed by this Sixteenth Report. The following case is still active:

- *USACM Liquidating Trust v. Deloitte & Touche, LLP and Victoria Loob (Case No. 08-00461)*: This Complaint was filed in United States District Court, District of Nevada, on April 11, 2008. Discovery closed January 30, 2009 [Docket No. 83]. On April 26, 2010, Defendant Deloitte & Touche LLP filed a Motion for Summary Judgment (Imputation, In Pari Delicto, and Statute of Limitations) [Docket No. 97]. Both sides filed motions for summary judgment, and the Court entertained oral argument on those motions on August 30, 2010 [Docket No. 149]. On February 16, 2011, the District Court entered its order [Docket No. 155] granting Deloitte & Touche's motion for summary judgment. On March 15, 2011, USACM filed its Notice of Appeal [Docket No. 160] with the District Court. The appeal was pending in the Ninth Circuit Court of Appeals as Case No. 11-15626. Both sides have fully briefed the matter. The National Association of Bankruptcy Trustees filed an amicus curiae brief supporting USACM's position on appeal. During the Report Period, the matter was argued and submitted to the Court. The Ninth Circuit Court of Appeals issued its ruling in late April 2013. The Ninth Circuit Court of Appeals has upheld the granting of Deloitte & Touche's motion for summary judgment.

**(F)    A statement regarding the status of payment of UST quarterly fees:**

All UST fees have been paid in full through May 1, 2013, the final date covered by this Sixteenth Report.

Dated this 29th day of May, 2013.

                        SNELL & WILMER L.L.P.

                        By:    /s/ Nathan G. Kanute
                              Robert R. Kinas (Nevada Bar No. 6019)
                              Nathan G. Kanute (Nevada Bar No. 12413)
                              3883 Howard Hughes Parkway, Suite 1100
                              Las Vegas, NV 89169
                              *Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

                              and

                        ORRICK, HERRINGTON & SUTCLUFFE LLP
                        Marc A. Levinson
                        Jeffery D. Hermann
                        400 Capitol Mall, Suite 3000
                        Sacramento, California 95814-4497
                        *Attorneys for USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

- 4 -

17164494

# EXHIBIT A

# EXHIBIT A

# USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC
Robert G. Worthen, Chairman of the Board

February 26, 2013

Dear USA Capital Diversified Trust Deed Fund, LLC Investor:

I again write on behalf of the Board of Directors of USA Capital Diversified Trust Deed Fund, LLC ("DTDF") to update you regarding DTDF's efforts to collect assets and to make distributions to investors. We continue to focus on recovering funds and on the investigation and prosecution of causes of action against potential recovery targets. This letter builds off of the information provided in the previous letters and covers the following topics:

1. Distributions to DTDF Investors
2. 2012 K-1
3. Communications with DTDF Investors
4. Recovery Efforts
    A. Settlement with USA Commercial Mortgage Trust ("USACM")
    B. Investigating and Prosecuting Causes of Action against Potential Target Defendants
    C. Advocating DTDF Interests in Other Bankruptcy Cases
5. Insiders - Thomas Hantges and Joseph Milanowski
6. Status of Other Recovery Sources

## 1. DISTRIBUTIONS TO DTDF INVESTORS

I am pleased to report DTDF is distributing $1.5 million to DTDF investors. We anticipate the distribution will be mailed the last week of February 2013. The distribution represents approximately 1.0% of the total investment in DTDF of just under $149.6 million. This is the fifth distribution to investors (the last distribution was in January 2012), bringing the total return of investment to 18.9%. Your portion of the distribution will be mailed directly to you. The timing and amount of future distributions is unknown at this time.

## 2. 2012 K-1

Stewart Archibald & Barney, LLP prepared DTDF's 2012 tax return which included preparing the K-1's for individual members. Enclosed please find your K-1 from DTDF. K-1 Partnership Instructions for 2012 can be found at the following website: **http://www.irs.gov/pub/irs-pdf/i1065sk1.pdf**.

## 3. COMMUNICATIONS WITH DTDF INVESTORS

As it is very expensive to communicate with our professionals, who bill hourly fees, I am pleased to receive your phone calls and to answer questions about our status to the best of my ability. My personal cell phone number is (702) 239-4222 or you may send us inquiries at **diversifiedfund@orrick.com.**

Page 2

**Accessing the DTDF Website**

Every letter to DTDF investors, including this one, is posted on DTDF's website. Here are two ways to access the DTDF Website:

- TYPING: Type http://usacapdtdf.bmcgroup.com/default.aspx into the browser screen at the top of your monitor.
- GOOGLE: If you type "USA Capital Diversified Information" in Google, the first resulting link should be the DTDF Website. Simply click on the link and you will be at the DTDF Website.

