UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re: USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC

Case #06-10727

Debtor(s)    For the quarter ending:    September 30, 2016 [1]

The revested debtor hereby submits the following post-confirmation report for this calendar quarter:

1. Date of entry of order confirming plan:     January 8, 2007

2. Cash balance at beginning of quarter:     539,576
   Total receipts during quarter:     0
   Total disbursements during quarter:     30,617
   Cash balance at end of quarter:     508,958

3. Payments made pursuant to the Plan this quarter:     0

   Total payments to be made pursuant to the Plan:     Undetermined
   Cumulative paid to date:     29,677,467
   Balance remaining to be made under the Plan:     Undetermined

   As of the end of this reporting period     Yes     No

4. Are all payments required by the confirmed plan current at this time? [If not, attach explanatory statement identifying payments not made (by creditor, amount and date due), reason for non-payment, and an estimated date as to when payments will be brought current.]     ✓     ☐

5. Do you currently anticipate a circumstance/event which will cause an interruption or cessation of payments or other performance under the Plan? (If yes, attach an explanatory statement.)     ☐     ✓

6. Have quarterly fees due to the United States Trustee to the date of this report been paid pursuant to 28 U.S.C. § 1930(a)(6) and the Plan?     ✓     ☐

---

[1] First report shall be filed for the portion of the calendar quarter from date of confirmation to the end of quarter, and subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion or entry of a final decree closing the case. Reports shall be filed with the court and served on the UST not later than twenty (20) days after expiration of the reported period.

|   | Yes | No |
|---|---|---|
| 7. Have all motions, contested matters, and adversary proceedings been resolved? (If no, for each such pending motion, contested matter or adversary proceeding, identify the parties and nature of the dispute and state the anticipated resolution.)<br>* See attached Report of Progress Towards Consummation of Confirmed Plan | ☐ | ✓ |
| 8. Has the order confirming the Plan become nonappealable? | ✓ | ☐ |
| 9. Have deposits, if any, required by the Plan been distributed pursuant to the Plan? (If no, please explain.) | ✓ | ☐ |
| 10. Has any property proposed by the Plan to be transferred been transferred pursuant to the Plan? | ✓ | ☐ |
| 11. Does any property remain to be transferred pursuant to the Plan? (If yes, identify each such property and the anticipated date of transfer pursuant to the Plan.)<br>* See attached Report of Progress Towards Consummation of Confirmed Plan | ✓ | ☐ |
| 12. Has the revested debtor(s) or the successor of the debtor(s) assumed the business or management of the property dealt with by the Plan? | ✓ | ☐ |

13. Anticipated date of motion for final decree:     December 29, 2016

I declare under penalty of perjury that the statements set forth above are true and accurate.

_12/22/16_
Dated:

_{signature}_
Responsible Individual (signature)

Michael A. Tucker, Administrator
Print Name

Current Address:
One Renaissance Square
Two North Central Ave., #1200
Phoenix, AZ  85004

Telephone Number:
(602) 744-7100

E-filed:  August 10, 2015

| | |
|---|---|
| Marc A. Levinson (California Bar No. 57613) | Robert Kinas (Nevada Bar No. 6019) |
| Jeffery D. Hermann (California Bar No. 90445) | Nathan G. Kanute (Nevada Bar No. 12413) |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | SNELL & WILMER L.L.P. |
| 400 Capitol Mall, Suite 3000 | 3883 Howard Hughes Parkway, Suite 1100 |
| Sacramento, California  95814-4497 | Las Vegas, Nevada 89169 |
| Telephone:  (916) 447-9200 | Telephone:  (702) 784-5200 |
| Facsimile:  (916) 329-4900 | Fax:  (702) 784-5252 |
| Email:  malevinson@orrick.com | Email:  rkinas@swlaw.com |
|   jhermann@orrick.com |   nkanute@swlaw.com |

*ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br><br>USA CAPITAL REALTY ADVISORS, LLC,<br><br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br><br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br><br>USA SECURITIES, LLC,<br>                                    Debtors | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR<br><br>Chapter Number:  11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| Affects:<br>☐    All Debtors<br>☐    USA Commercial Mortgage Company<br>☐    USA Securities, LLC<br>☐    USA Capital Realty Advisors, LLC<br>☒    USA Capital Diversified Trust Deed Fund, LLC<br>☐    USA First Trust Deed Fund, LLC | |

**POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC's EIGHTEENTH REPORT OF ACTION TAKEN AND PROGRESS TOWARDS CONSUMMATION OF CONFIRMED PLAN OF REORGANIZATION**

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Eighteenth Report of Action Taken and Progress Towards Consummation of Confirmed Plan of Reorganization (the "Eighteenth Report"), pursuant to the Court's "Order Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" [Docket No. 2376] (the

"Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 74. The Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") went effective on March 12, 2007 (the "Effective Date").

This Eighteenth Report is for the period from February 1, 2014 through August 1, 2015 ("Report Period"). This Eighteenth Report incorporates the requirements and structure of former Rule 3020(a) of the Court's Local Rules of Bankruptcy Practice, abrogated in May 2006, which were as follows:

**(A)** **A schedule of personal property costing more than $5,000 and any real property acquired, sold or disposed of and the price paid for each:**

| | |
|---|---|
| Personal property costing more than $5,000: | None |
| Real property acquired, sold or disposed of: | None |
| Total: | $0.00 |

**(B)** **A schedule listing each debt, the total amount required to be paid under the Plan, the amount required to be paid to date, the amount actually paid to date, and the amount unpaid:**

Due to the nature of its operations as an investment fund with contracted services through intercompany debtor entities and no employees, Diversified had only a relatively small number of claims filed against it in the Chapter 11 Cases. Such claims included general unsecured claims (many of which were misfiled as creditor claims by holders of equity interests in Diversified) and administrative expense claims related to professional fees accrued during the Chapter 11 Cases. All unsecured creditors and administrative expense claims have been paid in full.

**(C)** **A schedule of executory contracts entered into:**

No executory contracts were entered into during the Report Period.

/ / /

/ / /

/ / /

- 2 -

(D) **A statement listing each postpetition tax (i.e., income, payroll, property, sales), payee, and the amount actually paid:**

|  |  |
|---|---|
| Federal Unemployment taxes: | None |
| Federal Payroll taxes: | None |
| Nevada Unemployment taxes: | None |
| Total: | $0.00 |

(E) **Progress toward completion of the Plan and a list and status of any pending adversary proceedings or motions and resolutions expected:**

    **1.    General Progress**

The major terms of the Plan with respect to Diversified have all been accomplished. The Operating Agreement of Diversified has been amended, USA Capital First Trust Deed Fund, LLC has made certain payments and assignments to Diversified, and Diversified is operating in the post-confirmation realm. DTDF and USACM continue to pursue the collection of judgments obtained from concluded litigation and settlement agreements and explore collection options for the remaining assets held by each estate. In February 2015, Diversified mailed 2014 K-1s to its members and provided additional information to its members in the letter attached hereto as **Exhibit A**. The letter provides an update regarding DTDF's efforts to collect assets and to make distributions to investors.

(F) **A statement regarding the status of payment of UST quarterly fees:**

All UST fees have been paid in full through the second quarter 2015, the final period covered by this Eighteenth Report.

///
///
///
///
///
///
///

- 3 -

Dated this 10th day of August 2015.

                        SNELL & WILMER L.L.P.

