E-filed: January 5, 2017

Robert Kinas (Nevada Bar No. 6019)
Nathan G. Kanute (Nevada Bar No. 12413)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:     (702) 784-5200
Facsimile:      (702) 784-5252
Email:            rkinas@swlaw.com
                      nkanute@swlaw.com

*ATTORNEYS FOR USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>USA CAPITAL REALTY ADVISORS, LLC,<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>USA SECURITIES, LLC,<br>Debtors. | Case No. BK-S-06-10725 GWZ<br>Case No. BK-S-06-10726 GWZ<br>Case No. BK-S-06-10727 GWZ<br>Case No. BK-S-06-10728 GWZ<br>Case No. BK-S-06-10729 GWZ<br><br>Chapter Number: 11<br><br>Jointly Administered Under<br>Case No. BK-S-06-10725 GWZ |
| Affects:<br>☐ All Debtors<br>☐ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☒ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **Hearing Date:** February 23, 2017<br><br>**Hearing Time:** 10:00 a.m.<br><br>**Hearing Location:**<br>    United States Bankruptcy Court<br>    C. Clifton Young Federal Building<br>    300 Booth Street, Fifth Floor<br>    Reno, Nevada 89509 |

### POST-EFFECTIVE DATE USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC's FINAL REPORT AND MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE

Post-Effective Date USA Capital Diversified Trust Deed Fund, LLC ("Diversified" or "Revested Debtor"), a revested debtor in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through its counsel noted above, hereby submits this Final Report and Motion for Entry of Final Decree Closing Chapter 11 Case (the "Motion") for the Diversified bankruptcy

25443830

proceedings, Case No. 06-10727 (the "Diversified Bankruptcy Case"), pursuant to 11 U.S.C. §§ 105(a) and 350 and Rule 3022, Fed. R. Bankr. P., and the Court's "Order Confirming the 'Debtors' Third Amended Joint Chapter 11 Plan of Reorganization,' as Modified Herein" [ECF No. 2376] (the "Confirmation Order") entered January 8, 2007. *See* Confirmation Order, ¶ 75. As set forth below, Diversified's bankruptcy estate ("Estate") has been fully administered, the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") has been consummated, and leaving the Diversified Bankruptcy Case would needlessly increase administrative expenses. Therefore, the Court should enter an order granting a final decree.

This Motion is fully supported by the attached Memorandum of Points and Authorities, and all pleadings and papers of record in the Diversified Bankruptcy Case as well as the jointly administered case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

1. On April 13, 2006 ("Petition Date"), Diversified filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the Diversified Bankruptcy Case.

2. On May 9, 2006, the Court entered an Order for the Joint Administration of the Diversified Bankruptcy Case with, among others, the USA Commercial Mortgage Company bankruptcy case, Case No. 06-10725 (the "USACM Bankruptcy Case"). [Diversified Bankruptcy Case, ECF No. 82.]

3. On December 8, 2006, Diversified filed the "Plan Documents Supplement and Notice of Disclosures by the Official Committee of Equity Security Holders of USA Capital Diversified Trust Deed Fund, LLC, Pursuant to 11 U.S.C. §§ 1129(a)(4) and (5)" (the "Diversified Supplement") [ECF No. 2001], which attached the Amended and Restated Operating Agreement of Diversified (the "Diversified Operating Agreement") and provided for the appointment of Michael Tucker as Diversified's administrator.

4. On January 8, 2007, the Court entered an order ("Confirmation Order") confirming the Plan. [USACM Bankruptcy Case, ECF No. 2376.]

25443830

5. The Plan's Effective Date, as defined therein, occurred on March 12, 2007. [USACM Bankruptcy Case, ECF No. 1799, § I(A)(64).]