For address changes, please print and complete the Change of Address form posted on the DTDF website (form can be found under 1. Updates/Questions). If you don't have access to a computer to visit the website, please send a written request with your legal vesting name and account number to DTDF at the following address:

> USA Capital Diversified Trust Deed Fund
> C/O FTI Consulting, Inc.
> Two North Central Avenue, Suite 1200
> Phoenix, Arizona 85004

## 4. RECOVERY EFFORTS

### A. Settlement with USA Commercial Mortgage Trust ("USACM")

As described in prior letters, DTDF and USACM reached a settlement in early 2008 where DTDF received a $128 million unsecured claim in the USACM estate, and agreed to share DTDF and USACM net litigation recoveries. Litigation recoveries are split 50% to DTDF and 50% to USACM up to $20 million, and 35% to DTDF and 65% to USACM thereafter. That means to the extent available DTDF will receive future distributions from USACM both in the form of direct payment of its share of litigation proceeds and as a result of DTDF's $128 million unsecured claim.

USACM made a distribution to DTDF of $5,238,698.49 in January 2012 and $1,261,012 in January 2013. The funds from USACM represent a significant portion of the January 2012 and current distribution in February 2013 to DTDF investors. The amount and timing of future distributions from USACM is unknown at this time.

### B. Investigating and Prosecuting Causes of Action against Potential Target Defendants

DTDF and USACM continue to pursue the case against Deloitte & Touche and the collection of judgments received as a result of past litigation. Deloitte & Touche filed a motion for summary judgment that was submitted to the court after oral argument on August 30, 2010. On February 16, 2011, United States District Judge Pro granted Deloitte & Touche's motion for summary judgment. This ruling has been appealed by USACM to the Ninth Circuit Court of Appeals. Oral argument regarding the appeal has been set for March 15, 2013 at 9am.

Page 3

### C. Advocating DTDF Interests in Other Bankruptcy Cases

<u>USAIP Chapter 11 (Case # 07-11821-LBR)</u>
DTDF timely filed a proof of claim seeking $176,380,998 from the USAIP estate. USAIP filed a plan of reorganization that allowed for the distribution of all of USAIP's assets and the dissolution of USAIP. On November 11, 2011, the Bankruptcy Court entered an order confirming the plan of reorganization for USAIP. Pursuant to the USAIP plan the assets were liquidated and distributed to creditors in order of priority. DTDF received a Class 1 claim and a Class 2 Claim along with USACM Trust. DTDF's Class 2 Claim with USACM Trust was in the aggregate amount of $224,621,519. In accordance with USAIP's plan various USAIP assets were transferred to DTDF and USACM. DTDF and USACM continue to work together to monetize the assets transferred from USAIP.

<u>Tree Moss Partners, LLC ("Tree Moss") Chapter 11 (Case No. 06-13758-LBR)</u>
On April 27, 2007 the Tree Moss Partners case was converted from a chapter 7 case to a case under chapter 11 of the Bankruptcy Code. DTDF filed a proof of claim for $23,116,045 in the Tree Moss case. Lisa Poulin is the chapter 11 trustee, and throughout the duration of the case made significant efforts to market and sell the Tree Moss interest in sixty-three (63) units at the Marquis Villas.

The Trustee reached a Purchase Agreement with Diamond Resorts Palm Springs Development, LLC (current owner of the other thirty-eight (38) units at the Marquis Villas) and on August 20, 2010, filed a motion seeking Court approval of the sale of substantially all of the Tree Moss's assets to Diamond Resorts. Per the Purchase Agreement, Diamond Resorts will acquire the sixty-three (63) units for $575,000 in cash. The sale to Diamond Resorts has not closed. Lisa Poulin is working with Diamond Resorts regarding the sale of the property.

<u>HMA Sales, LLC Chapter 11 (Case No 07-12694)</u>
In 2007 as a result of a settlement agreement reached with HMA Sales, DTDF received $8.9 million. On October 4, 2011, the Bankruptcy Court entered its Final Decree and Order Closing the Bankruptcy Case of HMA Sales, which means that the case was fully administered and the HMA Estate was subsequently closed on December 20, 2011. Per HMA Sales' plan of reorganization and as a result of the settlement reached with HMA Sales in 2007, DTDF was entitled to a portion of the cash held by HMA Sales and other miscellaneous assets held by HMA Sales. On August 2011, DTDF received from HMA Sales approximately $960,000 in cash and ownership of HMA's other miscellaneous assets. DTDF continues to work to collect on the assets transferred from HMA Sales.