By:    /s/ Nathan G. Kanute
      Robert R. Kinas (Nevada Bar No. 6019)
      Nathan G. Kanute (Nevada Bar No. 12413)
      3883 Howard Hughes Parkway, Suite 1100
      Las Vegas, NV 89169
      *Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

              and

ORRICK, HERRINGTON & SUTCLUFFE LLP
Marc A. Levinson
Jeffery D. Hermann
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
*Attorneys for USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

- 4 -

Case 06-10725-gwz    Doc 189-1    Entered 03/18/15 10:55:18    Page 7 of 9

# USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC
Robert G. Worthen, Chairman of the Board

February 27, 2015

Dear USA Capital Diversified Trust Deed Fund, LLC:

I again write on behalf of the Board of Directors of USA Capital Diversified Trust Deed Fund, LLC ("DTDF") to update you regarding DTDF's efforts to collect assets and to make distributions to investors. We continue to focus on recovering funds and on the investigation and prosecution of causes of action against potential recovery targets. This letter builds off of the information provided in the previous letters and covers the following topics:

1. 2014 K-1
2. Communications with DTDF Investors
3. Recovery Efforts
    A. Settlement with USA Commercial Mortgage Trust ("USACM")
    B. Advocating DTDF Interests in Other Bankruptcy Cases
    C. Other Recovery Sources
4. Distributions to DTDF Investors


1. **2014 K-1**

Stewart Archibald & Barney, LLP prepared DTDF's 2014 tax return which included preparing the K-1's for individual investors. If you are a direct investor, your K-1 is included with this letter. For those investors with custodial accounts, your K-1 has been mailed directly to the custodian on record. K-1 Partnership Instructions for 2014 can be found at the following website:
**http://www.irs.gov/pub/irs-pdf/i1065sk1.pdf**

2. **COMMUNICATIONS WITH DTDF INVESTORS**

As it is very expensive to communicate with our professionals, who bill hourly fees, I am pleased to receive your phone calls and to answer questions about our status to the best of my ability. My personal cell phone number is (702) 239-4222 or you may send us inquiries at
**diversifiedfund@orrick.com**.

**Accessing the DTDF Website**
Every letter to DTDF investors, including this one, is posted on DTDF's website. Here are two ways to access the DTDF Website:

- TYPING: Type http://usacapdtdf.bmcgroup.com/default.aspx into the browser screen at the top of your monitor.
- GOOGLE: If you type "USA Capital Diversified Information" in Google, the first resulting link should be the DTDF Website. Simply click on the link and you will be at the DTDF Website.

Page 2

**It is extremely important that each investor keep DTDF informed of your current mailing address.**  For address changes, please print and complete the Change of Address form posted on the DTDF website (form can be found under 1. Updates/Questions).  If you don't have access to a computer to visit the website, please send a written and signed request with your legal vesting name and account number to DTDF at the following address:

>USA Capital Diversified Trust Deed Fund
>C/O FTI Consulting, Inc.
>Two North Central Avenue, Suite 1200
>Phoenix, Arizona 85004

3. **RECOVERY EFFORTS**

    A. **Settlement with USA Commercial Mortgage Trust ("USACM")**

As described in prior letters, DTDF and USACM reached a settlement in early 2008 where DTDF received a $128 million unsecured claim in the USACM estate, and agreed to share DTDF and USACM net litigation recoveries.  Litigation recoveries are split 50% to DTDF and 50% to USACM up to $20 million, and 35% to DTDF and 65% to USACM thereafter.  That means to the extent available DTDF will receive future distributions from USACM both in the form of direct payment of its share of litigation proceeds and as a result of DTDF's $128 million unsecured claim.

There were nearly $1 billion in claims made against USACM.  USACM resolved all of the proof of claims and on January 2, 2013 the Bankruptcy Court approved a schedule of all allowed USACM unsecured claims that totaled approximately $202 million.  As a result, DTDF's $128 million unsecured claim is approximately 63% of USACM's total allowed claims.

USACM still holds potentially valuable assets that are difficult to liquidate, including: servicer advances and servicing fees on a servicer advance to Placer County Land Speculators (with at least $1 million at stake); three term insurance policies on Thomas Hantges' life; and upwards of $10 million of judgments it has obtained through litigation against various defendants which USACM continues to try to collect upon.  The amount and timing of future distributions from USACM is unknown at this time.