### A. TRANSFER OF EQUITY INTERESTS IN DIVERSIFIED & POST-CONFIRMATION MANAGEMENT

6. Pursuant to § II(C)(3)(e) of the Plan, as of the Effective Date, all pre-petition equity interests in Diversified retained those interests. Pursuant to the Diversified Supplement, Michael Tucker was suggested as the Diversified Administrator and the DTDF Post-Effective Date Committee was to be made up of Robert Hardy, Charles O. Nichols, Jerry T. McGimsey, and Robert Worthen. [*See* USACM Bankruptcy Case, ECF No. 2001, ¶¶ 2, 7.]

7. Pursuant to ¶ 31 of the Confirmation Order, Michael Tucker was approved to serve as Diversified's Administrator.

8. Pursuant to § IV(D)(2) of the Plan, all of the DTDF Estate (as defined therein) remained with Diversified to be distributed in accordance with the Plan.

9. Pursuant to ¶ 70 of the Confirmation Order, Diversified has and is entitled to act on behalf of itself and the DTDF Estate.

### B. DISPOSITION OF ESTATE ASSETS & DISTRIBUTIONS UNDER THE PLAN

10. Pursuant to Section IV(B)(1) of the Plan, holders of unclassified Allowed Administrative Expense Claims (as defined therein) were paid in full in cash on later of (i) the Effective Date or (ii) the date the Administrative Expense Claim (as defined therein) became an Allowed Administrative Expense Claim. All quarterly fees through and including the Fourth Quarter 2016 have been paid to the U.S. Trustee's Office, no further payments are due to allowed Administrative Expense Claims under the Plan.

11. Class C-1 of the Plan is made up of the secured tax claims. These tax claims were paid in full according to the Plan.

12. Class C-2 of the Plan consists of any other secured claims. These secured claims have been fully compensated under the Plan through payment in full of their claims or return of the property securing the secured claim.

25443830

13. Class C-3 of the Plan consists of priority unsecured claims. Pursuant to § IV(C)(3)(c) of the Plan, the holders of allowed Class C-3 claims were paid on the Effective Date. Diversified has no further payments or obligations due to Class C-3 under the Plan.

14. Class C-4 of the Plan is made up of the general unsecured claims. Pursuant to § IV(C)(3)(d) of the Plan, the holders of allowed Class C-4 claims were paid on the Effective Date with postpetition interest. Diversified has no further payments or obligations due to Class C-4 under the Plan.

15. Class C-5 of the Plan constitutes the Allowed Equity Interests (as defined therein) in Diversified. Pursuant to § IV(C)(3)(e) of the Plan, all equity interests in Diversified retained their interests in Diversified and were to receive: (a) all funds left over after payment of all Allowed Unclassified Claims; Allowed Class C-1, C-2, C-3, C-4 Claims; and the post-Effective Date costs, fees and expenses for implementation of the Plan, including costs, fees, and expenses incurred by Diversified under the Diversified Operating Agreement; (b) a pro-rata share of the assets of Diversified after the Effective Date; and (c) a pro rata share of USACM Trust's recoveries on Diversified's allowed claim against USACM. All of the assets of Diversified have been collected and liquidated. All distributions owing to the members of Class C-5 under the Plan have been made as of December 30, 2016 and Diversified has no further payments or obligations due to Class C-5.

### C. POST-CONFIRMATION LITIGATION & SETTLEMENTS

16. Pursuant to ¶¶ 29 and 38 of the Confirmation Order, all DTDF Litigation Claims (as defined therein) were expressly retained by Diversified, which had full power and authority to prosecute, compromise or otherwise resolve any such litigation claims.