<u>BySynergy, LLC Chapter 11 (Case No. 08-7680-rtb)</u>
DTDF filed an unsecured proof of claim on November 11, 2008 for $4,758,823. On April 21, 2010, the US Trustee filed a motion to convert the case from one under chapter 11 to one under chapter 7. Subsequently, on August 23, 2010, the Debtor moved to dismiss the case since the property was foreclosed in late 2009 and no significant assets were left for reorganization or liquidation. On November 11, 2011 the Judge ordered for the case to be converted from a Chapter 11 to a Chapter 7 and on May 14, 2012 the Chapter 7 case was closed.

Page 4

## 5. INSIDERS – THOMAS HANTGES AND JOSEPH MILANOWSKI

### 1. Thomas Hantges

Due to actions taken by DTDF, the USACM Liquidating Trust, and other creditors, Thomas A. Hantges was a debtor in a chapter 11 bankruptcy case in Nevada, Case No.07-13163-lbr. Michael Carmel was appointed trustee in the Hantges bankruptcy. On October 27, 2009, Mr. Carmel filed a motion to convert the case to one under chapter 7. The motion was approved, and the case was converted to one under chapter 7 on November 25, 2009. DTDF timely filed a proof of claim seeking $182,538,254.

On February 11, 2008, Diamond McCarthy, one of DTDF's counsels, filed a complaint to determine non-dischargeability of debt against Hantges (Adversary No. 08-01041-lbr) and Hantges answered the complaint. Similar lawsuits were filed against Hantges by USACM Liquidating Trust (No. 08-01042), the Kehl family (No. 08-01040), and the United States Pension Benefit Guaranty Corporation ("PBGC") (No. 08-01039).

A settlement conference was held on October 21, 2010 at which time a status hearing was scheduled for November 17, 2010. DTDF did not settle with Mr. Hantges at the settlement conference, and proceeded to try the case against Hantges with its counsel, Diamond McCarthy LLP on June 21, 23, and 24, 2011. Diamond McCarthy LLP also represented the USACM Liquidating Trust in its objection to discharge case filed against Hantges, Adversary Proceeding No. 08-0142-lbr, which went to trial on June 21, 23, and 24, 2011 concurrently with DTDF. Prior to the trial in May 2011, Mr. Hantges stipulated and agreed that his right to a discharge would be denied. In June 2011 an Order was entered allowing DTDF's claim of $94,461,197 in Mr. Hantges' chapter 7 case. Mr. Hantges' chapter 7 case was closed in August 2011 and all remaining assets of the Mr. Hantges estate were transferred and/or conveyed to the USACM Trust as part of it secured claim.

To date DTDF is not aware of any criminal cases filed against Mr. Hantges relating to his involvement with USA Commercial Mortgage.

### 2. Joseph Milanowski

Joseph Milanowski became a debtor in a chapter 11 bankruptcy case in Las Vegas, Case No. 07-13162-lbr, as a result of DTDF, the USACM Liquidating Trust and others joining in bringing an involuntary bankruptcy petition against him. The Court entered an order for relief against Milanowski, and appointed Ford Elsaesser as the trustee.

Similar to the Hantges estate, on November 18, 2009, Mr. Elsaesser filed a motion to convert the chapter 11 case to one under chapter 7. The Bankruptcy Court approved the motion, and the case is now being administered as a chapter 7 liquidation. A new meeting of creditors and deadline to file proofs of claim was set in the chapter 7 case, as was a new deadline for complaints objecting to the debtor's discharge or dischargeability of debts.

DTDF timely filed a proof of claim against Milanowski, seeking $182,538,254. DTDF also filed a complaint in the Bankruptcy Court, Adv. No. 08-01090-lbr, to determine the dischargeability of Milanowski's debts to DTDF. Similar lawsuits were filed against Milanowski by USACM Liquidating Trust (No. 09-01093), Aurora Investment L.P (No. 07-01212), the Kehl family (No. 08-01052), the PBGC (No. 08-01044), and BySynergy, LLC (No. 07-01209). A settlement of the claims asserted by

Page 5

the Trust, DTDF, the Kehl family and Aurora Investments, was tentatively reached in November 2010 after participation in a mandatory settlement conference in October 2010. A settlement agreement was negotiated, documented and executed in January, 2011. A motion seeking approval of the parties' settlement agreement was filed, heard and approved by the bankruptcy court on February 15, 2011.