    B. **Advocating DTDF Interests in Other Bankruptcy Cases**

USAIP Chapter 11 (Case # 07-11821-LBR)
DTDF timely filed a proof of claim seeking $176,380,998 from the USAIP estate.  USAIP filed a plan of reorganization that allowed for the distribution of all of USAIP's assets and the dissolution of USAIP.  On November 11, 2011, the Bankruptcy Court entered an order confirming the plan of reorganization for USAIP.  Pursuant to the USAIP plan the assets were liquidated and distributed to creditors in order of priority.  DTDF received a Class 1 claim and a Class 2 Claim along with USACM.  DTDF's Class 2 Claim with USACM was in the aggregate amount of $224,621,519.  In accordance with USAIP's plan various USAIP assets were transferred to DTDF and USACM.  DTDF continues to work with USACM to monetize the assets transferred from USAIP.

Page 3

HMA Sales, LLC Chapter 11 (Case No 07-12694)
In 2007, as a result of a settlement agreement reached with HMA Sales, DTDF received $8.9 million. On October 4, 2011, the Bankruptcy Court entered its Final Decree and Order Closing the Bankruptcy Case of HMA Sales, which means that the case was fully administered and the HMA Estate was subsequently closed on December 20, 2011. Per HMA Sales' plan of reorganization and as a result of the settlement reached with HMA Sales in 2007, DTDF was entitled to a portion of the cash held by HMA Sales and other miscellaneous assets held by HMA Sales. In August 2011, DTDF received from HMA Sales approximately $960,000 in cash and ownership of HMA's other miscellaneous assets. DTDF continues to work to collect on the assets transferred from HMA Sales.

    C. Other Recovery Sources

Other Loans
DTDF holds an interest in the following loans that were originated by USACM: Ten Ninety Ltd. (DTDF's interest is 20.48%); Amesbury/Hatters Point (DTDF's interest is 15.18%); Lake Helen Partners (DTDF's interest is 7.26%); Huntsville (DTDF's interest is 5.96%); HFA – Clear Lake (DTDF's interest is .88%); Mountain House Business Park (DTDF's interest is .3%) and Oak Shores II (DTDF's interest is .07%).

DTDF filed a proof of claim in the Asset Resolution, LLC bankruptcy (Case No 09-32824) for among other things Asset Resolution and its predecessors' failure to properly service DTDF's loans. The trustee for Asset Resolution and another party objected to DTDF's proof of claim and a trial on the objection was set for March 25, 2014. DTDF and the objecting parties agreed to postpone the trial and participate in a mediation of the claim and objection. On February 9, 2015 Judge Robert C. Jones approved a settlement between Asset Resolution and DTDF that provides for DTDF to receive $320,000, 2.5% of the net amount of any future distributions to equity holders of Asset Resolution, as well as 2.5% of the net amount of any future distributions made to the "DL Beneficiaries" for "Non-Loan Claims". The settlement agreement further permits DTDF to recover substantially as if it were a B&B DL Settling Client who is a DL Beneficiary with many of the claims to be prosecuted by the Claims Recovery Trust.

**4. DISTRIBUTIONS TO DTDF INVESTORS**

As discussed above, DTDF continues to work on the recovery of funds for DTDF Investors. Unfortunately, the timing and amount of future distribution(s) is unknown at this time as they are dependent on DTDF's success with the recovery efforts.

**Conclusion**

Overall, DTDF continues to focus on the recovery of assets and steps to wind-down the DTDF estate. We are hopeful future recoveries will occur to facilitate additional distributions to DTDF Investors. We continue to ask for your patience, and want to assure you that the Board and the DTDF professionals are giving our best efforts to obtain the best possible recovery for you.

Best Regards,
Robert G. Worthen
Chairman of the Board