17. To date, all pending DTDF Litigation Claims have been settled and/or dismissed upon the request of Diversified. All net proceeds from the Diversified's settlement of the DTDF Litigation Claims have been added to the funds distributed in accordance with the Plan.

    a. **Claims of Diversified and USACM against Piercy, Bowler, Taylor & Kern, PC.**
        This matter was resolved through a confidential settlement.

b. **Thomas A. Hantges Nondischargeability Complaint (Bankruptcy Case No. 07-13163; Adversary Case No. 08-01041)**: This matter was resolved pursuant to an order denying Mr. Hantges discharge in full under 11 U.S.C. § 727 and a stipulation that Mr. Hantges owes Diversified a non-dischargeable $94,461,197. This judgment was sold by Diversified and the proceeds of the sale have been distributed.

c. **Joseph D. Milanowski Nondischargeability Complaint (Bankruptcy Case No. 07-13162; Adversary Case No. 08-01090)**: This matter was settled pursuant to a stipulated judgment against Mr. Milanowski in favor of Diversified in the amount of $1,750,000. Diversified does not anticipate any further recovery from this judgment; accordingly, Diversified's board has elected to abandon this judgment.

d. *USACM Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC v. Deloitte & Touche, LLP and Victoria Loob (Case No. 08-00461)*: This matter was resolved against Diversified.

e. *USA Capital Diversified Trust Deed Fund LLC v. Stanley E. Fulton (Adversary Case No. 08-01132)*: The parties reached a settlement agreement, and the District Court dismissed the case with prejudice on October 21, 2010.

f. *USACM Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC v. Mary Petersen, individually and as Trustee of the Mary Petersen Family Trust Dtd 8/12/98; Michael Petersen individually and as Trustee of the Michael D. Petersen Family Trust Dtd 8/12/98; Kathryn Petersen individually and as Trustee of the Kathryn L. Petersen Living Trust and the KLP Trust Dtd 7/15/99 (Adversary Case No. 08-01134)*: The Court approved a settlement of this matter on December 8, 2009 and the matter was dismissed with prejudice.

g. *USA Capital Diversified Trust Deed Fund v. Kathryn L. Petersen, individually and as Trustee of the Kathryn L. Petersen Living Trust and Trustee of KLP Trust Dtd 7/15/99 and Specialized Development Tahoe, LLC (Adversary Case No. 08-01133)*: This matter was settled and the case was dismissed.

25443830

h. ***USACM Liquidating Trust, USA Capital Diversified Trust Deed Fund, LLC, and USA Capital First Trust Deed Fund, LLC v. Wells Fargo Bank, N.A. (Adversary Case No. 08-01135)***: This matter was decided by the Court against Diversified.

i. ***USACM Liquidating Trust and USA Capital Diversified Trust Deed Fund, LLC v. Beadle, McBride, Evans & Reeves LLP, Reeves, Evans, McBride & Zhang, LLP, TG McBride CPA Ltd., and T. Garth McBride (Adversary Case No. 08-01164)***: The Court approved the settlement of this matter and the case was closed on January 28, 2009.

j. ***USA Capital Diversified Trust Deed Fund, LLC v. Compass Financial Partners, LLC, et al. (Adversary No. 14-01052)***: This matter was settled and the case was voluntarily dismissed via a notice of dismissal.

k. ***Asset Resolution Bankruptcy Claim (Case No. 09-32824)***: This matter was settled pursuant to the settlement agreement approved by the Court on February 9, 2015.

F. **RESOLUTION OF CLAIMS LITIGATION**

18. On September 24, 2007, Diversified filed an adversary proceeding [Bankruptcy Case No. BK-S-07-01165-LBR, Docket No. 4864] (the "McGimsey Adversary") requesting subordination of the proof of claim filed by the McGimsey Claimants pursuant to 11 U.S.C. § 510(b). The McGimsey Adversary was resolved in favor of Diversified.

19. There was no other claims litigation.

G. **CURRENT STATUS OF THE BANKRUPTCY CASE AND REPORT OF DISTRIBUTIONS**

20. All of the DTDF Litigation Claims have been resolved or fully litigated, which means that all motions, contested matters and adversary proceedings in the Diversified Bankruptcy Case have been fully and finally resolved.