Pursuant to the terms of the approved settlement, Milanowski agreed to a non-dischargeable judgment in the amount of Five Million Dollars ($5,000,000.00) in favor of the USACM Trust and DTDF (the "Agreed Judgment"). Milanowski agreed to take any and all necessary steps to enter the Agreed Judgment in the Milanowski Bankruptcy Case. Diamond McCarthy discussed the Agreed Judgment with Ford Elsaesser, the Trustee of the Milanowski bankruptcy case, who agreed to allow the Agreed Judgment as a claim in the Milanowski bankruptcy estate. This Agreed Judgment is forever non-dischargeable until paid and/or otherwise satisfied. In addition, Milanowski is obligated under the terms of his settlement to provide full, complete, and unfettered assistance and cooperation to USACM and DTDF in connection with pending adversary proceedings against Hantges including such full, complete, and unfettered assistance and cooperation to any federal, state, and local authorities in connection with any criminal investigations or proceedings involving Hantges.

Milanowski entered into a plea agreement with the United States in a criminal case in Las Vegas, No. 2:07-CR-00291. He was scheduled to be sentenced on January 15, 2010, but the sentencing was continued to April 9, 2010 by the presiding Judge. Milanowski's plea agreement was accepted by the Court, and Milanowski was sentenced to 12 years of incarceration, five years of supervised release after incarceration; and, as an additional condition of his sentence, was ordered to continue to cooperate with the bankruptcy trustees and counsel in the prosecution of the remaining litigation matters. Failure to cooperate would be deemed a violation of his supervised release and would subject him to imprisonment *in addition* to the 12-year sentence. Milanowski reported to the Safford, Arizona, prison on August 6, 2010 to begin his sentence. In addition, Milanowski was also required to pay restitution totaling $86,900,000. If you are entitled to restitution from Milanowski, by now you would have received documentation from the US District Court. DTDF is not involved in this case, and all inquiries should be directed to the US District Court in the District of Nevada regarding this matter. For your reference, the case number is 09-cr-291-RLH-PAL.

## 6. STATUS OF OTHER RECOVERY SOURCES

### 1. Colt Loans

DTDF and the two other direct lenders ("Colt Lenders") who are DTDF's co-beneficiaries of a promissory note secured by a first trust deed on certain parcels and buildings comprising a portion of the overall Colt project have, through Connecticut counsel hired by the three, initiated a foreclosure action that is still pending. The Colt Lenders continue to pursue recovery options on the Colt Loans.

### 2. Loans Serviced By Compass/Silar

Compass was the servicer of nine DTDF loans. Silar Advisors, LLC, represents that Silar foreclosed on its loan to Compass on September 26, 2008, and that Asset Resolution, LLC was an entity created to continue the servicing process. Asset Resolution LLC filed bankruptcy on October 14, 2009.

Direct lenders sought relief from the stay in the Asset Resolution LLC chapter 11 case to prosecute actions pending in the district court and sought withdrawal of the reference to the district court. A request to convert the case to chapter 7 (liquidation) or alternative request for appointment of a trustee

Page 6

was also filed. After a January 19, 2010 hearing, the United States District Court withdrew the reference of the Asset Resolution LLC case to the district court, under Judge Jones. Judge Jones converted the case to one under chapter 7 retroactively to January 19, 2010, and William A. Leonard, Jr. was appointed trustee.

In June 2010, the U.S. District Court signed orders authorizing the servicing transfer from Asset Resolution LLC to Cross Fractional Lending Solutions ("Cross FLS") for 22 loans. As a result of the servicing transfer, Cross FLS was servicing the following five DTDF loans: Amesbury/Hatters Point (DTDF's interest is 15.18%), HFA – Clear Lake (DTDF's interest is .88%), Lake Helen Partners (DTDF's interest is 7.26%), Mountain House Business Park (DTDF's interest is .3%) and Oak Shores II (DTDF's interest is .07%).

Cross FLS terminated the servicing of Amesbury/Hatters Point loan in late 2011 and the other four DTDF loans in June 2012. It is my understanding that these loans are now currently being managed by participating lenders in the loans. In December 2011 DTDF approved a proposal provided by Donna Cangelosi and Joe Lafayette to the Amesbury/Hatters Point loan direct lenders that allowed for: (1) the formation of a legal entity to protect the Amesbury asset, (2) the retention of professionals to collect on the Amesbury asset and (3) the legal entity to borrower funds secured only by the Amesbury asset to protect the Amesbury asset and pursue recovery options.

**Conclusion**

Overall, DTDF continues to focus on the recovery of assets and we are hopeful future recoveries will occur to facilitate additional distributions to DTDF Investors. However, the certainty, timing and amount of future distributions are unknown. We continue to ask for your patience, and want to assure you that the Board and the DTDF professionals are giving our best efforts to obtain the best possible recovery for you.

Best Regards,
Robert G. Worthen
Chairman of the Board