21. All of Diversified's assets have been liquidated.

22. Diversified has made all payments and transfers due under the Plan.

23. Pursuant to ¶ 74 of the Confirmation Order, Diversified was required, during the post-Plan confirmation period, to submit quarterly status reports. Upon information and belief, as

25443830

of December 29, 2016, Diversified is current on its submission of post-confirmation quarterly reports. Additionally, as of December 30, 2016, Diversified is current on its payment of quarterly fees to the United States Trustee's Office.

24.   Prior to December 31, 2016, Diversified made the final distributions to equity holders, wrapped up operations, and filed its Certificate of Dissolution with the Nevada Secretary of State in accordance with ¶ 70 of the Confirmation Order, the Diversified Operating Agreement, and applicable law.

25.   Diversified has completed all obligations under the Plan, and has no further distributions to make under the Plan.

26.   The receipts and disbursements for Diversified are as follows:

**CASH AND RECEIPTS**
| | |
|---|---|
| Beginning Cash Balance | $ 1,303,271 |
| Receipts | 45,020,235 |
| **TOTAL BEGINNING CASH AND RECEIPTS** | **$ 46,323,506** |

**DISBURSEMENTS**
| | |
|---|---|
| Member Distributions | $ 29,829,196 |
| Operating and Other Administrative Expenses | 16,494,311 |
| **TOTAL DISBURSEMENTS** | **$ 46,323,506** |

27.   The only anticipated open issue that Diversified may have is that there is a potential for some distributions made to Diversified's shareholders may go unclaimed. If that were to occur, Diversified would need to file the unclaimed funds report with the Court and turn over the unclaimed funds. Diversified requests that the Court grant permission for Michael Tucker to endorse any unclaimed funds over to the Court and to file an unclaimed funds report with the Court, if necessary.

## II.   LEGAL ARGUMENT

11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022 provide that a Court shall close a case after the estate has been "fully administered." 11 U.S.C. § 350(a); FED. R. BANKR. P. 3022. While the term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, the 1991 Advisory Committee Notes accompanying RULE 3022 provide the following guidance with respect to the entry of a final decree and whether an estate has been fully administered:

- 7 -

25443830

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open because of the possibility that the court's jurisdiction may be invoked in the future.

*Id.* In determining whether a case is "fully administered," and thus should be closed, courts look to the criteria set forth in the Advisory Committee's Note. *See, e.g., Walnut Associates v. Saidel*, 164 B.R. 487, 492-93 (E.D. Pa. 1994); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). However, these listed factors are guidelines for the Court, and the Court need not find each and every factor to be present in order to close the case. *Id.*

Other courts, in determining whether to close a case, have looked to whether a plan is "substantially consummated" under 11 U.S.C. § 1101(2) in order to determine if the case is fully administered. 11 U.S.C. § 1101(2) provides as follows:

> "substantial consummation" means--
>
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

In this case, entry of the final decree is appropriate because (1) the Confirmation Order is final; (2) all Estate assets have been transferred pursuant to the Plan; (3) all claims litigation has been fully and finally resolved; (4) all Diversified Litigation Claims have been fully and finally resolved; (5) all distributions under the Plan have been made; and (6) all motions, contested matters and adversary proceedings in the Diversified Bankruptcy Case have been resolved.

25443830

1 Therefore, it is appropriate at this time for the Court to enter a final decree closing the Diversified Bankruptcy Case.

### III. CONCLUSION

WHEREFORE, based on the foregoing, Diversified respectfully requests that the Court enter a final decree closing the Bankruptcy Case, granting authority to Michael Tucker to endorse any unclaimed funds over to the Court and to file an unclaimed funds report with the Court, and granting such other and further relief as the Court finds just and appropriate.

Dated this 5th day of January, 2017.

SNELL & WILMER L.L.P.

By: /s/ Nathan G. Kanute
Robert R. Kinas (Nevada Bar No. 6019)
Nathan G. Kanute (Nevada Bar No. 12413)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for USA Capital Diversified Trust Deed Fund, LLC*

- 9 -

25443830